1  TOWNSEND AND TOWNSEND AND CREW LLP
   GREGORY S. GILCHRIST (Bar # 111536)
2  GIA L. CINCONE (Bar # 141668)
   Two Embarcadero Center, 8th Floor
3  San Francisco, California  94111
   Telephone:  (415) 576-0200
4  Facsimile:  (415) 576-0300

5  Attorneys for Plaintiff
   LEVI STRAUSS & CO.\
6

7

8                  UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  LEVI STRAUSS & CO.,                    Case No.    C-04-1938 JCS

12              Plaintiff,                 **COMPLAINT FOR FEDERAL
                                           TRADEMARK INFRINGEMENT;
13         v.                              UNFAIR COMPETITION;
                                           DILUTION; CALIFORNIA
14  GOODS MANUFACTURED WITH CARE,          DILUTION AND TRADEMARK
    INC., and DOES 1-10,                   INFRINGEMENT; UNFAIR
15                                         COMPETITION; AND
                Defendants.                ACCOUNTING (INJUNCTIVE
16                                         RELIEF SOUGHT)**

17

18                                         **JURY TRIAL DEMAND**

19

20

21

22      Plaintiff Levi Strauss & Co. ("LS&CO.") complains against defendants Goods Manufactured

23  With Care, Inc. and Does 1-10 (collectively "Defendants") as follows:

24              <u>**JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**</u>

25      1.      Plaintiff's first, second and third claims arise under the Trademark Act of 1946 (the

26  Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, <u>et</u>

27  <u>seq.</u>).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b)

28  (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121

1    (Lanham Act).  This Court has supplemental jurisdiction over the remaining state law claims under 28

2    U.S.C. § 1367.

3        2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants transact

4    affairs in this district and because a substantial part of the events giving rise to the claims asserted

5    herein arose in this district.

6        3.      Intra-district assignment to any division of the Northern District is proper under Local

7    Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

8                                              **<u>PARTIES</u>**

9        4.      LS&CO. is a Delaware corporation which has its principal place of business at Levi's

10   Plaza, 1155 Battery Street, San Francisco, California 94111.  Since approximately 1850, LS&CO. has

11   manufactured, marketed and sold a variety of clothing products, including its traditional denim blue

12   jean products.

13       5.      LS&CO. is informed and believes and on that basis alleges that defendant Goods

14   Manufactured With Care, Inc. ("GMWC") is a California corporation with its principal place of

15   business at 110 East Ninth Street, Los Angeles, California  90079.  LS&CO. is informed and believes

16   that GMWC manufactures or has manufactured for it a line of men's and women's clothing, including

17   jeans, under the brand name FOR JOSEPH which is sold in this judicial district and throughout the

18   United States.  LS&CO. is informed and believes that GMWC has authorized, directed, and/or

19   actively participated in the wrongful conduct alleged herein.

20       6.      LS&CO. is unaware of the true names and capacities of the defendants named as

21   "Does" herein.  LS&CO. is informed and believes and on that basis alleges that each of the Doe

22   defendants is legally liable and responsible directly or indirectly for the matters alleged herein.

23   LS&CO. will seek leave to amend this Complaint to show the true names and capacities of the Doe

24   defendants when they become known.

25       7.      LS&CO. is informed and believes and on that basis alleges that at all times mentioned

26   in this Complaint each of the Defendants, including Does 1-10, was the agent or principal or both for

27   one another, was acting within the scope of such agency when engaging in the conduct alleged in this

28   Complaint, and is jointly and severally liable for all damages and profits arising from the conduct

1  described herein.

2  ## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

3  8.      Since the 1850's and continuously thereafter, LS&CO. has developed, manufactured,

4  promoted and sold a variety of clothing products, including its traditional denim blue jeans.

5  9.      Through substantial financial investment and effort, LS&CO. has built up considerable

6  good will and a reputation for qualify products.

7  10.     For well over a century, LS&CO. has continuously used its federal and state registered

8  trademarks to distinguish its products.  LS&CO.'s trademarks have a significant degree of inherent

9  distinctiveness.

10  11.     For many years prior to the events giving rise to this Complaint, and continuing to the

11  present, LS&CO. annually has spent great time, money, and effort in the promotion and advertisement

12  of products on which its trademarks are used and displayed, and has sold tens of millions of products

13  displaying its trademarks all over the world.

14  12.     LS&CO.'s trademark registrations are valid, extant, in full force and effect, and

15  exclusively owned by LS&CO.  LS&CO. has continuously used each of its trademarks, from the

16  registration date or earlier, until the present and during all time periods relevant to the claims in this

17  Complaint.

18  13.     LS&CO. has continuously used its trademarks in interstate commerce throughout the

19  world and in the United States, including California, on or in connection with the manufacture,

20  distribution, sale, advertisement, and promotion of its products, including LEVI'S® brand jeans.

21  14.     By virtue of LS&CO.'s long use of its trademarks, as well as LS&CO.'s extensive

22  advertising and large volume of sales, consumers and retailers accept and recognize LS&CO.'s

23  trademarks as identifying LS&CO.'s products only and distinguishing them from products

24  manufactured and sold by all others.

25  15.     Since the issuance of the registrations for its trademarks, LS&CO. has given notice that

26  the marks are registered.

27  **LS&CO.'s Tab Device Trademark**

28  16.     LS&CO. is the owner of the famous Tab Device Trademark (hereinafter the "Tab

COMPLAINT                                    - 3 -  Levi Strauss & Co. vs. Goods Manufactured With Care, Inc.
                                                   Case No. C-04-1938 JCS

Trademark"), which consists of a small marker of textile or other material sewn into one of the regular structural seams of the garment.  LS&CO. first used the Tab Trademark in 1936 to identify genuine LEVI'S® products.

17.     In or about 1936, LS&CO. first began to display the Tab Trademark on the rear pocket of its pants when LS&CO.'s then National Sales Manager, Leo Christopher Lucier, first proposed placing a folded cloth ribbon in the structural seams of the rear pocket.  Examples of the Tab Trademark as used on LEVI'S® jeans are attached as Exhibit A.  The purpose of this "tab" was to provide "sight identification" of LS&CO.'s products.  Given the distinctiveness of the Tab Trademark, Mr. Lucier noted that "no other maker of overalls can have any other purpose in putting a colored tab on an outside patch pocket, unless for the express and sole purpose of copying our mark, and confusing the customer."

18.     LS&CO. owns, among others, the following United States Registrations for its Tab Trademark:

     a.     Registration No. 356,701 (first used as early as September 1, 1936; registered May 10, 1938), attached as Exhibit B;

     b.     Registration No. 516,561 (first used as early as September 1, 1936; registered October 18, 1949), attached as Exhibit C;

     c.     Registration No. 577,490 (first used as early as September 1, 1936; registered July 21, 1953), attached as Exhibit D;

     d.     Registration No. 774,625 (first used as early as May 22, 1963; registered August 4, 1964), attached as Exhibit E;

     e.     Registration No. 775,412 (first used as early as October 9, 1957; registered August 18, 1964), attached as Exhibit F; and

     f.     Registration No. 1,157,769 (first used as early as September 1, 1936; registered June 16, 1961), attached as Exhibit G.

These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

**Defendants' Infringement of LS&CO.'s Trademark**

19.     Beginning at some time in the past and continuing until the present, Defendants, with

1    actual or constructive knowledge of LS&CO.'s federal registered trademark, have manufactured or

2    arranged for the manufacture for sale in the United States, promoted and sold clothing, including

3    denim jeans, that infringe LS&CO.'s Tab Trademark (hereinafter the "infringing products").

4        20.     On information and belief, Defendants manufacture, source, market and/or sell jeans

5    that display a tab on the rear pocket (hereinafter referred to as the "For Joseph tab"). A color image of

6    the For Joseph tab as displayed on a pair of For Joseph jeans is attached as Exhibit H. The For Joseph

7    tab, as used by Defendants, is similar to LS&CO.'s Tab Trademark.

8        21.     On information and belief, Defendants have manufactured, marketed and sold

9    substantial quantities of the infringing products and obtained and continue to obtain substantial profits

10    thereby.

11        22.     On information and belief, each of the Defendants has at all times knowingly

12    participated with one another to manufacture, promote and/or sell these infringing products and are,

13    accordingly, jointly and severally liable for all damages from their conduct.

14        23.     Defendants' actions have caused and will cause LS&CO. irreparable harm for which

15    money damages and other remedies are inadequate. Unless Defendants are restrained by this Court,

16    Defendants will continue and/or expand the illegal activities alleged in this Complaint and otherwise

17    continue to cause great and irreparable damage and injury to LS&CO. through, *inter alia*:

18            a.     Depriving LS&CO. of its statutory rights to use and control use of its

19    trademark;

20            b.     Creating a likelihood of confusion, mistake and deception among consumers

21    and the trade as to the source of the infringing products;

22            c.     Causing the public falsely to associate LS&CO. with the Defendants or vice

23    versa;

24            d.     Causing incalculable and irreparable damage to LS&CO.'s goodwill and

25    dilution of the value of its trademark; and

26            e.     Causing LS&CO. to lose sales of its genuine clothing products.

27        24.     Accordingly, in addition to other relief sought, LS&CO. is entitled to preliminary and

28    permanent injunctive relief against Defendants and against all persons acting in concert with them.

1

2                                    **FIRST CLAIM**
                        **FEDERAL TRADEMARK INFRINGEMENT**
3                      **(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

4        25.      LS&CO. realleges and incorporates by reference each of the allegations contained in

5    paragraphs 1 through 24 of this Complaint.

6        26.      Without LS&CO.'s consent, Defendants have used, in connection with the sale,

7    offering for sale, distribution or advertising of Defendants' goods, designs that infringe upon

8    LS&CO.'s registered Tab Trademark.

9        27.      These acts of trademark infringement have been committed with the intent to cause

10   confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

11       28.      As a direct and proximate result of Defendants' infringing activities as alleged herein,

12   LS&CO. has suffered substantial damage.

13       29.      Defendants' infringement of LS&CO.'s trademark as alleged herein is an exceptional

14   case and was intentional.  Said exceptional and intentional infringements have damaged LS&co. as

15   described herein, entitling LS&CO. to treble its actual damages and to an award of attorneys' fees

16   under 15 U.S.C. §§ 1117(a) and 1117(b).

17

18                                  **SECOND CLAIM**
                        **FEDERAL UNFAIR COMPETITION**
19            **(False Designation of Origin and False Description)**
                   **(15 U.S.C. § 1125; Lanham Act § 43(a))**

20       30.      LS&CO. realleges and incorporates by reference each of the allegations contained in

21   paragraphs 1 through 29 of this Complaint.

22       31.      Defendants' conduct constitutes the use of words, terms, names, symbols or devices

23   tending falsely to describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1).

24   Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to the

25   affiliation, connection, association, origin, sponsorship or approval of the infringing products to the

26   detriment of LS&CO. and in violation of 15 U.S.C. § 1125(a)(1).

27

28

COMPLAINT                                    - 6 -  Levi Strauss & Co. vs. Goods Manufactured With Care, Inc.
                                                    Case No. C-04-1938 JCS

### THIRD CLAIM
### FEDERAL DILUTION OF FAMOUS MARK
#### (Federal Trademark Dilution Act of 1995)
#### (15 U.S.C. § 1125(c); Lanham Act § 43(a))

32.     LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 31 of this Complaint.

33.     LS&CO.'s Tab Trademark is distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

34.     Defendants' activities as alleged herein constitute dilution of the distinctive quality of LS&CO.'s trademark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

35.     LS&CO. is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

36.     Because Defendants willfully intended to trade on LS&CO.'s reputation or to cause dilution of LS&CO.'s famous trademark, LS&CO. is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

### FOURTH CLAIM
### CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT
#### (Cal. Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)

37.     LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 36 of this Complaint.

38.     Defendants' intentional and blatant infringement of LS&CO.'s federal and state registered trademark constitutes infringement and dilution under California Business & Professions Code §§ 14320, 14330, and 14335.

39.     Defendants infringed LS&CO.'s Tab Trademark with knowledge and intent to cause confusion, mistake or deception.

40.     Defendants' conduct is aggravated by that kind of willfulness, wantonness and malice for which California law allows the imposition of exemplary damages.  That is, Defendants' activities were intentional, willful, wanton, fraudulent, and without justification or excuse, and were undertaken with gross indifference to the rights of LS&CO.

41.     Alternatively, Defendants were reckless or grossly negligent in that Defendants' actions involved such an entire want of care as could have resulted only from actual conscious indifference to

the rights and welfare of LS&CO.

42.     As a direct and proximate result of Defendants' conduct, pursuant to California Business & Professions Code § 14340, LS&CO. is entitled to injunctive relief and damages in the amount of three times Defendants' profits and three times all damages suffered by LS&CO. by reason of Defendants' manufacture, use, display or sale of infringing goods.

**FIFTH CLAIM**
**CALIFORNIA UNFAIR COMPETITION**
**(Cal. Bus. & Prof. Code § 17200)**

43.      LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 42 of this Complaint.

44.     Defendants' infringement of LS&CO.'s Tab Trademark constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code § 17200.

45.     As a consequence of Defendants' actions, LS&CO. is entitled to injunctive relief and an order that Defendants disgorge all profits on the manufacture, use, display or sale of infringing goods.

**SIXTH CLAIM**
**ACCOUNTING**
**(Common Law)**

46.     LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 45 of this Complaint.

47.     Defendants' activities, as alleged above, have violated LS&CO.'s rights in its Tab Trademark under the common law.

48.     As a direct result of their infringing activities, Defendants have been unjustly enriched through fraudulent conversion of LS&CO.'s goodwill and its rights in its trademark into their own profits through the sale of the infringing products and have caused LS&CO. to lose sales of its genuine products.

49.     As a direct result of Defendants' misconduct, Defendants have received substantial profits, to which LS&CO. is entitled under common law.

50.     The amount of such profits is unknown to LS&CO. and cannot be ascertained without an accounting.

**PRAYER FOR JUDGMENT**

WHEREFORE, LS&CO. prays that this Court grant it the following relief:

51.     Adjudge that LS&CO.'s Tab Trademark has been infringed by Defendants in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

52.     Adjudge that Defendants have competed unfairly with LS&CO. in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

53.     Adjudge that Defendants' activities are likely to, or have, diluted LS&CO.'s famous Tab Trademark in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(c), and/or California law;

54.     Adjudge that each of the Defendants, and each of their agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with any of them and/or any person(s) acting for, with, by, through or under any of them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.     Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods that display any words or symbols that so resemble LS&CO.'s trademark as to be likely to cause confusion, mistake or deception, on or in connection with any product that is not authorized by or for LS&CO., including without limitation any product that bears the For Joseph tab or any other confusingly similar approximation of LS&CO.'s Tab Trademark;

b.     Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants or their goods with LS&CO. or as to the origin of Defendants' goods, or any false designation of origin, false or misleading description or representation of fact;

c.     Further infringing the rights of LS&CO. in and to any of its trademarks in its LEVI'S® brand products or otherwise damaging LS&CO.'s goodwill or business reputation;

d.     Otherwise competing unfairly with LS&CO. in any manner; and

e.     Continuing to perform in any manner whatsoever any of the other acts complaint of in this Complaint;

55.     Adjudge that Defendants be required immediately to supply LS&CO.'s counsel with a

1  complete list of individuals and entities from whom or which they purchased, and to whom or which

2  they sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this

3  Complaint;

4       56.    Adjudge that Defendants be required immediately to deliver to LS&CO.'s counsel

5  Defendants' entire inventory of infringing products, including without limitation pants and any other

6  clothing or infringing and unauthorized products, packaging, labeling, advertising and promotional

7  material and all plates, molds, matrices and other material for producing or printing such items, which

8  is in Defendants' possession or subject to their control and which infringe LS&CO.'s trademark as

9  alleged in this Complaint;

10       57.    Adjudge that Defendants, within thirty (30) days after service of the Judgment

11  demanded herein, be required to file with this Court and serve upon LS&CO.'s counsel a written

12  report under oath setting forth in detail the manner in which they have complied with the Judgment;

13       58.    Adjudge that LS&CO. recover from Defendants its actual damages and lost profits in

14  an amount to be proven at trial, that Defendants be required to account for any profits that are

15  attributable to their illegal acts, and that LS&CO. be awarded the greater of (1) three times

16  Defendants' profits, or (2) three times any damages sustained by LS&CO., under 15 U.S.C. § 1117,

17  plus prejudgment interest;

18       59.    Impose a constructive trust on all Defendants' funds and assets that arise out of

19  Defendants' infringing activities;

20       60.    Adjudge that Defendants be required to pay LS&CO. punitive damages for their

21  oppression, fraud, malice and gross negligence, whether grounded on proof of actual damages

22  incurred by LS&CO. or on proof of Defendants' unjust enrichment;

23       61.    Adjudge that LS&CO. be awarded its costs and disbursements incurred in connection

24  with this action, including LS&CO.'s reasonable attorneys' fees and investigative expenses; and

25

26

27

28

1      62.    Adjudge that all such other relief be awarded to LS&CO. as this Court deems just and

2  proper.

3  DATED:  May 17, 2004        Respectfully submitted,

4

5

6               By: _____

7                      Gia L. Cincone
                      TOWNSEND AND TOWNSEND AND CREW

8                      LLP
                      Two Embarcadero Center, Eighth Floor

9                      San Francisco, California  94111
                      Telephone: (415) 576-0200

10                   Facsimile: (415) 576-0300

11                   Attorneys for Plaintiff
                   LEVI STRAUSS & CO.

12

13

14                  **DEMAND FOR JURY TRIAL**

15     Plaintiff hereby demands that this action be tried to a jury.

16

17  DATED:  May 17, 2004        Respectfully submitted,

18

19

20             By: _____

21                      Gia L. Cincone
                      TOWNSEND AND TOWNSEND AND CREW

22                      LLP
                      Two Embarcadero Center, Eighth Floor

23                   San Francisco, California  94111
                   Telephone: (415) 576-0200

24                   Facsimile: (415) 576-0300

25                   Attorneys for Plaintiff
                   LEVI STRAUSS & CO.

26

27

28

1

## **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2        Pursuant to General Order No. 48, the undersigned certifies that as of this date, there is no such

3   interest to report.

4

5   DATED:  May 17, 2004                    Respectfully submitted,

6

7

8                                    By:  _____
                                          Gia L. Cincone
9                                         TOWNSEND AND TOWNSEND AND CREW
                                          LLP
10                                        Two Embarcadero Center, Eighth Floor
                                          San Francisco, California  94111
11                                        Telephone: (415) 576-0200
                                          Facsimile: (415) 576-0300
12
                                          Attorneys for Plaintiff
13                                        LEVI STRAUSS & CO.

14
    60200632 v1
15

16

17

18

19

20

21

22

23

24

25

26

27

28



Exhibit A

**Exhibit B**



438298

# THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

### United States Patent and Trademark Office

**July 17, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *356,701* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *May 10, 1938*
*3rd* RENEWAL FOR A TERM OF *10* YEARS FROM  *May 10, 1998*
SECTION 8 & 15
REPUBLISHED SECTION 12C
SAID RECORDS SHOW TITLE TO BE IN:
  *LEVI STRAUSS & COMPANY*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

T.  WALLACE
**Certifying Officer**

Registered May 10, 1938

# Trade-Mark 356,701

Republished, under the Act of 1946, April 27, 1948, by
Levi Strauss & Company, San Francisco, Calif.

Affidavit under Section 8 accepted.
Affidavit under Section 15 received, Aug. 31, 1953.

# UNITED STATES PATENT OFFICE

Levi Strauss & Company, San Francisco, Calif.

### Act of February 20, 1905

Application June 30, 1937, Serial No. 394,734



## STATEMENT

*To the Commissioner of Patents:*

Levi Strauss & Company, a corporation duly organized under the laws of the State of California and located at city and county of San Francisco, State of California, and doing business at 98 Battery Street, San Francisco, California, has adopted and used the trade-mark shown in the accompanying drawing, for MEN'S, WOMEN'S, AND CHILDREN'S OVERALLS OF THE PATCH-POCKET TYPE, in Class 39, Clothing, and presents herewith five specimens showing the trade-mark as actually used by applicant upon the goods, and requests that the same be registered in the United States Patent Office in accordance with the act of February 20, 1905.

The trade-mark consists of a small marker or tab, of textile material or the like, colored red, appearing on and affixed permanently to the exterior of the garment in a position that the red tab is visible, while the garment is being worn.

The trade-mark has been continuously used in the business of the applicant since on or about September 1, 1936.

In practice the trade-mark is applied to the goods by stitching an end of a red marker or tab into one of the regular structural seams of the garment so that the stitching of said seam secures one end of the red tab to the garment with a portion thereof extending visibly from the edge of the seam.

No claim is made herein for the representation of a portion of the garment or seam shown in the drawing, these being shown merely to illustrate one manner in which the red marker or red tab may be applied to a garment. The drawing is lined for the color red.

The undersigned hereby appoints Chas. E. Townsend, whose address is 908–917 Crocker Building, San Francisco, California, its attorney with full power of substitution and revocation to prosecute this application, to make alterations and amendments therein, to receive the certificate of registration, and to transact all business in the Patent Office connected therewith.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
*Secretary.*

Registered May 10, 1938

Amendment

Levi Strauss & Company

Registration No. 356,701

Application to amend having been made by Levi Strauss & Co., owner of the registration above identified, said registration is hereby amended as follows:

In the statement, column 1, lines 8 through 10, the description of goods is deleted and *Pants of the patch-pocket type worn by men, women and children* is inserted.

Such amendment has been entered upon the records of the Patent and Trademark Office and the said original registration should be read as so amended.

Signed and sealed this 15th day of August 1978.

[SEAL]

Attest:
JANIE COOKSEY,
*Attesting Officer.*

DONALD W. BANNER,
*Commissioner.*

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 356,701

Registered May 10, 1938

Renewal Term Begins May 10, 1998

# TRADEMARK
## PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORATION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111, BY CHANGE OF NAME, MERGER AND CHANGE OF NAME FROM LEVI STRAUSS & COMPANY (CALIFORNIA CORPORATION) SAN FRANCISCO, CA

NO CLAIM IS MADE HEREIN FOR THE REPRESENTATION OF A PORTION OF THE GARMENT OR SEAM SHOWN IN THE DRAWING, THESE BEING SHOWN MERELY TO ILLUS-

TATE ONE MANNER IN WHICH THE RED MARKER OR RED TAB MAY BE APPLIED TO A GARMENT.

THE DRAWING IS LINED FOR THE COLOR RED.

FOR: [MEN'S, WOMEN'S, AND CHILDREN'S OVERALLS OF THE PATCH-POCKET TYPE] * PANTS OF THE PATCH-POCKET TYPE WORN BY MEN, WOMEN AND CHILDREN *, IN CLASS 39 (INT. CL. 25).

FIRST USE 9-1-1936; IN COMMERCE 9-1-1936.

SER. NO. 71-394,734, FILED 6-30-1937.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Nov. 24, 1998.*

COMMISSIONER OF PATENTS AND TRADEMARKS

**Exhibit C**



436274

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS; SHALL COME:
### UNITED STATES DEPARTMENT OF COMMERCE

**United States Patent and Trademark Office**

**July 16, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *516,561* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *October 18, 1949*
*2nd* RENEWAL FOR A TERM OF *20* YEARS FROM   *October 18, 1989*
SECTION 8 & 15
AMENDMENT/CORRECTION/NEW CERT(SEC7) ISSUED
SAID RECORDS SHOW TITLE TO BE IN:
   *STRAUSS, LEVI & CO.*
   *A DELAWARE CORPORATION*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Edelen*

**L. EDELEN**
**Certifying Officer**

## Amendment

Registered October 18, 1949                    Registration No. 516,561

### Levi Strauss & Company

Application to amend having been made by Levi Strauss & Co., owner of the registration above identified, said registration is hereby amended as follows:

In the statement, column 1, line 7, "overalls" is deleted and *jeans* is inserted.

Such amendment has been entered upon the records of the Patent Office and the said original registration should be read as so amended.

Signed and sealed this 16th day of September 1969.


[SEAL]




EDWIN L. REYNOLDS,
*First Assistant Commissioner of Patents.*

Int. Cl.: 25

Prior U.S. Cl.: 39

United States Patent and Trademark Office

Renewal

Reg. No. 516,561
Registered Oct. 18, 1949
OG Date Oct. 24, 1989

## TRADEMARK
## PRINCIPAL REGISTER



LEVI STRAUSS & CO. (DELAWARE CORPORATION)
1155 BATTERY STREET
SAN FRANCISCO, CA 94111, BY MERGER WITH AND CHANGE OF NAME FROM LEVI STRAUSS & COMPANY (CALIFORNIA CORPORATION) SAN FRANCISCO, CA AND LEVI STRAUSS & COMPANY (CALIFORNIA CORPORATION) SAN FRANCISCO, CA

OWNER OF U.S. REG. NOS. 250,265 AND 413,386.

FOR: MEN'S, WOMEN'S AND CHILDREN'S JEANS AND JACKETS, IN CLASS 39 (INT. CL. 25).

FIRST USE 9-1-1936; IN COMMERCE 7-1-1937.

SER. NO. 556,108, FILED 5-3-1948.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Oct. 24, 1989.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Registered Oct. 18, 1949

# Registration No. 516,561

## PRINCIPAL REGISTER
## Trade-Mark

# UNITED STATES PATENT OFFICE

**Levi Strauss & Company, San Francisco, Calif.**

**Act of 1946**

**Application May 3, 1948, Serial No. 556,108**



**(Statement)**

Levi Strauss & Company, a corporation duly organized under the laws of the State of California, located at San Francisco, California, and doing business at 98 Battery Street, San Francisco, California, has adopted and is using the trade-mark shown in the accompanying drawing, for MEN'S, WOMEN'S, AND CHILDREN'S OVERALLS AND JACKETS, in Class 39, Clothing, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the goods by affixing permanently thereto a tab of textile material on which the trade-mark is shown, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used on jackets July 1, 1937, and on overalls September 1, 1936, and first used in commerce among the several States and between the United States and foreign nations which may lawfully be regulated by Congress on jackets July 1, 1937, and on overalls September 1, 1936.

Applicant is the owner of the trade-mark, Registration No. 413,386, dated April 24, 1945, and Registration No. 250,265, dated December 4, 1928.

**(Declaration)**

D. A. Beronio, being duly sworn, deposes and says that he is the secretary of Levi Strauss & Company, the applicant named in the foregoing statement; that he believes that said corporation is the owner of the trade-mark which is in use in commerce among the several States and between the United States and foreign nations, and that no other person, firm, corporation or association, to the best of his knowledge and belief, has the right to use such trade-mark in commerce which may lawfully be regulated by Congress, either in the identical form thereof or in such near resemblance thereto as might be calculated to deceive; that the drawing and description truly represent the trade-mark sought to be registered; that the specimens show the trade-mark as actually used in connection with the goods; and that the facts set forth in the statement are true.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
*Secretary.*

**Exhibit D**



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

#### United States Patent and Trademark Office

July 17, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION *577,490* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *July 21, 1953*
*2nd* RENEWAL FOR A TERM OF *20* YEARS FROM  *July 21, 1993*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *LEVI STRUASS & COMPANY*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

T. WALLACE
Certifying Officer

Registered July 21, 1953

**Registration No. 577,490**

## PRINCIPAL REGISTER
### Trade-Mark

# UNITED STATES PATENT OFFICE

**Levi Strauss & Company, San Francisco, Calif.**

Act of 1946

**Application April 30, 1949, Serial No. 578,119**



### STATEMENT

Levi Strauss & Company, a corporation duly organized under the laws of the State of California, located at San Francisco, California, and doing business at 98 Battery Street, San Francisco, California, has adopted and is using the trade-mark shown in the accompanying drawing, for OVERALLS, in Class 39, Clothing, and presents herewith five facsimiles showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the goods in the manner hereinafter set forth, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used on September 1, 1936, and first used in commerce among the several States which may lawfully be regulated by Congress on September 1, 1936.

The trade-mark consists of a small marker or tab, of textile material or the like, colored red, appearing on and affixed permanently to the exterior of the garment in a position that the red tab is visible, while the garment is being worn.

In practice, the trade-mark is applied to the goods by stitching an end of a red marker or tab into one of the regular structural seams of the hip pockets of the garment so that the stitching of said seam secures one end of the red tab to the garment with a portion thereof extending visibly from the edge of the seam.

The drawing is lined for the color red.

Applicant is the owner of Trade-Mark Registration No. 366,701 issued May 10, 1938, and No. 404,248 issued November 16, 1943.

LEVI STRAUSS & COMPANY,
By D. A. BERONIO,
*Secretary.*

## Amendment

Registered July 21, 1953 · Registration No. 577,490

Levi Strauss & Company

Application to amend having been made by Levi Strauss & Co., owner of the registration above identified, said registration is hereby amended as follows:

In the statement, column 1, line 7, "overalls" is deleted and *jeans* is inserted.

Such amendment has been entered upon the records of the Patent Office and the said original registration should be read as so amended.

Signed and sealed this 29th day of May 1973.

[SEAL]

Attest:

K. E. PATRICK,
*Attesting Officer.*

ROBERT GOTTSCHALK,
*Commissioner of Patents.*

**Exhibit E**



438298

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:
### UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

**July 17, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *774,625* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *August 04, 1964*
*1st* RENEWAL FOR A TERM OF *20* YEARS FROM  *August 04, 1984*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
    *STRAUSS, LEVI OF OF DELAWARE, INC.*
    *A DELAWARE CORP.*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

T. WALLACE
**Certifying Officer**

# United States Patent Office

**774,625**
**Registered Aug. 4, 1964**

## PRINCIPAL REGISTER
### Trademark

Ser. No. 171,283, filed June 18, 1963



Levi Strauss & Co. (California corporation)
98 Battery St.
San Francisco 6, Calif.

For: GARMENTS, PARTICULARLY TROUSERS, in CLASS 39.

First use May 22, 1963; in commerce May 22, 1963.

The mark consists of a small marker or black tab affixed to the exterior of the garment at the hip pocket.

Owner of Reg. Nos. 356,701, 577,490, and 720,376.

**Exhibit F**



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS; SHALL COME:
### UNITED STATES DEPARTMENT OF COMMERCE

### United States Patent and Trademark Office

July 16, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION *775,412* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *August 18, 1964*
*1st* RENEWAL FOR A TERM OF *20* YEARS FROM  *August 18, 1984*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *STRAUSS LEVI & CO.*
   *A DELAWARE CORPORATION*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Edelen*

**L. EDELEN**
**Certifying Officer**

# United States Patent Office

**775,412**
**Registered Aug. 18, 1964**

## PRINCIPAL REGISTER
### Trademark

Ser. No. 171,282, filed June 18, 1963



Levi Strauss & Co. (California corporation)
98 Battery St.
San Francisco 6, Calif.

For: GARMENTS, PARTICULARLY TROUSERS, in CLASS 39.

First use Oct. 9, 1957; in commerce Oct. 9, 1957.

The mark consists of a small marker or white tab with the name "Levi's" superposed thereon, which is affixed to the exterior of the garment at the hip pocket.

Owner of Reg. Nos. 250,265, 720,376, and others.

**Exhibit G**



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE

### United States Patent and Trademark Office

July 17, 2001

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,157,769* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *June 16, 1981*
*SECTION 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
   *LEVI STRUASS & CO.*
   *A DELAWARE CORP.*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*T. WALLACE*
T. WALLACE
**Certifying Officer**

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

Reg. No. 1,157,769
Registered Jun. 16, 1981

## TRADEMARK
Principal Register



Levi Strauss & Co. (Delaware corporation)
98 Battery St.
San Francisco, Calif. 94106, by merger and change of
   name from
Levi Strauss & Co. (California corporation)
San Francisco, Calif.

For: TROUSERS, in CLASS 25 (U.S. Cl. 39).
First use Sep. 1, 1936; in commerce Sep. 1, 1936.
Owner of U.S. Reg. Nos. 356,701, 775,412 and
others.
   Applicant disclaims the representation of the goods
apart from the mark as shown.
   The mark consists of a small marker or tab affixed
to the exterior of the garment at the hip pocket.

   Ser. No. 263,725, filed Feb. 1, 1967.

J. C. DEMOS, Deputy Director



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
OFFICE OF ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, Virginia   22202-3513

REGISTRATION NO: 1157769     SERIAL NO: 72263725     MAILING DATE: 09/01/2001
REGISTRATION DATE: 06/16/1981
MARK: MISCELLANEOUS DESIGN
REGISTRATION OWNER: LEVI STRAUSS & CO
CORRESPONDENCE ADDRESS:

KAREN S FRANK
LEGAL STRATEGIES GROUP
5905 CHRISTIE AVENUE
EMERYVILLE CA  94608

# NOTICE OF ACCEPTANCE
## 15 U.S.C. Sec. 1058(a)(3)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

**********************************************

# NOTICE OF RENEWAL
## 15 U.S.C. Sec. 1059(a)

THE COMBINED AFFIDAVIT AND RENEWAL APPLICATION FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 9 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE REGISTRATION IS RENEWED.

**********************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
039.


LEE, HAROLD D
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

   PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION



Exhibit H