TIMOTHY T. SCOTT (SBN 126971)
tscott@kslaw.com
GEOFFREY M. EZGAR (SBN 184243)
gezgar@kslaw.com
LEO SPOONER III (SBN 241541)
lspooner@kslaw.com
KING & SPALDING LLP
333 Twin Dolphin Drive, Suite 400
Redwood Shores, CA 94065
Telephone: (650) 590-0700
Facsimile: (650) 590-1900

SCOTT T. WEINGAERTNER (*pro hac vice pending*)
sweingaertner@kslaw.com
ROBERT F. PERRY
rperry@kslaw.com
DANIEL C. MILLER (*pro hac vice pending*)
dmiller@kslaw.com
MARK H. FRANCIS (*pro hac vice pending*)
mfrancis@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

Attorneys for Defendant
GOOGLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE INC. <br><br> Defendant. | Case No. 09-cv-05718-SBA <br><br> Honorable:  Judge Saundra B. Armstrong <br><br> **GOOGLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT; AND ASSERTION OF COUNTERCLAIMS** <br><br> **JURY TRIAL DEMANDED** |

GOOGLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT;
AND ASSERTION OF COUNTERCLAIMS                                       CIVIL ACTION NO. CV 09-05718

Dockets.Justia.com

# GOOGLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT; AND ASSERTION OF COUNTERCLAIMS

Defendant Google Inc. ("Google") answers the Complaint of Netlist, Inc. ("Netlist") as follows.

## Jurisdiction and Venue

1. Google admits that Complaint purports to be an action arising under the United States patent laws.  Google denies any remaining allegations of paragraph 1 of the Complaint.

2. Google admits that this Court has subject matter jurisdiction over actions arising under 28 U.S.C. §§ 1331 and 1338(a).  Google denies any remaining allegations of paragraph 2 of the Complaint.

3. Google admits that venue is proper in the Northern District of California.  Google denies any remaining allegations of paragraph 3.

## The Parties

4. Google admits that Netlist, Inc. has asserted that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 51 Discovery in Irvine, California 92618

5. Google admits that Google Inc. is a Delaware corporation with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.  Google admits that Google Inc. is authorized to do business in California.

## Intradistrict Assignment

6. Google admits that under Civil Local Rules 3-2(c) and 3-5, Intellectual Property Actions may be assigned on a district-wide basis.  Google denies any remaining allegations of paragraph 6 of the Complaint.

## Facts Relevant to the Claim

7. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8. Google admits that U.S. Patent No. 7,619,912 ("the '912 patent") is titled "Memory Module Decoder" and bears an issuance date of November 17, 2009. Google further admits that what purports to be a copy of the '912 patent was attached to Netlist's Complaint as Exhibit 1. Google is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 8, and therefore denies them.

9. Google denies the allegations of paragraph 9.

### Claim for Patent Infringement

10. Paragraph 10 of the Complaint does not contain any allegations, and therefore no response is required. Google incorporates its responses to paragraphs 1 through 9 of this Answer as if fully set forth herein.

11. Google denies the allegations of paragraph 11.

12. Google denies the allegations of paragraph 12.

13. Google denies the allegations of paragraph 13.

14. The Prayer for Relief does not contain any allegations. To the extent any response is required to any paragraph of Plaintiff's Prayer for Relief, including without limitation paragraphs 1 through 9, Google denies paragraphs 1 through 9 of Plaintiff's Prayer for Relief.

### Affirmative Defenses

### First Defense

1. Google does not infringe and has not infringed (directly, contributorily, or by inducement) any claim of the '912 patent.

### Second Defense

2. The claims of the '912 patent are invalid for failure to satisfy one or more of the requirements of Sections 100 *et seq.*, 101, 102, 103, and 112 of Title 35 of the United States Code.

### Third Defense

3. The claims of the '912 patent are unenforceable, in whole or in part, by the doctrines of laches, waiver, and/or estoppel, including prosecution history estoppel.

### Fourth Defense

4. The claims of the '912 patent are unenforceable due to unclean hands.

### Fifth Defense

5. Google has an implied or express license to the '912 patent.

### Sixth Defense

6. Netlist has failed to state a claim upon which relief can be granted.

### Seventh Defense

7. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the asserted claims of the '912 patent.

### Eighth Defense

8. The owner of the '912 patent has dedicated to the public all methods, apparatus, and products disclosed in the '912 patent, but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, apparatus, or products.

### Ninth Defense

9. Netlist's claim for damages, if any, against Google for alleged infringement of the '912 patent are limited by 35 U.S.C. §§ 286, 287, and 288.

### Tenth Defense

10. This case is exceptional against Netlist under 35 U.S.C. § 285.

### **COUNTERCLAIMS**

### **The Parties**

1. Google Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

2. On information and belief, Netlist, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 51 Discovery in Irvine, California 92618.

### Jurisdiction and Venue

3. Subject to Google's affirmative defenses and denials, Google alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and venue for these Counterclaims is proper in this district.

4. This Court has personal jurisdiction over plaintiff.

### Factual Background

5. In its Complaint, Netlist asserts that Google has infringed U.S. Patent 7,619,912 ("the '912 patent").

6. Google does not infringe any valid and enforceable claim of the '912 patent.

7. Consequently, there is an actual case or controversy between the parties over the '912 patent.

### COUNT ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,619,912

8. Google restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

9. An actual case or controversy exists between Google and Netlist as to whether the '912 patent is infringed by Google.

10. A judicial declaration is necessary and appropriate so that Google may ascertain its rights regarding the '912 patent.

11. Google has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '912 patent.

12. This is an exceptional case under 35 U.S.C. § 285 because Netlist filed its Complaint with knowledge of the facts stated in this Counterclaim.

### COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,619,912

13. Google restates and incorporates by reference its allegations in paragraphs 1–12 of its Counterclaims.

14. An actual case or controversy exists between Google and Netlist as to whether the '912 patent is invalid.

15. A judicial declaration is necessary and appropriate so that Google may ascertain its rights as to whether the '912 patent is invalid.

16. The claims of the '912 patent are invalid under one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

17. This is an exceptional case under 35 U.S.C. § 285 because Netlist filed its Complaint with knowledge of the facts stated in this Counterclaim.

### COUNT THREE

### Fraud/Deceit/Concealment

18. The Joint Electron Devices Engineering Council ("JEDEC") is the leading developer of standards for the solid-state industry.

19. Upon information and belief, Netlist has been a member of JEDEC since 2000.

20. Google has been a member of JEDEC since 2006.

21. JEDEC Patent Policy requires its members to disclose to the other members any issued patents or pending patent applications that are, or may be, relevant to pending or issued standards. Therefore, Netlist, as a member of JEDEC, has a duty to disclose to its fellow JEDEC members those patents and patent applications, including applications for patents, that are relevant to pending or issued JEDEC standards.

22. JEDEC Patent Policy further requires that a JEDEC committee cannot consider a standard that calls for the user of patented item or process unless, the JEDEC member who is the patent holder offers: (1) a license without compensation to all applicants desiring to utilize the patent for the purpose of implementing the standard(s); or (2) a license made available to all

6

applicants under reasonable terms and conditions that are demonstrably free of any unfair discrimination.

23. Upon information and belief, at each JEDEC meeting, each person in attendance must sign in and check a box agreeing to abide by the JEDEC Patent Policy and Netlist attendees conformed to this requirement.

24. Netlist filed the '912 patent on September 27, 2007, which patent is a continuation of and claims priority to U.S. Patent No. 7,289,386 ("the '386 patent"), and which Netlist filed on July 1, 2005 and for which patent, Netlist claims a priority date of March 5, 2004.

25. Upon information and belief, Netlist has not yet met with the disclosure requirements of JEDEC for the '912 patent.

26. In May, June, August, and December 2007 JEDEC JC-45 committee meetings, Intel Corporation proposed an addition to JEDEC Standards, including at least JESD82-20, for the purpose of standardizing an implementation of a quad-rank FBDIMM design.

27. According to minutes from the June 2007 JEDEC JC-45 committee meeting, the meeting opened with a review of the JEDEC patent policy. The meeting minutes also demonstrate that Intel made an extensive presentation of its quad-rank FB-DIMM design, after which Intel indicated that it would likely file related IP, which it would offer to license on JEDEC RAND terms. The meeting minutes also show that the June 2007 JEDEC JC-45 committee meeting was attended by three Netlist representatives: Mario Martinez, Hyun Lee, and Jeff Solomon (a named inventor on both the '386 and '912 patents). Upon information and belief, Netlist and its representative withheld the existence of any of Netlist's relevant patents and/or patent applications at this meeting from the JEDEC members.

28. According to minutes from the August 2007 JEDEC JC-45 committee meeting, the meeting opened with a review of the JEDEC patent policy. The meeting minutes also indicate that Intel made a second presentation of its quad-rank FB-DIMM design, after which there was a motion by Intel and seconded by Netlist to authorize the task group to issue a committee ballot on the material. The meeting minutes also showed that the August 2007

7

1  JEDEC JC-45 committee meeting was attended by one Netlist representative: Mario Martinez.

2  Upon information and belief, Netlist and its representative withheld the existence of any of

3  Netlist's patents and/or patent applications from the JEDEC members at this meeting.

4      29.    According to minutes from the December 2007 JEDEC JC-45 committee

5  meeting, the meeting opened with a review of the JEDEC patent policy. Upon information and

6  belief, before the December 2007 JEDEC JC-45 committee meeting, JC-45 held and closed the

7  vote on the Intel proposed changes, which meant that a member could not change their vote after

8  the close. The meeting minutes also indicate that there was a ballot review of Intel's proposed

9  addition to the standard of its quad-rank FB-DIMM design, after which Netlist indicated for the

10 first time they may have some IP that may apply to the quad rank logic and DIMM designs. The

11 meeting minutes further show that Netlist promised to abide by the JEDEC patent policy and

12 provide a RAND letter. The meeting minutes also showed that the December 2007 JEDEC JC-

13 45 committee meeting was attended by one Netlist representative: Mario Martinez.

14     30.    On January 8 2008, Jayesh Bhakta (a named inventor on both the '386 and '912

15 patents) sent a letter on behalf of Netlist to Mian Quddus, the chairman of the JEDEC JC-45

16 committee identifying only the '386 patent as relevant to a JEDEC standard and offering a

17 license on RAND terms. This letter did not identify patent application 11/862,931, which issued

18 as the '912 patent, filed as a continuation of the '386 patent on September 27, 2007 and not

19 published until March 20, 2008. As a result, there was no public information available to

20 JEDEC members to let them know that a continuation of the identified '386 patent had also been

21 filed. To the extent that Netlist asserts that the '386 patent is relevant to JESD82-20A, which

22 incorporates Intel's quad-rank FB-DIMM design introduced in JC-45 in June 2007, the '912

23 patent, a mere continuation of the '386 patent, should also have been disclosed.

24     31.    The Intel proposed changes to JESD82-20 were incorporated in JESD82-20A.

25 The JEDEC members voted to issue the JESD82-20A standard, having all such JEDEC

26 members, except for Netlist representatives, vote unaware of the patent application that led to the

27 '912 patent.

28

8

GOOGLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT;
AND ASSERTION OF COUNTERCLAIMS     CIVIL ACTION NO. CV 09-05718

32. Upon information and belief, Netlist has not offered to JEDEC members who practice JESD82-20A either: (1) a license without compensation to all applicants desiring to utilize the patent for the purpose of implementing the standard(s); or (2) a license made available to all applicants under reasonable terms and conditions that are demonstrably free of any unfair discrimination.

33. Netlist's concealment of the application that led to the '912 patent from JEDEC members was a misrepresentation of facts that it knew to be relevant. Netlist has affirmatively attempted to disclose the '386 patent as relevant to certain JEDEC standards, with knowledge that they had filed a continuation of that patent, which was to issue as the '912 patent.

34. Under JEDEC Patent Policy, of which Netlist was aware, Netlist had a duty to disclose the patent application that led to the '912 patent to JEDEC and yet failed to make that disclosure to the JEDEC members.

35. Netlist's silence as to the patent application that led to the '912 patent induced the other JEDEC members to rely upon that standard being free of intellectual property encumbrances. The JEDEC members, including Google, were without information regarding the pending patent application that was to issue as the '912 patent when JEDEC issued the JESD82-20A standard.

36. JEDEC, including Google, justifiably relied on that silence and issued the standard without knowledge of the '912 patent. If Google and the other JEDEC members had been made aware of the patent application that led to the '912 patent, at a minimum, Netlist would have been required to offer a license, and the JESD82-20A standard may not have issued. Netlist did not offer to license the patent application that was to issue as the '912 patent to JEDEC members, as would be required under the JEDEC patent provisions.

37. Because of Netlist's concealment, Google is now potentially incurring damages. Netlist has alleged infringement by Google of the '912 patent in bringing this action. As a result, Google is now expending resources defending a litigation with regard to a patent, the disclosure

9

of which was withheld from Google, and other JEDEC members, at the time they voted to ratify the JESD82-20A standard.

38. As a result, Netlist has committed the torts of fraud and deceit by concealment against Google.

### COUNT FOUR

### Negligent Misrepresentation

39. Google incorporates paragraphs 18-37 above.

40. As discussed above, Netlist's concealment of the application that led to the '912 patent from JEDEC members was a misrepresentation of facts that it knew to be relevant. Netlist has affirmatively attempted to disclose the '386 patent as relevant to certain JEDEC standards, with knowledge that they had filed a continuation of that patent, which was to issue as the '912 patent.

41. As discussed above, under JEDEC Patent Policy, of which Netlist was aware, Netlist had a duty to disclose the patent application that led to the '912 patent to JEDEC and yet failed to make that disclosure to the JEDEC members.

42. As discussed above, Netlist's silence as to the patent application that led to the '912 patent induced the other JEDEC members to rely upon that standard being free of intellectual property encumbrances. The JEDEC members, including Google, were without information regarding the pending patent application that was to issue as the '912 patent when JEDEC issued the JESD82-20A standard.

43. As discussed above, JEDEC, including Google, justifiably relied on that silence and issued the standard without knowledge of the '912 patent. If Google and the other JEDEC members had been made aware of the patent application that led to the '912 patent, at a minimum, Netlist would have been required to offer a license, and the JESD82-20A standard may not have issued. Netlist did not offer to license the patent application that was to issue as the '912 patent to JEDEC members, as would be required under the JEDEC patent provisions.

10

44. Because of Netlist's concealment, Google is now potentially incurring damages. Netlist has alleged infringement by Google of the '912 patent in bringing this action. As a result, Google is now expending resources defending a litigation with regard to a patent, the disclosure of which was withheld from Google, and other JEDEC members, at the time they voted to ratify the JESD82-20A standard.

45. Netlist has engaged in the tort of negligent misrepresentation for Netlist's omission in its duty to disclose under the JEDEC Patent Policy.

## COUNT FIVE

### Breach of Contract

46. Google incorporates paragraphs 18-37 above.

47. Google is a third party beneficiary of the JEDEC membership agreements and JEDEC Patent Policy. Upon information and belief, every JEDEC member or guest who attends a JEDEC meeting must sign in and check a box agreeing that they will abide by the JEDEC patent policy. Had Netlist abided by the JEDEC Patent Policy, they would have disclosed the patent application that led to the '912 patent and offered a license to JEDEC members, including Google. As a result, Google would have a license to the '912 patent if Netlist has performed the obligations required under the JEDEC Patent Policy.

48. Netlist has failed to abide by the JEDEC Patent Policy, thereby breaching its implied or express contract as a JEDEC member.

### Prayer for Relief

WHEREFORE, Google prays for judgment as follows:

a. A judgment dismissing Netlist's Complaint against Google with prejudice;

b. A judgment in favor of Google on all of its Counterclaims;

c. A declaration that Google has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claims of the '912 patent;

d. A declaration that the '912 patent is invalid;

11

    e.    A judgment that Netlist's claims are barred by the doctrines of laches, equitable estoppel, and/or waiver;

    f.    A judgment that the '912 patent is unenforceable due to unclean hands;

    g.    A judgment that Netlist committed the torts of fraud and deceit;

    h.    A judgment that Netlist committed the tort of negligent misrepresentation;

    i.    A judgment that Netlist specifically perform its obligations under the JEDEC Patent Policy;

    j.    An award of damages adequate to compensate Google for Netlist's tortious acts and breach of contract;

    k.    A judgment that this case is exceptional and an award to Google of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

    l.    Such other and further relief as this Court may deem just and proper.

## Jury Demand

Netlist's demand that all issues be determined by a jury trial does not state any allegation, and Google is not required to respond.  To the extent that any allegations are included in the demand, Google denies these allegations.

DATED:  February 12, 2010            **KING & SPALDING LLP**

                                      By:  */s/ Geoffrey Ezgar*
                                            Geoffrey Ezgar  (SBN 184243)
                                            Attorneys for Defendant
                                            GOOGLE INC.

12

GOOGLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT;
AND ASSERTION OF COUNTERCLAIMS            CIVIL ACTION NO. CV 09-05718

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Google Inc. respectfully demands a jury trial of all issues triable to a jury in this action.

DATED: February 12, 2010                          **KING & SPALDING LLP**


By:  /s/ *Geoffrey Ezgar*
     Geoffrey Ezgar  (SBN 184243)
     Attorneys for Defendant
     GOOGLE INC.