Netlist, Inc. v. Google Inc. Doc. 33

Adrian M. Pruetz (CA Bar No. 118215/ampruetz@pruetzlaw.com)
Erica J. Pruetz (CA Bar No. 227712/ejpruetz@pruetzlaw.com)
PRUETZ LAW GROUP LLP
200 N. Sepulveda Blvd., Suite 1525
El Segundo, CA 90245
Telephone: (310) 765-7650/Facsimile: (310) 765-7641

Enoch H. Liang (CA Bar No. 212324/ehl@ltlcounsel.com)
Steven R. Hansen (CA Bar No. 198401/srh@ltlcounsel.com)
Edward S. Quon (CA Bar No. 214197/eq@ltlcounsel.com)
LEE TRAN & LIANG PLC
601 S. Figueroa St., Suite 4025
Los Angeles, CA 90017
Telephone: (213) 612-3737/Facsimile: (213) 612-3773

Attorneys for Plaintiff, NETLIST, INC.

TIMOTHY T. SCOTT (CA Bar No. 126971/tscott@kslaw.com)
GEOFFREY M. EZGAR (CA Bar No. 184243/gezgar@kslaw.com)
LEO SPOONER III (CA Bar No. 241541/lspooner@kslaw.com)
KING & SPALDING LLP
333 Twin Dolphin Drive, Suite 400
Redwood Shores, CA 94065
Telephone: (650) 590-0700/Facsimile: 650) 590-1900

SCOTT T. WEINGAERTNER (pro hac vice/sweingaertner@kslaw.com)
ROBERT F. PERRY (rperry@kslaw.com)
ALLISON ALTERSOHN (pro hac vice/aaltersohn@kslaw.com)
SUSAN KIM (pro hac vice/skim@kslaw.com)
MARK H. FRANCIS (pro hac vice/mfrancis@kslaw.com)
DANIEL MILLER (pro hac vice/dmiller@kslaw.com)
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100/Facsimile: (212) 556-2222

Attorneys for Defendant, GOOGLE INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(OAKLAND DIVISION)

NETLIST, INC.,

Plaintiff,

v.

GOOGLE INC.,

Defendant.

AND RELATED COUNTERCLAIMS.

Case No. C 09-05718 SBA

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Date: March 4, 2010
Time: 3:15 p.m
Dept.: Telephonic

Dockets.Justia.com

Netlist, Inc. ("Netlist") and Google Inc. ("Netlist") hereby respectfully submit the following Joint Case Management Statement.

**1.     Jurisdiction and Service**

This is an action arising under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction over the claims and defenses of this action pursuant to 35 U.S.C. § 1 *et seq*., and 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. The parties do not believe that any jurisdiction or venue issues exist at this time. No parties remain to be served.

**2.     A Brief Description of the Facts and Procedural History**

Netlist is listed with the United States Patent and Trademark Office ("USPTO") as the assignee of record of U.S. Patent No. 7,619,912 ("the '912 Patent"). The '912 Patent is a continuation of U.S. Patent No. 7,289,386 ("the '386 Patent"). In May of 2008, Netlist sent Google a letter asserting ownership of the '386 Patent and alleging that Google was infringing the patent by using technology covered by the 386 Patent in its servers. The technology related to memory modules used in the server memory. Netlist's outside counsel sent additional letters to Google in June of 2008 reiterating its allegations. On August 29, 2008, Google initiated an action for declaratory judgment of non-infringement and invalidity of the '386 Patent (Case No. C08-4144 SBA); Netlist then counterclaimed for patent infringement and related claims. Case No. C08-4144 SBA is currently pending before this Court.

On November 17, 2009, the USPTO issued the '912 Patent, and Netlist filed its original complaint ("Netlist's Complaint") for patent infringement in the present action on December 4, 2009. At Google's request, Netlist agreed to extend the time for Google to answer Netlist's Complaint, and Google filed its Answer and Counterclaims on February 12, 2010. The deadline for Netlist to reply to Google's counterclaims is March 8, 2010.

The parties filed a Joint Motion To Consolidate Cases on January 6, 2010, requesting that the Court consolidate this case with Case No. C08-4144 SB. The Court denied the parties' Motion on February 3, 2010.

**3. Principal Factual Issues Disputed by the Parties**

- Whether Google has infringed the '912 Patent;
- Whether the accused Google products have substantial non-infringing uses;
- Whether the '912 Patent is invalid;
- Whether Netlist failed to meet its disclosure or other obligations under applicable JEDEC rules and policies;
- Whether Google's infringement was willful;
- Appropriate damages and equitable relief for any infringement; and
- Additional factual issues raised by Netlist's reply to Google's counterclaims, which is due on March 8, 2010.

**4. Principal Legal Issues Disputed by the Parties**

- Claim construction of terms in the '912 Patent;
- Whether any or all claims of the '912 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, or 112;
- Whether the '912 Patent is unenforceable;
- Whether the claims set forth in Netlist's complaint are barred by waiver;
- Whether the claims set forth in Netlist's complaint are barred by unclean hands;
- Whether the claims set forth in Netlist's complaint are barred by estoppel;
- Whether Netlist committed the torts of fraud and deceit;
- Whether Netlist committed the tort of negligent misrespresentation;
- Whether Google has an implied or express license to the '912 patent;
- Whether the Court should declare the case exceptional under 35 U.S.C. § 285 and award attorneys fees to the prevailing party; and
- Whether and what relief should be granted.

**5. Motions**

No motions are currently pending. Both Google and Netlist anticipate filing motions for summary judgment and, to the extent it becomes necessary, motions relating to discovery.

**6.     Amendment of Pleadings**

The parties may amend their claims and defenses as discovery progresses, but do not plan to add or dismiss claims at this time.

**7.     Evidence Preservation**

The parties' proposal for document preservation is described in Section 9, below.

**8.     Disclosures**

The parties plan on making their initial disclosures by March 10, 2010.

**9.     Discovery**

**A.     Discovery Taken to Date**

No discovery has been served or taken in this case to date.  However, the parties anticipate that the discovery sought from one another in this action will substantially overlap with the discovery sought in this Court's co-pending Case No. C08-4144 SBA involving the '386 Patent.

**B.     Anticipated Discovery**

Netlist anticipates serving written discovery (interrogatories, requests for production, requests for admission) directed to the structure and operation of Google's 4-Rank Fully Buffered Dual In-Line Memory Modules ("4 Rank FBDIMMs"), as well as to the numbers of such 4 Rank FBDIMMs used by Google.  Netlist also anticipates serving written discovery directed to Google's contentions that it does not infringe the '912 Patent and that the '912 Patent is invalid and/or unenforceable.  Netlist also anticipates serving written discovery directed to Google's contentions that Netlist committed acts of fraud, deceit, and/or concealment before the JEDEC standard-setting organization, as well as Google's contentions that Netlist committed acts of negligent misrepresentation and/or breach of contract in connection with Netlist's activities in JEDEC.   Netlist also anticipates serving written discovery directed to the costs associated with Google's 4 Rank FBDIMMs, non-infringing alternatives to 4-Rank FBDIMMs, and whether Google's infringement was willful.

Netlist anticipates taking the depositions of one or more Google employees concerning the foregoing issues as well as taking depositions of one or more Google witnesses under Rule 30(b)(6) on topics related to such issues.

Google anticipates serving written discovery (interrogatories, requests for production, requests for admission) directed to the conception and reduction to practice of the '912 Patent, the prosecution of the '912 Patent, Netlist's knowledge of prior art during the prosecution of the '912 Patent, and other topics related to the enforceability of the '912 Patent. Google also anticipates serving written discovery directed to Netlist's contentions that Google infringes the '912 Patent and that such infringement is willful. Google also anticipates serving written discovery directed to its allegations that Netlist committed acts of fraud, deceit, and/or concealment before the JEDEC standard-setting organization, as well as its allegations that Netlist committed acts of negligent misrepresentation and/or breach of contract in connection with Netlist's activities in JEDEC. Google also anticipates serving written discovery directed to the sale of any products alleged to embody the '912 Patent, Netlist's licensing of the '912 Patent, and Netlist's claims for damages.

Google anticipates taking the depositions of one or more Netlist employees concerning the foregoing issues as well as taking depositions of one or more Netlist witnesses under Rule 30(b)(6) on topics related to such issues.

**C. Discovery Schedule**

The parties propose the following schedule for the case through trial, which includes the schedule for discovery:

| EVENT | DATE |
|---|---|
| **Infringement Contentions under 3-1** | **3/18/10** |
| **Invalidity Contentions under 3-3** | **4/30/10** |
| **Exchange Proposed Claim Terms under 4-1** | **5/14/10** |

| EVENT | DATE |
|---|---|
| Exchange Preliminary Constructions and Extrinsic Evidence under 4-2 | 6/4/10 |
| Joint Clam Construction and Prehearing Statement under 4-3 | 6/25/10 |
| End of Claim Construction Discovery under 4-4 | 7/9/10 |
| Opening Claim Construction Brief | 7/16/10 |
| Responsive Claim Construction Brief | 8/4/10 |
| Reply | 8/16/10 |
| Tutorial/Markman Hearing | 8/31/10 |
| Notice re Advice of Counsel | 10/13/10 |
| Fact Discovery Cutoff | 12/17/10 |
| Expert Designations: Each party serves expert reports on those issues for which the party has the burden of proof | 1/14/11 |
| Expert Designations: Each party serves responsive expert report(s) addressing the other party's report(s) | 1/28/11 |
| Expert Discovery Completed | 2/11/11 |
| Motion Cutoff | 3/4/11 |
| Mandatory Settlement Conference | 3/29/11 |
| Pretrial Conference | 5/13/11 |
| Trial Commences | 6/13/11 |

**D. Discovery Limits**

The parties agree to the following limits on discovery.

- Maximum of 25 interrogatories, including contention interrogatories, for each party.
- Maximum of 75 requests for admission by each party, excluding those directed solely to authenticating exhibits for trial.
- Maximum of 10 non-expert depositions, including third party depositions, for each party.
- With respect to expert reports and discovery, the parties agree that final expert reports and materials identified by the experts as relied upon in their reports are discoverable. (If an expert indicates in deposition that he or she relied upon a document or source not otherwise specified in the final report, that information is also discoverable.) Any attorney communications to or from any expert, any draft reports, and any notes of experts relating to any communication to or from an attorney are not discoverable and do not need to be logged in a privilege log.

**E. Electronic Discovery and Document Preservation**

In order to avoid discovery disputes, the parties make the following proposals concerning electronic discovery:

Preservation: Each party shall send a Document Retention Notice to employees it believes are likely to possess relevant, responsive electronic documents. This Document Retention Notice shall request that the identified employee refrain from deleting or destroying relevant electronic documents for the pendency of the litigation. No claim for sanctions shall lie in the inadvertent deletion of electronic documents. No party shall suspend the recycling or deletion of backup tapes or backup copies of electronic documents unless and until such suspension is explicitly requested by a Requesting Party. If such a request for suspension of deletion of backups is made, the Requesting Party shall specifically identify the electronic documents that should be maintained, as well as the duration for such maintenance. The

Requesting Party must pay the costs associated with maintaining said backups, although the Requesting Party can choose to rescind or modify its request for the suspension of recycling or deletion at any time.

Discovery and Form of Production: The parties agree to meet and confer concerning the format for the production of documents.

Assertion of Privilege After Production: The inadvertent production of any privileged material shall not be deemed a waiver of any claim of privilege of the information. Upon receiving oral or written notice from the Producing Party that privileged material has been inadvertently produced, all such privileged material and any copies thereof shall immediately be returned to the Producing Party and the receiving party shall not use any such privileged material or privileged information therein for any purpose absent further Order of this Court.

**10. Class Actions**

This case is not currently a class action.

**11. Related Cases**

There is one related case, *Google Inc v.Netlist, Inc.*, C 08-4144 SBA, which is currently pending before this Court. In this related case, Netlist asserts that Google's 4-Rank FBDIMMs infringe the '386 Patent, which issued on October 30, 2007. The '912 Patent asserted in this case is a continuation of the '386 Patent.

**12. Relief**

Netlist seeks the following relief:

- A judgment that Google has infringed the '912 Patent;
- A finding that such infringement was willful and deliberate;
- Monetary damages and injunctive relief based on such infringement;
- A finding that this case is exceptional under 35 U.S.C. § 285 and an award of its costs, disbursements, and attorney fees in connection with this case under 35 U.S.C. § 285 and any other authority deemed appropriate by the Court;
- Other relief that will be set forth in Netlist's reply to Google's counterclaims; and

- Any other and further relief that this Court deems just, reasonable, and proper.

Google seeks the following relief:

- A judgment dismissing Netlist's Complaint against Google with prejudice;
- A judgment in favor of Google on all of its Counterclaims;
- A declaration that Google does not infringe any valid and enforceable claim of the '912 Patent;
- A declaration that the '912 Patent is invalid and unenforceable;
- A judgment that Netlist's claims are barred by the doctrine of laches, equitable estoppel, and/or waiver;
- A judgment that the '912 patent is unenforceable due to unclean hands;
- A judgment that Netlist committed the torts of fraud and deceit;
- A judgment that Netlist committed the tort of negligent misrepresentation;
- A judgment that Netlist specifically perform its obligations under the JEDEC Patent Policy;
- An award of damages adequate to compensate Google for Netlist's tortuous acts and breach of contract;
- A declaration that this case is exceptional under 35 U.S.C. § 285 and an award of its costs, disbursements, and attorney fees in connection with this case under 35 U.S.C. § 285 and any other authority deemed appropriate by the Court; and
- Any other and further relief that this Court deems just, reasonable, and proper.

**13. Settlement and ADR**

Pursuant to the Court's Order Denying Joint Motion to Consolidate, dated February 2, 2010 (Docket No. 14), the parties have agreed to have this case and Case No. C 08-4144 SBA referred to Magistrate Judge Patricia Trumbull for an early settlement conference.

**14. Consent to Magistrate Judge For All Purposes**

A declination to proceed before a United States Magistrate Judge was filed in this matter.

**15.    Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**16.    Narrowing of Issues**

While the parties may reach or agreements or file dispositive motions narrowing the issues in this case, it is premature at this time to determine the number and/or subject matter of any such agreements or motions.

**17.    Expedited Schedule**

The parties do not believe there is any need for an expedited schedule.

**18.    Scheduling**

The parties agree to and propose the case schedule set forth above under paragraph 9(c).

**19.    Trial**

This case will be tried before a jury.  The parties propose to begin trial on June 13, 2011. The parties expect that the trial will last for 7-9 days.

**20.    Disclosure of Non-party Interested Entities or Persons**

Both Google and Netlist have filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-16.  No non-party interested entities or persons exist at this time.

**21.    Other issues**

At this time, the parties are not aware of any other issues that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: February 22, 2010

KING & SPALDING LLP

By: /s/ Geoffrey M. Ezgar
GEOFFREY M. EZGAR

Attorneys for Plaintiff
GOOGLE INC.

Dated: February 22, 2010

STEVEN R. HANSEN
LEE TRAN & LIANG APLC

By: /s/ Steven R. Hansen
STEVEN R. HANSEN

Attorneys for Defendant
NETLIST, INC.

**DECLARATION OF CONSENT**

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Steven R. Hansen.

Dated: February 22, 2010

KING & SPALDING LLP

By: /s/ Geoffrey M. Ezgar
GEOFFREY M. EZGAR

Attorneys for Plaintiff
GOOGLE INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: February __, 2010

______________________________
SAUNDRA BROWN ARMSTRONG
United States District Judge