1   **PRUETZ LAW GROUP LLP**
Adrian M. Pruetz (Bar No. 118215)
2   ampruetz@pruetzlaw.com
Erica J. Pruetz (Bar No. 227712)
3   ejpruetz@pruetzlaw.com
200 N. Sepulveda Blvd., Suite 1525
4
El Segundo, CA 90245
5   Phone:   310.765.7650
6   Fax:      310.765.7641

7
**LEE TRAN & LIANG APLC**
8   Enoch H. Liang (Bar No. 212324)
ehl@ltlcounsel.com
9   Steven R. Hansen (Bar No. 198401)
10   srh@ltlcounsel.com
Edward R. Quon (Bar No. 214197)
11   eq@ltlcounsel.com
12   601 S. Figueroa Street, Suite 4025
Los Angeles, CA 90017
13   Phone:   213.612.3737
14   Fax:      213.612.3773

15   Attorneys for Defendant
NETLIST, INC.
16

17               UNITED STATES DISTRICT COURT

18             NOERTHERN DISTRICT OF CALIFORNIA

19                    OAKLAND DIVISION

20

21   NETLIST, INC.,                        CASE NO. CV09-05718-SBA

22                        Plaintiff,        **PLAINTIFF NETLIST, INC.'S REPLY
TO DEFENDANT GOOGLE INC.'S**
23        vs.                              **COUNTERCLAIMS**

24   GOOGLE INC.,

25                                          **[JURY TRIAL DEMANDED]**

26                        Defendant.

27

28
_____
Plaintiff Netlist, Inc.'s Reply to Google Inc.'s Counterclaims

1       Plaintiff Netlist, Inc. ("Netlist" or "Plaintiff"), by and through its undersigned

2  counsel, hereby files its Reply and Affirmative Defenses to Defendant Google Inc.'s

3  ("Google" or "Defendant") Counterclaims (the "Counterclaims"), as follows:

4                    **COUNTERCLAIMS**

5                    **The Parties**

6       1.     Netlist admits that Google has asserted that it is a corporation organized

7  and existing under the laws of the State of Delaware, with its principal place of

8  business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

9       2.     Netlist admits that it is a corporation organized and existing under the

10  laws of the state of Delaware, and its principal place of business is located at 51

11  Discovery, Irvine, California 92618.

12               **Jurisdiction And Venue**

13       3.     Netlist admits that the court has subject matter jurisdiction over claims

14  arising under 28 U.S.C. §§ 1331, 1367, 1338(a) and 2202.  Netlist denies the

15  remaining allegations in paragraph 3.

16       4.     Netlist admits the allegations in paragraph 4.

17               **Factual Background**

18       5.     Netlist admits the allegations in paragraph 5.

19       6.     Netlist denies the allegations in paragraph 6.

20       7.     Netlist admits that there is an actual case or controversy concerning

21  Google's infringement of the '912 Patent.  Except as expressly admitted herein,

22  Netlist denies the allegations of paragraph 7.

23                  **COUNT ONE**

24  **Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,619,912**

25       8.     Netlist's responses to paragraphs 1 through 7 are incorporated by

26  reference.

27       9.     Netlist admits the allegations of paragraph 9.

28       10.    Netlist denies the allegations of paragraph 10.

1    11.    Netlist denies the allegations of paragraph 11.

2    12.    Netlist denies the allegations of paragraph 12.

3                        **COUNT TWO**

4    **Declaratory Judgment of Invalidity of U.S. Patent No. 7,619,912**

5    13.    Netlist's responses to paragraphs 1 through 12 are incorporated by

6    reference.

7    14.    Netlist denies the allegations of paragraph 14.

8    15.    Netlist denies the allegations of paragraph 15.

9    16.    Netlist denies the allegations of paragraph 16.

10   17.    Netlist denies the allegations of paragraph 17.

11                       **COUNT THREE**

12                    **Fraud/Deceit/Concealment**

13   18.    Netlist admits that JEDEC is a solid state technology standard setting

14   organization.  Except as expressly admitted herein, Netlist denies the allegations of

15   paragraph 18.

16   19.    Netlist admits the allegations of paragraph 19.

17   20.    Netlist is without sufficient information or belief to enable it to answer

18   the allegations in paragraph 20, and, on such ground, denies the allegations of

19   paragraph 20.

20   21.    Netlist denies the allegations of paragraph 21.

21   22.    Netlist denies the allegations of paragraph 22.

22   23.    Netlist admits that JEDEC has a process by which attendees can

23   confirm their attendance at particular JEDEC meetings.  Except as expressly

24   admitted herein, Netlist denies the allegations of paragraph 23.

25   24.    Netlist admits that the application for the '912 patent was filed on

26   September 27, 2007.  Netlist also admits that the application for the '912 Patent is a

27   continuation of U.S. Patent Application No. 11/173,175, which was filed on Jul. 1,

28   2005 and issued as U.S. Patent  No. 7,289,386.  Netlist further admits that the

-2-

1    application for the '912 Patent claims the benefit of U.S. Provisional Patent

2    Application No. 60/588,244, filed on Jul. 15, 2004, U.S. Provisional Patent

3    Application No. 60/550,668, filed on Mar. 5, 2004, and U.S. Provisional Patent

4    Application No. 60/575,595, filed on May 28, 2004.  Netlist denies any remaining

5    allegations of paragraph 24.

6         25.    Netlist denies the allegations of paragraph 25.

7         26.    Netlist admits that a set of June 2007 minutes of the JEDEC JC-45

8    Committee meeting refer to an "FYI Showing" made by Intel concerning an "AMB

9    Quad Rank Support" proposal.  Netlist also admits that a set of minutes which

10   appear to be for an August 2007 meeting of a JEDEC JC-45 Committee, but which

11   also bear the dates August 29-30, 2006, refer to a discussion by Intel concerning

12   "FB DIMM Quad Rank SPD Bytes."  Netlist further admits that a set of December

13   2007 minutes of a JEDEC JC-45 Committee meeting refer to a ballot review for an

14   "FB DIMM Quad Rank SPD Bytes" proposal.  Except as expressly admitted herein,

15   Netlist denies the allegations of  paragraph 26.

16        27.    Netlist admits that the names Mario Martinez, Hyun Lee and Jeff

17   Solomon appear on a set of minutes for  a June 2007 JEDEC JC-45 committee

18   meeting and that the same set of minutes refers to an "FYI Showing" made by Intel

19   concerning an "AMB Quad Rank Support" proposal.   Netlist also admits that the

20   same meeting minutes state that "In response to a question by the secretary, Mr.

21   Tsang (Intel) indicated that IP filings are likely and he will pursue this information.

22   He further indicated that Intel would likely be willing to meet the JEDEC RAND

23   terms for any such IP."  Netlist further admits that Jeff  Solomon is a named

24   inventor on the '386 and '912 patents.  Except as expressly admitted herein, Netlist

25   denies the  allegations of paragraph 27.

26        28.    Netlist admits that name Mario Martinez appears on a set of JEDEC

27   JC-45 meeting minutes which appear to be for the period August 29-30, 2007 but

28   which also bear the dates August 29-30, 2006.  Netlist also admits that the same

1  meeting minutes reference a discussion by Intel concerning an "FB DIMM Quad

2  Rank SPD Bytes" proposal.  Netlist further admits that the same meeting minutes

3  state "Motion by Intel and seconded by Netlist to authorize the SPD task group to

4  issue a committee ballot on the material."  Except as expressly admitted herein,

5  Netlist denies the  allegations of paragraph 28.

6       29.     Netlist admits that the name Mario Martinez appears on a set of

7  meeting minutes for  a December 2007 JEDEC JC-45 committee meeting and that

8  the same set of meeting minutes references a ballot for an  "FBDIMM Quad Rank

9  SPD Bytes" proposal and states that "Netlist indicated that it may have some IP that

10  may apply to the quad rank logic and DIMM designs.  Netlist will abide by the

11  JEDEC patent policy and provide a RAND letter in a timely manner." Netlist also

12  admits that JEDEC Committee Ballot Records indicate that on or before November

13  28, 2007, a vote was taken on an "FBDIMM Quad Rank SPD Bytes" proposal

14  sponsored by Micron and that the same Committee Ballot Records state that "Netlist

15  may have some IP that might apply to any Quad Rank logic and DiMM design

16  ballots.  Netlist will abide by the JEDEC patent policy and will provide a RAND

17  letter in a timely manner."  Netlist additionally admits that the name Mario Martinez

18  appears on a set of meeting minutes for a December 2007 JEDEC JC-40 committee

19  meeting and that the same set of meeting minutes references a ballot for an "AMB

20  Quad Rank Support" proposal and states that "Netlist indicated that it may have

21  some IP that may apply to the ballot material-Mr. Martinez indicated that Netlist

22  will abide by the JEDEC patent policy and a RAND letter will be provided in a

23  timely manner."  Netlist further admits that JEDEC Committee Ballot Records

24  indicate that on or before November 29, 2007 a vote was taken on an "AMB Quad

25  Rank Support Standard" sponsored by Intel.  Netlist further admits that the same

26  Committee Ballot Records state that "Netlist may have some IP that might apply to

27  any Quad Rank logic and DiMM design ballots.  Netlist will abide by the JEDEC

28

Plaintiff Netlist, Inc.'s Reply to Google Inc.'s Counterclaims

1  patent policy and will provide a RAND letter in a timely manner." Except as

2  expressly admitted herein, Netlist denies the allegations of paragraph 29.

3     30.    Netlist admits that on January 8, 2008, Jayesh Bhakta sent a letter on

4  behalf of Netlist to Mian Quddus which bears the subject line "Re: U.S. Patent No.

5  7,289,386" and that the letter speaks for itself.  Netlist further admits that Jayesh

6  Bhakta is a named inventor on the '386 and '912 patents. Except as expressly

7  admitted herein, Netlist denies the  allegations of paragraph 30.

8     31.    Netlist admits that at least certain portions of an Intel proposal for

9  AMB Quad Rank Support were incorporated in a JEDEC Standard bearing the

10  standard number JESD82-20A.  Except as expressly admitted herein, Netlist denies

11  the allegations of paragraph 31.

12     32.    Netlist denies the allegations of paragraph 32.

13     33.    Netlist denies the allegations of paragraph 33.

14     34.    Netlist denies the allegations of paragraph 34.

15     35.    Netlist denies the allegations of paragraph 35.

16     36.    Netlist denies the allegations of paragraph 36.

17     37.    Netlist admits that it has alleged infringement by Google of the '912

18  Patent.  Except as expressly admitted herein, Netlist denies the allegations of

19  paragraph 37.

20     38.    Netlist denies the allegations of paragraph 38.

21                              **COUNT FOUR**

22                       **Negligent Misrepresentation**

23     39.    Netlist's responses to paragraphs 18 through 38 are incorporated by

24  reference.

25     40.    Netlist denies the allegations of paragraph 40.

26     41.    Netlist denies the allegations of paragraph 41.

27     42.    Netlist denies the allegations of paragraph 42.

28     43.    Netlist denies the allegations of paragraph 43.

Plaintiff Netlist, Inc.'s Reply to Google Inc.'s Counterclaims

44.     Netlist admits that it has alleged infringement by Google of the '912 Patent.  Except as expressly admitted herein, Netlist denies the remaining allegations of paragraph 44.

45.     Netlist denies the allegations of paragraph 45.

### COUNT FIVE

### Breach of Contract

46.     Netlist's responses to paragraphs 18 through 45 are incorporated by reference.

47.     Netlist admits that JEDEC has a process by which attendees can confirm their attendance at particular JEDEC meetings.  Except as expressly admitted herein, Netlist denies the allegations of paragraph 47.

48.     Netlist denies the allegations of paragraph 48.

### Prayer for Relief

The Prayer for Relief does not contain any allegations.  To the extent any response is required to any paragraph of Defendant's Prayer for Relief, including without limitation paragraphs a-l, Netlist denies paragraphs a through l of Defendant's Prayer for Relief.

### AFFIRMATIVE DEFENSES

Except where specifically noted below, each of the affirmative defenses alleged is asserted as to each purported Counterclaim.  By alleging the defenses set forth below, Netlist is in no way agreeing or conceding that it has the burden of proof or the burden of persuasion on any of the issues raised by the defenses. Netlist reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in the case.

**FIRST AFFIRMATIVE DEFENSE**

The Counterclaims fail to state any claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Counterclaims are barred on the ground that Google has unclean hands with respect to the matters alleged therein.

**THIRD AFFIRMATIVE DEFENSE**

The Counterclaims are barred under the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

The Counterclaims are barred under the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

Google has failed to make reasonable efforts to mitigate its damages, if any, in whole or in part.

**SIXTH AFFIRMATIVE DEFENSE**

Google has failed to take reasonable and necessary steps to avoid damages, if any, alleged in the Counterclaims.

**SEVENTH AFFIRMATIVE DEFENSE**

Google at all times gave their consent, expressly or impliedly, to any and all acts, omissions, representations and course of conduct of Netlist alleged in the Counterclaims.

**EIGHTH AFFIRMATIVE DEFENSE**

Google is not entitled to recovery of its reasonable costs and expense of litigation.

**NINTH AFFIRMATIVE DEFENSE**

Some or all of the Counterclaims are barred in that Netlist has fully performed under any contract, obligation or agreement alleged therein.

**TENTH AFFIRMATIVE DEFENSE**

The Counterclaims are not exceptional under 35 U.S.C. §285 and Google is not entitled to recovery of attorneys' fees, expert witness fees and costs.

1    **ELEVENTH AFFIRMATIVE DEFENSE**

2         Google lacks standing to sue on the allegations contained in its

3    Counterclaims.

4    **TWELFTH AFFIRMATIVE DEFENSE**

5         The Counterclaims are ambiguous and uncertain.

6    **THIRTEENTH AFFIRMATIVE DEFENSE**

7         The Counterclaims are barred in that Google ratified, consented to, had

8    knowledge of, and approved, ratified and accepted the actions in question with full

9    knowledge of the facts and matters of which Google now complains.

10   **FOURTEENTH AFFIRMATIVE DEFENSE**

11        Google has expressly or impliedly by operation of law excused Netlist from

12   any and all obligations, if any relating to the subject matter of the Counterclaims.

13   **FIFTEENTH AFFIRMATIVE DEFENSE**

14        The Counterclaims fail to state facts upon which relief may be based and

15   Google is barred from recovery therein by reason of a failure of a condition

16   precedent.

17   **SIXTEENTH AFFIRMATIVE DEFENSE**

18        The failure of conditions subsequent to the allegations contained in the

19   Counterclaims discharge Netlist's obligations to Google.

20   **SEVENTEENTH AFFIRMATIVE DEFENSE**

21        The Counterclaims fail to state facts upon which relief may be based and

22   Google is barred from any recovery therein on the grounds that Netlist was and is

23   justified in its non-performance in that Google did not perform in accordance with

24   the terms and conditions of the contract alleged in the Counterclaims.

25   **EIGHTEENTH AFFIRMATIVE DEFENSE**

26        Google is barred in whole or in part from any recovery in that Google

27   voluntarily and knowingly exposed itself to the alleged conditions that give rise to

28

Plaintiff Netlist, Inc.'s Reply to Google Inc.'s Counterclaims

1    this lawsuit and they assumed the risk of all harm and damages as are complained of

2    in the Counterclaims.

### NINETEENTH AFFIRMATIVE DEFENSE

4         Google is barred in whole or in part from any recovery in that Google, its

5    agents and/or employees were negligent and/or guilty of other intentional

6    misconduct or conduct which was unlawful and/or tortuous which did directly,

7    legally and/or proximately cause and or contribute to the incident complained of in

8    the Counterclaims and any damages suffered, if any there were, were the direct

9    lawful and proximate result to the conduct of Google and its agents and/or

10    employees and not Netlist.

### TWENTIETH AFFIRMATIVE DEFENSE

12        Some or all of the Counterclaims are barred in that Netlist has fully performed

13    under any contract, obligation or agreement alleged therein.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

15        Google has failed to take reasonable and necessary steps to avoid its damages,

16    if any, alleged in the Counterclaims. To the extent such damages, if any, were

17    incurred, Google's recovery, if any, should be reduced accordingly.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

19        The Counterclaims fail to state facts upon which relief may be based and

20    Google is barred from recovery of punitive and/or exemplary damages therein on

21    the grounds such damages constitute an excessive fine in violation of Amendment 8

22    of the Constitution of the United States and Amendment 14 of the United States

23    Constitution and also by Article One, Section 17 of the California State Constitution

24    and as an unjust and drastic interference with a  fundamental right guaranteed to all

25    people in the State and Nation.

26

27

28

Plaintiff Netlist, Inc.'s Reply to Google Inc.'s Counterclaims

## RESERVATION OF ADDITIONAL DEFENSES

Discovery in this action has not yet commenced and Netlist continues to investigate the allegations set forth in the Counterclaims. Netlist specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserves the right to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Netlist prays as follows:

1.      That the Counterclaims be dismissed in their entirety, with prejudice;

2.      That Google take nothing by way of its Counterclaims;

3.      That Netlist's Claims be declared exceptional pursuant to 35 U.S.C. § 285; and

4.      That Netlist be awarded its costs, attorneys' fees and such other and further relief as may be just and proper.

DATED:  March 8, 2010                    **PRUETZ LAW GROUP LLP**

By: /s/ Adrian M. Pruetz
_____
Adrian M. Pruetz
Attorneys for Plaintiff
Netlist, Inc.

Plaintiff Netlist, Inc.'s Reply to Google Inc.'s Counterclaims