1   TIMOTHY T. SCOTT (CA Bar No. 126971/tscott@kslaw.com)
    GEOFFREY M. EZGAR (CA Bar No. 184243/gezgar@kslaw.com)
2   LEO SPOONER III (CA Bar No. 241541/lspooner@kslaw.com)
    KING & SPALDING LLP
3   333 Twin Dolphin Drive, Suite 400
    Redwood Shores, CA 94065
4   Telephone: (650) 590-0700
    Facsimile: (650) 590-1900
5
    SCOTT T. WEINGAERTNER (*pro hac vice*/sweingaertner@kslaw.com)
6   ROBERT F. PERRY (rperry@kslaw.com)
    ALLISON ALTERSOHN (*pro hac vice*/aaltersohn@kslaw.com)
7   SUSAN KIM (*pro hac vice*/skim@kslaw.com)
    MARK H. FRANCIS (*pro hac vice*/mfrancis@kslaw.com)
8   DANIEL MILLER (*pro hac vice*/dmiller@kslaw.com)
    King & Spalding LLP
9   1185 Avenue of the Americas
    New York, NY 10036-4003
10  Telephone:  (212) 556-2100
    Facsimile:   (212) 556-2222
11
    Attorneys for Defendant
12  GOOGLE INC.

13  Adrian M. Pruetz (CA Bar No. 118215/ampruetz@pruetzlaw.com)
    Erica J. Pruetz (CA Bar No. 227712/ejpruetz@pruetzlaw.com)
14  PRUETZ LAW GROUP LLP
    200 N. Sepulveda Blvd., Suite 1525
15  El Segundo, California  90245
    Telephone: 310.765.7650
16  Facsimile: 310.765.7641

17  Steven R. Hansen (CA Bar No. 198401/srh@ltlcounsel.com)
    Enoch H. Liang (CA Bar No. 212324/ehl@ltlcounsel.com)
18  Daniel J. Taylor (CA Bar No. 241404/dt@ltlcounsel.com)
    LEE, TRAN & LIANG APLC
19  601 S. Figueroa St., Ste. 4025
    Los Angeles, California  90017
20  Telephone: 213.612.3737
    Facsimile: 213.612.3773
21
    Attorneys for Plaintiff
22  NETLIST, INC.

23              UNITED STATES DISTRICT COURT

24            NORTHERN DISTRICT OF CALIFORNIA

25                    OAKLAND DIVISION

26  NETLIST, INC.,                          | Case No. CV09-05718 SBA [Related to
                                            | Case No: CV08-04144 SBA]
27                    Plaintiff,            |

28

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

v.

GOOGLE INC.,

Defendant.

[~~PROPOSED~~] STIPULATED
PROTECTIVE ORDER

To expedite the flow and use of discovery materials produced in this action (Case No. CV09-05718 SBA) and the related case *Google Inc. v. Netlist, Inc*, Case No. CV08-04144 SBA ("Related Case") (collectively "Google/Netlist Cases"), to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is HEREBY ORDERED THAT:

## INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in the Google/Netlist Cases may be labeled as one of three categories: CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL - SOURCE CODE, as set forth below. All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Information." Any documents derived from or containing "Protected Information" must also be designated with the appropriate category of confidentiality, according to the terms of this Order. Any discovery materials produced in the Google/Netlist Cases as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL - SOURCE CODE may be used only for purposes of either and/or both of the Google/Netlist Cases.  Specifically, the parties expressly agree that Protected Information produced in the Related Case may be used in this action subject to the requirements of this Stipulated Protective Order, the *Federal Rules of Civil Procedure* and the *Federal Rules of Evidence* and that Protected Information produced in this action may be used in the Related Case subject to the same requirements.  Notwithstanding the foregoing, a party wishing to use

Protected Information produced by a third party in one of the Google/Netlist Cases in the other action must first obtain permission from the third party to do so.

### **INFORMATION DESIGNATED AS "CONFIDENTIAL INFORMATION"**

1.      For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed to a Requesting Party that the Producing Party, including any party to the Google/Netlist Cases and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential research and development, technical, sales, marketing, financial, personnel, customer, vendor, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.

2.      Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the Producing Party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the Requesting Party.

3.      All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the Producing Party by informing the Requesting Party of the designation in writing.

4.      Except as otherwise provided elsewhere in this Stipulated Protective Order and/or in any supplemental protective order entered in this matter, any documents (including physical objects) made available for inspection by counsel for the Requesting Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL ATTORNEYS' EYES ONLY information and shall be subject to this Order. Thereafter, the Producing Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL - SOURCE CODE prior to furnishing copies to the Requesting Party.

5.      The following are examples of information that is not CONFIDENTIAL INFORMATION:

a.      Published advertising materials;

b.      Any information which is or, after its disclosure to a Requesting Party, becomes part of the public domain as a result of publication not involving a violation of this Order;

c.      Any information that the Requesting Party can show by written records was already known to it prior to the disclosure, provided that it was either 1) received from the Producing Party and was not received under an obligation of confidentiality to the Producing Party, or 2) received from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party;

d.      Any information which the Requesting Party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; and

e.      Any information which the Requesting Party can show was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's CONFIDENTIAL INFORMATION.

6.      Documents designated CONFIDENTIAL and information contained therein shall be available only to:

a.      Outside litigation counsel of record and supporting personnel employed in or by the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, commercial copy vendors, and shorthand reporters;

b.      Technical Advisers and their necessary support personnel, subject to the provisions of paragraphs 15-20 herein, and who have signed the form attached hereto as Attachment A;

c.      Up to two (2) in-house counsel with responsibility for managing the Google/Netlist Cases, and up to five (5) non-attorney officers, directors, and employees to whom disclosure is reasonably necessary for the Google/Netlist Cases and who have signed the form attached hereto as Attachment A;

d.      The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

e.      Independent legal translators retained to translate in connection with the Google/Netlist Cases; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with the Google/Netlist Cases;

f.      Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the Google/Netlist Cases; non-technical jury or trial consulting services, not including mock jurors, who have signed the form attached hereto as Attachment A; and

g.      With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document.

**INFORMATION DESIGNATED "CONFIDENTIAL ATTORNEYS' EYES ONLY"**

7.      The CONFIDENTIAL ATTORNEYS' EYES ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes commercially sensitive competitive information, the disclosure of which is likely to cause harm to the competitive position of the Producing Party; CONFIDENTIAL information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); and settlement agreements or settlement communications. In determining whether information should be designated as CONFIDENTIAL ATTORNEYS' EYES ONLY, each party agrees to use such designation only in good faith.

8.      Documents designated CONFIDENTIAL ATTORNEYS' EYES ONLY and information contained therein shall be available only to:

a.      Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, commercial copy vendors, and shorthand reporters;

b.      Technical Advisers and their necessary support personnel, subject to the provisions of paragraphs 15-20 herein, who have signed the form attached hereto as Attachment A;

c.      The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

d.      Independent legal translators retained to translate in connection with the Google/Netlist Cases; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with the Google/Netlist Cases;

e.      Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the Google/Netlist Cases; non-technical jury or trial consulting services, not including mock jurors, who have signed the form attached hereto as Attachment A; and

f.      With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document.

**INFORMATION DESIGNATED "RESTRICTED CONFIDENTIAL - SOURCE CODE"**

9.      Documents or other things that are designated CONFIDENTIAL INFORMATION and contain a party's source code may be designated "RESTRICTED CONFIDENTIAL−SOURCE CODE", if they comprise or include confidential, proprietary and/or trade secret computer code in source or other human-readable form (hereinafter "source code").  Nothing in this Order shall obligate the parties to produce any source code or act as an admission that any particular source code is discoverable.  However, if material designated as RESTRICTED CONFIDENTIAL—SOURCE CODE is produced, it shall be subject to the following provisions.

10.      Any source code produced shall be produced as it is used or kept in the ordinary course of business, unless otherwise agreed to by the parties, provided, however, that said source code must be produced in searchable format.

11.      Only those individuals identified in Paragraph 8 of this Order shall be permitted to participate in the inspection of or otherwise review information designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE."

12.      The Producing Party shall make materials designated as RESTRICTED CONFIDENTIAL —SOURCE CODE available for inspection in electronic format at the

1  Redwood Shores office of King & Spalding LLP (in the case of production by Google) or at

2  either the El Segundo office of Pruetz Law Group LLP or the Los Angeles office of Lee, Tran &

3  Liang APLC (in the case of production by Netlist).  Such inspection of materials designated as

4  RESTRICTED CONFIDENTIAL —SOURCE CODE is subject to the following requirements:

5          a.      Said source code shall be made available during regular business hours

6  (weekdays, 8:00 a.m. to 6:00 p.m. local time) on 24 hours notice.  Notices requesting inspection

7  shall include a list of names of persons who will view the source code.   Access from 6:00 p.m.

8  through 10:00 p.m. local time on weekdays shall be provided so long as notice of such need is

9  provided to the Producing Party not later than 4:00 p.m. local time on the preceding day.  Access

10  will also be provided on Saturdays and Sundays from 8:00 a.m. to 6:00 p.m. local time, so long

11  as notice is provided to the Producing Party not later than 12:00 p.m. on the Friday before the

12  weekend for which access is required.  For purposes of this subparagraph, notice is complete

13  upon the sending of an e-mail requesting inspection or upon actual notice via mail.   E-mail

14  notice must be sent to each lawyer and paralegal appearing on a list provided by the other party

15  to receive such notice.

16          b.      Materials designated as RESTRICTED CONFIDENTIAL —SOURCE

17  CODE shall be made available by the Producing Party to the Requesting Party's outside counsel

18  and/or Technical Advisers in a private room on a secured computer ("Source Code Computer")

19  without Internet access or network access to other computers, as necessary and appropriate to

20  prevent and protect against any unauthorized copying, transmission, removal or other transfer of

21  any source code outside or away from the Source Code Computer.  The Producing Party shall be

22  obligated to install such tools or programs as necessary to review and search the code produced

23  on the platform produced.  The Requesting Party's outside counsel and/or Technical Advisers

24  may install on the Source Code Computer commercially available licensed software tools for

25  viewing and searching source code.

26          c.      The Producing Party shall provide two "stand-alone" computers for use

27  by the Requesting Party.  Subject to the other provisions of this Order, the Requesting Party may

28

1   also bring with it laptop computers.  The Producing Party shall provide either wired or wireless

2   internet access.

3              d.      The Requesting Party's outside counsel and/or Technical Advisers shall

4   be entitled to take notes relating to the source code but may not copy substantial portions (i.e., no

5   more than three consecutive lines and no more than thirty cumulative lines) of the source code

6   into the notes.  No copies of the source code may leave the room in which the source code is

7   inspected except as otherwise provided herein, and no other written or electronic record of the

8   source code is permitted except as otherwise provided herein.  Other than as provided explicitly

9   in this Order, the Requesting Party shall not transmit any source code in any way from the

10  Producing Party's inspection room.

11             e.      The Producing Party shall make available a laser printer with

12  commercially reasonable printing speeds for on-site printing during inspection of the code.  The

13  Requesting Party may print portions of the code as necessary to facilitate the Requesting Party's

14  preparation of the Google/Netlist Cases, including but not limited to when necessary to prepare

15  any filing with the Court or to serve any pleadings or other papers on any other party; to prepare

16  internal attorney work product materials; or to prepare other necessary case materials such as

17  testifying expert reports, consulting expert written analyses, and related drafts and

18  correspondence.

19             f.      Any pages printed by the Requesting Party shall be Bates numbered and

20  labeled "RESTRICTED CONFIDENTIAL – SOURCE CODE", and shall be printed in

21  duplicate, with one Bates numbered printout provided to the Producing Party.

22             g.      The Requesting Party may make additional paper copies of source code

23  printed pursuant to paragraph 12(f), not including copies attached to court filings, as reasonably

24  necessary to facilitate the Requesting Party's preparation of The Cases.  The Requesting Party

25  shall maintain a log of all copies of the source code that are provided to any person qualified

26  under Paragraph 8 above.  The log shall include the names of the recipients and reviewers of

27  copies and locations where the copies are stored.  The log shall be provided by the Requesting

28  Party to the Producing Party at the conclusion of the Google/Netlist Cases.  If the Producing

Party believes in good faith that it needs to inspect the log during the pendency of the Google/Netlist Cases, it shall request production of the log from the Requesting Party.  If the Requesting Party declines to produce the log, the Producing Party may move the Court for an order compelling such production.  In any such motion, it shall be the Producing Party's burden to demonstrate that its need for access to the log outweighs the Receiving Party's interest in protecting privilege or work product immunity, to the extent that either applies.

h. The Producing Party may observe all entrances and exits from the source code viewing room, but shall not otherwise monitor the Receiving Party during its review of source code.

i. Beginning one week prior to the beginning of trial and continuing through the end of trial, access to source code made available for inspection under this Order shall be provided at counsel for the Producing Party in Oakland, California, under the same conditions and with the same limitations and restrictions as provided herein.

j. Provided that it complies with Paragraph 25 of this Order, the Requesting Party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents").  The Requesting Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used.  To the extent portions of source code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE.

k. The Requesting Party (including its outside counsel of record and/or Technical Advisers) shall maintain and store any paper copies of the source code in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.  Subject to the provisions of this Order, paper copies of source code may be stored by any person

authorized to review materials under Paragraph 8 at that person's place of business or home office.

l.       Except as provided in this sub-paragraph 10(l), the Requesting Party may not create electronic images, or any other images, of the source code from a paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code).  The Requesting Party may create an electronic copy or image of selected portions of the source code only when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences.  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The Requesting Party may create an electronic image of portions of relevant source code files produced by the Producing Party (or copies thereof) only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection; pleadings, briefs, and other work product containing excerpts of source code need not be encrypted.  The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Stipulated Protective Order.  Electronic copies of source code (excluding excerpts contained in pleadings, briefs and other work product) shall be included on the log required in sub-paragraph 12(g).  All electronic copies must be labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE."

m.       Subject to Paragraph 25 and other applicable provisions of this Order, the Producing Party agrees to make source code available at those depositions where the Requesting Party requests such source code to be available.

## PROSECUTION BAR

13.     "PROSECUTION BAR" materials refers to materials produced in the Google/Netlist Cases and designated as CONFIDENTIAL ATTORNEYS' EYES ONLY or

RESTRICTED CONFIDENTIAL—SOURCE CODE.  However, the following documents and materials shall not be considered or classified as PROSECUTION BAR materials: (i) publicly available publications, including patents and published patent applications; (ii) materials regarding third party systems or products that were publicly known, on sale, or in public use; (iii) information that is otherwise publicly available; and (iv) documents and information related solely to damages or reasonably royalty rates.

14.    Any person reviewing any PROSECUTION BAR materials produced by any party shall not, for a period commencing upon receipt of such information and ending one year following the conclusion of this action (including any appeals) or the Related Case (including any appeals), whichever is later, engage in any PROSECUTION ACTIVITY on behalf of a party in the Google/Netlist Cases or any successor in ownership of such party, or any assignee or exclusive licensee of a patent.  PROSECUTION ACTIVITY shall mean: (1) prepare and/or prosecute or otherwise aid in preparing or prosecuting any patent application (or portion thereof); (2) prepare or otherwise aid in the drafting or amending of patent claim(s); (3) for a patent application, interference, or reissue proceeding, participate on behalf of a party in the Google/Netlist Cases or any successor in ownership of such party, or any assignee or exclusive licensee of a patent asserted in the Google/Netlist Cases, or (4) provide advice, counsel or suggestions regarding claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or products or processes for coverage by claim(s), where each of (1) – (4) applies to any patent application (or portion thereof), whether design or utility, and either in the United States or abroad, any reissue application or proceeding, any opposition, or any interference of any patent or patent application on behalf of a party in the Google/Netlist Cases or any successor in ownership of such party, or any assignee or exclusive licensee of a patent asserted in the Google/Netlist Cases. Nothing in this section shall be construed as preventing any attorney from challenging the validity or enforceability of any patent, including without limitation in proceedings in this court or reexamination or reissue proceedings in the United States or foreign patent offices. The parties expressly agree that the PROSECUTION BAR set forth herein shall be personal to any attorney who reviews PROSECUTION BAR material and

shall not be imputed to any other persons or attorneys at the attorney's law firm or company. Attorneys and staff involved in patent prosecution of claims involving methods, apparatus, or systems for computer research tools for indexing, searching and/or displaying data on the Internet and/or through a network shall be ethically walled, in those matters, from attorneys and staff who review PROSECUTION BAR materials.  Notwithstanding the foregoing, the mere fact of a first attorney sending or communicating Prior Art to a second attorney, where the second attorney is involved in PROSECUTION ACTIVITY shall not be construed as involvement by the first attorney in PROSECUTION ACTIVITY. Prior Art shall mean (i) publications, including patents and published patent applications; and (ii) materials or information regarding third party systems or products that were publicly known, on sale, or in public use before May 4, 1998, unless such materials are designated as PROSECUTION BAR materials by such third party. This section does not apply to any attorney, patent agent, or other person participating in any re-examination proceedings if such attorney, patent agent, or other person has not reviewed the other party's Discovery Material designated CONFIDENTIAL ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL—SOURCE CODE.

## DISCLOSURE OF TECHNICAL ADVISERS

15.     Information designated by the Producing Party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the Requesting Party's Technical Advisers and their necessary support personnel. The term "Technical Adviser" shall mean an independent, outside expert witness or consultant to whom disclosure is reasonably necessary for this litigation and who complies with applicable provisions of this Order.

16.     No disclosure of Protected Information to a Technical Adviser or their necessary support personnel shall occur until that person has accurately completed and signed the form attached hereto as Attachment A, and a signed copy has been provided to the Producing Party; and to the extent there has been an objection under paragraph 18, that objection is resolved as discussed below.

17.     A party desiring to disclose Protected Information to a Technical Adviser shall also give prior written notice to the Producing Party, who shall have seven (7) business days after such notice is given to object in writing. The party desiring to disclose Protected Information to a Technical Adviser must provide the following information for each Technical Adviser: name, address, curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

18.     A party objecting to disclosure of Protected Information to a Technical Adviser shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection. The objecting party's consent to the disclosure of Protected Information to a Technical Adviser shall not be unreasonably withheld.

19.     If after consideration of the objection, the party desiring to disclose the Protected Information to a Technical Adviser refuses to withdraw the Technical Adviser, that party shall provide notice to the objecting party. Thereafter, the party seeking disclosure shall move the Court, within seven (7) business days of giving such notice, for a ruling on the objection.  A failure to file a motion within the seven (7) business day period shall operate as a withdrawal of the Technical Adviser.  Although the party seeking disclosure bears the burden of moving the Court for a ruling on the objection, the objecting party retains the burden of proof as set forth in Paragraph 20.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

20.     The objecting party shall have the burden of showing to the Court that the risk of harm that the disclosure would entail (under any safeguards proposed) outweighs the Requesting Party's need to disclose the Protected Information to its Technical Adviser.   Moreover, failure to object to a Technical Adviser shall not preclude the non-objecting party from later objecting to continued access by that Technical Adviser where facts suggesting a basis for objection could not have been discovered by the objecting party or its counsel, exercising due diligence, within

1   the period for making a timely objection.  A later objection to a Technical Adviser cannot be

2   made on the basis of information disclosed pursuant to Paragraphs 17-18, except to the extent

3   that said disclosure contained a material omission or misrepresentation.  If a later objection is

4   made, no further Protected Information shall be disclosed to the Technical Adviser until the

5   matter is resolved by the court or the Producing Party withdraws its objection.  If a later

6   objection is made, the parties shall meet and confer within three (3) business days; and, if not

7   resolved, the Producing Party may move for a protective order precluding the disclosure of the

8   Protected Information to the Technical Adviser within two (2) business days after the meet and

9   confer.

10              **CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

11          21.     The parties shall use reasonable care when designating documents or information

12   as Protected Information. Nothing in this Order shall prevent a Requesting Party from

13   contending that any documents or information designated as Protected Information have been

14   improperly designated.  Unless prompt challenge is necessary to avoid foreseeable, substantial

15   unfairness, unnecessary economic burdens, or a later significant disruption or delay of the

16   litigation, a Requesting Party may at any time request that the Producing Party cancel or modify

17   the Protected Information designation with respect to any document or information contained

18   therein

19          22.     A party shall not be obligated to challenge the propriety of a designation of any

20   category of Protected Information at the time of production, and a failure to do so shall not

21   preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on

22   counsel for the Producing Party, and shall particularly identify the documents or information that

23   the Requesting Party contends should be differently designated. The parties shall use their best

24   efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the

25   Requesting Party will bear the burden of requesting that the Court cancel or modify a

26   designation.  The burden of demonstrating the confidential nature of any information shall at all

27   times be and remain on the designating party.

28

---

23.     Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

### LIMITATIONS ON THE USE OF PROTECTED INFORMATION

24.     All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only as allowed by the terms of this Stipulated Protective Order, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.  Protected Information of one defendant shall not be shown to another defendant's Technical Adviser without prior consent of Producing Party.

25.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

a.     A present or former director, officer, employee of a Producing Party, may be examined and may testify at deposition or trial concerning all Protected Information which has been produced by that party and either (1) identifies on its face the director, officer, and/or employee as an author or recipient, (2) concerns a subject matter of which the director, officer and/or employee has knowledge or (3) concerns a topic about which said director, officer, and/or employee has been identified or designated to testify.

b.     Non-parties may be examined or testify at deposition or trial concerning any document containing Protected Information of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party or a representative of the Producing Party, but may not retain originals or copies of such Protected Information or any notes or transcripts reflecting such Protected Information, other than for the limited period of time necessary to review any deposition transcripts and make corrections. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information,

unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the Producing Party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

26.   All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Protected Information or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

27.   Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released to outside counsel of record except by order of the Court or as otherwise provided for hereunder. Notwithstanding the foregoing and with regard to material designated as RESTRICTED CONFIDENTIAL—SOURCE CODE, the provisions of Section C (titled "Information Designated Restricted Confidential – Source Code") are controlling to the extent those provisions of Section C differ from this paragraph.

28.   Protected Information shall not be copied or otherwise produced by a Requesting Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of

this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information (other than RESTRICTED CONFIDENTIAL - SOURCE CODE material) into machine readable form for incorporation into a data retrieval system used in connection with the Google/Netlist Cases, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

29.     At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL—SOURCE CODE" by the reporter. This request may be made orally during the deposition or in writing within twenty-one (21) days of receipt of the final certified transcript. Deposition transcripts shall be treated as CONFIDENTIAL ATTORNEYS' EYES ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

30.     Where Protected Information is used at trial, it is the burden of the Designating Party whose documents or materials are being used to make arrangements with the Court to ensure that its Protected Information remains confidential; however, where Protected Information is to be used at trial by a party other than the Designating Party, the Designating Party must be notified at least 10 days before trial, so that the Designating Party is able to make arrangements with the Court to ensure that its Protected Information remains confidential.

### NONPARTY USE OF THIS PROTECTIVE ORDER

31.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Stipulated Protective Order.

32.     A nonparty's use of this Stipulated Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in the Google/Netlist Cases.

33.     In the event that discovery materials produced in the Google/Netlist Cases contain nonparty Protected Information subject to confidentiality obligations in force between the nonparty and a Producing Party, the nonparty shall have the right to object to disclosure of such Protected Information pursuant to the procedures set out in paragraphs 18-20 of this Order.

34.     Any party desiring to use discovery materials containing nonparty Protected Information at trial must provide written notice to the nonparty at least two weeks prior to any such use.

## NO WAIVER OF PRIVILEGE

35.     Nothing in this Stipulated Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, right or immunity. If any party inadvertently or unintentionally produces materials protected under the attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity, any holder of that privilege, right, or immunity may obtain the return of those materials by notifying the recipient(s) promptly after the discovery of the inadvertent or unintentional production and providing a privilege log for the inadvertently or unintentionally produced materials. The recipient(s) shall gather and return all copies of the privileged or immune material to the Producing Party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the Producing Party.   Nothing herein shall prevent the Requesting Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation (based on information independent of the snapped-back content of the

allegedly privileged materials in question) by submitting a written challenge to the Court. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.

## MISCELLANEOUS PROVISIONS

36.    Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an outside counsel of record for the party against whom such waiver will be effective.

37.    Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. The Producing Party shall notify the receiving parties promptly in writing after the discovery of the error and, with respect to documents, provide replacement pages bearing the appropriate confidentiality legend. In the event of any unintentional or inadvertent disclosure of Protected Information other than in a manner authorized by this Stipulated Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

38.    Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action or the Related Case, whichever is later,, each party shall, at the option of the Requesting Party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product

materials, which contain or refer to any category of Protected Information. All Protected Information not embodied in physical objects and documents shall remain subject to this Order. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY information for archival purposes only, except such outside counsel shall not retain any RESTRICTED CONFIDENTIAL-SOURCE CODE materials. If a party destroys Protected Information, the destruction must be by means satisfactory to the Producing Party, and the party must provide a Certificate of Destruction to the Producing Party.

39.     If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall within three (3) business days give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a Producing Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

40.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

41.     Nothing in this Order shall restrict any party to the Google/Netlist Cases or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Information.

42.     Nothing in this Stipulated Protective Order obligates a party to produce trade secrets, which are neither relevant, nor necessary to prove any claim or defense at trial, such as, by way of example only, infringement based on the Court's claim construction.

43.     Subject to the restrictions of paragraphs 13-14, nothing in this Stipulated Protective Order shall bar counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon any Protected Materials, provided that counsel does not disclose Protected Materials in a manner not specifically authorized under this Stipulated Protective Order.

44.     The United States District Court for the Northern District of California, Oakland Division, is responsible for the interpretation and enforcement of this Stipulated Protective Order.  After termination of this litigation, the provisions of this Stipulated Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Stipulated Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Stipulated Protective Order shall be resolved by the United States District Court for the Northern District of California, Oakland Division.

45.     No party shall be required to identify on its privilege log any document or communication dated on or after and/or created on or after the filing of the earliest of the Google/Netlist Cases, which absent this provision, the party would have been obligated to so identify on said privilege log.

46.     Testifying experts shall not be subject to discovery on any draft of their reports in the Google/Netlist Cases and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert

1    with respect to that person's work, are exempt from discovery unless relied upon by the expert in

2    forming any opinions in this litigation.  No discovery can be taken from any consulting expert

3    except to the extent that consulting expert has provided information, opinions or other materials

4    to a testifying expert, who then relies upon such information, opinions or other materials in

5    forming his final report, trial or deposition testimony or any opinion in the Google/Netlist Cases.

6    Materials, communications and other information exempt from discovery under this Paragraph

7    shall be treated as attorney-work product for the purposes of this litigation and Stipulated

8    Protective Order.  Nothing in this Paragraph shall be construed to bar discovery from any current

9    or former employees of any of the parties in the Google/Netlist Cases, or any other persons with

10   knowledge of relevant facts; provided however that their communications with testifying and/or

11   consulting experts will be treated in accordance with this paragraph.

12   Dated:  June 23, 2010                    Lee Tran & Liang, APLC

13

14                                            By:  /s/ Daniel J. Taylor

15                                                 Daniel J. Taylor
                                                   Attorneys for Plaintiff Netlist Inc.

16

17   Dated:  June 23, 2010                    KING & SPALDING LLP

18

19                                            By: /s/ Allison Altersohn

20                                                Allison Altersohn
                                                  Attorneys for Defendant Google Inc.

21

22

23

24

25

26

27

28

1

2

### DECLARATION OF CONSENT

3

    Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under

4

penalty of perjury that concurrence in the filing of this document has been obtained from Allison

5

Altersohn.

6

Dated:  June 23, 2010                               Lee Tran & Liang, APLC

7

8

                                    By:   /s/ Daniel J. Taylor
                                          Daniel J. Taylor
9                                         Attorneys for Plaintiff Netlist Inc.

10

11

      IT IS SO ORDERED.
12         July 6
Dated:  ~~June~~ __, 2010

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2   TIMOTHY T. SCOTT (CA Bar No. 126971/tscott@kslaw.com)
    GEOFFREY M. EZGAR (CA Bar No. 184243/gezgar@kslaw.com)
3   LEO SPOONER III (CA Bar No. 241541/lspooner@kslaw.com)
    KING & SPALDING LLP
    333 Twin Dolphin Drive, Suite 400
4   Redwood Shores, CA 94065
    Telephone: (650) 590-0700
5   Facsimile: (650) 590-1900

6   SCOTT T. WEINGAERTNER (*pro hac vice*/sweingaertner@kslaw.com)
    ROBERT F. PERRY (rperry@kslaw.com)
7   ALLISON ALTERSOHN (*pro hac vice*/aaltersohn@kslaw.com)
    SUSAN KIM (*pro hac vice*/skim@kslaw.com)
8   MARK H. FRANCIS (*pro hac vice*/mfrancis@kslaw.com)
    DANIEL MILLER (*pro hac vice*/dmiller@kslaw.com)
9   King & Spalding LLP
    1185 Avenue of the Americas
10  New York, NY 10036-4003
    Telephone:  (212) 556-2100
11  Facsimile:   (212) 556-2222

12  Attorneys for Defendant
    GOOGLE INC.
13

14  Adrian M. Pruetz (CA Bar No. 118215/ampruetz@pruetzlaw.com)
    Erica J. Pruetz (CA Bar No. 227712/ejpruetz@pruetzlaw.com)
    PRUETZ LAW GROUP LLP
15  200 N. Sepulveda Blvd., Suite 1525
    El Segundo, California  90245
16  Telephone: 310.765.7650
    Facsimile: 310.765.7641
17

18  Steven R. Hansen (CA Bar No. 198401/srh@ltlcounsel.com)
    Enoch H. Liang (CA Bar No. 212324/ehl@ltlcounsel.com)
    Daniel J. Taylor (CA Bar No. 2414040/dt@ltlcounsel.com)
19  LEE, TRAN & LIANG APLC
    601 S. Figueroa St., Ste. 4025
20  Los Angeles, California  90017
    Telephone: 213.612.3737
21  Facsimile: 213.612.3773

22  Attorneys for Plaintiff
    NETLIST, INC.

23              UNITED STATES DISTRICT COURT

24              NORTHERN DISTRICT OF CALIFORNIA

25                    OAKLAND DIVISION

26
    NETLIST, INC.,                      **Case No. CV09-05718 SBA [Related**
27                                      **to Case No: CV08-04144 SBA]**
                    Plaintiff,          **ATTACHMENT A TO**
28                                      **STIPULATED PROTECTIVE**

**ORDER**

    v.

GOOGLE, INC.,

              Defendant.

## **ATTACHMENT A TO STIPULATED PROTECTIVE ORDER**

I reside at _____ .

My present employer is _____ .

1.      My present occupation or job description is _____ .

2.      I am an inventor, applicant, assignee, and/or involved in the filing or prosecution of the following patents and patent applications (identify by number, country, and subject matter if not published): _____ .

3.      I have read the Stipulated Protective Order dated _____, 2010, and have been engaged as _____ on behalf of _____ in connection with the litigation styled Netlist, Inc. v. Google Inc., Case No. 09-05718 SBA.

4.      I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information are to be returned to counsel who provided me with such material or destroyed as directed by such counsel.

5.      I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

6.      In accordance with paragraph 17 of the Stipulated Protective Order, I have attached my curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

7.      I agree that with the exception of my work on this litigation, I will not consult, advise, or otherwise obtain employment with any competitor of any Producing Party from which I have received or been provided access to Confidential Information in the subject areas of the products or businesses at issue in this litigation without the consent of the Producing Party(ies), which consent shall not be unreasonably withheld.  This obligation expires two years after the final termination of this litigation.

8.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, at _____.


_____