DAVID C. DOYLE (CA SBN 70690)
DDoyle@mofo.com
ERIC M. ACKER (CA SBN 135805)
EAcker@mofo.com
**MORRISON & FOERSTER LLP**
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125

Attorneys for Plaintiff
NETLIST, INC.

ERIK R. PUKNYS (SBN 190926)
erik.puknys@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
    **GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

JASON STACH (pro hac vice)
jason.stach@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
    **GARRETT & DUNNER, LLP**
271 17th Street, NW, Suite 1400
Atlanta, GA 30363-6209
Telephone: (404) 653-6400
Facsimile: (404) 653-6444

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. C09-05718 SBA <br><br> [Related to Civil Action No. C08-04144 SBA] <br><br> **JOINT STATUS REPORT REGARDING REEXAMINATION OF U.S. PATENT NO. 7,619,912** |

1

**JOINT STATUS REPORT**

2

Pursuant to this Court's January 25, 2011 Order (Dkt. No. 68), Plaintiff Netlist, Inc.

3

("Netlist") and Defendant Google LLC ("Google") hereby submit this Joint Status Report to

4

update the Court regarding the status of the *inter partes* reexamination of U.S. Patent No.

5

7,619,912 ("the '912 patent").

6

**I.      BRIEF PROCEDURAL HISTORY**

7

On December 4, 2009 Plaintiff filed a Complaint for Patent Infringement of U.S. Patent

8

No. 7,619,912 ("the '912 patent").  (*See* Dkt. No. 1.)  Defendant filed an answer on February 12,

9

2010 denying Plaintiff's claims and asserting defenses of noninfringement, invalidity, laches,

10

waiver, estoppel, implied or express license, and unclean hands.  (*See* Dkt. No. 18.)  Defendant

11

further asserted counterclaims of noninfringement and invalidity of the '912 patent, as well as

12

fraud/deceit/concealment, negligent misrepresentation, and breach of contract.  (*See id.*)  On

13

March 8, 2010, Plaintiff filed a reply to Defendant's counterclaims denying Defendant's claims

14

and asserting defenses of waiver, unclean hands, and estoppel.  (*See* Dkt. No. 36.)

15

On September 1, 2010 the United States Patent and Trademark Office ("PTO") ordered

16

the *inter partes* reexamination of the '912 patent.  On October 20 and 21, 2011, respectively,

17

second and third requests for *inter partes* reexamination of the '912 patent were filed.  The parties

18

filed a Joint Stipulation to Stay Proceedings Pending Reexamination of U.S. Patent No. 7,619,912

19

on December 27, 2010.  (*See* Dkt. No. 66.)  Accordingly, the Court entered an Order Granting the

20

Joint Stipulation on January 25, 2011, administratively closed the matter and requested the parties

21

apprise the Court regarding reexamination proceedings every six months.  (*See* Dkt. No. 68.)

22

**II.     REEXAMINATION PROCEEDINGS REGARDING U.S. PATENT NO. 7,619,912**

23

On November 17, 2009 the PTO issued U.S. Patent No. 7,619,912 titled "Memory

24

Module Decoder" to Bhakta, et al.  On April 20, 2010, a first request for *inter partes*

25

reexamination of claims 1-51 of the '912 patent was filed by third party requester Inphi Corp.

26

("Inphi").  The PTO assigned this request control No. 95/001,339 ("'339 proceeding") and

27

ultimately ordered reexamination of claims 1-51 of the '912 patent on September 1, 2010.  An

28

Action Closing Prosecution (ACP) Office action confirming all the claims was concurrently

1    issued.

2         On October 20, 2010, a second request for *inter partes* reexamination of claims 1, 3-4, 6-

3    11, 15, 18-22, 24-25, 27-29, 31-34, 36-39, 41-45, and 50 of the '912 patent was filed by third

4    party requester SMART Modular Technologies (WWH), Inc. ("SMART").  The PTO assigned

5    this request control No. 95/000,578 ("'578 proceeding") and ordered reexamination of claims 1,

6    3-4, 6-11, 15, 18-22, 24-25, 27-29, 31-34, 36-39, 41-45, and 50 of the '912 patent on January 14,

7    2011.  On October 21, 2010, a third request for *inter partes* reexamination of claims 1, 3-4, 6-11,

8    15, 18-22, 24-25, 27-29, 31-34, 36-39, 41-45, and 50 of the '912 patent was filed by third party

9    requester Google.  The PTO assigned this request control No. 95/000,579 ("'579 proceeding")

10   and ordered reexamination of claims 1, 3-4, 6-11, 15, 18-22, 24-25, 27-29, 31-34, 36-39, 41-45,

11   and 50 of the '912 patent on January 18, 2011.

12        On February 25, 2011, the PTO *sua sponte* merged the '578, '579, and '339 proceedings

13   into a single matter, as all three proceedings were pending, had yet to be terminated and involved

14   overlapping claims of the same patent.

15        On April 4, 2011, the PTO issued a non-final Office Action in the merged proceedings,

16   wherein the PTO rejected claims 1-20 and 22-51 of the '912 patent and confirmed claim 21.  On

17   April 15, 2011, Plaintiff filed a request for a one-month extension of time to respond to the April

18   4, 2011 Office Action.  The PTO granted Plaintiff's request for an extension, resulting in the new

19   deadline of July 5, 2011 for responding to this Office Action.  On July 5, 2011, Plaintiff filed, in

20   response to the April 4, 2011 Office Action, an amendment and response which proposed by

21   amendment new claims 52-118.  Plaintiff neither canceled nor amended original claims 1-51.

22   On July 5, 2011, Plaintiff also filed a petition to increase the page limit for a response.  On July

23   29, 2011, the PTO granted the Plaintiff's petition, which resulted in extending the deadline for

24   comment by the third party requesters to August 29, 2011.  On August 29, 2011, the third party

25   requesters filed comments with the PTO.  On October 4, 2011, the PTO mailed a second non-final

26   Office action. On October 14, 2011, the PTO mailed another non-final Office action in the

27   merged proceeding, superseding the October 4, 2011 Office action and addressing the patent

28   owner's July 5, 2011 response submission and the three third party requester August 29, 2011

comments submissions.  The October 14, 2011 Office Action confirmed claims 2, 5, 9, 16, 17, 21, 23, 30, 51, 54-60, 66, and 72-74 and rejected claims 1, 3, 4, 6-7,10-15, 18-20 ,22, 24-29, 31-49, 52, 53, 61-65,67-71, and 75-118.  On November 17, the Plaintiff petitioned for an extension of time to respond to the office action.  On November 18, the PTO granted a one month extension to January 14, 2012.  On January 14, 2012, the Plaintiff filed a response to the October 14, 2011 Office Action.  In that response, the Plaintiff amended original independent claim 1 to include the recitation of allowable claim 66. Original independent claims 15, 28 and 39 were similarly amended. Original dependent claims 2, 5, 7, 9, 16, 21, 23, 26, 30, 33, 44 and 51 were placed in independent form. The remaining original dependent claims are also pending.  Claims 52-118 were added in the previous response by the Plaintiff.  The Plaintiff placed previously added claims 52, 57, 67, 72, 77, 82 and 87 into independent form.  Claims 64-66, 94-108 and 112-118 were cancelled. The remaining previously added claims are pending, with claims 92 and 93 amended.  The Plaintiff also added new claims 119-136.

On February 13, 2012, third party requester Inphi filed its comments in the merged proceedings, which requested the rejection of all pending claims, along with a petition to suspend or waive the 50-page count limit.  On February 13, 2012, third party requester SMART also filed its comments in the merged proceeding, which requested the rejection of claims 1, 3-4, 6-11, 15, 18-20, 22, 24-25, 27-29, 31-34, 36-39, 41-45, and 52-63, 67-93, 109-111, and 119-136, along with a petition to suspend or waive the 50-page count limit.  On February 23, 2012, third party requester Google filed its comments in the merged proceedings, which requested the rejection of claims 1, 3, 4, 6-11, 15, 18-22, 24, 25, 27-29, 31-34, 36-39, 41-45, 50, 52-63, 67-93, 109-11, and 120-136.  On March 15, 2012, the PTO entered a Notice of Defect Paper with regard to a portion of the comments submitted by third party requester SMART and provided SMART 15 days to resubmit its comments in compliance with the notice.  On March 30, 2012, SMART concurrently submitted Amended Comments in response to the Notice of Defect Paper and a petition to the Director requesting the withdrawal of the Examiner's Notice and entry of its original comments filed on February 13, 2012.

On August 30, 2012, the PTO denied SMART's March petition for entry of its original

1   comments filed on February 13, 2012.  On September 10, 2012, the PTO dismissed SMART's

2   February petition to suspend or waive the 50-page count limit and granted SMART's March

3   petition, deeming its March 30, 2012 comments submission page-length compliant.  In the same

4   decision, the PTO granted Inphi's petition and deemed its February 13, 2012 comments

5   submission page-length compliant.

6          On November 13, 2012, the PTO issued another non-final Office Action in the merged

7   proceedings, wherein the PTO confirmed claims 1, 3, 4, 6, 8, 10-20, 22, 24, 25, 27-29, 31, 32, 34-

8   43, 45-50, 56, 58, 60-63, 75-76, 80, 81, 85, 86, 90-93, 109-111, and 120-136 and rejected claims

9   2, 5, 7, 9, 21, 23, 26, 30, 33, 44, 51-55, 57, 59, 67-74, 77-79, 82-84, 87-89, and 119.  On

10  November 26, 2012, the Plaintiff petitioned for an extension of time to respond to the Office

11  Action, requesting a new deadline for responding of January 14, 2013.  On December 4, 2012, the

12  PTO granted Plaintiff's request for an extension.  On January 14, 2013, Plaintiff filed a response

13  to the November 13, 2012 Office Action.  In that response, the Plaintiff cancelled claims 44, 51,

14  55, 59, 72-74, and 76, and amended independent claims 52, 67, 77, 82 and 87.  Original claims 1-

15  43 and 45-50 along with previously added claims 52-54, 56-58, 60-63, 67-71, 75, 77-93, 109-111

16  and 119-132 are pending.

17         On February 13, 2013, third party requester SMART filed its comments to the November

18  13, 2012 Office Action and the Plaintiff's response of January 14, 2013 to that Office Action in

19  the merged proceedings, which requested the rejection of all pending claims, along with a petition

20  to suspend or waive the 50-page count limit.  On February 13, 2013, third party requester Inphi

21  also filed its comments to the November 13, 2012 Office Action and the Plaintiff's response of

22  January 14, 2013 to that Office Action in the merged proceeding, which requested the rejection of

23  claims 1-43, 45-50, 52-54, 56-58, 60-63, 67-71, 75, 77-93, 109-111 and 119-136.  On February

24  13, 2013, third party requester Google filed its comments to the November 13, 2012 Office

25  Action and the Plaintiff's response of January 14, 2013 to that Office Action in the merged

26  proceedings, which requested the rejections of claims 7, 9, 21, 33, 52-54, 57, 67-71, 77-79, 82-84,

27  87-89, and 119 should be maintained, and claims 1, 3, 4, 6, 8, 10, 11, 15, 18-20, 22, 24, 25, 27-

28  29, 31, 32, 34, 36-39, 41-43, 45, 50, 56, 58, 60-63, 75, 80, 81, 85, 86, 90-93, 109-111, and 120-

1  136 should be rejected.

2        On August 1, 2013, the PTO denied third party requester SMART's February petition to

3  waive the page limits and provided SMART 15 days to resubmit the comments originally filed on

4  February 13, 2013.  On August 14, 2013, third-party requester SMART submitted its re-drafted

5  comments in response to the Examiner's August 1, 2013 decision.

6        On March 21, 2014, the PTO issued an Action Closing Prosecution (ACP) rejecting

7  claims 2, 5, 7, 9, 21, 23, 26, 30, 33, 57, and 119 and confirming claims 1, 3, 4, 6, 8, 10-20, 22, 24,

8  25, 27-29, 31, 32, 34-43, 45-50, 52-54, 56, 58, 60-63, 67-71, 75, 77-93, 109-111 and 120-136 in

9  the merged proceedings.  No response to the ACP was submitted and on June 18, 2014, the PTO

10  issued a Right of Appeal Notice ("RAN").  On July 16, 2014, third party requester SMART filed

11  a Notice of Appeal with respect to the PTO's final decisions favorable to the patentability of

12  claims 1, 3, 4, 6, 8, 10-20, 22, 24, 25, 27-29, 31, 32, 34-43, 45-50, 52-54, 56, 58, 60-63, 67-71,

13  75, 77-93, 109-111 and 120-136, and contests all of the proposed rejections that the Examiner did

14  not adopt in the RAN.  On July 18, 2014, third party requester Google similarly filed a Notice of

15  Appeal contesting the PTO's non-adoption of all proposed rejections that the Examiner did not

16  adopt in the RAN.  On July 18, 2014, third party requester Inphi also filed a Notice of Appeal

17  contesting the Examiner's non-adoption of the proposed rejections outlined in the RAN.

18        In response to the Notices of Appeal filed by the three third party requesters, Plaintiff filed

19  a Notice of Cross Appeal on July 30, 2014 directed to claims 2, 5, 7, 9, 21, 23, 26, 30, 33, 57 and

20  119 and specifically appealed the Examiner's final decision to maintain the rejections of these

21  claims in the RAN dated June 18, 2014.  On September 16, 2014, third party requester SMART

22  filed its Appeal Brief.  On September 30, 2014, third party requesters Google and Inphi filed their

23  respective Appeal Briefs.  On October 1, 2014, Plaintiff filed its Brief in Cross Appeal.  On

24  October 16, 2014, Plaintiff filed its brief in response to third party requester SMART's Appeal

25  Brief.  On October 30, 2014, the three third party requesters filed their respective briefs in

26  response to Plaintiff's Cross Appeal Brief.  On October 30, 2014, Plaintiff filed two separate

27  briefs in response to the respective Appeal Briefs of third party requester Google and Inphi.  On

28  January 14, 2015, the Examiner filed its Answer to the appeal briefs.

1    On February 9, 2015, third party requester SMART filed its Rebuttal Brief responding to

2    the Examiner's Answer of January 14, 2015 and Plaintiff's Respondent Brief of October 16,

3    2014. Third party requester SMART also filed on February 9, 2015 a petition to re-open

4    prosecution to consider all rejections based on the "Dell '184" reference.  On February 17, 2015,

5    third party requesters Google and Inphi filed their respective Rebuttal Briefs.  On February 18,

6    2015, Plaintiff filed its Rebuttal Brief in Cross Appeal, accompanied by a petition to waive the

7    page and word count limits for the same. On March 16, 2015, Plaintiff filed requests for oral

8    hearing in the three third party requester's appeals and its own cross appeal.  Third party requester

9    Inphi also filed a request for oral hearing on March 16, 2015, and third party requester SMART

10    filed a request for oral hearing on March 17, 2015. On April 10, 2015, the PTO dismissed the

11    petition of third party requester SMART to reopen prosecution as being untimely. On May 7,

12    2015, the PTO granted Plaintiff's petition to waive the page/word limits and entered the

13    Plaintiff's Rebuttal Brief of February 18, 2015.

14    On May 27, 2015, the PTO transmitted a communication indicating that the parties' four

15    respective rebuttal briefs have been entered and considered, and the reexamination proceeding has

16    been forwarded to the Patent Trial and Appeal Board ("PTAB") for decision on the appeals. On

17    July 21, 2015, the PTO issued a Patent Trial and Appeal Board Docketing Notice indicating that

18    the PTAB received the parties' respective materials and the consolidated appeal has been

19    assigned Appeal No. 2015-006849.

20    On September 29, 2015, the PTO issued a Notice of Hearing setting a hearing date of

21    November 24, 2015 for the consolidated appeal.  Netlist and third party requesters SMART,

22    Inphi, and Google, all filed confirmation of attendance at the oral hearing.  On October 30, 2015,

23    Netlist filed a request for clarification of argument time.  On November 17, 2015, third party

24    requester Google submitted a notification of related decisions, which attached the decisions of the

25    PTAB in the reexamination of a related patent, U.S. Patent No., 7,289,386 because they are

26    relevant to an issue in this reexamination.  Third party requester Inphi submitted a similar

27    notification of related decisions on November 20, 2015.

28    On November 20, 2015, the PTAB  issued an Order on Conduct of Oral Hearing directing

1    that each party is approved 30 minutes total to argue the issues associated with the appeals and

2    cross-appeal, and specifying the order of appeals during the oral hearing.  On November 24,

3    2015, the PTAB conducted the oral hearing for the consolidated appeal (Appeal No. 2015-

4    006849), and took the case under consideration.

5            On May 31, 2016, the Board issued a Decision on Appeal, affirming the Examiner's

6    rejection of claims 2, 5, 7, 9, 21, 23, 26, 30, 33, 57 and 119, and issued new grounds of rejection

7    of claims 1, 3, 4, 6, 8, 10-15, 18-20, 22, 24, 25, 27-29, 31, 32, 34-43, 45-50, 52-54, 56, 58, 60-63,

8    67-71, 75, 77-93, 109-111, and 120-136.  On June 13, 2016, third party requester SMART filed a

9    petition for confirmation of the rejection of claims 52-54, 67-71, 77-79, 82-84, and 87-89 as

10   obvious based on specific combination (Ground 20), as provided in the Decision on Appeal. On

11   June 16, 2016, Netlist filed a petition requesting a 1-month extension to file a response requesting

12   the reopening of the prosecution to address new grounds of rejection.  On June 27, 2016, the

13   Board granted Netlist's petition for an extension of time, which resulted in extending the deadline

14   for Netlist's request to reopen prosecution to July 31, 2016.  The Board also granted third party

15   requester SMART's petition for confirmation and revised the Decision to include the new ground

16   of rejection.  On June 30, 2016, third party requester Inphi filed a petition to request rehearing

17   and adoption of proposed rejections of claims 16 and 17.

18           On July 31, 2016, Netlist filed a Response requesting the reopening of prosecution for

19   claims rejected under new grounds ("Reopen Request").  In this Reopen Response, Netlist

20   amended claims 1, 15, 28, 39, 43, 52, 54, 58, 67, 77, 82, 87, 123, 125, 131 and 134-136 and

21   cancelled claims 25, 42, 53, 68, 79, 84, 89, 92, 93, 121, 124, and 128-130.  On August 1, 2016,

22   Netlist submitted comments to third party requester Inphi's request for rehearing regarding the

23   Board's Decision of May 31, 2016 to not reject claims 16 and 17.  On August 31, 2016, third

24   party requester Google filed a response to Netlist's Reopen Request requesting that the Examiner

25   reject all pending claims.  On August 31, 2016, third party requester SMART filed a response to

26   Netlist's Reopen Request similarly requesting that the Examiner reject all pending claims.  On

27   August 31, 2016, third party requester Inphi also filed comments to Netlist's Reopen Request

28   requesting that the Examiner reject all pending claims, along with a petition to suspend or waive

-8-

the 50-page count limit.  On September 12, 2016, the PTO granted Inphi's petition to waive the

page limit and deemed its August 31, 2016 comments submission page-length compliant.

On February 9, 2017, the Board issued an order remanding the proceedings to the

Examiner to consider claims 1, 3, 4, 6, 8, 10-15, 18-20, 22, 24, 27-29, 31, 32, 34-41, 43, 45-50,

52, 54, 56, 58, 60-63, 67, 69-71, 75, 77, 78, 80-83, 85-88, 90, 91, 109-11, 120, 122, 123, 125-27,

and 131-36 in view of Netlist's Request to Reopen Prosecution (Netlist's Request), the comments

of third party requesters SMART and Inphi, and the new grounds of rejection presented in the

May 31, 2016 Decision.

On February 20, 2017, third party requester Google petitioned the Board to enter and

consider its timely-filed Comments addressing Netlist's Request.  On April, 7, 2017, the Board

granted the petition.

On May 2, 2017, the Board issued an order remanding to the Examiner to consider claims

1, 15, 28, 39, 43, 52, 54, 58, 67, 77, 82, 87, 123, 125, 131, and 134-36 in view of Netlist's

Request, the comments of third party requesters SMART, Inphi, and Google, and the new

grounds of rejection presented in the May 31, 2016 Decision.

On May 17, 2017, Netlist petitioned the Board to correct a discrepancy in the listing of

claims in the remand order.  On June 5, 2017, the Board granted the petition in-part, denying

issuance of a new order but clarifying the record that the Board's new ground of rejection of

claims 1, 3, 4, 6, 8, 10-15, 18-20, 22, 24, 27-29, 31, 32, 34-43, 45-50, 52-54, 56, 58, 60-63, 67-71,

75, 77-93, 109-11, and 120-136 are before the Examiner for consideration in the remand.

After considering the new grounds of rejections in view Netlist's Request and in view of

the evidence provided by Netlist and third party requesters SMART, Inphi, and Google, the

Examiner issued its Determination on October 3, 2017 that the four grounds of rejections set forth

by the PTAB of claims 1, 3, 4, 6, 8, 10-15, 18-20, 22, 24, 27-29, 31, 32, 34-41, 43, 45-50, 52, 54,

56, 58, 60-63, 67, 69-71, 75, 77, 78, 80-83, 85-88, 90, 91, 109-11, 120, 122, 123, 125-27, and

131-36 should be maintained.  The Examiner further determined that the PTAB's decision to

reject those claims on the new ground of rejection proposed by third party requester Inphi should

be maintained.  On November 3, 2017, Netlist filed comments in response to the Examiner's

Determination addressing some of the Examiner's rejections and requesting that the pending claims be allowed.  On December 1, 2017, third party requester Inphi filed a Reply to Netlist's comments clarifying a discrepancy in the listing of specific claims under one of the grounds of rejection, and further requesting that the Board affirm the Examiner's Determination that all of the claims be rejected.

On June 1, 2018, the Board issued a new decision ("New Decision") deemed to incorporate the earlier Examiner's Determination, except for any portion specifically withdrawn. In particular, the Board withdrew certain rejections maintained or adopted by the Examiner with regard to claims 1, 3, 4, 6, 8, 10-15, 18-20, 22, 24, 27-29, 31, 32, 34-41, 43, 45-50, 52, 54, 56, 58, 60-63, 67, 69-71, 75, 77, 78, 80-83, 85-88, 90, 91, 109-111, 120, 122, 123, 125-127, and 131-136. The Board also affirmed the Examiner's decision not to adopt the rejection of certain claims based on two grounds previously not reached.  The Board also noted that, based on the Board's previous decision, certain rejections for claims 2, 5, 7, 9, 21, 23, 26, 30, 33, 57, and 119 remain affirmed.

On July 2, 2018, Google filed a Request for Rehearing of the Board's New Decision regarding the Board's reversal of the Examiner's rejection of various claims as obvious by the prior art.

On July 27, 2018, the Board re-issued and mailed the New Decision that the Board previously mailed on June 1, 2018, which was substantially the same except for an updated certificate of service adding counsel for third party requester Inphi.  On August 9, 2018, Google re-filed a Request for Rehearing of the Board's New Decision (noting the decision's updated mailing date of July 27, 2018) regarding the Board's reversal of the Examiner's rejection of various claims as obvious by the prior art.

On January 31, 2019, the Board issued a Decision on Rehearing, denying Google's request for rehearing of the New Decision with request to making any changes to the new grounds of rejection.  On March 29, 2019, Google filed a notice of appeal to the United States Court of Appeals for the Federal Circuit ("Federal Circuit") contesting the Board's decisions, including the Board's decision to confirm the patentability of certain claims.  On April 1, 2019,

1   Netlist filed a notice of appeal to the Federal Circuit contesting the Board's decisions, including

2   the Board's decision to affirm the rejection of certain claims. On April 1, 2019, third party

3   requester Inphi filed a notice of appeal to the Federal Circuit contesting the Board's Decision on

4   Rehearing.

5          The parties' respective appeals were docketed by the Federal Circuit on April 2, 2019 and

6   assigned Appeal Nos. 19-1720, -1721, -1722, -1723, and -1724.  On April 19, 2019, the Federal

7   Circuit entered an Order consolidating the five appeals, and thus one set of briefs should be filed

8   for the appeals.  To align the briefing schedules, the Federal Circuit designated Google and Inphi

9   as the appellants, and Appeal Nos. 19-1722, -1723, and -1724 as cross-appeals.  Google and Inphi

10  filed their respective opening briefs on September 16, 2019.  On December 6, 2019, Netlist filed

11  an unopposed motion to voluntarily dismiss its cross-appeals (i.e., Appeal Nos. 19-1722, -1723,

12  and -1724).  On December 12, 2019, Netlist filed its responsive brief.  On December 31, 2019,

13  the Federal Circuit granted Netlist's motion to dismiss its cross-appeals.

14         On February 5, 2020, Google and Inphi filed their respective reply briefs.  Oral arguments

15  took place on June 10, 2020.  On June 15, 2020, the Federal Circuit affirmed the Board's reversal

16  of the Examiner's rejection of various claims as obvious by the prior art.  The Federal Circuit's

17  mandate issued on July 22, 2020.

18  **III.     STATUS OF REEXAMINATION PROCEEDINGS**

19         On December 11, 2020, the PTO Examiner issued a Notice of Intent to Issue *Inter Partes*

20  Reexamination Certificate.  On December 30, 2020, the PTO terminated the reexamination and

21  provided the Reexamination Certificate to its publication division.  The Reexamination

22  Certificate for the '912 patent has not yet been issued, which once published will complete the

23  reexamination process.

24  **IV.     CONCLUSION**

25         Counsel for Plaintiff and Defendant conferred regarding this Joint Status Report on January

26  25, 2021, and have reviewed and agree to this Joint Status Report.

27

28

1

2   Respectfully Submitted,

3

4   Dated: January 25, 2021                FINNEGAN, HENDERSON, FARABOW,
                                               GARRETT & DUNNER, LLP

5                                          BY: /s/ Erik R. Puknys

6                                          ERIK R. PUKNYS
                                           *Attorneys for Defendant*
7                                          GOOGLE LLC

8   Dated: January 25, 2021                MORRISON & FOERSTER LLP

9                                          BY: /s/ Eric M. Acker

10                                         ERIC M. ACKER
                                           *Attorneys for Plaintiff*
11                                         NETLIST, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DECLARATION OF CONSENT**

2

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under

3

penalty of perjury that concurrence in the filing of this document has been obtained from Eric M.

4

Acker.

5

Dated:   January 25, 2021                    FINNEGAN, HENDERSON, FARABOW,
6                                                                 GARRETT & DUNNER, LLP

7                                                    BY: /s/ *Erik R. Puknys*

8                                                    ERIK R. PUKNYS
                                                       *Attorneys for Defendant*
9                                                    GOOGLE LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28