1    ADRIAN KWAN                                      DORIS JOHNSON HINES (*pro hac vice*)
     akwan@mintz.com                                  dori.hines@finnegan.com
2    **MINTZ, LEVIN, COHN, FERRIS,**                  CHEN ZANG (SBN 302265)
        **GLOVSKY AND POPEO, P.C.**                   chen.zang@finnegan.com
3    44 Montgomery Street, 36th Floor                 **FINNEGAN, HENDERSON, FARABOW,**
     San Francisco, CA 94104                             **GARRETT & DUNNER, LLP**
4    Telephone: 415.432.6000                          901 New York Avenue, N.W.
     Fax: 415.432.6001                                Washington, DC 20001
5                                                     Telephone:    (202) 408-4000
                                                      Facsimile:    (202) 408-4400
     ANDREW H. DEVOOGD (*pro hac vice*)
6    dhdevoogd@mintz.com
     **MINTZ, LEVIN, COHN, FERRIS,**                  ERIK R. PUKNYS (SBN 190926)
7       **GLOVSKY AND POPEO, P.C.**                   erik.puknys@finnegan.com
     One Financial Center                             **FINNEGAN, HENDERSON, FARABOW,**
8    Boston MA 02111                                     **GARRETT & DUNNER, LLP**
     Telephone: 617.542.6000                          3300 Hillview Avenue
9    Fax: 617.542.2241                                Palo Alto, California 94304
                                                      Telephone: (650) 849-6600
10   Attorneys for Plaintiff                          Facsimile: (650) 849-6666
     NETLIST, INC.
11                                                    JASON STACH (*pro hac vice*)
                                                      jason.stach@finnegan.com
12                                                    KARA A. SPECHT (*pro hac vice*)
                                                      kara.specht@finnegan.com
13                                                    **FINNEGAN, HENDERSON, FARABOW,**
                                                         **GARRETT & DUNNER, LLP**
14                                                    271 17th Street, NW, Suite 1400
                                                      Atlanta, GA 30363-6209
15                                                    Telephone: (404) 653-6400
                                                      Facsimile: (404) 653-6444
16
                                                      Attorneys for Defendant
17                                                    GOOGLE LLC

18
                              **UNITED STATES DISTRICT COURT**
19                          **NORTHERN DISTRICT OF CALIFORNIA**
                                    **OAKLAND DIVISION**
20

21
     NETLIST, INC.,                                   Civil Action No. C09-05718 SBA
22
                   Plaintiff,
23                                                    **JOINT CASE MANAGEMENT
            v.                                        CONFERENCE STATEMENT;
24                                                    [PROPOSED] CASE SCHEDULE**
     GOOGLE LLC,
25                                                    Date:        March 11, 2021
                   Defendant.                         Time:        2:45 PM
26                                                    Location:    Telephone
                                                      Judge:       Hon. Saundra Brown Armstrong
27

28

1    **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

2        Plaintiff Netlist, Inc. ("Netlist") and Defendant Google LLC ("Google") hereby submit

3    this Joint Case Management Conference Statement.

4    **I.    JURISDICTION AND SERVICE**

5        This is an action arising under the patent laws of the United States, Title 35, United States

6    Code. This Court has jurisdiction over the claims and defenses of this action pursuant to 35

7    U.S.C. § 1 *et seq.*, and 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. The parties do not believe

8    that any jurisdiction or venue issues exist at this time. No parties remain to be served.

9    **II.    PROCEDURAL HISTORY AND PRESENT POSTURE**

10       On December 4, 2009, Plaintiff filed a Complaint for Patent Infringement of U.S. Patent

11   No. 7,619,912 ("the '912 patent").  (*See* Dkt. No. 1.)  Defendant filed an answer on February 12,

12   2010, denying Plaintiff's claims and asserting defenses of noninfringement, invalidity, laches,

13   waiver, estoppel, implied or express license, and unclean hands.  (*See* Dkt. No. 18.)  Defendant

14   further asserted counterclaims of noninfringement and invalidity of the '912 patent, as well as

15   fraud/deceit/concealment, negligent misrepresentation, and breach of contract.  (*See id.*)  On

16   March 8, 2010, Plaintiff filed a reply to Defendant's counterclaims denying Defendant's claims

17   and asserting defenses of waiver, unclean hands, and estoppel.  (*See* Dkt. No. 36.)

18       Netlist asserted claims 1, 3, 4, 6-11, 15, 18-22, 24-25, 27-29, 31-34, 36-39, 41-45, and 50

19   of the '912 patent against Google for its alleged use of certain 4-rank Fully Buffered Dual In-Line

20   Memory Modules ("FBDIMMs").  Google sought *inter partes* reexamination of each of these

21   asserted claims.  Two other companies also sought reexamination of various sets of claims in the

22   '912 patent.  The United States Patent and Trademark Office ("PTO") granted the requests and

23   ordered three *inter partes* reexaminations of the '912 patent.  Netlist and Google filed a Joint

24   Stipulation to Stay Proceedings Pending Reexamination of U.S. Patent No. 7,619,912 on

25   December 27, 2010.  (*See* Dkt. No. 66.)  The Court entered an Order Granting the Joint

26   Stipulation on January 25, 2011, administratively closing the matter.  (*See* Dkt. No. 68.)

27       During the reexaminations, Netlist canceled or amended each of the claims it asserted

28   against Google.  It also added new claims.  After lengthy proceedings before the PTO and

1  following resolution of appeals taken to the Federal Circuit from those proceedings, the PTO

2  issued the Reexamination Certificate for the '912 patent on February 8, 2021.

3         On February 16, 2021, the parties jointly notified this Court that the reexamination

4  proceedings had concluded. (*See* Dkt. No. 110.) The next day, this Court reopened this matter,

5  and set a Case Management Conference for March 11, 2021. (*See* Dkt. No. 111.)

6  **III.**     **AGREED ISSUES**

7         **Changed Counsel.**  It has been a decade since this Court administratively closed this case

8  in view of the reexamination proceedings. In the interim, both parties have changed counsel;

9  Netlist's present counsel just appeared in this case several weeks ago. As a result, the parties

10  respectfully submit that successor counsel on each side could benefit from some time to get up to

11  speed on the issues in the case.

12         **Early Intervening Rights Determination.**  The parties agree that it would be an efficient

13  first step to resolve the question of what intervening rights exist with respect to the claims of the

14  '912 patent, if any.  The Court's ruling on intervening rights could narrow the issues.  The

15  parties' proposed schedules below provide dates for briefing on the scope of intervening rights.

16  **IV.**     **DISPUTED ISSUES**

17         **Early Discovery on Google's Memory Use.**  The parties dispute whether Netlist should

18  be permitted to begin obtaining technical discovery from Google now.

19  <u>Netlist's position:</u>

20         Netlist submits that targeted discovery, beginning now, regarding the nature of the

21  memory modules currently used by Google is necessary and would be beneficial. Netlist believes

22  that these efforts may narrow, alter, and/or focus the issues in dispute. At a minimum, for

23  example, to the extent that Google intends to advance equitable intervening rights arguments,

24  Netlist is entitled to probe the underlying facts regarding the nature and scope of Google's use of

25  the claimed technology. In any event this case has been stayed for long enough that Google's

26  non-public use of implicated memory modules that otherwise infringe the claims of the '912

27  patent is likely to have changed since the complaint was filed. Any burden presented by such

28  minimal discovery is proportional to the needs of the case, and should not be delayed.

1    Netlist understands that the parties mutually agreed in good faith to attempt to find

2    common ground regarding this preliminary discovery. As a result, Netlist will not burden the

3    Court with an in-kind response to Google's unnecessary advocacy. It is enough to say here that

4    Netlist disagrees with Google's characterization of and argument on the issues.

5    Google's position:

6    Google is open to limited discovery in the form of a targeted interrogatory directed to the

7    identification of memory module classes (e.g., FBDIMMs, etc.) and generations (e.g., DDR,

8    DDR2, etc.) Google currently uses.  The parties are working to reach an agreement regarding the

9    proper scope of this interrogatory.  If the parties cannot reach agreement, Google disagrees that

10   Netlist should be entitled to any broader scope of technical discovery before Google has notice of

11   its infringement allegations, and before the court rules on intervening rights.  Because none of the

12   original asserted claims survived reexamination, intervening rights will limit—if not entirely

13   dispose of—Netlist's infringement allegations against Google.  Because it is a case-defining

14   issue, the scope of Google's intervening rights should be determined before burdensome technical

15   discovery is taken of Google.

16   Further, a plaintiff bringing a patent-infringement case in this District is expected to

17   already have an infringement theory—and must generate claim charts explaining that theory in

18   detail—before any substantial discovery is taken of the accused infringer. *See* Patent Local Rules

19   3-1, 3-4 (requiring infringement contentions before the defendant produces "[s]ource code,

20   specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to

21   show the operation of any aspects or elements of an Accused Instrumentality identified by the

22   patent claimant"). Netlist provides no reason for bypassing this Court's long-standing rules for

23   ensuring there is a good-faith basis for infringement allegations before imposing burdensome

24   discovery on the defendant.  The rules' protections are particularly important in this case, where

25   every one of the claims Netlist previously asserted against Google has been invalidated in the

26   reexamination proceeding. To the extent any claims remain in this litigation after the Court's

27   ruling on intervening rights, Google will make its technical and financial document productions

28   in accordance with Patent Local Rule 3-4, after Netlist has served its infringement contentions in

1    accordance with Patent Local Rule 3-1.

2         **Setting case deadlines.** The parties agree that it will be most efficient for Netlist to serve

3    amended infringement contentions, and then for the parties to brief intervening rights.  However,

4    the parties disagree on the dates.

5    Netlist's position:

6         In preparation for this Case Management Conference, and in the interest of providing the

7    Court with the parties' longer-term view of the proceedings, Netlist proposed that Google

8    consider the procedural schedule set forth below, in addition to addressing the intervening rights

9    issue. Google initially refused to do so, demanding instead that the parties address only one

10   preliminary issue which is not certain to resolve the case—as Google prematurely appears to

11   assume. The more prudent approach would be to address the intervening rights issue promptly,

12   but to permit other aspects of the case to proceed in parallel, as contemplated both by Netlist's

13   position on discovery and by proposing additional case deadlines at this juncture.

14        Because Google provided Netlist with a substantive response on these proposed dates too

15   close to the deadline for the filing of this CMC Statement to enable meaningful review and client

16   approval, Netlist reserves the right to supplement and/or revise its position regarding the proposed

17   schedule before, or at, the CMC.

18   Google's position:

19        Google's proposed schedule places the intervening rights briefing schedule sufficiently

20   after Netlist's deadline to amend its infringement contentions to allow Google enough time to

21   further analyze intervening rights with respect to Netlist's infringement allegations.  Google's

22   proposed dates are also consistent with the deadlines in the Patent Local Rules, except for one

23   date that Google adjusted by one day to avoid a holiday.  Several of Netlist's proposed dates,

24   however, set shortened time periods.  For example, Netlist's schedule provides 28 days for

25   Google to provide its invalidity contentions after Netlist serves its infringement contentions,

26   while Patent Local Rule 3-3 provides 45 days.  There is no reason to shorten the presumptive

27   deadline for Google to serve its invalidity contentions.  In addition, Google's proposed deadline

28   for serving its invalidity contentions is after the proposed intervening rights briefing schedule, as

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
4:09-CV-05718  SBA

a ruling on that issue will narrow the case and the scope of related contentions.

| Event | Netlist's Proposed Deadline | Google's Proposed Deadline |
|---|---|---|
| Amended Infringement Contentions | June 18, 2021 | June 4, 2021 |
| Google Opening Brief on Intervening Rights | July 9, 2021 | August 4, 2021 |
| Netlist Response on Intervening Rights | July 28, 2021 | September 3, 2021 |
| Google Reply on Intervening Rights | August 11, 2021 | September 24, 2021 |
| Amended Invalidity Contentions | July 2, 2021 | November 19, 2021 |
| Exchange Proposed Claim Terms | August 13, 2021 | December 3, 2021 |
| Exchange Preliminary Constructions and Extrinsic evidence | August 27, 2021 | December 23, 2021 |
| Damages Contentions | | January 10, 2022 |
| Joint Claim Construction and Prehearing Statement | September 17, 2021 | January 18, 2022 |
| Responsive Damages Contentions | | February 9, 2022 |
| End of Claim Construction Discovery | October 6, 2021 | February 17, 2022 |
| Opening Claim Construction Brief | October 15, 2021 | March 4, 2022 |
| Responsive Claim Construction Brief | October 29, 2021 | March 18, 2022 |
| Reply Claim Construction Brief | November 5, 2021 | March 25, 2022 |
| Tutorial/Markman Hearing | November 17, 2021 | April 8, 2022 or later (subject to the Court's convenience) |

## V.    CONCLUSION

Counsel for Plaintiff and Defendant conferred regarding this Joint Case Management Conference Statement on February 26, 2021, and March 4, 2021, and have reviewed and agree to

1   this Joint Case Management Conference Statement.

2

3   Respectfully Submitted,

4

5   Dated: March 4, 2021                    FINNEGAN, HENDERSON, FARABOW,
                                             GARRETT & DUNNER, LLP

6                                           BY:___/s/ *Erik R. Puknys*_____

7                                           ERIK R. PUKNYS
                                            *Attorneys for Defendant*

8                                           GOOGLE LLC

9   Dated: March 4, 2021                    MINTZ, LEVIN, COHN, FERRIS,
                                             GLOVSKY AND POPEO, P.C.
10

11                                          BY: __/s/ *Andrew H. DeVoogd*_____
                                            Andrew H. DeVoogd (pro hac vice)

12                                          *Attorneys for Plaintiff*
                                            Netlist, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
4:09-CV-05718 SBA

1

## **DECLARATION OF CONSENT**

2

   Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under

3

penalty of perjury that concurrence in the filing of this document has been obtained from Andrew

4

H. DeVoogd.

5

6

   Dated:   March 4, 2021                              FINNEGAN, HENDERSON, FARABOW,
                                                         GARRETT & DUNNER, LLP

7

                                             BY: /s/ *Erik R. Puknys*

8

                                             ERIK R. PUKNYS
                                             *Attorneys for Defendant*

9

                                             GOOGLE LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28