# EXHIBIT 9

1  IRELL & MANELLA LLP
   Jason G. Sheasby (CA SBN 205455)
2  jsheasby@irell.com
   IRELL & MANELLA LLP
3  1800 Avenue of the Stars, Suite 900
   Los Angeles, California 90067
4  Telephone: (310) 277-1010
   Facsimile: (310) 203-7199
5
6  *Attorneys for Plaintiff and Counter-Defendant Netlist, Inc.*

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10
   NETLIST, INC.,                        )   Case No. 4:09-cv-05718-SBA
11                                        )
                Plaintiff,                )   **PLAINTIFF NETLIST, INC.'S FIRST SET**
12                                        )   **OF INTERROGATORIES TO**
   v.                                     )   **DEFENDANT GOOGLE LLC**
13                                        )
   GOOGLE LLC,                            )
14                                        )
                Defendant.                )
15  _____ )

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S FIRST SET OF INTERROGATORIES TO
GOOGLE, LLC.  (4:09-05718-SBA)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Netlist, Inc. ("Netlist") hereby requests that Defendant Google LLC ("Google") answer the following interrogatories ("the Interrogatories"), separately, fully, in writing and under oath within thirty (30) days.

**DEFINITIONS**

The following definitions apply to these Interrogatories.

1.      "Google," "You," or "Your" refers to Defendant Google LLC, including all past or present divisions, departments, parents, subsidiaries, affiliates, partnerships, joint ventures, predecessors or successors thereof, and all past and present officers, directors, employees, agents, representatives, consultants, managers, partners, or attorneys thereof.

2.      "Netlist" refers to Plaintiff Netlist, Inc.

3.      "Patent" means any United States, international, or foreign classes or types of patents, utility models, design patents, applications (including provisional applications), certificates of invention, reissues, divisionals, continuations, continuations-in-part, extensions, renewals, reexaminations and foreign counterparts thereof.  The defined term Patent includes all stated categories of intellectual property regardless of whether those rights are presently expired or were ever adjudged invalid.

4.      The term "Asserted Patent" or "'912 Patent" refers to United States Patent No. 7,619,912.  Unless otherwise specified, any reference to claims of the Asserted Patent include both its original claims and amended and newly added claims in the patent.

5.      The term "Memory Module" refers to a printed circuit board which is connectable to a computer system, with a plurality of double-data-rate ("DDR") memory devices, and at least one circuit that sends a clock signal.

6.      "Standard(s)" means any technical standard created, authorized, controlled, and/or developed privately or unilaterally by a corporation, consortium, regulatory body, government, or standards setting organization.

7.      "JEDEC" means the JEDEC Solid State Technology Association.

8.      "Person" refers to any natural individual; any form of business entity including, but not limited to, any corporation, company, firm, general partnership, limited partnership, limited liability company, joint venture, proprietorship, business association, association, foundation, legal entity; any directors, officers, owners, members, employees, agents, representatives, and attorneys of any of the foregoing; anyone else purporting to act on behalf of any such natural person or business entity; or any government entity, agency, officer, department, or affiliate.

9.      "Including" and "include" means including without limitation, whether or not the phrase "without limitation" is explicitly stated.

10.     The words "and" and "or" are terms of inclusion and not of exclusion and are to be construed conjunctively or disjunctively as necessary to bring within the scope of these requests for production any information which might otherwise be construed to be outside their scope.

11.     The term "any" shall mean "any and all" and the term "all" shall mean "any and all."

12.     "Document" means any form of communication or representation, in any language fixed in any tangible medium, including every form of recording letters, words, pictures, sounds, or symbols, or combinations thereof by means such as handwriting, printing, photostatting, photographing, magnetic taping or writing, optically burning or encoding, or any other form of storing, compiling, or mechanically or electrically recording data onto any media including paper, film, plastic, magnetic tape, computer disks, compact discs (CDs), digital video discs (DVDs) and the like.   For example, the term "Document" includes without limitation, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, notebooks, lab notebooks, invention disclosures, prospectuses, interoffice, and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meetings, printouts, teletypes, telefax, telefax records, invoices, work sheets, graphic or oral representations of any kind (including without limitation, pictures, photographs, charts, microfiche, microfilm, videotape, audiotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical or electric records or representations

of any kind (including, without limitation, electronic mail or e-mail, Instant Messages, tapes, cassettes, discs, and recordings).

13.     Every draft, version, revision, or non-identical copy of a "Document," including copies that differ from the original because of hand notation(s), shall be considered a separate "Document," as that term is used herein, but exhibits, appendices and attachments to a "Document" shall be considered part of the "Document" itself.

14.     The terms "relate to," "reflecting," "relating to," "concerning," or any variations thereof, shall mean relating to, referring to, concerning, mentioning, reflecting, regarding, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, constituting (in whole or in part), or between (as in the context of communications), as the context makes appropriate.

15.     Words appearing in singular form, including defined terms, shall also be construed as plural, and words appearing in plural form, including defined terms, shall also be construed as singular so as to give each discovery request its broadest possible meaning and to bring within the scope of the discovery request all information that otherwise might be construed to be outside its scope.

## **INSTRUCTIONS**

16.     All Interrogatories must be answered fully and in writing in accordance with Rules 11 and 33 of the Federal Rules of Civil Procedure.

17.     Each of the Interrogatory requests (the "Requests") shall operate and be responded to independently and, unless otherwise indicated, no Request limits the scope of any other Request.

18.     Where knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your predecessors and/or successors, as well as to information in the possession of Your officers, directors, agents, employees, representatives and, unless privileged, attorneys.  Whenever an answer to these Requests contains information which is not based upon Your personal knowledge, state the source and nature of such information.

19.     Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses, and words imparting the masculine include the feminine and vice versa.

20.     The Definitions apply regardless of capitalization.

21.     If, in responding to any Interrogatory, You elect to produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, specify the particular records from which the answer may be derived or ascertained in sufficient details to permit Netlist to locate and identify the precise pages or records from which the answer may be ascertained as readily as You may ascertain such an answer.

22.     If You do not answer any Interrogatory in full, state the precise reason for failing to do so.  If a legal objection is made, set forth the specific nature of the grounds for the objection.  If only a portion of any Interrogatory cannot or will not be answered, (i) provide a full answer to the remaining portion; and (ii) specifically set forth (a) the fact that the answer is incomplete and (b) the reasons or grounds for any omission or for Your inability or refusal to complete the answer.  If an Interrogatory can be answered only in part on the basis of information available at the time of the response, (i) provide an answer on the basis of that information; (ii) indicate that Your answer is so limited; and (iii) provide a further response, in accordance with these Instructions, when further information becomes available.

23.     If You contend that any Interrogatory seeks information, in whole or in part, that is protected by a legal privilege or other doctrine which precludes disclosure thereof, identify the legal privilege and/or doctrine with particularity, including all supporting facts and each person having knowledge of the factual basis for the assertion.

24.     If any document referred to in Your responses to these Interrogatories was, but is no longer, in Your possession, custody, or control, state that disposition was made with each document and when such disposition was made.  In the event that any Document or thing or portion thereof called for by this set of requests is known to have been lost or destroyed (either as a result of a Document destruction policy or otherwise), provide a written statement setting forth the following information for each such item:  (1) the nature of the item (e.g. letter, memorandum,

chart, engineering drawing, etc.); (2) the identity of each sender(s), author(s), and recipient(s) of the item whether indicated as such or not on the item; (3) the date that the item was created, or if there is no record of this information, the approximate date; (4) a description of the subject matter of the item; (5) if the item is a Document, the number of pages; (6) information regarding whether any attachments or appendices to the item exist or existed, along with a description of any such attachments or appendices; and (7) the circumstances of the loss or destruction of the item including the date of destruction or loss, the identity of the Person(s) who lost or destroyed the item, and if the item was destroyed, the identity of the Person(s) who authorized the destruction.

25.     You are required to supplement or amend Your responses to these Interrogatories as the need arises pursuant to Rule 26 of the Federal Rules of Civil Procedure.

## INTERROGATORIES

## INTERROGATORY NO. 1

For every type of Memory Module that Google has purchased, made, used, installed, operated, sold, or offered to sell in the United States for the period of November 17, 2008 through February 7, 2021, provide information sufficient to fully describe:

The category of the Memory Module (e.g., FB DIMM) and the category of the DRAM on the module (e.g., DDR2, DDR 3, DDR 4, DDR 5)

The design and operation of all memory and/or storage devices and circuit and/or logic elements on the Memory Module;

The begin and end design dates for the Memory Module;

The extent the design has changed, how it has changed, and when such change was made;

The date of first commercial use of the Memory Module;

To the extent any portion of the Memory Module complies with a JEDEC Standard, identify the relevant portion of the Standard;

The date(s) of purchase, manufacture, installment, and/or sale of the Memory Module; and

The suppliers of each of the components in the Memory Module, and the assembler of the Memory Module.

**INTERROGATORY NO. 2**

For every type of Memory Module that Google has purchased, made, used, installed, operated, sold, or offered to sell in the United States as of February 8, 2021 and through the present, provide information sufficient to fully describe:

The category of the Memory Module (e.g., FB DIMM) and the category of the DRAM on the module (e.g., DDR2, DDR 3, DDR 4, DDR 5);

The design and operation of all memory and/or storage devices and circuit and/or logic elements on the Memory Module;

The begin and end design dates for the Memory Module;

The extent the design has changed, how it has changed, and when such change was made;

The date of first commercial use of the Memory Module;

To the extent a Memory Module complies with a JEDEC Standard, identify the relevant portion of the Standard;

The date(s) of purchase, manufacture, installment, and/or sale of the Memory Module; and

The suppliers of each of the components in the Memory Module, and the assembler of the Memory Module.

**INTERROGATORY NO. 3**

If You contend that You are entitled to intervening rights with respect to any of the claims of the '912 Patent, including separately claim 16, state the full factual and legal basis for Your contention, including any Documents, materials, evidence, and witnesses.

**INTERROGATORY NO. 4**

Fully describe all legal advice you have received regarding the infringement and patentability of the claims of the '912 patent (including previous versions of the claims, and proposed amendments of the claims) from the time of the initiation of any reexamination proceeding on the patent through the issuance of the reexamination certificate.

1

2   Dated: April 19, 2021                    IRELL & MANELLA LLP

3                                     By: */s/ Jason G. Sheasby*

4                                         Jason G. Sheasby

5                                     *Attorneys for Plaintiff and Counter-Defendant Netlist, Inc.*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On April 19, 2021, I served the following documents described below:

1. **PLAINTIFF NETLIST, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT GOOGLE LLC**

2. **PLAINTIFF NETLIST, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT GOOGLE LLC**

on counsel of record for Defendant Google LLC

[X]  (BY ELECTRONIC MAIL)  I caused the foregoing documents to be served electronically by electronically mailing a true and correct copy through Irell & Manella LLP's electronic mail system to the e-mail address(es) of counsel of record and the transmission was reported as complete and no error was reported.

[X]  (BY OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows.  I placed a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier with fees for overnight delivery paid or provided for.

　　　[X]  (BOX DEPOSIT)  I deposited such envelopes or packages in a box or other facility regularly maintained by the express service carrier.

Executed on April 19, 2021, at Los Angeles California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Andrew J. Strabone | /s/ Andrew J. Strabone |
|---|---|
| (Type or print name) | (Signature) |

CERTIFICATE OF SERVICE