# EXHIBIT 6

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/000,578 | 10/20/2010 | 7619912 | 17730-3 | 8810 |

20995        7590        02/28/2011

KNOBBE MARTENS OLSON & BEAR LLP
2040 MAIN STREET
FOURTEENTH FLOOR
IRVINE, CA  92614

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 02/28/2011

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patents and Trademark Office
P.O.Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

## DO NOT USE IN PALM PRINTER

THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS
ORRICK, HERRINGTON & SUTCLIFFE, LLP
IP PROSECUTION DEPARTMENT
4 PARK PLAZA, SUITE 1600
IRVINE, CA 92614-2558

Date:

**MAILED**

FEB 28 2011

CENTRAL REEXAMINATION UNIT

**Transmittal of Communication to Third Party Requester
Inter Partes Reexamination**

REEXAMINATION CONTROL NO. : 95000578
PATENT NO. : 7619912
TECHNOLOGY CENTER : 3999
ART UNIT : 3992

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified Reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the inter partes reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it cannot be extended. See also 37 CFR 1.947.

If an ex parte reexamination has been merged with the inter partes reexamination, no responsive submission by any ex parte third party requester is permitted.

All correspondence relating to this inter partes reexamination proceeding should be directed to the Central Reexamination Unit at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

PTOL-2070(Rev.07-04)

 UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

KNOBBE MARTENS OLSON & BEAR LLP          (For Patent Owner)
2040 MAIN STREET
FOURTEENTH FLOOR
IRVINE CA 92614

PILLSBURY WINTHROP SHAW PITTMAN, LLP     (For first *Inter Partes* Requester)
PO BOX 10500
MCLEAN, VA 22102

FISH & RICHARDSON P.C.                   (For second *Inter Partes* Requester)
PO BOX 1022
MINNEAPOLIS, MN 55440

ORRICK, HERRINGTON & SUTCLIFFE LLP       (For third *Inter Partes* Requester)
IP PROSECUTION DEPARTMENT
4 PARK PLAZA, SUITE 1600
IRVINE, CA 92614

**MAILED**

**FEB 2 8 2011**

CENTRAL REEXAMINATION UNIT

*Inter Partes* Reexamination Proceeding          :
Control No. 95/000,578                            :
Filed: October 20, 2010                           :
For: U.S. Patent No. 7,619,912                    :
                                                  :
*Inter Partes* Reexamination Proceeding          :     **DECISION,**
Control No. 95/000,579 ·                          :     ***SUA SPONTE,***
Filed: October 21, 2010                           :     **TO MERGE**
For: U.S. Patent No. 7,619,912                    :     **REEXAMINATION**
                                                  :     **PROCEEDINGS**
*Inter Partes* Reexamination Proceeding          :
Control No. 90/001,339                            :
Filed: June 8, 2010                               :
For: U.S. Patent No. 7,619,912                    :


The above-captioned reexamination proceedings are before the Office of Patent Legal Administration for *sua sponte* consideration of whether the proceedings should be merged (consolidated) at this time.

## REVIEW OF RELEVANT FACTS

1.  On November 17, 2009, U.S. Patent No. 7,619,912 (the '912 patent) issued to Bhakta *et al.* with 51 claims.

2.  On April 20, 2010, a first request for *inter partes* reexamination of claims 1-51 of the '912 patent, assigned control No. 95/001,339 ("the '1339 proceeding"), was filed by a third party requester. The real party in interest was not identified.

3.  On April 27, 2010, the Office issued a notice of failure to comply with inter partes reexamination request filing requirements under 37 CFR 1.915(d).

4.  On May 7, 2010, a corrected original request for *inter partes* reexamination was filed.

5.  On June 4, 2010, the Office issued *sua sponte* a decision vacating the '1339 proceeding due to the third party requester's failure to identify the real party of interest for the request for reexamination.

6.  On June 8, 2010, the third party requester responded to the June 4, 2010 Office decision and identified the real party in interest, Inphi, Corp. ("the '1339 requester"). The Office reinstated the '1339 proceeding, according it a filing date of June 8, 2010.

7.  On September 1, 2010, *inter partes* reexamination was ordered on claims 1-51 of the '912 patent in the '1339 proceeding. An Action Closing Prosecution (ACP) Office action confirming all the claims was concurrently issued.

8.  On October 20, 2010, a second request for *inter partes* reexamination of claims 1, 3-4, 6-11, 15, 18-22, 24-25, 27-29, 31-34, 36-39, 41-45 and 50 of the '912 patent, assigned control No. 95/000,578 ("the '578 proceeding"), was filed by a third party requester on behalf of real party in interest SMART Modular Technologies (WWH), Inc. ("the '578 requester").

9.  On October 21, 2010, a third request for *inter partes* reexamination of claims 1, 3-4, 6-11, 15, 18-22, 24-25, 27-29, 31-34, 36-39, 41-45 and 50 of the '912 patent, assigned control No. 95/000,579 ("the '579 proceeding"), was filed by a third party requester on behalf of real party in interest Google, Inc. ("the '579 requester").

10. On January 14, 2011, *inter partes* reexamination was ordered on claims 1, 3-4, 6-11, 15, 18-22, 24-25, 27-29, 31-34, 36-39, 41-45 and 50 of the '912 patent in the '579 proceeding. An Office action was not concurrently issued in the proceeding. The order indicated that an Office action would issue in due course.

11. On January 18, 2011, *inter partes* reexamination was ordered on claims 1, 3-4, 6-11, 15, 18-22, 24-25, 27-29, 31-34, 36-39, 41-45 and 50 of the '912 patent in the '578 proceeding. An Office action was not concurrently issued in the proceeding. The order indicated that an Office action would issue in due course.

*Inter partes* Reexamination Control Nos.
95/000,578, 95/000,579 and 95/001,339                                                      -3-

12. To date, no Office action has issued in the '578 or 579 *inter partes* proceedings, and no further Office action has issued in the '1339 *inter partes* proceeding.

## DECISION

## I. MERGER OF PROCEEDINGS

Reexamination is ordered in the three above-captioned proceedings for overlapping claims of the same patent. All three proceedings are *inter partes* reexamination proceedings. All proceedings are still pending, and have not been terminated. Therefore, consideration of merger is ripe at this point in time.

The 95/000,578, 95/000,579 and 95/001,339 *inter partes* proceedings <u>are merged</u>. The merged proceeding will be conducted in accordance with the guidelines and requirements that follow.

## II. THE SAME CLAIMS MUST BE MAINTAINED IN ALL PROCEEDINGS

Patent owner is required to maintain the same claims (and specification) in all files throughout the merged proceeding. Currently the claims are identical for all three proceedings. Therefore a "housekeeping amendment" is NOT needed.

## III. CONDUCT OF MERGED PROCEEDING

A. Governing regulations for the merged proceeding:

The present decision merges three *inter partes* reexamination proceedings. Pursuant to 37 CFR 1.989(b), the merged proceeding is governed by 37 CFR §§ 1.902 through 1.997.

B. *Inter partes* Third Party Requester Participation:

1. Comment rights:

Upon merger of proceedings all *inter partes* requesters can comment pursuant to 35 U.S.C. 314(b)(2).[1] First, an *inter partes* requesters' right to comment is contingent upon the patent owner responding to, or commenting on, an Office action. Second, an *inter partes* requesters' right to comment is limited to issues raised in either the Office action or the patent owner's response to the action. Finally, the *inter partes* requesters' comments must be submitted within the statutory time period of 30 days from date of service of patent owner's response.

No *inter partes* requester has a right to comment on any issue raised outside the confines of the

---

[1] Each time that the patent owner files a response to an action on the merits from the Patent and Trademark Office, the third-party requester shall have one opportunity to file written comments addressing issues raised by the action of the Office or the patent owner's response thereto, if those written comments are received by the Office within 30 days after the date of service of the patent owner's response.

statute, e.g. issues raised in a previous Office action (but not raised in the most recent Office action or response) or the request and comments from another requester.

2. Appeal Rights:

The *inter partes* reexamination procedures for taking appeal, and for participating in the patent owner's appeal, are explained in MPEP 2674 through 2675.02, 2678 through 2683. As pointed out in MPEP 2674:

> A notice of appeal by a third party requester must identify each rejection *that was previously proposed by that third party requester* which the third party requester intends to contest. It is not sufficient to merely appeal from the allowance of a claim (i.e., the examiner's finding of a claim patentable); the third party requester must identify each previously proposed rejection to be contested.

Thus, each *inter partes* reexamination requester's appeal must **only** be taken from the finding(s) of patentability of claims in the RAN that the individual third party requester proposed in the request, and any that the individual third party requester properly added during the examination stage of the merged proceeding. Also, as provided by 37 CFR 41.67(c)(1)(vi):

> No new ground of rejection can be proposed by a third party requester appellant, unless such ground was withdrawn by the examiner during the prosecution of the proceeding, and the third party requester has not yet had an opportunity to propose it as a third party requester proposed ground of rejection.

Thus, the appellant's brief shall present a concise statement of each issue. And, no new ground of rejection (i.e., a ground that the individual requester did not propose) can be proposed by a third party requester appellant, unless that ground was withdrawn by the examiner during the prosecution of the proceeding, and the third party requester did not yet have an opportunity to propose it as a third party requester proposed ground of rejection.

It is to be noted that, because neither the '578 and '579 *inter partes* third party requester propose any rejections of claims 2, 5, 12-14, 16-17, 23, 26, 30, 35, 40, 46-49 and 51 in their requests for reexamination, neither requester has any appeal rights as to those claims as they appear in the '912 patent.

C. Papers mailed/filed:

All papers mailed by the Office throughout the merged proceeding will take the form of a single action which applies to all proceedings. All papers issued by the Office, or filed by the patent owner and the third party requesters, will contain the identifying data for all proceedings and will be physically entered in each reexamination file. All papers filed by the patent owner and the third party requesters must consist of a single paper, **filed in triplicate**, each bearing a signature and identifying data for all files, for entry into each file.

All papers filed by patent owner and the third party requesters should be directed as follows:

*Inter partes* Reexamination Control Nos.
95/000,578, 95/000,579 and 95/001,339                                                -5-


by Mail to:          Attn: Mail Stop "*Inter Partes* Reexam"
                     Central Reexamination Unit
                     Commissioner for Patents
                     P.O. Box 1450
                     Alexandria, VA 22313-1450

by FAX to:           (571) 273-9900
                     Central Reexamination Unit

by Hand to:          Customer Service Window
                     Attn: Central Reexamination Unit
                     Randolph Building, Lobby Level
                     401 Dulany Street
                     Alexandria, VA 22314

by EFS:              Registered users may submit papers via the
                     electronic filing system EFS-Web, at:

                     https://sportal.uspto.gov/authenticate/authenticateuserlocalepf.html

Patent owner and requesters are reminded that <u>every</u> paper filed in the merged proceeding subsequent to this decision must be served on all the other parties, and every paper filed must reflect that such paper was served on all the other parties, pursuant to 37 CFR 1.903.  All papers are to be addressed to the Central Reexamination Unit as provided above.

D. Amendments:

The filing of any amendments to the drawings, specification or claims must comply with 37 CFR 1.943, which incorporates the provisions of 37 CFR 1.530, and the guidelines of MPEP § 2666.01, which in turn references the guidelines of MPEP § 2250.

37 CFR 1.121 does <u>not</u> apply to amendments in reexamination.  Accordingly, clean copies of the amended claims are <u>not</u> required <u>and are not to be submitted</u>; rather amendments are to be presented via markings pursuant to paragraph 37 CFR 1.530(f), except that a claim should be canceled by a statement canceling the claim, without presentation of the text of the claim.
Pursuant to 37 CFR 1.530(i), all <u>amendments must be made relative to the patent</u> specification, including the claims, and drawings, which are in effect as of the date of filing the request for reexamination. *Amendments are <u>not</u> to be made relative to previous amendments.*  Thus, for all amendments, all words not appearing <u>in the patent</u> are always underlined, and only words being deleted <u>from the patent</u> appear in brackets.

E. Fees:

Where a paper is filed that requires payment of a fee (*e.g.*, petition fee, excess claims fee, extension of time fee, appeal fee, brief fee, oral hearing fee), only a single fee need be paid.  For

*Inter partes* Reexamination Control Nos.
95/000,578, 95/000,579 and 95/001,339                                                                   -6-

example, only one fee need be paid for any patent owner's appellant brief (or that of an *inter partes* reexamination requester) which may be filed, even though the brief relates to merged multiple proceedings, and copies must be filed (as pointed out above) for each file in the merged proceeding.

F.  Citation of Patents and Printed Publications:

Upon return of the present merged proceeding to the examiner, the examiner will review the files to ensure that each file contains identical citations of prior patents and printed publications, and will cite such documents as are necessary as part of the next action in order to place the files in that condition.

G.  Appeal Procedure Reminders for *Inter Partes* Reexamination

The parties are reminded of the procedures for taking appeal in an *inter partes* reexamination as explained in MPEP 2674 and 2675.  The appeal must only be taken from (1) the rejection(s) of the claims in the Right of Appeal Notice (RAN) that the *patent owner* proposes to contest, or (2) the finding(s) of patentability of claims in the RAN that the *third party requester* proposes to contest.  Therefore, in the notice of appeal, the patent owner must identify each claim rejected by examiner that the patent owner intends to contest and the third party requester must identify each rejection *that was previously proposed by that third party requester* that the third party requester intends to contest.  (37 CFR 41.61)  The appellant's brief shall present a concise statement of each issue.  Further, no new ground of rejection can be proposed by a third party requester appellant, unless such ground was withdrawn by the examiner during the prosecution of the proceeding, and the third party requester has not yet had an opportunity to propose it as a third party requester proposed ground of rejection.  (37 CFR 41.67(c)(1)(vi))


## CONCLUSION

1.  *Inter partes* Reexamination Control Nos. 95/000,578 and 95/000,579 and 95/001,339 are merged into a single proceeding, to be conducted in accordance with the procedure set forth above in Part III of this decision.

2.  Any questions concerning this communication should be directed to Joseph F. Weiss, Jr., Legal Advisor, at 571-272-7759.


Pinchus M. Laufer
Senior Legal Advisor
Office of Patent Legal Administration

February 25, 2011