# EXHIBIT 10

Docket No.: 635162800300
(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Inter Partes Reexamination of:<br>Jayesh BHAKTA et al. | Examiner: Woo H. CHOI |
| Control Nos.: 95/000,578; 95/000,579; 95/001,339 | Art Unit: 3992 |
| Filed: October 20, 2010; October 21, 2010;<br>June 8, 2010 | Conf. No.: 5035 |
| For: MEMORY MODULE DECODER | |

### RESPONSE/AMENDMENT

MS Inter Partes Reexam
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

### INTRODUCTORY COMMENTS

In response to the Office Action dated October 14, 2011, for which a response was due on December 14, 2011, and for which a one-month extension of time to extend the time for response from December 14, 2011 to January 17, 2012 (the first business day after January 14, 2012) was requested and granted, please consider the following.

There are no amendments to the specification or drawings.

Claim amendments begin on page 1 and continue to page 45.

Status of all claims is provided at page 46.

Remarks/Arguments begin on page 47.

An explanation of support for the new claims added with this Amendment begins on page 59.

A certificate of service is provided at page 63.

la-1154468

# TABLE OF CONTENTS

**Page**

CLAIM AMENDMENTS ................................................................. 1

STATUS OF CLAIMS ................................................................. 46

    A.    Original Claims (Claims 1-51) ....................................... 46

    B.    Previously Added Claims (Claims 52-118) ...................... 46

    C.    Newly Added Claims (Claims 119-136) ......................... 46

REMARKS ............................................................................ 46

    I.    Introduction ................................................................. 47

    II.    Summary of Amendments .............................................. 47

        A.    Original Claims 1-51 .............................................. 47

        B.    Previously Added Claims 52-118 .............................. 48

        C.    Newly Added Claims 119-136 ................................ 49

    III.    Ground 6 ..................................................................... 49

        A.    Original Claims .................................................... 49

        B.    Previously Added Claims ....................................... 49

    IV.    Ground 9 ..................................................................... 50

    V.    Ground 11 ................................................................... 51

    VI.    Ground 12 ................................................................... 51

        A.    Original Claims .................................................... 51

        B.    Claims 7, 26, 33 and 44 ........................................ 52

    VII.    Ground 13 ................................................................... 54

        A.    Original Claims .................................................... 54

        B.    Previously Added Claims ....................................... 54

        C.    Claims 7, 26, 33 and 44 ........................................ 55

    VIII.    Grounds 14 and 15 ....................................................... 55

    IX.    Ground 16 ................................................................... 56

    X.    Ground 17 ................................................................... 57

    XI.    Ground 18 ................................................................... 57

    XII.    Response to Arguments .................................................. 57

    XIII.    Notice of Copending Proceedings ................................... 58

    XIV.    Explanation of Support for Claim Changes ....................... 59

la-1154468

# TABLE OF CONTENTS
(continued)

XV.   Conclusion ............................................................................................... 61

## REMARKS

### I.   <u>Introduction</u>

In the present reexamination of U.S. Patent No. 7,619,912 B2 (the '912 Patent), the Examiner issued a non-final Office Action on October 4, 2011.  This Office Action, however, was superseded by a new Office Action on October 14 to take into account the comments of one of the Requesters.  In the October 14 Office Action, the Examiner confirmed certain original dependent claims and found that certain previously added claims recited allowable subject matter.

The '912 Patent is currently the subject of two co-pending litigations that have been stayed. In an effort to expedite the reexamination and to simplify the issues, the Patent Owner hereby amends the claims based on the Examiner's indication of confirmed claims or allowable claims, with a few exceptions as discussed below, cancels some previously added claims without prejudice and adds new claims 119-136.  Neither the amendments nor these Remarks should be in any way construed that the Patent Owner agrees or acquiesces to any of the rejections in the October 14 Office Action.

### II.   <u>Summary of Amendments</u>

A.   <u>Original Claims 1-51</u>

In the October 14 Office Action, the Examiner found claim 66 to recite allowable subject matter.  (*See, e.g.*, October 14 Office Action at 84.)  The Patent Owner amends original independent claim 1 to recite the subject matter of claim 66.  Original independent claims 15, 28 and 39 have been similarly amended.

-47-

In addition, the Examiner confirmed original dependent claims 2, 5, 9, 16, 17, 21, 23, 30 and 51. The Patent Owner has placed these claims in independent form, with the exception of claim 17 as it depends from claim 16.

Original dependent claims 7, 26, 33 and 44 have also been placed in independent form. All of these claims stand rejected, which the Patent Owner respectfully traverses as discussed below.

The remaining original dependent claims depend from claims 1, 15, 28 or 39 and are not amended.

B.     Previously Added Claims 52-118

Based on the allowance of claim 66, it is believed that claims 52, 67, 77, 82 and 87 should also be allowed as discussed in more detail below. The Patent Owner has placed each of these previously added dependent claims in independent form.

The Examiner found claims 57 and 72 to recite allowable subject matter. (*See, e.g.*, October 14 Office Action at 84.) The Patent Owner has placed claims 57 and 72 in independent form.

The remaining previously dependent claims depend from claims 1, 15, 28, 39, 52, 57, 67, 72, 77, 82 or 87 and are not amended, except for claims 92 and 93. Previously added dependent claim 92 has been amended to recite "wherein the memory modules receives" as opposed to "wherein the set of input control signals includes," while claim 93 has been amended to recite "wherein the at least one integrated circuit element receives."

Finally, previously added claims 64-66, 94-108 and 112-118 have been cancelled without prejudice.

la-1154468

C.     Newly Added Claims 119-136

The Patent Owner submits new claims 119-136. These claims are added to replace some of the dependent claims that have been placed in independent form. All the newly added claims depend from claims 1, 15, 28 and 39 and thus are allowable.

## III.   **Ground 6**

In view of the above amendments, the Patent Owner will address each pending ground of rejection beginning with Ground 6.

A.     Original Claims

The Examiner rejected original independent claims 1, 15, 28 and 39 as being obvious in view of Amidi and JEDEC 21-C. (*See* October 14 Office Action at 18-20 and 22.) The Examiner did not adopt the rejection as to claim 66. (*Id*. at 31.) Given that claims 1, 15, 28 and 39 have been amended to recite the recitation of claim 66, the Patent Owner respectfully requests that the Examiner withdraw Ground 6 as to claims 1, 15, 28 and 39.

The Examiner further rejected original dependent claims 3, 4, 6, 8, 10-14, 18-20, 22, 24, 25, 27, 29, 31, 32, 34, 36-38, 40-43 and 45-50 under Ground 6. The Patent Owner respectfully requests that the Examiner withdraw Ground 6 as to these claims at least in view of the amendment to claims 1, 15, 28 and 39.

B.     Previously Added Claims

The Examiner rejected claim 52 under Ground 6. (*Id*. at 25-26.) The Patent Owner notes that claim 52 recites "the logic element is responsive at least in part to . . . the bank address signals . . . by generating a first number of chip-select signals of the set of output control signals . . . ." The Examiner cited his analysis of claim 1 for meeting this recitation. (*Id*. at 25.) The analysis of claim

-49-

1, however, does not address any such recitation.  Indeed, later in the October 14 Office Action, the Examiner expressly found that "Amidi does not disclose that CAS or chip-select signals are generated in response to bank address signals" with respect to claim 66.  (*Id.* at 31.)  The Patent Owner thus respectfully submits that claim 52 should have been allowed over Ground 6.  Claim 52 has been placed in independent form.

The same conclusion applies to previously added claims 67, 77, 82 and 87 which have similar recitations as claim 52 with respect to the bank address signals.  The Examiner cited his analysis of claim 52 for meeting the recitations of these claims.  (*Id.* at 27-29.)  The analysis of claim 52 which, in turn, refers to claim 1 is not sufficient as discussed above.  The Patent Owner thus respectfully submits that claims 67, 77, 82 and 87 should have been allowed over Ground 6. These claims have been placed in independent form.  Claims 68-71, 78, 79, 83, 84, 88 and 89 depend from claims 67, 77, 82 and 87 and are likewise patentable over Ground 6.

The Examiner further rejected previously added (and currently pending) claims 61-63, 75, 80, 81, 85, 86, 90, 91 and 109-111 under Ground 6.  All these claims depend from claims 1, 15, 28 and 39.  Accordingly, the Patent Owner respectfully requests that the Examiner withdraw Ground 6 as to these claims at least in view of the amendment to claims 1, 15, 28 and 39.

## IV.    <u>Ground 9</u>

The Examiner rejected original independent claims 1, 15, 28 and 39 as being obvious in view of Dell 1 and JEDEC 21-C.  (*See* October 14 Office Action at 35-37 and 38.)  Neither the Requesters nor the Examiner challenged claim 66 under Ground 9.  Given that claims 1, 15, 28 and 39 have been amended to recite the recitation of claim 66, the Patent Owner respectfully requests that the Examiner withdraw Ground 9 as to claims 1, 15, 28 and 39.

-50-

The Examiner further rejected original dependent claims 3, 4, 6, 8, 18-20, 22, 24, 25, 27, 29, 31, 32, 36-38, 41-43, 45 and 50 under Ground 9.  The Patent Owner respectfully requests that the Examiner withdraw Ground 9 as to these claims at least in view of the amendment to claims 1, 15, 28 and 39.

**V.    Ground 11**

The Examiner rejected original independent claims 1, 15, 28 and 39 as being obvious in view of Wong and JEDEC 21-C.  (*See* October 14 Office Action at 42-45.)  Neither the Requesters nor the Examiner challenged claim 66 under Ground 11.  Given that claims 1, 15, 28 and 39 have been amended to recite the recitation of claim 66, the Patent Owner respectfully requests that the Examiner withdraw Ground 11 as to claims 1, 15, 28 and 39.

The Examiner further rejected original dependent claims 3, 4, 6, 8, 18-20, 22, 24, 25, 27, 29, 31, 32, 36-38, 41, 42, 43, 45 and 50 under Ground 11.  The Patent Owner respectfully requests that the Examiner withdraw Ground 11 as to these claims at least in view of the amendment to claims 1, 15, 28 and 39.

**VI.   Ground 12**

A.    Original Claims

The Examiner rejected original independent claims 1, 15, 28 and 39 as being obvious in view of Micron and Connolly.  (*See* October 14 Office Action at 48-50 and 52.)  The Examiner did not adopt the rejection as to claim 66.  (*Id.* at 58.)  Given that claims 1, 15, 28 and 39 have been amended to recite the recitation of claim 66, the Patent Owner respectfully requests that the Examiner withdraw Ground 12 as to claims 1, 15, 28 and 39.

The Examiner further rejected original dependent claims 3, 4, 6, 8, 10, 11, 18-20, 22, 24, 25, 27, 29, 31, 32, 35-38, 41-43, 45 and 50 under Ground 12.  The Patent Owner respectfully requests that the Examiner withdraw Ground 12 as to these claims at least in view of the amendment to claims 1, 15, 28 and 39.

B.     Claims 7, 26, 33 and 44

Original dependent claim 7 recites "wherein the bank address signals of the set of input control signals are received by both the logic element and the register."  Claim 26 also recites the bank address signals being received by the logic element and the register:  "wherein the logic element receives the bank address signals and the command signal from the computer system and the register receives the bank address signals and the command signal from the computer system."  Claim 33 recites "wherein the register receives the bank address signals and the input command signal of the set of input control signals" and claim 28, from which claim 33 depends, recites the logic element receiving bank address signals.  Finally, claim 44 recites "wherein both the register and the logic element receive the bank address signals and at least one command signal of the plurality of input signals."  In short, all four of these claims recite the register receiving bank address signals.

In the October 14 Office Action, the Examiner relied on Micron, particularly Fig. 4, for these claims.  (*See* October 14 Office Action, at 51, 54 and 55.)  The bottom of Fig. 4 of Micron discloses a single unit Register that is designated with U37 and U38 receiving 22 input signals.  Because the Examiner relied on U37 and U38 as meeting the logic element and register limitations and both appear to receive 22 input signals, the Examiner concluded that the register also receives bank address signals as recited in claims 7, 26, 33 and 44.  The Patent Owner respectfully disagrees.

-52-

Micron discloses that the U37 and U38 designations refer to the SSTV16859 type which is compatible with JEDEC standard JESD82. (*See, e.g.*, Micron at Table 12 ("Register Specifications SSTV 16859 devices or equivalent JESD82-4B . . . Detailed Information for this register is available in JEDEC Standard JESD82.").)  The cited JEDEC standard in turn defines each such register as a 13-bit registered buffer. (*See, e.g.*, JEDEC 82-4B, at page 1 and Fig. 1.)  Therefore, Fig. 4 of Micron in fact refers to U37 and U38 as a single 22-bit register, as it takes two SSTV16859 registered buffers to register the 22 input signals (RAS, CAS, CKE0-1, WE, A0-A12, BA0-1, S0-1).  Because each SSTV16859 can only register a portion of the 22 designated input signals, and nowhere does Micron describe which signals are registered by U37 versus U38, then Micron fails to disclose which of the 22 input signals are received by the logic element (U37), and which signals are received by the register (U38) to meet the claim recitation that the register receives bank address signals.

Even if one were to use input signals designations of Registers 1 and 2 of JEDEC 21-C, as shown on page 4.20.4-18 and referenced in Ground 6, to correspond to Micron's U37 and U38 registers respectively, then (i) the logic element (U37) would receive A0, A10, S0, S1, CAS, RAS, BA0, BA1, and WE which are associated with Register 2, and (ii) the register (U38) would receive A1-A9, A11, A12, CKE0, and CKE1 which are associated with Register 1.  It is very clear that the Examiner's combination still would not result in a register that receives the bank address signals as clearly required by claims 7, 26, 33 and 44.

Therefore, the Patent Owner respectfully requests that the Examiner withdraw the rejection as to claims 7, 26, 33 and 44 under Ground 12.

## VII.   <u>Ground 13</u>

### A.   <u>Original Claims</u>

The Examiner rejected original independent claims 1, 15, 28 and 39 as being obvious in view of Micron and Amidi.  (*See* October 14 Office Action at 60-62 and 64.)  The Examiner did not adopt the rejection as to claim 66.  (*Id*. at 74.)  Given that claims 1, 15, 28 and 39 have been amended to recite the recitation of claim 66, the Patent Owner respectfully requests that the Examiner withdraw Ground 13 as to claims 1, 15, 28 and 39.

The Examiner further rejected original dependent claims 3, 4, 6, 8, 10, 11, 18-20, 22, 24, 25, 27, 29, 31, 32, 34, 36-38, 41-43 and 45 under Ground 13.  The Patent Owner respectfully requests that the Examiner withdraw Ground 13 as to these claims at least in view of the amendment to claims 1, 15, 28 and 39.

### B.   <u>Previously Added Claims</u>

The Examiner rejected claim 52 under Ground 13.  (*Id*. at 67.)  The Patent Owner notes that claim 52 recites "the logic element is responsive at least in part to . . . the bank address signals . . . by generating a first number of chip-select signals of the set of output control signals . . . ."  The Examiner cited his analysis of claim 1 for meeting this recitation.  (*Id*. at 60 and 67.)  The analysis of claim 1, however, does not address any such recitation.  Indeed, later in the October 14 Office Action, the Examiner expressly found that "Amidi does not disclose that CAS or chip-select signals are generated in response to bank address signals" with respect to claim 66.  (*Id*. at 74.)  The Patent Owner thus respectfully submits that claim 52 should have been allowed over Ground 13.  Claim 52 has been placed in independent form.  Claim 53 depend from claim 52 and is likewise patentable over Ground 13.

The same conclusion applies to previously added claims 67, 77, 82 and 87 which have similar recitations as claim 52 with respect to the bank address signals. The Examiner cited his analysis of claim 52 for meeting the recitations of these claims. (*Id.* at 70-71.) The analysis of claim 52 which, in turn, refers to claim 1 is not sufficient as discussed above. The Patent Owner thus respectfully submits that claims 67, 77, 82 and 87 should have been allowed over Ground 13. These claims have been placed in independent form. Claims 68-71, 78, 79, 83, 84, 88 and 89 depend from claims 67, 77, 82 and 87 and are likewise patentable over Ground 13.

The Examiner further rejected previously added (and currently pending) claims 61-63, 75, 76, 80, 81, 85, 86, 90, 91 and 109-111 under Ground 13. All these claims depend from claims 1, 15, 28 and 39. Accordingly, the Patent Owner respectfully requests that the Examiner withdraw Ground 13 as to these claims at least in view of the amendment to claims 1, 15, 28 and 39.

C.      Claims 7, 26, 33 and 44

All four of these claims recite the register receiving bank address signals as discussed above. As with Ground 12, the Examiner again relied on Micron for disclosing this limitation in his analysis for Ground 13. (*See* October 14 Office Action at 63, 65 and 67.) Therefore, the Patent Owner respectfully requests that the Examiner withdraw the rejection as to claims 7, 26, 33 and 44 under Ground 13 for the reasons discussed above.

## VIII.   **Grounds 14 and 15**

The Examiner rejected previously added claims 92-101 and 115-118 under § 112, first paragraph, for lack of written description, and claims 115-118 additionally for lack of enablement. (*See* October 14 Office Action at 76-78.)

-55-

With respect to the rejection of claims 92 and 93, claim 92 has been amended to recite "wherein the memory module receives" while claim 93 has been amended to recite "wherein the at least one integrated circuit element receives." It is believed that these amendments overcome the Examiner's rejection under Ground 14.

With respect to the rejection of claims 94-101 and 115-118, the Patent Owner has cancelled these claims without prejudice in order to expedite the reexamination and to simplify the issues. Thus, the rejections are moot. For clarity of record, the Patent Owner believes that these claims are supported and enabled by the specification. For example, the specification specifically discloses generating chip-select signals in at least Example 1 (spanning Columns 14-17), Fig. 1A (illustrating generated chip-select signals) and at Col. 23, lines 18-24, which provides:

> In certain embodiments, the PLD 42 uses sequential and combinatorial logic procedures to produce the gated CAS signals which are each transmitted to a corresponding one of the four ranks 32, 34, 36, 38. In certain other embodiments, the PLD 42 instead uses sequential and combinatorial logic procedures to produce four gated chip-select signals (e.g., CS.sub.0a, CS.sub.0b, CS.sub.1a, and CS.sub.1b) which are each transmitted to a corresponding one of the four ranks 32, 34, 36, 38.

Nothing in this response should be construed that the Patent Owner agrees or acquiesces to these rejections.

## IX.   Ground 16

The Examiner rejected previously added claims 116-118 under § 112, second paragraph. (*See* October 14 Office Action at 80.) These claims have been rejected without prejudice in order to expedite the reexamination and to simplify the issues. Thus, the rejection is moot.

## X.     Ground 17

The Examiner rejected previously added dependent claim 76 as being obvious in view of Amidi, JEDEC 21-C and Vogt. (*See* October 14 Office Action at 83.) Claim 76 depends from claim 1 as amended. Neither the Requesters nor the Examiner challenged claim 66 under Ground 17. Moreover, the Examiner found claim 66 to be allowable over Amidi and JEDEC 21-C, and Vogt was not cited for the deficiencies of Amidi and JEDEC 21-C as to the recitation of claim 66. Accordingly, the Patent Owner respectfully requests that the Examiner withdraw Ground 17 as to claim 76 for at least this reason.

For clarity of record, the Patent Owner does not concede that Vogt is prior art to the claimed invention or that Vogt is a printed publication.

## XI.     Ground 18

The Examiner rejected original independent claims 1, 15, 28 and 39 as being obvious in view of Micron, Connolly and Dell 2. (*See* October 14 Office Action at 83.) Neither the Requesters nor the Examiner challenged claim 66 under Ground 18. Given that claims 1, 15, 28 and 39 have been amended to recite the recitation of claim 66, the Patent Owner respectfully requests that the Examiner withdraw Ground 18 as to claims 1, 15, 28 and 39.

## XII.    Response to Arguments

In the October 14 Office Action, particularly at pages 85-92, the Examiner made a number of statements, such as relating to the state of the art. The Patent Owner does not agree or acquiesce to these statements, and nothing in this response should be construed as agreeing or acquiescing to them. In fact, for clarity of record, the decision to not directly address in this Response any specific points, whether due to a claim cancellation or otherwise, does not indicate that Patent Owner agrees

-57-

with or acquiesces to these specific points.  The Patent Owner reserves its rights to seek or defend similar claims in related applications or patents, which may be in reexamination.  Furthermore, the Patent Owner discusses above only some of the claim features of the '912 patent for the sake of brevity.  These discussions should not be interpreted as Patent Owner asserting or acquiescing that the claims are not disclosed or rendered obvious because of only these features.

Finally, with respect to the secondary considerations analysis, the Examiner appears to require a nexus between the praise/acceptance and the "claimed features that are found to be obvious."  (*See* October 14 Office Action at 85.)  This is not the proper legal standard. Instead, what is required is a nexus between the <u>merits of the claimed invention</u> and the evidence of secondary considerations.  (*See* MPEP 716.01(b).)  In addition, "[t]o be pertinent to the issue of nonobviousness, the commercial success of devices falling within the claims of the patent must flow from the functions and advantages disclosed or inherent in the description in the specification." (*See* MPEP 716.03(b).)  Here, at minimum, the claimed invention as a whole achieves the laudable properties provided by the HyperCloud product, as described in the previously submitted Lee and Lopes declarations.

## XIII.   Notice of Copending Proceedings

Pursuant to 37 C.F.R. § 1.985(a), the Patent Owner identifies the co-pending litigations styled *Netlist, Inc. v. Inphi Corporation*, Case No. CV-09-6900-DSF (RNBx), in the United States District Court for the Southern District of California, and *Google v. Netlist*, 4:08-cv-04144-SBA (CAND), in the Northern District of California.  These actions were stayed on May 18, 2010 and January 11, 2011 pending the present reexaminations of three other related patents:  U.S. Patent No. 7,289,386 being reexamined in reexaminations bearing control nos. 95/000,546 and 95/000,577

-58-

la-1154468

(*Google* litigation only); U.S. Patent No. 7,532,537 being reexamined in the reexamination bearing control no. 95/001,381 (*Inphi* litigation only); and U.S. Patent No. 7,636,274 being reexamined in the reexamination bearing control no. 95/001,337 (*Inphi* litigation only).

In addition, the '912 Patent is related to following patents and pending applications:  U.S. Patent No. 7,864,627 being reexamined in the reexamination bearing control no. 95/001,758; four newly issued patents, *i.e.*, U.S. Patent Nos. 8,072,837; 8,081,535, 8,081,536; and 8,081,537, as well as U.S. Patent Nos. 7,286,436, 7,881,150 and 7,916,574; and pending applications 12/912,623, 13/287,042 and 13/287,081.

### XIV.   Explanation of Support for Claim Changes

With respect to the amendment to independent claims 1, 15, 28 and 39, support for the amendment can be found in the specification and drawings including, without limitation, at Col. 14, line 17 to Col. 19, line 53, Col. 22, lines 50-63, Col. 23, lines 6-25 and Figs. 3A and 3B.

With respect to claims 2, 5, 7, 9, 16, 21, 23, 26, 30, 33, 44, 51, 52, 57, 67, 72, 77, 82 and 87, all of these claims have placed into independent form.  Thus, they have been changed by adding the recitations of independent claims 1, 15, 28 or 39 to them.  The support for the recitations of the independent claims 1, 15, 28 and 39 can be found in the specification and drawings including, without limitation, at Col. 5, lines 6-36, Col. 6, lines 12-16 and 31-38, Col. 6, line 55 to Col. 7, line 34, Col. 7, lines 35 to Col. 9, line 21, Col. 11, line 43 to Col. 12, line 10, Col. 22, lines 15-63, Col. 23, lines 6-25, Col. 28, lines 25-32 and Figs. 1A, 1B, 3A, 3B, 11A and 11B.

With respect to claims 92 and 93, support for the changes to claims 92 and 93 can be found in the specification and drawings including, without limitation, at Col. 7, lines 39-41 and Figs. 1A and 1B.

la-1154468

The Patent Owner respectfully submits new claims 119-136 for consideration with this Amendment. Almost all of these claims are added to replace some of the dependent claims that have been placed in independent form. All the newly added claims depend from claims 1, 15, 28 and 39 and thus are allowable for at least the reasons set forth above.

Claim 119 is identical to original claim 3, but depends from claim 2. Support for claim 119 can be found in the specification and drawings including, without limitation, at Col. 6, line 55 to Col. 7, line 19 and Figs. 1A and 1B.

Claim 120 depends from claim 1. Support for this claim can be found in the specification and drawings including, without limitation, at Col. 10, lines 49-55 and Col. 12, lines 12-15.

Claims 121 and 122 correspond to original dependent claims 7 and 9, which have been placed in independent form. Support for claims 121 and 122 can be found in the specification and drawings including, without limitation, at Col. 7, lines 50-53 for claim 121, and at Col. 5, lines 36-37 for claim 122.

Claims 123-127 depend from claim 1. The newly added dependent claims correspond to previously added dependent claims 52-56, as claim 52 has been placed in independent form. Support for claims 123-127 can be found in the specification and drawings including, without limitation, at the citations to the specification and drawings set forth at pages 21-22 of the Patent Owner's July 5 Response for claims 52-56 respectively.

Claims 128-131 depend from claim 1. The newly added dependent claims correspond to previously added dependent claims 57-60, as claim 57 has been placed in independent form. Support for claims 128-131 can be found in the specification and drawings including, without

-60-

limitation, at the citations to the specification and drawings set forth at pages 22-23 of the Patent Owner's July 5 Response for claims 57-60 respectively.

Claims 132-134 depend from claim 15.  The newly added dependent claims correspond to original dependent claims 16 and 26, which have been placed in independent form, and claim 17. Support for claims 132-134 can be found in the specification and drawings including, without limitation, at Col. 8, lines 50-54 for claim 132; Col. 8, lines 44-54 for claim 133; and Col. 7, lines 50-53 for claim 134.

Claim 135 depends from claim 28.  The newly added dependent claim corresponds to original dependent claim 33, which had been placed in independent form.  Support for claim 135 can be found in the specification and drawings including, without limitation, at Col. 21, lines 54-66 and Figs. 2A and 2B.

Claim 136 depends from claim 39.  The newly added dependent claim corresponds to original dependent claim 44, which has been placed in independent form.  Support for claims 136 can be found in the specification and drawings including, without limitation, at Col. 7, lines 50-53.

## XV.   <u>Conclusion</u>

For the above reasons, the Patent Owner respectfully submits that the pending claims should be confirmed or allowed.

In the unlikely event that the transmittal letter is separated from this document and the Patent Office determines that an extension and/or other relief is required, the Patent Owner petitions for any required relief, including extensions of time, and authorizes the Commissioner to charge the cost of such petitions and/or other fees due in connection with the filing of this document to **Deposit Account No. 03-1952** referencing Docket No. **635162800300**.

Dated:  January 13, 2012                    Respectfully submitted,

                                            By_____
                                            Mehran Arjomand
                                               Registration No.: 48,231
                                            MORRISON & FOERSTER LLP
                                            555 West Fifth Street, Suite 3500
                                            Los Angeles, California  90013
                                            (213) 892-5630

-62-

la-1154468

## CERTIFICATE OF SERVICE

Pursuant to 37 CFR 1.903, the undersigned, on behalf of the Patent Owner, hereby certifies that a copy of the following documents:

1.     Transmittal dated January 13, 2012 (1 page); and
2.     Response/Amendment dated January 13, 2012 (66 pages, including this certificate of service);

was served on the Third Party Requesters via first class mail on January 13, 2012.  The names and addresses of the parties served are as follows:

For Requester 95/000,578:  Michael Heafey, Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025.

For Requester 95/000,579:  Hans Troesch, Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, CA 94063.

For Requester 95/001,339:  David A. Jakopin, Pillsbury Winthrop Shaw Pittman, LLP, P.O. Box 10500, McLean, VA 22012.

Mehran Arjomand

la-1154468