1   IRELL & MANELLA LLP
    Jason G. Sheasby (CA SBN 205455)
2   jsheasby@irell.com
    Andrew J. Strabone (CA SBN 301659)
3   astrabone@irell.com
4   1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067
5   Telephone: (310) 277-1010
    Facsimile: (310) 203-7199
6
7   *Attorneys for Plaintiff Netlist, Inc.*

8
                **UNITED STATES DISTRICT COURT**
9               **NORTHERN DISTRICT OF CALIFORNIA**
10                   **OAKLAND DIVISION**

11  NETLIST, INC.,                      )  Case No. 4:09-cv-05718-SBA
                                        )
12              Plaintiff,              )
                                        )
13                                      )  **PLAINTIFF NETLIST'S NOTICE OF**
        v.                              )  **MOTION AND MOTION FOR PARTIAL**
14                                      )  **SUMMARY JUDGMENT ON GOOGLE'S**
    GOOGLE LLC,                         )  **INTERVENING RIGHTS DEFENSE FOR**
15                                      )  **CLAIM 16**
                Defendant.              )
16  _____     )  Date: November 10, 2021

17                                         Time: 2:00 PM

18                                         Location: Oakland Courthouse

19

20

21

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

**NOTICE OF MOTION**

To all parties and their attorneys of record:

Please take notice that on October 13, 2021 or as soon thereafter as the matter may be heard, at the Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, or remotely should the Court so order, before the Honorable Saundra Brown Armstrong, Plaintiff Netlist, Inc. ("Netlist") will and hereby does move for an order finding that defendant Google LLC ("Google") is not entitled to an intervening rights defense under 35 U.S.C. §§ 252, pre-AIA 316(b) for claim 16 of U.S. Patent No. 7,619,912 (the "'912 patent").  This motion is based on: this Notice of Motion; the Memorandum of Points and Authorities below; the Declaration of Andrew J. Strabone and exhibits attached thereto; all documents in the Court's file; and such other written or oral argument as may be presented at or before the time this motion is heard by the Court.

**STATEMENT OF RELIEF REQUESTED**

Netlist seeks an order holding: that Google is not entitled to an intervening rights defense under 35 U.S.C. §§ 252, pre-AIA 316(b) for any products accused of infringement of claim 16.

**STATEMENT OF THE ISSUES TO BE DECIDED**

(1) Whether Google's intervening rights defense fails as a matter of law because reexamined claim 16 is not "amended" or "new" under pre-AIA 35 U.S.C. § 316(b);

(2) If not, whether Google's intervening rights defense fails as a matter of law because reexamined claim 16 is "substantially identical" to original claim 16 under 35 U.S.C. §§ 252, pre-AIA 316(b).

**CERTIFICATION**

Pursuant to Paragraph 4 of the Court's Standing Order, counsel for Netlist certifies that it met and conferred with counsel for Google in a good-faith effort to resolve the issues raised in this motion.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................................... 1

II.  BACKGROUND ..................................................................................................... 3

    A.   The '912 Patent ........................................................................................... 3

    B.   Procedural Reexamination History ............................................................. 4

    C.   The Present Litigation ................................................................................. 5

III. STATEMENT OF UNDISPUTED FACTS ........................................................... 5

IV.  LEGAL STANDARD ............................................................................................ 6

V.   ARGUMENT ......................................................................................................... 8

    A.   Claim 16 Is Not "Amended" Or "New" Under Pre-AIA Section
        316(b) Because Claim 16 Was Not Modified When Rewritten In
        Independent Form ........................................................................................ 8

    B.   Even If Reissued Claim 16 Is "Amended" Or "New," It Is
        Substantially Identical To Original Claim 16 ........................................... 10

        1.   Rewriting Dependent Claims In Independent Form Is Not A
            Substantive Change In Claim Scope ............................................. 10

        2.   Google's Other Arguments Fail As A Matter Of Law ............................ 12

            (a)   Google's "Argument" Disclaimer Argument Fails As
                A Matter Of Law .............................................................. 13

            (b)   The Doctrine Of Equivalents And Prosecution
                History Estoppel Are Irrelevant To Intervening
                Rights .............................................................................. 14

VI.  CONCLUSION .................................................................................................... 18

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- i -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ..................................................................................................6

*Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*,
610 F. Supp. 2d 370 (M.D. Pa. 2009), *aff'd*, 477 F. App'x 740 (Fed. Cir. 2012).....................17

*Bloom Eng'g Co. v. N. Am. Mfg. Co.*,
129 F.3d 1247 (Fed. Cir. 1997) ...................................................... *passim*

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ..................................................................................................6

*Dexcowin Glob., Inc. v. Aribex, Inc.*,
No. 16-cv-143, 2017 WL 3477748 (C.D. Cal. June 7, 2017) .................................3, 11

*Felix v. Am. Honda Motor Co., Inc.*,
562 F.3d 1167 (Fed. Cir. 2009)...............................................................16, 17, 18

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*,
535 U.S. 722 (2002) ...............................................................................................15

*Google LLC v. Netlist, Inc.*,
810 F. App'x 902 (Fed. Cir. 2020)..........................................................................4, 6

*Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*,
339 U.S. 605 (1950) ...............................................................................................15

*Honeywell Intern. Inc. v. Hamilton Sundstrand Corp.*,
370 F.3d 1131 (Fed. Cir. 2004)...............................................................16, 17, 18

*Hutchins v. Zoll Med. Corp.*,
492 F.3d 1377 (Fed. Cir. 2007) .................................................................................9

*Jazz Photo Corp. v. Int'l Trade Comm'n*,
264 F.3d 1094 (Fed. Cir. 2001) .................................................................................7

*Laitram Corp. v. NEC Corp.*,
163 F.3d 1342 (Fed. Cir. 1998) ............................................................................9, 10

*Linear Tech. Corp. v. Micrel, Inc.*,
No. 94-cv-1633, 2006 WL 8425047 (N.D. Cal. June 9, 2006) ...................................7

*Marine Polymer Techs., Inc. v. HemCon, Inc.*,
659 F.3d 1084 (Fed. Cir. 2011)...............................................................................13

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

**Page(s)**

*Marine Polymer Techs., Inc. v. HemCon, Inc.*
   672 F.3d 1350 (Fed. Cir. 2012) (en banc) ...................................................................... *passim*

*Mass. Inst. of Tech. v. Shire Pharms.*,
   839 F.3d 1111 (Fed. Cir. 2016) ....................................................................................... 13

*NexMed Holdings, Inc. v. Beta Techs., Inc.*,
   718 F. Supp. 2d 1299 (D. Utah 2010) ......................................................................... 3, 11

*Ortho-Mcneil Pharm., Inc. v. Kali Labs., Inc.*,
   482 F. Supp. 2d 478 (D.N.J. 2007) .............................................................................. 3, 12

*Paradox Sec. Sys. Ltd. v. ADT Sec. Servs., Inc.*,
   710 F. Supp. 2d 590 (E.D. Tex. 2008) ............................................................................ 15

*Regents of Univ. of Cal. v. Dako N. Am., Inc.*,
   No. 05-cv-3955, 2009 WL 1083446 (N.D. Cal. Apr. 22, 2009) ...................................... 6

*Robert Bosch, LLC v. Pylon Mfg. Corp.*,
   No. CIV. 08-542-SLR, 2010 WL 1485326 (D. Del. Apr. 12, 2010) ............................... 17

*Safoco, Inc. v. Cameron Int'l Corp.*,
   No. 05-cv-739, 2009 WL 10742813 (S.D. Tex. Apr. 9, 2009) .......................... 3, 12, 15, 17

*Seattle Box Co. v. Indus. Crating & Packing, Inc.*,
   731 F.2d 818 (Fed. Cir. 1984) ......................................................................................... 10

*SignalQuest, Inc. v. Tien-Ming Chou*,
   No. 11-cv-392, 2016 WL 738209 (D.N.H. Feb. 23, 2016) ........................................... 3, 11

*Sonos Inc. v. D&M Holdings*,
   No. 14-cv-1330, 2017 WL 4969330 (D. Del. Nov. 1, 2017) ..................................... 3, 11, 18

*Thermalloy, Inc. v. Aavid Eng'g, Inc.*,
   121 F.3d. 691 (Fed. Cir. 1997) ..................................................................................... 3, 16

*Visto Corp. v. Sproqit Techs., Inc.*,
   413 F. Supp. 2d. 1073 (N.D. Cal. 2006) ......................................................................... 1, 8

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*,
   520 U.S. 17 (1997) ........................................................................................................... 15

*Westvaco Corp. v. Int'l Paper Co.*,
   991 F.2d 735 (Fed. Cir. 1993) ......................................................................................... 10

**Statutes**

35 U.S.C. § 112(d) ................................................................................................................ 2, 9

35 U.S.C. § 252 ............................................................................................................. *passim*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- iii -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

**Page(s)**

35 U.S.C. § 305 ...................................................................................................16

35 U.S.C. § 307 ...........................................................................................7, 8, 14

Pre-AIA 35 U.S.C. § 316(b) ............................................................................ *passim*

**Rules**

Fed. R. Civ. P. 56(a) ...............................................................................................6

**Other Authorities**

H.R. Rep. No. 82-1923, 26 (1952) ......................................................................12

P.J. Federico, *Commentary on the New Patent Act*, 75 J. Pat. & Trademark Off.
   Soc'y 161 (1993) ..............................................................................................12

S. Rep. No. 82-1979, 2420 (1952) ......................................................................12

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.      **INTRODUCTION**

Google has asserted an intervening rights defense against claim 16, which was confirmed as patentable during reexamination and was then rewritten in independent form with no change in language.  The Federal Circuit has expressly rejected this argument.  At least twice.

Netlist's Interrogatory No. 3 required Google to set out the entire legal and factual bases for its intervening rights defense.  Ex. 1 at 7.  After Google's refusal to provide a substantive response on its intervening rights contentions, Magistrate Judge Spero ordered that Google "must" answer Interrogatory No. 3 "***in full***."  Dkt. 145 ("Court ruled that ROG #3 must be answered in full."). Given the state of the record, summary judgment disposing of the defense as to claim 16 is proper.

Intervening rights is a statutory defense that can limit damages for infringement of reexamined claims in certain circumstances unless those claims are "substantially identical" to an original claim in the patent.  35 U.S.C. §§ 252, pre-AIA 316(b).  Absolute intervening rights provides certain defenses for products made or used prior to reexamination conclusion; equitable intervening rights may also provide certain limits on damages for products used after reexamination, but only after additional detailed factual and equitable findings.  *Marine Polymer Techs., Inc. v. HemCon, Inc.* 672 F.3d 1350, 1361-62 (Fed. Cir. 2012) (en banc); *Visto Corp. v. Sproqit Techs., Inc.*, 413 F. Supp. 2d 1073, 1089-90 (N.D. Cal. 2006) (listing factors courts have considered for equitable intervening rights).  Both the absolute and equitable intervening rights inquiries ask the same two threshold questions.  First, is the reexamined claim "amended" or "new" under § 316(b)? If not, the inquiry ends, and an intervening rights defense does not apply.  Second, if the reexamined claim is "amended" or "new," is the scope of the reexamined claim "substantially identical" to the scope of the original claim?  If the claims are "substantially identical," then an intervening rights defense does not apply.

Google's intervening rights defense as to claim 16 fails as a matter of law.  First, reexamined claim 16 is not "amended" or "new" under the meaning of pre-AIA 35 U.S.C. § 316(b).  *Marine Polymer*, 672 F.3d at 1365 (rejecting accused infringer's attempt to "invoke intervening rights against claims that the PTO confirmed on reexamination to be patentable as originally issued").  The

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

- 1 -

language of claim 16 remained unaltered throughout the reexamination.  *See* Ex. 12 (comparing the language of original and reexamined claim 16).  Original claim 16 was confirmed as patentable on April 4, 2011, and then only rewritten in independent form.  Ex. 4 at 21-22, 24; Ex. 7 at 9-10.  By this change, Netlist made explicit the language of original claim 15 that was already incorporated by reference in original claim 16, which depended from claim 15.  *See* 35 U.S.C. 112(d) (a dependent claim "shall be construed to incorporate by reference all the limitations of the claim to which it refers").  As such, reexamined claim 16 is not "amended" or "new" for purposes of § 316(b), and intervening rights do not apply as a matter of law.  *See infra* Table 1.

**Table 1**[1]

| Original Claims 15 and 16 | Reexamined Claim 16 |
| --- | --- |
| 25  **15.** A memory module connectable to a computer system, the memory module comprising:<br>     a printed circuit board;<br>30     a plurality of double-data-rate (DDR) memory devices coupled to the printed circuit board, the plurality of DDR memory devices having a first number of DDR memory devices arranged in a first number of ranks;<br>     a circuit coupled to the printed circuit board, the circuit comprising a logic element and a register, the logic<br>35     element receiving a set of input signals from the computer system, the set of input signals comprising at least one row/column address signal, bank address signals, and at least one chip-select signal, the set of input signals configured to control a second number of DDR memory<br>40     devices arranged in a second number of ranks, the second number of DDR memory devices smaller than the first number of DDR memory devices and the second number of ranks less than the first number of ranks, the circuit generating a set of output signals in response to<br>45     the set of input signals, the set of output signals configured to control the first number of DDR memory devices arranged in the first number of ranks, wherein the circuit further responds to a command signal and the set of input signals from the computer system by selecting one or<br>50     two ranks of the first number of ranks and transmitting the command signal to at least one DDR memory device of the selected one or two ranks of the first number of ranks; and<br>     a phase-lock loop device coupled to the printed circuit<br>55     board, the phase-lock loop device operatively coupled to the plurality of DDR memory devices, the logic element, and the register.<br>     **16.** The memory module of claim **15**, wherein the command signal is transmitted to only one DDR memory device<br>60     at a time. | **16.** [The memory module of claim **15**] *A memory module* 10 *connectable to a computer system, the memory module comprising:*<br>     *a printed circuit board;*<br>     *a plurality of double-data-rate (DDR) memory devices coupled to the printed circuit board, the plurality of DDR memory devices having a first number of DDR* 15 *memory devices arranged in a first number of ranks;*<br>     *a circuit coupled to the printed circuit board, the circuit comprising a logic element and a register, the logic element receiving a set of input signals from the computer system, the set of input signals comprising at least* 20 *one row/column address signal, bank address signals, and at least one chip-select signal, the set of input signals configured to control a second number of DDR memory devices arranged in a second number of ranks, the second number of DDR memory devices smaller* 25 *than the first number of DDR memory devices and the second number of ranks less than the first number of ranks, the circuit generating a set of output signals in response to the set of input signals, the set of output signals configured to control the first number of DDR* 30 *memory devices arranged in the first number of ranks, wherein the circuit further responds to a command signal and the set of input signals from the computer system by selecting one or two ranks of the first number of ranks and transmitting the command signal to at* 35 *least one DDR memory device of the selected one or two ranks of the first number of ranks; and*<br>     *a phase-lock loop device coupled to the printed circuit board, the phase-lock loop device operatively coupled to the plurality of DDR memory devices, the logic* 40 *element, and the register,*<br>     wherein the command signal is transmitted to only one DDR memory device at a time. |

---

[1] Table 1 provides screen captures of original claims 15 and 16 from the '912 patent and reexamined claim 16 from the certificate of reexamination. Ex. 2 at 34:25-60; Ex. 3 at 3:9-43.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 2 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

Second, even if this Court were to find reexamined claim 16 "amended" for purposes of pre-AIA 35 U.S.C. § 316(b), the scope of reexamined claim 16 is "substantially identical" to the original claim 16.  Under settled Federal Circuit law, rewriting a dependent claim to independent form cannot result in a substantive change of scope for the purposes of § 252.  *Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997) (finding no substantive change resulted from moving limitations from dependent claims to independent claims because this "did no more than restate original claims 7 and 18 in independent form"); 35 U.S.C. § 252.   Indeed, district courts are consistently in agreement and have found that rewriting dependent claims into independent form is not a substantive change that triggers intervening rights.  *Sonos Inc. v. D&M Holdings*, No. 14-cv-1330, 2017 WL 4969330, at *5 (D. Del. Nov. 1, 2017); *Dexcowin Glob., Inc. v. Aribex, Inc.*, No. 16-cv-143, 2017 WL 3477748, at *14 (C.D. Cal. June 7, 2017); *SignalQuest, Inc. v. Tien-Ming Chou*, No. 11-cv-392, 2016 WL 738209, at *4 (D.N.H. Feb. 23, 2016); *NexMed Holdings, Inc. v. Beta Techs., Inc.*, 718 F. Supp. 2d 1299, 1314 (D. Utah 2010); *Safoco, Inc. v. Cameron Int'l Corp.*, No. 05-cv-739, 2009 WL 10742813, at *9 (S.D. Tex. Apr. 9, 2009), *report and recommendation adopted*, 2009 WL 10695587 (S.D. Tex. May 8, 2009); *Ortho-Mcneil Pharm., Inc. v. Kali Labs., Inc.*, 482 F. Supp. 2d 478, 488 (D.N.J. 2007).  Thus, because rewriting a claim in independent form does not substantively change the scope of a claim, Google's intervening rights defense fails as a matter of law.

Google's other arguments fare no better.   In its interrogatory responses, Google has suggested that disclaimers allegedly made during prosecution or prosecution history estoppel can trigger intervening rights. Ex. 1 at 28-32.  These arguments contradict black-letter Federal Circuit case law.  *See Marine Polymer*, 672 F.3d at 1362-64; *Thermalloy, Inc. v. Aavid Eng'g, Inc.*, 121 F.3d. 691, 694 (Fed. Cir. 1997).

## II.   BACKGROUND

### A.   The '912 Patent

The '912 patent relates to memory modules capable of expanding the number of memory devices that can be accessed by a computer.  The individual memory devices (e.g., "dynamic random

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

- 3 -

access memory" or "DRAM") on which information is stored can be combined into discrete sets or "ranks" to effectively increase the capacity of the memory module.  Ex. 2 at 2:16-30.  The '912 patent explains that for a given amount of total module memory (e.g. 4 GB) it is more cost-effective to use a larger number of low-density memory devices (e.g. 512 Mb DRAM devices) as opposed to a smaller number of high-density memory devices (e.g. 1 GB DRAM devices).  *Id.* at 4:59-64.  But most computer systems are unable to take advantage of this critical cost-savings feature.  *Id.* at 1:20-2:42.  The '912 Patent solves this problem by, among other things, implementing circuitry into the memory module that translates between the computer system's memory controller and the memory devices on the module.  *Id.* at 12:12-23:35.

**B.    Procedural Reexamination History**

The '912 patent issued on November 17, 2009.  Ex. 2.  The present suit commenced on Dec. 4, 2009.  Dkt. 1.  Google, along with Smart Modular Technologies Inc. ("SMART"), and Inphi Corporation ("Inphi"), sought reexamination of the '912 Patent.  Dkt. 66 at 1.  The USPTO ordered *inter partes* reexamination, and merged the proceedings brought by Google, SMART, and Inphi (the "Joint Defense Group").  Ex. 4 at 2.  The three challengers operated under a common interest agreement to challenge all the claims in the patent.[2]  The *inter partes* reexamination proceedings concluded with the Federal Circuit's summary affirmance of the PTAB on June 15, 2020.  *Google LLC v. Netlist, Inc.*, 810 F. App'x 902 (Fed. Cir. 2020).

During the entire length of the reexamination, the language of claim 16 was unmodified. The Joint Defense Group challenged claim 16 on obviousness grounds based primarily on the Amidi reference.  Ex. 4, at 21-22, 24.  The examiner rejected these arguments, *id.*, and the Board twice affirmed the examiner's confirmation of claim 16.  Ex. 9 at 75-77, 82-83 (PTAB Appeal No. 2015-006849); Ex. 10 at 42 (PTAB Appeal No. 2018-003618).  The Federal Circuit summarily affirmed the PTAB.  *Google LLC v. Netlist, Inc.*, 810 F. App'x 902 (Fed. Cir. 2020).

---

[2] In an email exchange between counsel on July 22, 2021, counsel for Google asserted that "we have common interest agreements with Inphi and SMART."  Ex. 11.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

- 4 -

After being confirmed as patentable on April 4, 2011, claim 16 was rewritten from a dependent claim into an independent claim reciting each limitation of claim 15, Ex. 7 at 9-10, thus maintaining identical scope to the original claim.  *See supra* Table 1; Ex. 12.

### C.     The Present Litigation

The Court lifted the stay in this case on February 17, 2021.  Dkt. 111.  Thereafter, the Court ordered that Netlist amend its infringement contentions by June 18, 2021.  Dkt. 117.  Netlist amended its contentions to assert claim 16 against products that were not known at the time this case was stayed in January 2011.  Dkt. 68.  Google claims it is entitled to intervening rights under pre-AIA 35 U.S.C. § 316(b) to preclude liability for infringement of claim 16.  Ex. 1 at 28-32.

## III.    STATEMENT OF UNDISPUTED FACTS

Original claim 16 of the '912 Patent recited "[t]he memory module of claim 15, wherein the command signal is transmitted to only one DDR memory device at a time." Ex. 2 at 34:58-60.

On April 4, 2011, the examiner confirmed the patentability of original claim 16.  Ex. 4 at 21-22 ("Proposed rejection of claims 16, 17, and 21 is not adopted."); *id.* at 24 (same).  The examiner concluded that the Joint Defense Group had failed to demonstrate that the Amidi reference disclosed the limitation "wherein the command signal is transmitted to only one DDR memory device at a time." *Id.* at 21-22 ("With respect to claims 16, 17, Requester 1 asserts that '[o]ne of ordinary skill in the art would have understood from [Amidi] that the command signal may be transmitted to the DDR memory devices serially in a sequential fashion' without any reasoned explanation to support the assertion. Conclusion of obviousness requires more than a mere conclusory statement."); *id.* at 24.

In the following office action on October 14, 2011, the Examiner noted original claim 16's status as a confirmed claim.  *See* Ex. 6 at 1 (Continuation Sheet) (listing claim 16 under "Claims confirmed").[3]  In the following response, Netlist rewrote original claim 16 in independent form. Ex.

---

[3] The April 4, 2011 Non-Final Office Action erroneously listed claim 16 as "rejected" in the "Summary of Action."  *See* Ex. 4 at 1.  Netlist alerted the examiner to this error in its July 5, 2011 Response, Ex. 5 at 34 n.1, and the examiner corrected it in the following office action.  Ex. 6 at 1 (Continuation Sheet).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 5 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

1   7 at 9-10.  Exhibit 12 provides a comparison of original claim 16 reciting the limitations of claim

2   15, and reexamined claim 16 and demonstrates that no word of claim 16 changed during amendment.

3        In the following office action on November 13, 2012, the examiner recognized that the

4   change from dependent to independent form had no effect on the scope of claim 16: "Claims 2, 5,

5   7, 9, 16, 21, 23, 26, 30, 33, 44, and 51 have been rewritten in independent form *maintaining their*

6   *original scope*."  Ex. 8 at 6 (emphasis added).  The examiner again confirmed the patentability of

7   claim 16.  *Id.* at 27-29, 66; *id.* at 56 (listing in "Examiner's Statement of Reasons for

8   Patentability/Confirmation" that "[w]ith respect to claims 16 and 17, the limitation 'the command

9   signal is transmitted to only one DDR memory device at a time' is not taught by the prior art or

10  record").

11       The PTAB subsequently affirmed the examiner's decision not to adopt any grounds of

12  rejection for claim 16, and the Federal Circuit summarily affirmed the PTAB.  Ex. 9 at 75-77, 82-

13  83 (PTAB Appeal No. 2015-006849); Ex. 10 at 42 (PTAB Appeal No. 2018-003618); *Google LLC*

14  *v. Netlist, Inc.*, 810 F. App'x 902 (Fed. Cir. 2020).

15  **IV.**   **LEGAL STANDARD**

16       Summary judgment is appropriate if a party shows that there is no genuine dispute as to any

17  material fact and it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp.*

18  *v. Catrett*, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists "if the evidence is such

19  that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby,*

20  *Inc.*, 477 U.S. 242, 248 (1986).  "On an issue for which the opposing party will have the burden of

21  proof at trial, the moving party need only point out 'that there is an absence of evidence to support

22  the nonmoving party's case.'"  *Regents of Univ. of Cal. v. Dako N. Am., Inc.*, No. 05-cv-3955, 2009

23  WL 1083446, at *5 (N.D. Cal. Apr. 22, 2009).

24       Intervening rights is an affirmative defense that limits liability for patent infringement

25  following a reexamination of the asserted patent for claims that are "amended" or "new" in certain

26  circumstances.  *Marine Polymer*, 672 F.3d at 1361-62; pre-AIA § 316(b).  "Intervening rights do

27  not accrue [] where the accused product or activity infringes a claim that existed in the original

28  patent and remains 'without substantive change.'"  *Marine Polymer*, 672 F.3d at 1362.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 6 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

1        "The infringer bears the burden of proof to establish its affirmative defense for intervening

2    rights and the resultant reduction in damages." *Linear Tech. Corp. v. Micrel, Inc.*, No. 94-cv-1633,

3    2006 WL 8425047, *78 (N.D. Cal. June 9, 2006) (citing *Jazz Photo Corp. v. Int'l Trade Comm'n*,

4    264 F.3d 1094, 1102 (Fed. Cir. 2001)).  Pre-AIA 35 U.S.C. § 316(b) sets forth the intervening rights

5    defense for patents subject to an *inter partes* reexamination: "Any proposed amended or new claim

6    determined to be patentable and incorporated into a patent following an inter partes reexamination

7    proceeding shall have the same effect as that specified in section 252. . . ."  Section 252 in turn

8    provides that a reissued patent shall have the same effect as the original patent "in so far as the

9    claims of the original and reissued patents are ***substantially identical***."  35 U.S.C. § 252 (emphasis

10   added).

11        The question of whether intervening rights exist in some form thus proceeds in two initial

12   steps—though, as noted below, the implications of the existence of the intervening rights defense

13   on damages is a heavily factual and legal issue that is separate from the threshold question of the

14   mere existence of the defense.  Under pre-AIA § 316(b), "the first question when assessing whether

15   intervening rights arose from a reexamination is whether the asserted claim is 'amended or new'"

16   within the meaning of the statute.[4]  *Marine Polymer*, 672 F.3d at 1363.  "Only if the claim at issue

17   is new or has been amended may the court proceed to the second step in the analysis and assess the

18   substantive effect of any such change pursuant to § 252."  *Id.*  If a claim is not "amended or new"

19   within the meaning of pre-AIA § 316(b), "that ends the inquiry."  *Id.*  At the second step, if the claim

20   is "amended" or "new," intervening rights only apply to reexamined claims that are not

21   "substantially identical" to an original claim, that is, those without substantive change.  *Bloom*, 129

22   F.3d at 1250; 35 U.S.C. § 252.  If an amendment is substantive, absolute intervening rights apply as

23   to products sold pre-affirmance, but as to products sold after the patent claims are affirmed, a

24   separate inquiry must occur as to what portion of these sales should be protected from damages.  35

25   U.S.C. § 252 ("The court . . . may provide for the continued manufacture, use or sale . . . to the

26

27       [4] Though the Federal Circuit in *Marine Polymer* interpreted § 307(b), the court recognized

28   that "Section 316(b), governing intervening rights available after *inter partes* reexamination, contains essentially identical language."  *Marine Polymer*, 672 F.3d at 1362 n.8.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 7 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

extent and under such terms as the court deems equitable for the protection of investments made or business commenced."). This inquiry is often called equitable intervening rights. *Visto*, 413 F. Supp. 2d. at 1089-90. Even if the Court were to find that absolute intervening rights applied to claim 16, there would still need to be a separate factual inquiry as to the equitable scope of intervening rights. *Id.* (listing factors courts have considered for the equitable intervening rights analysis).

## V.   ARGUMENT

### A.   Claim 16 Is Not "Amended" Or "New" Under Pre-AIA Section 316(b) Because Claim 16 Was Not Modified When Rewritten In Independent Form

Google's intervening rights defense fails at the first step of the inquiry: as a claim that was confirmed by the examiner prior to being rewritten in independent form, claim 16 is not "amended" or "new" within the meaning of pre-AIA § 316(b). *Marine Polymer*, 672 F.3d at 1363-64.

In *Marine Polymer*, the Federal Circuit *en banc* rejected the argument that disclaimer of claim scope during prosecution was sufficient to trigger intervening rights following a reexamination. *Id.* at 1363-65. As part of this discussion, the Federal Circuit *en banc* issued definitive guidance for what it means for a claim to be "amended" or "new," the first required predicate for intervening rights to apply. In specific, the majority rendered an opinion on the meaning of "amended" or "new" under § 307(b), turning to § 307(a) to reach this determination:

> Section 307(a) identifies three categories of claims in a reexamined patent: (1) claims that existed in the original patent but have been cancelled as unpatentable, (2) claims that existed in the original patent and have been confirmed as patentable, and (3) amended or new claims that did not exist in the original patent but have been found to be patentable and will be incorporated into the patent by the PTO. In providing for intervening rights, *§ 307(b) is limited to the third category of claims*, as evidenced by its corresponding reference to any "amended or new claim" that is "incorporated into a patent."

*Id.* at 1363-64 (emphasis added). Thus, the Court concluded that "the plain directive of the governing statute before us does not permit HemCon to invoke intervening rights against claims that the PTO *confirmed on reexamination to be patentable as originally issued*." *Id.* at 1365 (emphasis added).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 8 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

1    Here, as in *Marine Polymer*, claim 16 was confirmed on reexamination to be patentable as

2 originally issued. *See* Ex. 4 at 21-22 ("Proposed rejection of claims 16, 17, and 21 is not adopted.");

3 *id.* at 24 (same); Ex. 6 at 1 (Continuation Sheet) (listing claim 16 under "Claims confirmed"). Thus,

4 under *Marine Polymer*, intervening rights as to claim 16 are unavailable under pre-AIA § 316(b) as

5 a matter of law because claim 16 falls into the second category of claims, *i.e.*, is a claim that existed

6 in the original patent that was confirmed as patentable. *Marine Polymer*, 672 F.3d at 1363-64.

7    That claim 16 was rewritten in independent form after confirmation does not change this

8 analysis. The language of claim 16 was unmodified through this change. *See supra* Table 1; Ex.

9 12. Indeed, the examiner expressly recognized that rewriting claim 16 into independent form had

10 no effect on the original scope of claim 16: "Claims 2, 5, 7, 9, 16, 21, 23, 26, 30, 33, 44, and 51 have

11 been rewritten in independent form ***maintaining their original scope***." *See* Ex. 8 at 6 (emphasis

12 added).

13    The determination of the examiner that the scope has not changed is entirely consistent with

14 settled statutory and Federal Circuit law establishing that there is no difference between a claim

15 written in dependent form and the same claim rewritten in independent form. *See* 35 U.S.C. § 112(d)

16 (a dependent claim "shall be construed to incorporate by reference all the limitations of the claim to

17 which it refers."); *Hutchins v. Zoll Med. Corp.*, 492 F.3d 1377, 1382 (Fed. Cir. 2007) (citing § 112

18 ¶ 4 for the proposition that since a "term is recited in each independent claim [it] accordingly is

19 incorporated into every dependent claim").

20    Google cites no authority in its interrogatory response to support the assertion that rewriting

21 a dependent claim into independent form can trigger intervening rights. Google's reliance on

22 *Laitram* is unavailing. Ex. 1 at 20. In *Laitram*, the applicant made several additions to the claim

23 language during reexamination. *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1344-45 (Fed. Cir.

24 1998). The Federal Circuit observed that these amendments substantively changed the scope of the

25 claims because "the original claims appear to cover a printer or method of printing which generates

26 any quality of alphanumeric characters, while the amended claims seem to cover only a printing

27 apparatus or method of printing which generates 'type quality' alphanumeric characters." *Id.* at

28 1348. But the dispute in *Laitram* "rested on whether the claims had been substantively changed

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1   precisely because *the claims had been changed*." *Marine Polymer*, 672 F.3d at 1363
2   (distinguishing *Laitram*).  Here, no additional language was added to reexamined claim 16 that did
3   not appear in the original patent.  *See supra* Table 1; Ex. 12.

4   Thus, reexamined claim 16 cannot constitute an "amended" or "new" claim under pre-AIA
5   § 316(b).  *Marine Polymer*, 672 F.3d at 1363-64.  The Court should grant summary judgment in
6   Netlist's favor.

### B.      Even If Reissued Claim 16 Is "Amended" Or "New," It Is Substantially Identical To Original Claim 16

7
8
9   If this Court declines to follow the *en banc* instructions of the Federal Circuit from *Marine*
10   *Polymer* and finds that reexamined claim 16 is "amended" or "new" within the meaning of pre-AIA
11   § 316(b), Google's intervening rights defense still fails as a matter of law because reexamined claim
12   16 is "substantially identical" to original claim 16.

13   To prove entitlement to intervening rights, the accused infringer need show that the original
14   and reexamined claims are not "substantially identical."  35 U.S.C. §§ 252, pre-AIA 316(b).  "A
15   determination of whether the scope of a reissue claim is identical with the scope of the original claim
16   is a question of law." *Westvaco Corp. v. Int'l Paper Co.*, 991 F.2d 735, 741 (Fed. Cir. 1993).  Under
17   § 252, "identical" means "at most without substantive change." *Bloom*, 129 F.3d at 1250 (citing
18   *Seattle Box Co. v. Indus. Crating & Packing, Inc.*, 731 F.2d 818, 827-28 (Fed. Cir. 1984)).

### 1.      Rewriting Dependent Claims In Independent Form Is Not A Substantive Change In Claim Scope

19
20   Google only identifies one change to original claim 16: the rewriting of original claim 16 in
21   independent form.  Ex. 1 at 31-32.  Under clear Federal Circuit guidance, rewriting a dependent
22   claim in independent form cannot result in a substantive amendment for purposes of intervening
23   rights. *See Bloom*, 129 F.3d at 1250.  In *Bloom*, original claims 2 and 13 recited the claim limitation
24   of a "furnace." *Id.*  Original claims 7 and 18 were dependent claims of claims 2 and 13, respectively,
25   wherein the only additional limitation was that the claimed furnace limitation was "of the radiant
26   tube type." *Id.* at 1249.  The Federal Circuit held that amendments importing elements from original
27   dependent claims 7 and 18 to their associated independent claims did not change the scope of the

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

- 10 -

original dependent claims for purposes of intervening rights under § 252. *Id.* at 1250. This is because these amendments "did no more than restate original claims 7 and 18 in independent form" and thus did not change the scope of these claims. *Id.* (citing 35 U.S.C.§ 112 ¶ 4).

The approach taken by the Federal Circuit has been applied by district courts in the scenario at issue here. In *Sonos*, the plaintiff moved for summary judgment of no intervening rights on the '959 patent. 2017 WL 4969330, at *5. There, claim 1 was cancelled and the claims that depended on claim 1 were rewritten in independent form. The defendant argued that rewriting the claims in independent form "removed limitations and broadened the scope of the claims, entitling D&M to intervening rights." *Id*. The district court disagreed:

> Rearranging the limitations to rewrite dependent claims as independent claims neither broadened nor narrowed the scope of the '959 patent. As amended, newly independent claims 5, 9, and 10 each contain both the entirety of former claim 1 and the limitations originally contained in each of the dependent claims. See Dkt. No. 369–1, Ex. 25 (showing amendments to claims 5, 9, and 10 compared to original claim 1). The incorporation of the additional limitation into claim 1's language was a cosmetic change, not a substantive one, and it does not give rise to intervening rights for D&M. Because the scope of the claims at issue in the '959 patent was not substantively changed during reexamination, Sonos's motion for summary judgment as to the defense of intervening rights with regard to the '959 patent is granted.

*Id*.

Other district courts throughout the country have also consistently found intervening rights inapplicable where dependent claims were rewritten in independent form through reissue or reexamination. *E.g.*, *Dexcowin*, 2017 WL 3477748, at *14 ("There is also no dispute that claims 6 and 10 would not trigger intervening rights, because they were merely amended from dependent to independent form."); *SignalQuest*, 2016 WL 738209, at *4 (denying the defendant's motion for summary judgment on absolute intervening rights where certain independent claims in each reissued patent were "identical in scope to original dependent claims in the respective original patents"); *NexMed Holdings*, 718 F. Supp. 2d at 1314 (denying accused infringer's motion for summary judgment of intervening rights where applicant amended an independent claim by adding limitations from a canceled dependent because "[t]he amended claims clarify the original patent by inserting limitations that were previously listed in the cancelled claims"); *Ortho-Mcneil Pharm.*, 482 F. Supp.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 11 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

2d at 488 (finding original and reissue claim "substantially identical" for purposes of § 252 where dependent claim 6 was rewritten as an independent claim). The rationale for these decisions is clear. Rewriting a dependent claim in independent form cannot affect a substantive amendment because "[t]he newly independent claims [make] explicit the incorporation into their own original limitations the verbatim language of the original base claims." *Safoco*, 2009 WL 10742813, at *9 (denying the accused infringer's motion for summary judgment on intervening rights for original dependent claims rewritten in independent form during reexamination) (citing 35 U.S.C. § 112; *Bloom*, 129 F.3d at 1250).

The ruling of *Bloom* is also entirely consistent with the purpose of § 252 as set out in the legislative history. The House Report and the Senate Report on § 252 explain that the statute provides courts the discretion to find intervening rights "unless a claim of the original patent which is repeated in the reissue is infringed." H.R. Rep. No. 82-1923, 26 (1952); S. Rep. No. 82-1979, 2420 (1952); *see also* P.J. Federico, *Commentary on the New Patent Act*, 75 J. Pat. & Trademark Off. Soc'y 161, 207 (1993) (reprint of 35 U.S.C.A. 1 (1954)) ("If the reissued patent has valid claims in it *which were also in the original patent*, and these claims are infringed, then *the question of intervening rights cannot arise*. . . .") (emphasis added).

Here, Netlist rewrote original claim 16 in independent form without any modification to the language of the claim. *See supra* Table 1; Ex. 12. Under settled law, this change did not substantively affect the scope of original claim 16. Thus, Google's intervening right defense fails as a matter of law.

### 2. Google's Other Arguments Fail As A Matter Of Law

Google raises two additional arguments in its interrogatory responses for why it is entitled to intervening rights. First, it argues that the scope of claim 16 was changed through argument-based disclaimers made during the reexamination. *Id.* at 28-31. The Federal Circuit has expressly rejected this theory. Second, Google argues without any factual or legal explanation whatsoever that claim 16 was substantively amended because prosecution history estoppel—which concerns the availability of doctrine of equivalents, not intervening rights—applies to the claim. *Id.* at 31-32.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

- 12 -

Courts have expressly rejected this theory as well.

        **(a)**    **Google's "Argument" Disclaimer Argument Fails As A Matter Of Law**

Google's interrogatory response identifies discussion from Netlist's July 5, 2011 Response, relating to the meaning of two terms as the basis for an alleged argument-based disclaimer of claim scope: "logic element" and "operatively coupled."  Ex. 1 at 28-32.  Google is asserting that arguments during reexamination can change the scope of a claim and therefore trigger intervening rights.[5]  This position has been expressly rejected by the Federal Circuit sitting *en banc*.

In the original *Marine Polymer* decision, a three-judge panel of the Federal Circuit considered whether intervening rights could apply as a result of a patent owner's arguments during reexamination that the accused infringer alleged substantively changed the scope of the claims – this is sometimes referred as argument-based disclaimer.  *Marine Polymer Techs., Inc. v. HemCon, Inc.*, 659 F.3d 1084, 1091-92 (Fed. Cir. 2011).  Two of the three judges on the panel concluded that argument-based disclaimer during reexamination can trigger intervening rights, the exact argument Google advances in this case:

> Therefore, if the scope of the claims actually and substantively changed because of Marine Polymer's arguments to the PTO, the claims have been amended by disavowal or estoppel, and intervening rights apply.

*Id.* at 1092.

The Federal Circuit took the case *en banc*, and reversed the panel: "a majority of this court concludes as an alternative ground for affirmance that intervening rights do not apply to claims that have not been amended and are not new."  *Marine Polymer*, 672 F.3d at 1354.  The *en banc* majority first noted that the accused infringer (HemCon) was making the exact argument Google is making here, *i.e.*, that argument-based disclaimer can trigger intervening rights:

> HemCon argues that . . . [by] persuading the examiner to adopt the district court's construction of "biocompatible" during reexamination, Marine Polymer effected a substantive change in the scope of each remaining claim . . . .  HemCon thus

---

[5] As a threshold matter, Google, as the party asserting disclaimer, "bears the burden of proving the existence of a clear and unmistakable disclaimer that would have been evident to one skilled in the art."  *Mass. Inst. of Tech. v. Shire Pharms.*, 839 F.3d 1111, 1119 (Fed. Cir. 2016). Google has not met that burden here.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

- 13 -

concludes that this perceived "substantive change" to the surviving claims of the '245 patent during reexamination triggered intervening rights with respect to those claims.

*Id.* at 1361.

The patent owner, Marine Polymer, disagreed and argued that "that intervening rights cannot apply with respect to claims that have not been amended or newly introduced in the reexamination proceeding." *Id.* The majority of the Federal Circuit *en banc* ruled in favor of Marine Polymer and expressly rejected HemCon's assertion that arguments made during reexamination can trigger intervening rights: "HemCon's intervening rights argument must fail because it disregards the plain and unambiguous language of § 307(b)." *Id.* at 1363. The Federal Circuit *en banc* was unambiguous in the rejection of the identical argument Google advances:

> While it is true that claims are properly interpreted to account for arguments and concessions made during prosecution, HemCon's conclusion that the claims asserted here were "amended" for purposes of § 307(b) goes too far.

*Id.* at 1363. The Federal Circuit *en banc* concluded:

> In sum, the plain directive of the governing statute before us does not permit HemCon to invoke intervening rights against claims that the PTO confirmed on reexamination to be patentable as originally issued. To be sure, patent applicants' actions and arguments during prosecution, including prosecution in a reexamination proceeding, can affect the proper interpretation and effective scope of their claims. But in rejecting HemCon's request for intervening rights, we are not here interpreting claims. Rather, we are interpreting a statute that provides for intervening rights following reexamination only as to "amended or new" claims. The asserted claims of the '245 patent are neither.

*Id.* at 1365. The same conclusion applies with equal force to Google's identical argument.

**(b)   The Doctrine Of Equivalents And Prosecution History Estoppel Are Irrelevant To Intervening Rights**

The doctrine of equivalents allows a patent owner to assert infringement against a product or process that is not within the literal scope of the claims "if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997). Prosecution history estoppel bars a patentee from asserting infringement under the doctrine of equivalents "when an amendment is made to secure the patent and the amendment narrows the patent's scope." *Festo*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 14 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

1   *Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 736 (2002).  Google's attempt

2   to shoehorn the doctrine of prosecution history estoppel into the intervening rights analysis fails for

3   multiple independent reasons.

4        ***First***, this argument cannot survive the ruling of the Federal Circuit *en banc* in *Marine*

5   *Polymer*.  Claim 16 was confirmed patentable as originally issued.  Ex. 4 at 21-22, 24.  As the

6   examiner subsequently noted, certain claims including claim 16 had "been rewritten in independent

7   form ***maintaining their original scope***." Ex. 8 at 6 (emphasis added).  The Federal Circuit e*n banc*

8   ruled that "the plain directive of the governing statute before us does not permit [Google] to invoke

9   intervening rights against claims that the PTO ***confirmed on reexamination to be patentable as***

10   ***originally issued***."  672 F.3d at 1365 (emphasis added).

11        Consistent with this ruling, courts have repeatedly declined to extend the doctrine of

12   prosecution history estoppel to intervening rights.  *E.g. Safoco*, 2009 WL 10742813, at *11

13   ("*Honeywell International Inc.* 'does not stand for the proposition that the surrender of equivalents

14   through the operation of prosecution history estoppel changes the actual scope of claims rewritten

15   in independent form, let alone that it changes them substantively for purposes of § 252.'"); *Paradox*

16   *Sec. Sys. Ltd. v. ADT Sec. Servs., Inc.*, 710 F. Supp. 2d 590, 603-04 (E.D. Tex. 2008) (rejecting the

17   argument that statements that gave rise to prosecution history estoppel could give rise to intervening

18   rights because "the claims that were eventually allowed are identical to the original claims") (citing

19   *Bloom*, 129 F.3d at 1250).

20        ***Second***, the doctrine of equivalents only reaches "insubstantial" or "trivial" alterations to

21   the scope of the claims.  *Festo*, 535 U.S. at 733 ("The doctrine of equivalents allows the patentee to

22   claim those insubstantial alterations that were not captured in drafting the original patent claim but

23   which could be created through trivial changes."); *see also Graver Tank & Mfg. Co. v. Linde Air*

24   *Prods. Co.*, 339 U.S. 605, 610 (1950) (explaining that the doctrine of equivalents is applicable only

25   to "insubstantial" changes).  By contrast, intervening rights only apply to claims that are not

26   "substantially identical" to an original claim.  *Bloom*, 129 F.3d at 1250; 35 U.S.C. § 252.  Thus, by

27   definition, allegedly surrendering an equivalent during reexamination cannot by itself give rise to

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 15 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

intervening rights, because equivalents can only apply to insubstantial differences between the claim and an accused product.

*Third*, the Federal Circuit has expressly rejected the application of the doctrine of equivalents to determining whether the scope of a reexamined claim has changed. *Thermalloy*, 121 F.3d. at 694. In *Thermalloy*, the Court considered whether Thermalloy's amendments during reexamination violated 35 U.S.C. § 305, which provides, in relevant part: "No proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding." *Id.* at 692. Thermalloy argued that "the court in construing the original claims must take into consideration protected equivalents." *Id.* at 694. The Federal Circuit disagreed, explaining that: "The determination under section 305 of whether the scope of the claim has been enlarged involves no accused product, and therefore the doctrine of equivalents is irrelevant." *Id.*

This holding is directly relevant here. Under the intervening rights inquiry, like the inquiry under § 305, the question is whether the scope of the original claims has changed during reexamination. *See Bloom*, 129 F.3d at 1250. Thus, although *Thermalloy* did not involve intervening rights, it is controlling as to the question of whether prosecution history estoppel— which is only relevant to the doctrine of equivalents—alters claim scope in reexamination. The answer is it does not.

*Fourth*, even if prosecution history estoppel could in some theoretical world trigger intervening rights, there is no prosecution history estoppel on the record before this Court. Google only relies on *Honeywell* and *Felix*. First, those cases say nothing regarding the intervening rights inquiry under § 252. Second, those cases are factually distinct. In *Honeywell*, the Federal Circuit held that a presumption of prosecution history estoppel is raised by "the rewriting of dependent claims into independent form ***coupled with*** the cancellation of the original independent claims." *Honeywell Intern. Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1134 (Fed. Cir. 2004) (emphasis added). Similarly, in *Felix*, the Federal Circuit relied on *Honeywell* to find that the rewriting of a dependent claim into independent form following the cancellation of the associated independent claim gave rise to a presumptive surrender of claim scope under the doctrine of equivalents. *Felix v. Am. Honda Motor Co., Inc.*, 562 F.3d 1167, 1182-83 (Fed. Cir. 2009).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 16 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

1    But *Honeywell* emphasizes that prosecution history estoppel only applies if in amending a

2    claim from dependent to independent form and cancelling the independent base claim, "the scope

3    of subject matter claimed in the independent claim has been narrowed ***to secure the patent***."

4    *Honeywell*, F.3d at 1142 (emphasis added).  The same is true of *Felix*.  562 F.3d at 1183 ("We

5    therefore hold that the presumption of prosecution history estoppel attaches when a patentee cancels

6    an independent claim and rewrites a dependent claim in independent form for ***reasons related to***

7    ***patentability*** . . . .") (emphasis added).  Here, however, claim 16 was not rewritten in independent

8    form for any reason related to patentability.  In fact, original claim 16 was confirmed patentable on

9    April 4, 2011—nine months *before* it was rewritten in independent form.  *See* Ex. 4 at 21-22, 24;

10   Ex. 7 at 9-10.  And the examiner recognized that rewriting claim 16 in independent form had no

11   effect on its scope.  Ex. 8 at 6 (acknowledging that certain claims, including claim 16 had "been

12   rewritten in independent form maintaining their original scope.").  Thus, because claim 16 was not

13   rewritten in independent form for any reason related to patentability, *Honeywell* and *Felix* are

14   inapposite.

15   Additionally, courts have declined to extend *Honeywell* to circumstances such as this where

16   an associated independent claim was amended rather than cancelled.  *See, e.g.*, *Robert Bosch, LLC*

17   *v. Pylon Mfg. Corp.*, No. CIV. 08-542-SLR, 2010 WL 1485326, at *3 (D. Del. Apr. 12, 2010)

18   (finding no presumptive surrender where a dependent claim was rewritten in independent form and

19   base independent claim was further amended, explaining that "[t]he case at bar avoids application

20   of the *Honeywell* rule because the applicants did not cancel [the base] independent claim");

21   *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 610 F. Supp. 2d 370, 385 (M.D. Pa. 2009)

22   (distinguishing *Honeywell* where base independent claim was amended rather than cancelled

23   because "[t]he *Honeywell* rule requires an applicant to rewrite a dependent claim in independent

24   form ***and cancel*** the original independent claim"), *aff'd*, 477 F. App'x 740 (Fed. Cir. 2012); *Safoco*,

25   2009 WL 10742813, at *11 (declining to apply *Honeywell* to intervening rights analysis for

26   dependent claims rewritten in independent form where original independent claims were amended

27   rather than cancelled, noting that *Honeywell* "refers only and often to the cancellation of the original

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 17 -

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

1    independent claim").[6]  Here too, original claim 16 was rewritten in independent form, and original

2    claim 15—from which claim 16 originally depended—was amended, not cancelled.  Ex. 7 at 8-10.

3    Thus *Honeywell* and *Felix* have no application here.

4    **VI.    <u>CONCLUSION</u>**

5            Netlist respectfully requests that the Court enter summary judgment that Google is not

6    entitled to intervening rights under 35 U.S.C. §§ 252, pre-AIA 316(b) with respect to claim 16.

7

8            Dated: July 30, 2021                    IRELL & MANELLA LLP

9

10                                                    By: */s/    Jason G. Sheasby*
                                                          Jason G. Sheasby
11                                                        jsheasby@irell.com
                                                          Andrew J. Strabone
12                                                        astrabone@irell.com
                                                          IRELL & MANELLA LLP
13                                                        1800 Avenue of the Stars, Suite 900
                                                          Los Angeles, California 90067
14                                                        Telephone: (310) 277-1010
                                                          Facsimile: (310) 203-7199
15
                                                         *Attorneys for Plaintiff Netlist, Inc.*
16

17

18

19

20

21

22

23

24

25

26

27   ──────────────────────
     **[6]** In addition, in the *Sonos* opinion discussed above, the original independent claim was
     cancelled just as in *Honeywell*.  2017 WL 4969330, at *5.  The district court still held that no
28   intervening rights applied where the dependent claim was rewritten in independent form, and
     granted summary judgment in the plaintiff's favor.  *Id.*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
PARTIAL SUMMARY JUDGMENT
CASE NO. 4:09-CV-05718-SBA

- 18 -

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on July 30, 2021, I electronically filed the foregoing with the Clerk of

3

the Court using the CM/ECF system which will automatically email notification of such filing to all

4

counsel of record who have made a formal appearance.

5

6

By: */s/    Jason G. Sheasby*

7

Jason G. Sheasby
jsheasby@irell.com

8

Andrew J. Strabone
astrabone@irell.com

9

IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900

10

Los Angeles, California 90067
Telephone: (310) 277-1010

11

Facsimile: (310) 203-7199

12

*Attorneys for Plaintiff Netlist, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations