IRELL & MANELLA LLP
Jason G. Sheasby (CA SBN 205455)
jsheasby@irell.com
Andrew J. Strabone (CA SBN 301659)
astrabone@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Plaintiff Netlist, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>GOOGLE LLC, <br><br>　　　　Defendant. | Case No. 4:09-cv-05718-SBA <br><br> **[PROPOSED] ORDER DENYING GOOGLE LLC'S MOTION TO STRIKE PLAINTIFF'S NEW ASSERTION OF CLAIM 16 AND NEW DATES FOR PRIORITY AND CONCEPTION THAT WERE NOT IN ITS ORIGINAL PATENT LOCAL RULE 3-1 DISCLOSURES** <br><br> Date: September 8, 2021 <br><br> Time: 2:00 PM <br><br> Location: Oakland Courthouse |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

[PROPOSED] ORDER DENYING
GOOGLE'S MOTION TO STRIKE
CASE NO. 4:09-CV-05718-SBA

**[PROPOSED] ORDER**

Pursuant to this Court's Order Setting Deadlines, Dkt. 117, Netlist timely served on Google Netlist's amended infringement contentions asserting, among others, claim 16 and amended priority and conception dates of U.S. Patent No. 7,619,912 ("the '912 patent"). Google moved to strike claim 16 and the amended priority and conception dates. Dkt. 153. Having considered the motion, the opposition, the reply brief, authorities cited in the briefs, supporting documents and evidence, and oral arguments, this Court hereby finds that Google's Motion to Strike Plaintiff's New Assertion of Claim 16 and New Dates for Priority and Conception that Were Not in Its Original Patent Local Rule 3-1 Disclosures ("Motion to Strike"), Dkt. 153, is **DENIED**.

Upon consideration of the parties' Joint Case Management Conference Statement, Dkt. 115, this Court allowed Netlist to amend its infringement contentions without any limitation or condition. Dkt. 117. Netlist timely served its amended contentions on and before June 18, 2021, in compliance with this Court's Order. Separately, Netlist can show good cause for making such amendments. Patent L.R. 3-6. Netlist could not have asserted claim 16 against the accused infringing products that were not available at the time this case was stayed pending the *inter partes* reexamination. Netlist promptly sought permission to amend the infringement contentions after this case reopened and diligently sought discovery into Google's allegedly infringing products. Google will not suffer prejudice as a result of Netlist's amendments because this case is still at an early stage. Google has enough time to address these amendments through invalidity contentions and discovery. Google also had prior knowledge of the amended dates of priority and conception before the stay. Patent L.R. 3-6; *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-cv-1012, 2017 WL 732896, at *4 (N.D. Cal. Feb. 24, 2017).

Accordingly, Netlist is entitled to assert claim 16 and amend the priority and conception dates of claims in the '912 patent. Google's Motion to Strike, Dkt. 153, is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated: _____, 2021     _____
                             Honorable Saundra Brown Armstrong
                             United States District Judge

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 1 -

[PROPOSED] ORDER DENYING
GOOGLE'S MOTION TO STRIKE
CASE NO. 4:09-CV-05718-SBA