# REDACTED VERSION OF NETLIST'S OPPOSITION TO GOOGLE'S MOTION TO STRIKE

IRELL & MANELLA LLP
Jason G. Sheasby (CA SBN 205455)
jsheasby@irell.com
Andrew J. Strabone (CA SBN 301659)
astrabone@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Plaintiff Netlist, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| NETLIST, INC., | Case No. 4:09-cv-05718-SBA |
| Plaintiff, | |
| v. | **PLAINTIFF NETLIST, INC.'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO STRIKE PLAINTIFF'S NEW ASSERTION OF CLAIM 16 AND NEW DATES FOR PRIORITY AND CONCEPTION THAT WERE NOT IN ITS ORIGINAL PATENT LOCAL RULE 3-1 DISCLOSURES** |
| GOOGLE LLC, | |
| Defendant. | |

Date: September 8, 2021

Time: 2:00 PM

Location: Oakland Courthouse

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO 4:09-CV-05718-SBA

## ISSUES PRESENTED

1. Whether—after this Court has authorized Netlist to amend its infringement contentions without any limitation or condition—Google can show any legitimate basis for striking Netlist's asserted claim 16 and the dates of priority and conception?

2. Whether, in the event this Court finds that Netlist must show good cause, Netlist acted diligently in asserting claim 16 and amending the priority and conception dates and whether Google will be prejudiced by Netlist's assertion of claim 16 and the amended priority and conception dates?

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- i -

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO 4:09-CV-05718-SBA

1
2
3

**<u>TABLE OF CONTENTS</u>**

4

**<u>Page</u>**

5    I.     INTRODUCTION ......................................................................................... 1

6    II.    BACKGROUND ......................................................................................... 2

7    III.   LEGAL STANDARD ................................................................................. 4

8    IV.    ARGUMENT .............................................................................................. 4

9          A.    This Court Authorized Netlist to Amend Its Infringement
                 Contentions Without Any Limitation or Condition. ................................ 4

10

11         B.    Good Cause Exists for Netlist to Assert Infringement of Claim 16 ...... 7

12               1.    Netlist Acted Diligently in Asserting Claim 16 ........................... 8

13               2.    There Is No Undue Prejudice to Google .................................... 11

14         C.    Good Cause Exists for Netlist to Amend the Priority and Conception
                 Dates ......................................................................................................... 14

15   V.    CONCLUSION .......................................................................................... 15

16
17
18
19
20
21
22
23
24
25
26
27
28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acer, Inc. v. Tech. Properties Ltd.*,
   No. 08-cv-877, 2010 WL 3618687 (N.D. Cal. Sept. 10, 2010) ...................................................9

*Acer, Inc. v. Tech. Properties Ltd.*,
   No. 08-cv-877, 2011 WL 1838768 (N.D. Cal. May 13, 2011) .......................................7, 8, 10

*Advanced Micro Devices, Inc. v. LG Elecs., Inc.*,
   No. 14-cv-1012, 2017 WL 732896 (N.D. Cal. Feb. 24, 2017) ....................................7, 8, 9, 12

*Apple, Inc. v. Samsung Elec. Co., Ltd.*,
   No. 12-cv-630, 2012 WL 5632618 (N.D. Cal. No. 15. 2012) ...........................................7, 8

*Bd. of Tr. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
   No. 05-cv-4158, 2008 WL 624771 (N.D. Cal. Mar. 4, 2008)........................................................6

*Capella Photonics, Inc. v. Cisco Systems Inc.*,
   No. 14-cv-3348, 2019 WL 2359096 (N.D. Cal. June 4, 2019) ..........................................13, 14

*Catch a Wave Techs., Inc. v. Sirius XM Radio, Inc.*,
   No. 12-cv-5791, 2014 WL 186405 (N.D. Cal. Jan. 16, 2014) ...................................................9

*ClearPlay, Inc. v. DISH Network LLC*,
   No. 14-cv-191, 2019 WL 1318348 (D. Utah Mar. 22, 2019) ....................................................7

*Comcast Cable Commc'ns Corp., LLC. v. Finisar Corp.*,
   No. 06-cv-4206, 2007 WL 716131 (N.D. Cal. Mar. 2, 2007)....................................................12

*Dynamic Digital Depth Rsch. Pty Ltd. v. LG Elecs., Inc.*,
   No. 15-cv-5578, 2016 WL 7448294 (C.D. Cal. June 7, 2016) ..................................................15

*Elec. Scripting Prod., Inc. v. HTC Am. Inc.*,
   No. 17-cv-5806, 2021 WL 2530210 (N.D. Cal. June 21, 2021) ..................................................6

*Facebook, Inc. v. Blackberry Ltd.*,
   No. 18-cv-5434, 2020 WL 864934 (N.D. Cal. Feb. 13, 2020) ...........................................7, 12

*Finjan, Inc. v. SonicWall, Inc.*,
   No. 17-cv-4467, 2019 WL 6493967 (N.D. Cal. Dec. 3, 2019) ..................................................4

*Fujifilm Corp. v. Motorola Mobility LLC*,
   No. 12-cv-3587, 2014 WL 491745 (N.D. Cal. Feb. 5, 2014) .....................................................7

*Gamevice, Inc. v. Nintendo Co., Ltd.*,
   No. 18-cv-1942, 2019 WL 3533078 (N.D. Cal. Aug. 2, 2019) .................................................15

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

*Google LLC v. Netlist, Inc.*,
    810 F. App'x 902 (Fed. Cir. 2020) ............................................................................................ 3

*Harvatek Corp. v. Cree, Inc.*,
    No. 14-cv-5353, 2015 WL 4396379 (N.D. Cal. Jul. 17, 2015) ............................................. 15

*IXI Mobile (R&D) Ltd. v. Samsung Elecs. Co.*,
    No. 15-cv-3752, 2019 WL 5102570 (N.D. Cal. Oct. 11, 2019) ........................................... 10

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
    No. 14-cv-876, 2016 WL 2855260 (N.D. Cal. May 13, 2016) .......................................... 8, 12

*Keithley v. Homestore, Inc.*,
    553 F. Supp. 2d 1148 (N.D. Cal. May 12, 2008) ................................................................. 15

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
    No. 13-cv-159, 2013 WL 5955548 (N.D. Cal. Nov. 6, 2013) ............................................... 7

*Linksmart Wireless Tech., LLC v. Caesars Ent. Corp*,
    No. 18-cv-862, 2021 WL 201775 (D. Nev. Jan. 20, 2021) .................................................... 9

*MyGo LLC v. Mission Beach Industries, LLC*,
    No. 16-cv-2350, 2018 WL 3438650 (S.D. Cal. July 17, 2018) ............................................. 5

*Netflix, Inc. v. Rovi Corp.*,
    No. 11-cv-6591, 2015 WL 3504969 (N.D. Cal. June 2, 2015) .............................................. 8

*Nuance Commc'ns, Inc. v. ABBYY Software House*,
    No. 08-cv-2912, 2012 WL 2427160 (N.D. Cal. June 26, 2012) .......................................... 10

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006) .......................................................................................... 6, 9

*Richtek Tech. Corp. v. uPI Semiconductor Corp.*,
    No. 09-cv-5659, 2016 WL 3136896 (N.D. Cal. June 6, 2016) ........................................... 8, 9

*Seiko Epson Corp. v. Coretronic Corp.*,
    No. 06-cv-6946, 2008 WL 2563383 (N.D. Cal. June 23, 2008) ............................................ 7

*Straight Path IP Grp., Inc. v. Apple Inc.*,
    No. 16-cv-3582, 2017 WL 3967864 (N.D. Cal. Sept. 9, 2017) ............................................ 5

*Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*,
    No. 13-cv-5184-SBA, 2014 WL 5499511 (N.D. Cal. Oct. 30, 2014) ................................... 8

*Thought, Inc. v. Oracle Corp.*,
    No. 12-cv-5601, 2015 WL 5834064 (N.D. Cal. Oct. 7, 2015) ............................................ 15

*Trans Video Elecs., Ltd. v. Sony Elecs.,Inc.*,
    278 F.R.D. 505 (N.D. Cal. 2011) ....................................................................................... 10

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO 4:09-CV-05718-SBA

*Twilio, Inc. v. TeleSign Corp.*,
   No. 16-cv-6925, 2017 WL 3581186 (N.D. Cal. Aug. 18, 2017) .................................................11

**Rules**

37 C.F.R. § 1.947 .................................................................................................................................13

37 C.F.R. § 1.995 .................................................................................................................................13

Nothern District of California Patent Local Rule 3-6 ...........................................................4, 6, 7, 12

Southern District of California Patent Local Rule 3.1(b)...........................................................................5

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- v -

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO  4:09-CV-05718-SBA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Google did not move to strike the infringement contention for claim 16 until over two months after service.  Google filed this motion after it became apparent to Google that it had no credible argument that claim 16 is subject to intervening rights because it was not amended, as reflected in Plaintiff's motion for summary judgment on this issue. Dkt. 156.  This motion is a litigation tactic.

After the conclusion of the *inter partes* reexamination of U.S. Patent No. 7,619,912 ("the '912 patent"), this Court lifted the stay entered on January 26, 2011, and reopened this case on February 17, 2021. Dkt. 111.  The parties agreed that Netlist should have the right to amend its infringement contentions, after which the parties would brief the issue of intervening rights. Dkt. 115 at 5.  This Court entered the Order Setting Deadlines allowing Netlist to make such amendment by June 18, 2021, without any condition or limitation on the scope of the amendment. Dkt. 117.  Netlist served its amended infringement contention for claim 16 on May 19, 2021. Ex. 4.

Over the 10-year period of reexamination, memory module technology (the general subject matter of the patent) has evolved dramatically.  This technology is subject to standards promulgated by the JEDEC Solid State Technology Association ("JEDEC"). ██████████████████

███████████████████████████████████████████████████████████████████████

████████████████████ Ex. 16.  In the amended infringement contentions, Netlist identified DDR4 LRDIMMs and DDR4 RDIMMs as covered by claim 16. Ex. 14, at 2.  The specification for DDR4 was not published by JEDEC until September 25, 2012.  This was over a year after the reexamination started.  Although Google's motion to strike makes vague reference to DDR2, MTS at 9–10, it does not identify any product from before the stay that operates in a substantially similar manner in relevant part to the products accused of infringing claim 16.  Nor does Google identify any information it produced before the stay in this case that references a design that it was using or imminently preparing to use that operates in a substantially similar manner in relevant part to the products accused of infringing claim 16.

As to the conception and priority dates presented in the amended contentions, there is no basis to move to strike.  Netlist simply added a reference to a deposition transcript Google had in its

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO 4:09-CV-05718-SBA

- 1 -

1  possession before the stay.  The priority date identified in the amended contentions—March 5, 2004—
2  was selected to conform to the reexamination, where Google selected the same: "[t]he earliest priority
3  date to which the claims of the '912 patent could be entitled is March 5, 2004."  Ex. 24 at 1.

## II.      BACKGROUND

5          The '912 patent claims technologies for dual in-line memory modules ("DIMMs"), which include
6  individual memory devices such as double-data-rate ("DDR") synchronous dynamic RAM ("SDRAM").
7  Ex. 2.  Standards for DDR technology are set by JEDEC, and multiple generations of DDR standards
8  have been released (e.g., DDR, DDR2, DDR3, etc.).  Although other claims of the '912 patent read on
9  earlier generations of the standards, such as DDR2 and DDR3, in terms of JEDEC-standardized DDR,
10 claim 16 reads on the DDR4 standard and later technology, which was published to the industry on
11 September 25, 2012.  Ex. 3 (announcing "the initial publication of [JEDEC's] widely-anticipated
12 Synchronous DDR4" standard).  Specifically, claim 16 covers the "per DRAM addressability"
13 functionality ("PDA") in the DDR4 standard. Ex. 4 at 56–58.  PDA did not exist in DDR2 or DDR3.

14         Netlist commenced this action against Google for infringement of the '912 patent on
15 December 4, 2009.  Dkt 1.  On April 8, 2010, Netlist served its infringement contentions, accusing
16 Google's DDR2 FBDIMMs as infringing certain claims of the '912 patent.  Ex. 6.

17         In 2010, Google, along with SMART Modular Technologies Inc. ("SMT") and Inphi
18 Corporation ("Inphi") (together, the "Joint Defense Group"), sought inter partes reexamination of
19 the '912 Patent.  Dkt. 66 at 1.  The PTO ordered reexamination and merged the proceedings brought
20 by the Joint Defense Group.  Ex. 7 at 2–3.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Specifically, ▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  To date, Google
24 has refused to produce any documents or communications to or from Inphi and SMT.  The other
25 members of the Joint Defense Group were not strangers to Google.  Google and SMT once shared
26 counsel in the reexamination. Ex. 13; Ex. 29 at 2.  ▮▮▮▮▮▮▮▮▮▮▮
27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
28 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO 4:09-CV-05718-SBA

2

1      Ex. 26.[1]

2        Upon the parties' stipulation, on January 26, 2011, this Court stayed this case pending the

3 reexamination.  Dkt. 68.  This was over a year before the DDR4 standard was published.  In the stay,

4 Netlist made no commitment to limit future assertion of new claims. Dkt. 68.  Nor did Google commit

5 to limit future assertion of defenses besides those that were at issue in the reexamination.  *Id.*  Simply

6 put, the parties both recognized that the reexamination may narrow or alter issues in the case, and neither

7 party agreed that it would limit subsequent assertions in the case after the reexamination.

8        In the reexamination, the Joint Defense Group challenged claim 16 on obviousness grounds

9 based on the Amidi reference.  *E.g.*, Ex. 10, at 21–22, 24.  The examiner rejected these arguments

10 and the PTAB twice affirmed the examiner's confirmation of claim 16.  *Id.*; Ex. 11 at 75 77, 82

11 83; Ex. 12 at 42.  The Federal Circuit summarily affirmed.  *Google LLC v. Netlist, Inc.*, 810 F.

12 App'x 902 (Fed. Cir. 2020).  On February 8, 2021, the PTO issued the *inter partes* reexamination

13 certificate.  Dkt. 110 at 2.

14        Consistent with the reality of DDR technology development and Google's change of

15 memory module use, the parties requested that the Court grant leave for Netlist to amend its

16 infringement contentions and for Google to amend its invalidity contentions. Dkt. 115 at 5 6.  This

17 Court entered an Order Setting Deadlines for amended infringement contentions on June 18, 2021,

18 and amended invalidity contentions on September 17, 2021.  Dkt. 117.  The Court placed no

19 limitations or conditions on either party's amended contentions. *Id.*

20        Pursuant to this Court's Order, Netlist asserted claim 16 against Google's memory modules

21 compliant with certain portions of the JEDEC DDR4 standards on May 19, 2021.  Ex. 14.  Netlist also

22 stated in the amended infringement contentions that the asserted claims are entitled to a priority date as

23 early as March 5, 2004, and a conception date of                    *Id.* at 2.  Google noted during

24 the reexamination that "[t]he earliest priority date to which the claims of the '912 patent could be entitled

25 is March 5, 2004." Ex. 24, at 1.  And Google has known of the conception date since the September 17,

1   2010 deposition of Jayesh Bhakta, one of the named inventors of the '912 patent.  Ex. 25 at 10:8-14.

2       Netlist also supplemented its infringement contentions to identify 63 other claims that cover

3   certain generations of DDR products.  Ex. 1, at 1.  Three of those claims, 40, 46, and 47, were not

4   previously asserted before the stay but read on the FBDIMMs Google used before the stay.  Netlist

5   agreed to withdraw its contentions as to these three claims.  Claim 16 is different.  Claim 16 does not

6   read on any products Google disclosed before the stay.

7   **III.    LEGAL STANDARD**

8       Patent Local Rule 3-6 allows amendment of the infringement contentions "by order of the

9   Court upon a timely showing of good cause."  Patent L.R. 3-6.  Once the court authorizes the patentee

10  to amend, "[s]triking a patentee's infringement contentions is a severe sanction that should be used

11  sparingly and only for good cause."  *Finjan, Inc. v. SonicWall, Inc.*, No. 17-cv-4467, 2019 WL

12  6493967, at *1 (N.D. Cal. Dec. 3, 2019).

13  **IV.    ARGUMENT**

14      **A.    This Court Authorized Netlist to Amend Its Infringement Contentions
            Without Any Limitation or Condition.**

15      After this case reopened, the parties submitted a joint CMC statement where Netlist explained

16  that given the ten-year reexamination, "this case has been stayed for long enough that Google's non-

17  public use of implicated memory modules that otherwise infringe the claims of the '912 patent is likely

18  to have changed since the complaint was filed."  Dkt. 115 at 3.  Netlist further apprised the Court of

19  the need for "targeted discovery, beginning now, regarding the nature of the memory modules

20  currently used by Google."  *Id.*  Netlist explicitly stated its intent to rely on discovery to "narrow, ***alter***,

21  and/or focus the issues in dispute."  *Id.* (emphasis added).  Google did not oppose the request to amend

22  infringement contentions based on this rationale.  The Court exercised its case management authority

23  and ordered Netlist to amend its infringement contentions by June 18, 2021.  Dkt. 117.  Nothing in the

24  Order imposed any limitation or condition on the scope of Netlist's amended infringement contentions.

25      Google now argues that this Court's Order allowing Netlist to amend "infringement

26  contentions" did not authorize Netlist to assert additional claims not already in the initial infringement

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO  4:09-CV-05718-SBA

4

1    contentions.  MTS at 1, 14–15.[2]  Google's explanation is that the Patent Local Rules differentiate
2    "Infringement Contentions" and "Asserted Claims," and the Court did not explicitly authorize
3    amendment to the latter.  *Id*. at 14–15.  Google's argument directly contradicts this district's practice:
4    patentees are prohibited from adding claims as part of amending infringement contentions only when
5    the Court explicitly orders as such.  *E.g. Straight Path IP Grp., Inc. v. Apple Inc.*, No. 16-cv-3582,
6    2017 WL 3967864, at *5 (N.D. Cal. Sept. 9, 2017) (granting leave to amend infringement contentions
7    "on the conditions that [the plaintiff] must limit its amended infringement contentions to its ten
8    remaining asserted claims").  That is not the case here.

9         Google points out no case where a court has stricken amended infringement contentions that
10   were timely served pursuant to a court order.  Google cites to *MyGo LLC v. Mission Beach Industries,*
11   *LLC*, No. 16-cv-2350, 2018 WL 3438650 (S.D. Cal. July 17, 2018) (denying motion to strike as moot),
12   which is inapplicable here.  MTS at 15.  In *MyGo*, the Southern District of California recognized that
13   its own Patent Local Rules allow a patentee to amend its infringement contentions as a matter of right
14   up until the filing of the parties' Joint Claim Construction Chart, and otherwise upon a timely motion
15   showing good cause.  *Id*. at *4.  The plaintiff in that case served amended infringement contentions
16   that included newly asserted claims without first obtaining leave to amend its infringement
17   contentions.  *Id*. at *2.[3]  The Court noted that although the Southern District of California allows for
18   "matter of right" amendments to a plaintiff's infringement contentions, "matter of right amendments
19   provide only a right to amend infringement contentions of previously asserted claims pursuant to Rule
20   3.1(b)," and that for newly asserted claims "Plaintiff may submit a motion for leave to amend."  *Id*. at
21   *4.  *MyGo* is inapposite for the simple fact that, here, the Court authorized Netlist to ***amend*** its
22   infringement contentions—there was no need for Netlist to submit a separate motion.  The procedural
23   posture and the relevant local rules at issue in *MyGo* have no application to this case or this district.

24        Google's interpretation of the local rules—that leave to amend "Infringement Contentions"

25   _____

26   **[2]** Although Netlist served its claim 16 infringement contention against Google's products on
     May 19, 2021, Google waited over two months to move to strike.  Ex. 14 at 1; Dkt. 153.

27   **[3]** The magistrate judge in *MyGo* set a post-stay deadline by which a Disclosure of Asserted
28   Claims and Preliminary Infringement Contentions were due, but the *MyGo* opinion makes clear that
     this did not constitute leave to amend the plaintiff's contentions.  *Id*. at *2, 4–5.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

5

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO  4:09-CV-05718-SBA

1    under N.D. Cal. Patent Local Rule 3-6 does not constitute leave to assert new asserted claims—leads

2    to untenable results.  The Patent Local Rules provide no express mechanism for a party to amend

3    infringement contentions to assert new claims.  In other words, under Google's view, a plaintiff could

4    ***never*** assert additional claims because the local rules do not provide for such.  This contravenes the

5    reality of litigation, which is that litigants receive additional information relevant to the case as

6    discovery progresses, and contravenes Federal Circuit law.  *See O2 Micro Int'l Ltd. v. Monolithic*

7    *Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("If a local patent rule required the final

8    identification of infringement and invalidity contentions to occur . . . well before the end of discovery,

9    it might well conflict with the spirit [of the Federal Rules of Civil Procedure]."); *Elec. Scripting Prod.,*

10   *Inc. v. HTC Am. Inc.*, No. 17-cv-5806, 2021 WL 2530210, at *1 (N.D. Cal. June 21, 2021) ("[The]

11   Local Patent Rules boil[] down to the task of balancing one party's need to develop new information

12   in discovery, with the other party's need for certainty as to the legal theories at play in the case").

13        Google contends that Netlist must stick to its original asserted claims, otherwise, this case will

14   start from scratch, "as if the *inter partes reexamination* had never happened."  MTS at 6.  First, under

15   this rationale, claims could never be asserted post-reexamination.  As a result, a party can file an early

16   reexamination, request a stay, and then take advantage of the stay to expand its infringement of a

17   patent.  Second, the purpose of the stay was not to dispose of the case, it was to await the PTO's

18   determination of issues properly before it.  The PTO adjudicated the validity of claim 16.  By agreeing

19   to the stay, Google did not waive the defenses that remain available to it after the reexamination.  Nor

20   did Netlist waive the right to assert the claims that remain available to it after the reexamination.  Dkt.

21   66.

22        In addition, denying the right to assert additional claims against previously unavailable

23   products will require patentees to bring separate lawsuits to enforce their rights ***each time*** an infringer

24   releases a new infringing product that reads on a previously unasserted claim.  This provides another

25   "compelling reason to allow amendment" since "it is more efficient to dispose of all the issues [of the

26   patent] in one action, without splitting the litigation into various pieces."  *Bd. of Tr. of Leland Stanford*

27   *Junior Univ. v. Roche Molecular Sys., Inc.*, No. 05-cv-4158, 2008 WL 624771, at *4 (N.D. Cal. Mar.

28   4, 2008) (recognizing in this situation, court will face administrative motions to relate cases).

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

6

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO 4:09-CV-05718-SBA

Finally, any suggestion by Google that the parties are limited to their pre-stay contentions in this matter has no connection to reality.  Google's conduct bears this out: on August 18, 2021, Google announced that it intends to file a motion "to amend its Answer to include the defenses of Inequitable Conduct, Unfair Competition, and Intervening Rights."  Ex. 15.

### B.    Good Cause Exists for Netlist to Assert Infringement of Claim 16

If Google's representation is to be taken at face value—it did not understand that it was agreeing to allow Netlist to amend the infringement contentions to alter the asserted claims—and if the Court viewed it in the same manner, then Netlist respectfully requests that the Court grant Netlist leave to assert claim 16.  Good cause exists for Netlist to add claim 16 at this stage.

The good cause standard under Patent Local Rule 3-6 "does not require perfect diligence." *Facebook, Inc. v. Blackberry Ltd.*, No. 18-cv-5434, 2020 WL 864934, at *5 (N.D. Cal. Feb. 13, 2020); *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-cv-3587, 2014 WL 491745, at *3 (N.D. Cal. Feb. 5, 2014).  Diligence "is a factual inquiry," depending on "the unique posture of each case." *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-cv-1012, 2017 WL 732896, at *4 (N.D. Cal. Feb. 24, 2017).  Plaintiffs' "ability to learn of the additional devices prior to the final infringement contentions date" is a particular concern in deciding good cause. *Seiko Epson Corp. v. Coretronic Corp.*, No. 06-cv-6946, 2008 WL 2563383, at *2 (N.D. Cal. June 23, 2008); *Apple, Inc. v. Samsung Elec. Co., Ltd.*, No. 12-cv-630, 2012 WL 5632618, at *2 (N.D. Cal. No. 15. 2012) ("[T]he critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." (quotation marks omitted)).  Amendment itself does not cause undue prejudice to a defendant because, by its very nature, being sued for infringement is prejudicial to the defendant. *See Acer, Inc. v. Tech. Properties Ltd.*, No. 08-cv-877, 2011 WL 1838768, at *5 (N.D. Cal. May 13, 2011) (any prejudice is "insufficient to outweigh [patentee's] right to assert new claims and the Court's interest in resolving the parties' disputes as comprehensively as is possible"); *ClearPlay, Inc. v. DISH Network LLC*, No. 14-cv-191, 2019 WL 1318348, at *3 (D. Utah Mar. 22, 2019) ("[T]he inconvenience and expense by itself does not generally arise to the level of undue prejudice.").

Even where a patentee "was arguably not diligent," courts in this district allow amendment to infringement contentions where there is minimal prejudice to the defendant. *Linex Techs., Inc. v.*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

7

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO  4:09-CV-05718-SBA

*Hewlett-Packard Co.*, No. 13-cv-159, 2013 WL 5955548, at *1 (N.D. Cal. Nov. 6, 2013) ("[E]ven if the movant was arguably not diligent, the court retains discretion to grant leave to amend."). Courts consistently find that amendments would not cause prejudice where a case is still in the early stages. *E.g. Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-876, 2016 WL 2855260, at *7 (N.D. Cal. May 13, 2016) ("Courts have found no prejudice where, as here, the proposed amendments did not pose a risk to discovery and motion deadlines or the trial schedule.") (collecting cases); *Apple*, 2012 WL 5632618, at *6 ("Given the early stage of this litigation and the reasoning of this order, the court notes that Apple should think twice before opposing similar amendments reflecting other newly-released products"); *Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*, No. 13-cv-5184-SBA, 2014 WL 5499511, at *3 (N.D. Cal. Oct. 30, 2014) ("[T]he Patent Local Rules' concern with parties sandbagging opponents late in the discovery period [] is not at issue.").

### 1.   Netlist Acted Diligently in Asserting Claim 16

As an initial matter, the Northern District of California excludes the period of stay from a diligence analysis. *E.g. Karl Storz*, 2016 WL 2855260, at *6 (excluding the time during the stay from the diligence analysis and stating that "time periods of three months and longer can be reasonable") (citing *Netflix, Inc. v. Rovi Corp.,* No. 11-cv-6591, 2015 WL 3504969, at *4 (N.D. Cal. June 2, 2015)). Requiring Netlist to constantly amend its infringement contentions throughout the stay—during which the validity of claims of the '912 patent was uncertain and Netlist lacked information regarding Google's infringing devices—would be unfair to Netlist and detrimental to judicial economy. *Acer*, 2011 WL 1838768, at *3 ("[D]iligence does not require that a party awaiting USPTO action assert all potential claims. Instead of promoting an orderly process, such a request would add confusion and uncertainty to the litigation"); *Richtek Tech. Corp. v. uPI Semiconductor Corp.*, No. 09-cv-5659, 2016 WL 3136896, at *2 (N.D. Cal. June 6, 2016) ("[T]he stays were in place specifically to avoid expenses that might ultimately prove moot."); *AMD*, 2017 WL 732896, at *4 ("Continuing to work diligently on stayed proceedings would have been a waste of time and resources.").

This case was stayed in January 2011. Google has not identified any document, testimony, or other evidence of its ███████████ before the stay. The case was reopened on February 17, 2021. Dkt. 111. After submitting the joint CMC Statement on March 4, 2021, Dkt. 115, Netlist began

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

8

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO  4:09-CV-05718-SBA

1   seeking discovery from Google on March 10, 2021.  Ex. 5.  ███████████████

2   ████████████████   Ex. 16, at 7.  Netlist served its claim 16 contention on this same day, May

3   19, 2021, a month before the Court's deadline for amending infringement contentions.  Ex. 14.  Thus,

4   Netlist disclosed claim 16 promptly.  *See AMD*, 2017 WL 732896, at *4 (the patentee acted diligently

5   in amending infringement contentions five months after the court lifted the 3-year stay); *uPI*

6   *Semiconductor Corp.*, 2016 WL 3136896, at *2 (defendant acted diligently in seeking amendment

7   where it "reasonably relied on the deadline to refile invalidity contentions set forth in the scheduling

8   order").[4]

9        Netlist's assertion of claim 16 against DDR4 DIMMs was diligent, because Netlist could not

10  have asserted claim 16 against DDR4 DIMMs prior to the stay of this case in January 2011.

11       First, as to standardized products, currently only DDR4 DIMMs that comply with certain

12  JEDEC DDR4 standards while operating in the PDA mode (or products that operate in a similar

13  manner) infringe claim 16.  As explained in Netlist's infringement contentions, the claimed limitation

14  of "wherein the command signal is transmitted to only one DDR memory device at a time" is infringed

15  through use of the PDA mode.[5]  Ex. 14 at 3–8.  DDR4 did not exist at the time of the stay.  On

16  September 25, 2012, JEDEC published the DDR4 SDRAM standards, introducing the PDA feature

17  implemented in JEDEC-compliant DDR4 DIMMs.  Ex. 4 at 56–58.  The standards that did exist in

18  2011—DDR2 and DDR3—do not contain the PDA feature.  *See* Ex. 18, at i–iii (listing contents of

19  DDR3 SDRAM standard which do not include the PDA feature); Ex. 19, at i (same for DDR2).

---

20  [4] Google's citation to cases denying motion for leave to amend because the patentees waited

21  a few months before asserting additional infringing products or claims is misleading.  In none of
    these cases did the Court ***expressly order*** a deadline by which the plaintiff had to amend its

22  infringement contentions.  MTS at 11; *Cf. Acer, Inc. v. Tech. Properties Ltd.*, No. 08-cv-877, 2010
    WL 3618687, at *5 (N.D. Cal. Sept. 10, 2010) (noting that the operative case management schedule

23  did not authorize the patentee to amend); *O2 Micro*, 467 F.3d, at 1367 (denying amendment

24  proposed after claim construction and deadlines to serve final infringement contentions); *Catch a*
    *Wave Techs., Inc. v. Sirius XM Radio, Inc.*, No. 12-cv-5791, 2014 WL 186405, at *3 (N.D. Cal. Jan.

25  16, 2014) (same); *Linksmart Wireless Tech., LLC v. Caesars Ent. Corp*, No. 18-cv-862, 2021 WL
    201775, at *3 (D. Nev. Jan. 20, 2021) (same).

26

27       [5] Claim 16 was dependent from claim 15, but claim 16 was rewritten in independent form
    after being upheld as valid during reexamination.  Dkt. 156 at 2.  The "wherein the command signal

28  is transmitted to only one DDR memory device at a time" limitation of claim 16 did not appear in
    claim 15 or other claims asserted in Netlist's original infringement contentions.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO. 4:09-CV-05718-SBA

9

1    Google does not identify a single product that it used at the time of the stay that it claims

2    operates in a similar manner to the products accused of infringement in this case.  Thus, Google's

3    claim that Netlist could have asserted claim 16 against Google's DDR2 and DDR3 products in use

4    prior to January 2011 is baseless.  As a result, Netlist's amendment should be allowed.  *See, e.g.*,

5    *Nuance Commc'ns, Inc. v. ABBYY Software House*, No. 08-cv-2912, 2012 WL 2427160, at *2 (N.D.

6    Cal. June 26, 2012) (allowing the plaintiff to assert new products to prevent defendants from "easily

7    avoid[ing] infringement claims by acquiring new technology during the pendency of a patent suit, and

8    migrating their offerings towards the newly acquired technology and away from the accused

9    products"); *Acer*, 2011 WL 1838768, at *4 (allowing addition of new claims against new products not

10   previously available on the market).[6]

11   Google contends that Netlist should have asserted claim 16 prior to the stay because the '912

12   ***patent*** (not claim 16) is broadly directed to improvements in DDR2 technology.  MTS 9–10.  Google's

13   assertion boils down to the idea that because the '912 patent or its predecessor were issued when

14   "DDR2 was the prevalent generation of memory technology," Netlist was aware and believed that

15   ***each and every*** claim of the '912 patent reads on DDR2 DIMMs.  *Id.* at 9.  Google provides no support

16   for its position.  It cannot.  The '912 patent expressly states that it is ***not*** limited to DDR2 technology.

17   *E.g.* Ex. 2 at 6:12-16 ("Memory devices 30 compatible with embodiments described herein include,

18   but are not limited to . . . double-data rate DRAM (e.g., DDR-1, DDR-2, DDR-3)"); *id.* 12:27–29

19   ("[T]he memory module 10 can have various types of memory devices 30 (e.g., DDR1, DDR2, DDR3,

20   ***and beyond***.")) (emphasis added).  The '912 patent does not expressly mention DDR4 because, as

21   Google readily admits, it is "a later generation of memory that was released in 2014.[7]"  MTS at 9.

22   Google also argues that "Netlist's conduct with respect to the JEDEC organization further

23

---

24   [6] Cases Google relies on denying amendment are distinguishable.  *Cf. IXI Mobile (R&D)*
     *Ltd. v. Samsung Elecs. Co.*, No. 15-cv-3752, 2019 WL 5102570 (N.D. Cal. Oct. 11, 2019) (denying

25   amendment as "Plaintiffs have not identified any new contentions or accused products they seek to
     add"); *Trans Video Elecs., Ltd. v. Sony Elecs.,Inc.*, 278 F.R.D. 505, 508 (N.D. Cal. 2011) (denying

26   leave to amend because the patentee did not explain why it could not have asserted the claim at the
     outset of the case and because the amendment was proposed four months after claim construction).

27   [7] Google states that DDR4 memory was released in "2014," which was the time when
     products implementing DDR4 standards first became available on the market.  The DDR4 SDRAM

28   standards were published by JEDEC in September 2012.  Both events post-date the stay of this case.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO  4:09-CV-05718-SBA

1   demonstrates that the claims of the '912 Patent are not directed to DDR4 technology."  MTS at 10.

2   Google claims that Netlist "never told JEDEC that the '912 Patent reads on DDR4," and thus Netlist

3   did not "genuinely believe[]" claim 16 covers DDR4 technology.  *Id.*  This argument is a red herring,

4   and Google's description of Netlist's disclosure of the '912 patent to JEDEC is factually incorrect.

5   ████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████

10  Ex. 21 at 1–2.  The JC-42 Committee and JC-42.3 Subcommittee developed DDR4 standards broadly,

11  and the JC-42.3 Subcommittee developed the PDA feature.  Ex. 4 at i (DDR4 SDRAM was

12  "formulated under the cognizance of the JC-42.3C Subcommittee on DRAM Memories").  Members

13  of JC-42 and JC-42.3, including Google, were thus fully aware of the '912 patent when designing the

14  standards.  Nothing in the JEDEC Manual of Organization and Procedure required Netlist to make

15  repeated disclosure of its patents every time a new standard or specification may implicate ***any claim***

16  of the patents.  Ex. 22.  There was no expectation that Netlist would have serially disclosed the '912

17  patent to JEDEC when new products or standards were released within the industry.

18         In addition, specifically to DDR4 standards and specifications, Netlist has disclosed other

19  patents within the '912 family that claim priority to the same filing as the '912 patent, which, under

20  Section 8.2.1 of the JEDEC Manual of Organization and Procedure, is deemed to be a disclosure of

21  the '912 patent for those same purposes. Ex. 22 at 22 ("Disclosure of a patent is deemed to include all

22  patents claiming priority of a single filing.").[8]

23                    **2.     There Is No Undue Prejudice to Google**

24         Even if Netlist was not diligent in asserting claim 16—and it was—there is no undue prejudice

25  to Google by allowing claim 16 to be added to this case at this juncture.  In determining whether a

26  defendant will suffer undue prejudice by the amendment of infringement contentions, courts look at,

27

28  ────────────────────────────────
    [8] ███████████████████████████████                         ████████████████████ . Ex. 21 at 3–16.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO. 4:09-CV-05718-SBA

11

1   *inter alia*, the stage of the proceedings.  Proximity to the discovery deadline can be a "determinative

2   factor." *Twilio, Inc. v. TeleSign Corp.*, No. 16-cv-6925, 2017 WL 3581186, at *4 (N.D. Cal. Aug. 18,

3   2017).  Here: (1) Google's deadline to amend its invalidity contentions is set for September 17, 2021,

4   approximately four months since Netlist first asserted claim 16; (2) the deadlines for the parties'

5   opening claim construction briefs are set for January 2022; (3) the Markman hearing is set for March

6   2022; and (4) there is ***no fact discovery deadline*** set in this case.  Dkt. 117.  There are at least six more

7   months before an even theoretical close of fact discovery.  Google cannot point to a single case where

8   the court denied motion for leave to amend infringement contentions where there the case was still at

9   such an early stage.  Any potential prejudice to Google "would be cured by [Google's opportunity to]

10  supplement its invalidity contentions." *Facebook*, 2020 WL 864934, at *10; *AMD*, 2017 WL 732896,

11  at *4–5 ("[D]espite the fact that this case was filed in March 2014, the case is still young procedurally");

12  *Karl Storz*, 2016 WL 2855260, at *7 ("[T]he case is in the early stages of litigation. The district court

13  has not yet set a date for the close of fact discovery, nor for the close of expert discovery or trial.").

14      Google argues that it will suffer undue prejudice because it did not raise claim 16 in the

15  reexamination proceeding in reliance on Netlist's original infringement contentions.  This argument

16  must fail.  Under the Patent Local Rules and this Court's well-established case law, Netlist can amend

17  the original contentions with good cause as discovery proceeds, especially before claim construction

18  and fact discovery concludes.  Google's alleged reliance, if any, is unreasonable given that it knew

19  that Netlist could amend its contentions as discovery progressed.  Patent L.R. 3-6; *Comcast Cable

20  Commc'ns Corp., LLC. v. Finisar Corp.*, No. 06-cv-4206, 2007 WL 716131 at *2 (N.D. Cal. Mar. 2,

21  2007) (the patent local rules are "not a straitjacket into which litigants are locked from the moment

22  their contentions are served").

23      In addition, Google ***did*** raise objections to the validity of claim 16 in the reexamination by and

24  through Inphi and SMT, parties in Google's Joint Defense Group.  Although Google conceded that it

25  entered common interest agreements with Inphi and SMT, it denies any participation or influence on

26  decisions of Inphi and SMT during the reexamination.  MTS at 8–9.  Contrary to Google's contention,

27  evidence exists showing that Google prosecuted the reexamination of the '912 patent, including claim

28  16, jointly with the other requesters. ██████████████████████████

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO. 4:09-CV-05718-SBA

12

1  ████████████████████████████████████████████████████████████

2  ███████████████████████████████████████████████  Ex. 8. ██████████

3  ███████████████████████████████████████████.[9]  Second, Google and

4  SMT petitioned for reexamination of the '912 patent one day apart, Dkt. 66 at 1, and shared counsel

5  at various points in the proceeding.[10]  Further, in the jointly administered proceeding, Google was

6  fully aware of discussions relating to claim 16 and arguments Inphi and SMT raised in the

7  reexamination.  37 C.F.R. § 1.995 ("[A]ny paper filed by one party in the merged proceeding shall be

8  served on all other parties of the merged proceeding."); 37 C.F.R. § 1.947 ("Each time the patent

9  owner files a response to an Office action on the merits pursuant to § 1.945, a third party requester

10  may once file written comments within a period of 30 days.").

11         Even if this Court finds that Google did not directly challenge claim 16 in the reexamination,

12  that was Google's strategic decision and should not be considered as part of the prejudice analysis.

13  Nothing in the applicable statutes or rules prohibited Google from raising challenges beyond claims

14  asserted in Netlist's original infringement contentions.  Google commented on and raised objections

15  to the new claims Netlist added to the '912 patent in the reexamination that had not been previously

16  asserted in litigation against Google.  For example, Google objected to Netlist's reexamined claim 66

17  (proposed claim 132), which Netlist never asserted against Google.  This demonstrates that Google's

18  decision to not challenge claim 16 was a strategic one.  Ex. 23 at 22–23; Dkt. 153-9, at 3.  *Google*

19  *does not identify any arguments it would have made that were not made by the other members of*

20  *the Joint Defense Group*.

21         Google relies on Judge Chen's decision in *Capella Photonics, Inc. v. Cisco Systems Inc.*, No.

22

23         [9] Netlist served production requests regarding Google's communications and relationship
with SMT and Inphi in the reexamination proceeding regarding claim 16 on June 17, 2021.  Ex. 27.

24  Despite putting the relationship at issue in its motion to strike, Google has invoked common interest
privilege and refused to produce any evidence that could support its denial of its participation in

25  challenging claim 16.  Ex. 28, at 4, 8, 9, 10, 11, 12, 13.

26         [10] On October 19, 2015, Google filed a change in Power of Attorney to change its counsel
of record to Michael F. Heafey.  Ex. 29, at 2 ("Google is concurrently filing a change of Power of

27  Attorney, which also lists Michael F. Heafey as co-counsel. [He is] co-counsel for co-third party
requester SMART Modular Technologies Inc. (95/000,578) in these merged proceedings."); Ex. 13

28  (Certificates of Service from the reexamination showing that Google shared counsel with SMT).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO 4:09-CV-05718-SBA

13

1    14-cv-3348, 2019 WL 2359096 (N.D. Cal. June 4, 2019), which presents different facts from this case.

2    There, after an IPR, plaintiffs attempted to amend the infringement contentions without a court order

3    authorizing them to do so. *Id.* at \*1–\*2. The proposed amendment attempted to add new claims that

4    were never before the PTAB, but dependent on claims *cancelled* in the IPR. *Id.* at \*2. Plaintiffs in

5    *Capella* "did not provide an explanation why this amendment could not have been brought earlier."

6    *Id.* at \*3. The court found that allowing the plaintiff to amend its infringement contentions would

7    prejudice the defendant because doing so would give the plaintiff "a second bite at the apple,

8    effectively avoiding the results of the IPR proceedings." *Id.* at \*5. *Capella* does not apply in this case.

9    *First*, the *Capella* court's concern about effectively allowing the patentee "a second bite at the apple"

10   is inapplicable where, as here, claim 16 was before the examiner and PTAB during the reexamination,

11   and subject to challenges from Google's Joint Defense Group. Ex. 10, at 21–22, 24; Ex. 11 at 75–77,

12   82–83; Ex. 12 at 42. Netlist is not asking this Court to revisit issues resolved in the reexamination.

13   Indeed, the PTAB's decisions affirming the validity of claim 16 can provide helpful guidance to this

14   Court in adjudicating this case at later stages.[11] *Id.* *Second*, unlike the plaintiff in *Capella*, Netlist

15   *has* explained that it could not have asserted claim 16 against DDR4 DIMMs because these products

16   did not exist at the time. *See supra* at 9–10.

17       **C.    Good Cause Exists for Netlist to Amend the Priority and Conception Dates**

18          As discussed, Netlist promptly sought permission with this court to amend its infringement

19   contentions after this case reopened. *Supra*, at 1. On June 18, 2021, Netlist timely served its

20   infringement contentions, which stated that the "Asserted Claims of the '912 Patent are entitled to a

21   priority date at least as early as March 5, 2004, and a conception ███████." Ex. 1 at 6. These

22   dates are not "new" to Google. In its request for reexamination of the '912 patent on October 20, 2010,

23   Google stated that "[t]he earliest priority date to which the claims of the '912 patent could be entitled is

24   March 5, 2004, the filing date of U.S. patent application no. 60/550,668. This request *relies on art that*

25   *is earlier than this date*." Ex. 24 (emphasis added). Google also learned of the amended conception

---

[11] The parties disagree whether the PTAB's decisions on claim 16 have preclusive effects
on Google. Netlist contends that Google is barred from relitigating grounds that it raised or could
have raised relating to claim 16. However, the preclusive effect is a merits issue that should be
addressed after Google's invalidity contentions are served.

1    date as early as September 17, 2010, from Jayesh Bhakta's deposition. Ex. 25 at 10:8-14.

2          Google still has ample opportunities to address these amended dates in its invalidity

3    contentions and to conduct discovery.[12] Where, as here, the opposing party would not be prejudiced,

4    courts will deny the motion to strike the amended priority or conception dates. *E.g. Keithley v.*

5    *Homestore, Inc.*, 553 F. Supp. 2d 1148, 1151 (N.D. Cal. May 12, 2008) (denying motion to strike);

6    *Dynamic Digital Depth Rsch. Pty Ltd. v. LG Elecs., Inc.*, No. 15-cv-5578, 2016 WL 7448294, at *5

7    (C.D. Cal. June 7, 2016) (same). Google's concern that Netlist is "attempting to avoid [the Amidi]

8    reference," MTS at 12, is misplaced because the PTAB has already confirmed claim 16 over Amidi

9    twice in the reexamination and the parties are bound by these decisions. Exs. 10–12 .

10         Google also challenges Netlist's conception date, "███████", for lack of specificity. MTS,

11   at 13–14. Google never raised this issue during verbal meet and confers. If it would have complied

12   with its obligations, there would be no controversy. The relevant conception document discussed

13   during the deposition quoted in the contentions has a date of ███████. Ex. 17, at 1. The

14   witness, however, believed the conception ███████. Ex. 25 at 10:8-14. To date there

15   has been no document with a specific date ████. There has been a reasonable investigation but

16   discovery is not closed. If a more specific date is required at this point, Google should treat the date

17   as ███████, in line with Federal Circuit authority interpreting a range of dates by applying the

18   "last day of the period." *Oka v. Youssefyeh*, 849 F.2d 581, 584 (Fed. Cir. 1988).

19   **V.     CONCLUSION**

20         Netlist respectfully requests that the Court deny Google's motion to strike Netlist's amended

21   infringement contentions of claim 16 and the amended priority and conception dates.

---

25        [12] Cases Google cites to show Netlist's alleged lack of diligence are distinguishable because

26   unlike those cases, here, Netlist timely served its infringement contentions pursuant to the Court's
     scheduling order and this case is at an early stage such that Google can serve its amended invalidity

27   contentions and conduct fact discovery to address these amended dates. *Cf. Harvatek Corp. v. Cree,*
     *Inc.*, No. 14-cv-5353, 2015 WL 4396379, at *2 (N.D. Cal. Jul. 17, 2015); *Gamevice, Inc. v. Nintendo*

28   *Co., Ltd.*, No. 18-cv-1942, 2019 WL 3533078, at *2 (N.D. Cal. Aug. 2, 2019).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO 4:09-CV-05718-SBA

15

1

2

Dated: August 20, 2021                          IRELL & MANELLA LLP

3

By: */s/    Jason G. Sheasby*
Jason G. Sheasby
jsheasby@irell.com
Andrew J. Strabone
astrabone@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

4

5

6

7

8

9

*Attorneys for Plaintiff Netlist, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

NETLIST'S OPPOSITION TO GOOGLE'S
MOTION TO STRIKE
CASE NO 4:09-CV-05718-SBA

1
2

## <u>CERTIFICATE OF SERVICE</u>

3

      I hereby certify that on August 20, 2021, I caused the electronic filing of the foregoing with

4

the Clerk of the Court using the CM/ECF system which will automatically email notification of such

5

filing to all counsel of record who have made a formal appearance.  I further certify that on August

6

20, 2021, the unredacted version of the foregoing are served on counsel of record who have made a

7

formal appearance.

8
9

               By: */s/      Yanan Zhao*

10

                  Yanan Zhao

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations