UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No: 4:09-cv-05718 SBA<br><br>**ORDER: (1) GRANTING MOTION TO CHANGE HEARING DATES, WITH MODIFICATION, AND (2) STAYING DISCOVERY AND OTHER DEADLINES PENDING RESOLUTION OF MOTIONS SET TO BE HEARD**<br><br>Dkt. 172 |

Plaintiff and counter-defendant Netlist, Inc. ("Plaintiff") brings the instant action against Defendant and counter-claimant Google, LLC ("Defendant"). Pending before the Court are: (1) Defendant's Motion to Strike Plaintiff's New Assertion of Claim 16 and New Dates for Priority and Conception that Were Not in Its Original Patent Local Rule 3-1 Disclosures ("Defendant's Motion to Strike"), Dkt. 153, set for hearing on September 8, 2021; (2) Defendant's Motion for Summary Judgment on the Issue of Absolute Intervening Rights ("Defendant's Motion for Summary Judgment"), Dkt. 155, set for hearing on October 13, 2021; and (3) Plaintiff's Motion for Partial Summary Judgment on Google's Intervening Rights Defense for Claim 16 ("Plaintiff's Motion for Partial Summary Judgment"), Dkt. 156, set for hearing on November 10, 2021.

Presently before the Court is Plaintiff's Motion to Change the Hearing Dates for Defendant's Motion to Strike and Motion for Summary Judgment, wherein it seeks to continue the hearing date for Defendant's Motion to Strike to September 29, 2021, and to continue the hearing date for Defendant's Motion for Summary Judgment to November 10,

2021.  Dkt. 172.  Plaintiff's request is based on the unavailability of lead counsel due to scheduling conflicts with other actions.

Defendant opposes the motion to continue the hearing dates on the ground that the motions to be heard "address threshold issues that could dispose of the *entire* case."  Opp'n at 1, Dkt. 179 (emphasis in original).  According to Defendant, this undermines the very reason the Court granted leave for early summary judgment briefing on intervening rights.  Id.  Google argues that delay is unduly prejudicial in that it will be required to "spend time, resources, and money on potentially needless discovery, which [Plaintiff] has continued to aggressively pursue … with the constant threat of discovery motion practice."  Id. (footnote omitted).  Defendant notes that it agreed to continue the hearing dates if Plaintiff agreed to stay discovery and other case deadlines pending resolution of the motions set to be heard, "consistent with the need for early resolution of these motions to avoid potential waste of Court and party resources."  Id. at 2 (footnote omitted).  Plaintiff rejected Defendant's proposal.  Defendant therefore opposes the request to continue the hearing dates, or, if the Court is inclined to grant the request, asks that the Court also stay discovery and other case deadlines pending resolution of the motions.[1]

Good cause having been shown, the Court GRANTS Plaintiff's administrative motion to continue the hearing dates on Defendant's Motion to Strike and Motion for Summary Judgment.  Dkt. 172.  In light of the Court's availability, as well as its determination that it will be more efficient to have these matters heard together, the hearing date for both motions shall be CONTINUED to November 10, 2021, to be heard in conjunction with Plaintiff's Motion for Partial Summary Judgment, which is also set for hearing that date.  The Court concurs with Defendant regarding the desirability of resolving these threshold issues before expending additional resources on other aspects of the litigation, however.  The parties should not be burdened with needless discovery; nor

---

[1] During the parties' meet and confer discussions, Defendant also proposed a potentially lengthier stay of the action, which Plaintiff rejected.  Opp'n at 2 n.2.  However, Defendant does not request a lengthier stay in opposition to the instant motion.

should Magistrate Judge Spero be burdened with needless discovery disputes. Although Plaintiff asserts that a lengthier stay of the action is inappropriate, it does not address the matter of the limited stay of discovery proposed by Defendant. Moreover, in the event the intervening rights issues do not dispose of the action entirely, resolution of the pending motions may help focus the parties' efforts for the remainder of the action. Accordingly, the Court finds it appropriate to STAY discovery on issues other than intervening rights pending resolution of Defendant's Motion to Strike, Defendant's Motion for Summary Judgment, and Plaintiff's Motion for Partial Summary Judgment. Additionally, the deadlines set forth in the Court's Order Setting Deadlines, Dkt. 117, are VACATED and shall be reset, as necessary, pending resolution of the motions.

IT IS SO ORDERED.

Dated: 09/03/2021

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge