QUINN EMANUEL URQUHART & SULLIVAN, LLP

David Perlson (CA Bar No. 209502)
davidperlson@quinnemanuel.com
Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-510

Jared Newton (admitted *pro hac vice*)
jarednewton@quinnemanuel.com
Deepa Acharya (CA Bar No. 267654)
deepaacharya@quinnemanuel.com
Sandy Shen (admitted *pro hac vice*)
sandyshen@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| NETLIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 4:09-CV-05718-SBA<br><br>**DEFENDANT GOOGLE'S RESPONSE TO NETLIST, INC.'S STATEMENT OF RECENT DECISION**<br><br>**JUDGE**: Hon. Saundra Brown Armstrong<br>**HEARING DATE**: November 10, 2021<br>**TIME**: 2:00 PM<br><br>**REDACTED FOR PUBLIC FILING** |

Netlist's Statement of Recent Decision (Dkts. 215-4, 216) ("Statement") argues that the summary judgment order in *Netlist Inc. v. Samsung Elecs. Co., Ltd.*, No. 8:20-cv-993-MCS-ADS, Dkt. 186 (C.D. Cal. Oct. 14, 2021) ("*Samsung* Order") is relevant to Google's pending Motion to Amend (Dkts. 205-4, 206) and Motion for Summary Judgment on the issue of Absolute Intervening Rights (Dkts. 154-04, 155). Netlist is wrong on both points.

***First***, the *Samsung* Order—which is non-final and subject to a motion for reconsideration—simply held that Netlist terminated its license to Samsung on July 15, 2020. Any products that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ are not impacted by the *Samsung* Order and remain subject to Google's license defense. Furthermore, Netlist omits the fact that Google's defense is separately based on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Dkt. 205-4 at 11-12. ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ are not impacted in any way by the *Samsung* Order.

***Second***, the *Samsung* Order has absolutely nothing to do with Google's Motion for Summary Judgment on the issue of absolute intervening rights. That defense turns on the reexamination record and the dates upon which Google purchased and/or used the accused products, regardless of whether those products were licensed. Indeed, if the Court grants Google's Motion for Summary Judgment, then it will dispose of any accused products purchased or used before the date of the reexamination certificate, and if the Court grants Google's Motion to Strike Netlist's Assertion of Claim 16 (Dkt. 153) then it will also dispose of any accused products purchased and used after the reexamination certificate (because claim 16 is the only claim asserted against those products). In that scenario— where both motions are granted—the case would be disposed of without the Court needing to reach Google's licensing defense or Motion to Amend.[1]

---

[1] Google notes that Samsung recently filed a declaratory judgment action against Netlist for non-infringement of the '912 Patent. *Samsung v. Netlist*, No. 1:21-cv-01453-RGA, D.I. 1 (D. Del. Oct. 15, 2021). Although Google believes that its Motion for Summary Judgment and Motion to Strike are case dispositive, to the extent ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ remain in the case after resolution of those motions, then judicial efficiency favors staying this case and allowing Samsung's action to proceed given that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (finding that when a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement, the suit by the manufacturer generally take precedence "based on the manufacturer's presumed greater interest in defending its actions against charges of patent

| | | |
|---|---|---|
| DATED: October 29, 2021 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By | /s/ *Jonathan Tse* <br> Jonathan Tse |

David Perlson (CA Bar No. 209502)
davidperlson@quinnemanuel.com
Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jared Newton (admitted *pro hac vice*)
jarednewton@quinnemanuel.com
Deepa Acharya (CA Bar No. 267654)
deepaacharya@quinnemanuel.com
Sandy Shen (admitted *pro hac vice*)
sandyshen@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant Google LLC*

---

infringement" (internal citation omitted)); *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (explaining that the so-called "customer-suit exception" is "designed to facilitate just, convenient, efficient, and less expensive determination."). Google is available to discuss this issue at the upcoming November 10, 2021 hearing or at the Court's convenience.