1   IRELL & MANELLA LLP
    Jason G. Sheasby (CA SBN 205455)
2   jsheasby@irell.com
    Andrew J. Strabone (CA SBN 301659)
3   astrabone@irell.com
    1800 Avenue of the Stars, Suite 900
4   Los Angeles, California 90067
    Telephone: (310) 277-1010
5   Facsimile: (310) 203-7199

6
7   *Attorneys for Plaintiff Netlist, Inc.*

8

9                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
10                            **OAKLAND DIVISION**

11
    NETLIST, INC.,                         )   Case No. 4:09-cv-05718-SBA
12                                          )
                       Plaintiff,           )   **[PROPOSED] ORDER GRANTING**
13                                          )   **NETLIST INC.'S MOTION TO**
         v.                                 )   **TRANSFER VENUE**
14                                          )
    GOOGLE LLC,                             )   Date: March 9, 2022
15                                          )   Time: 2:00 PM
                       Defendant.           )   Location: Oakland Courthouse
16  _____       )

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 1 -

[PROPOSED] ORDER GRANTING NETLIST INC.'S
MOTION TO TRANSFER VENUE
CASE NO. 4:09-CV-05718-SBA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

Having considered Netlist Inc.'s Motion to Transfer Venue ("Motion to Transfer"), Google LLC's Opposition, the Reply, authorities cited in the briefs, supporting documents and evidence, and oral arguments, this Court hereby finds that Netlist's Motion to Transfer is **GRANTED**.

This case might have been brought in the Central District of California (the "Central District"). The Central District has subject matter jurisdiction over this patent infringement action. 28 U.S.C. § 1338. Netlist has made sufficient showing that Google had a physical presence in the Central District and conducted the accused infringing activities there, such that at the time this case was filed, the Central District would have had personal jurisdiction over Google, and venue there would have been proper. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960).

The interest of justice factors weigh in favor of transfer. Circumstances have changed after Netlist filed its initial complaint. This case was stayed for over ten years, during which all other related proceedings between Google and Netlist before this Court were dismissed. During that time, Google drastically expanded its presence in the transferee district, including establishing facilities in the Central District using the memory modules accused of infringement. In light of this Court's current schedule, the interests of justice and judicial economy would be served by transferring this case to the Central District where this case is likely to reach a speedy resolution. The remaining factors relevant to venue transfer are neutral. As such, this Court exercises its discretion and grants Netlist's motion to transfer venue to the Central District. 28 U.S.C. § 1404(a); *Fitbit, Inc. v. Koninklijke Philips N.V.*, 336 F.R.D. 574, 580 (N.D. Cal. 2020).

Accordingly, Netlist's Motion to Transfer is hereby **GRANTED**. Pursuant to 28 U.S.C. § 1404(a), the instant action is transferred to the Central District of California. The Clerk shall close the file and terminate any pending matters.

**IT IS SO ORDERED**.

Dated: _____, 2022

_____
Honorable Saundra Brown Armstrong
United States District Judge

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations