QUINN EMANUEL URQUHART & SULLIVAN, LLP
David A. Perlson (CA Bar No. 209502)
davidperlson@quinnemanuel.com
Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jared Newton (admitted *pro hac vice*)
jarednewton@quinnemanuel.com
Deepa Acharya (CA Bar No. 267654)
deepaacharya@quinnemanuel.com
Sandy Shen (admitted *pro hac vice*)
sandyshen@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 4:09-CV-05718-RS<br><br>**DECLARATION OF JONATHAN TSE IN SUPPORT OF NETLIST'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

I, Jonathan Tse, declare as follows:

1. I am a member of the bar of the State of California and an attorney with Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Google LLC ("Google") in this action. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I am making this declaration pursuant to Civil Local Rule 79-5(e) as an attorney for the "Designating Party," as that term is used in that rule.

3. On January 18, 2022, Plaintiff filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with Netlist's Motion to Transfer Venue (Dkt. 224) and Exhibits 3, 4, 10, and 12-19 attached thereto, under Civil L.R. 7-11 and 79-5(f). On the same day, I received an unredacted service copy of these documents.

4. I have reviewed Netlist's Motion to Transfer Venue, an unredacted copy of which has been filed at Docket Entry 222-4. Based on my review, there is at least good cause to seal the following information:

| Document | Basis for Sealing |
|---|---|
| Plaintiff Netlist, Inc.'s Motion to Transfer Venue (attached herein)<br><br>P. 4, lines 22-26;<br>P. 5, lines 1-2;<br>P. 6, lines 6-7; and<br>P. 9; lines 9-19. | The redacted portions contain Google's confidential technical information regarding the operation of Google's systems, including information related to third parties for which Google is under an obligation to protect from public disclosure, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such highly confidential information reveals Google's internal strategy and systems regarding various important products, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 47 at 2-3. Public disclosure of such highly confidential information could affect Google's competitive standing as competitors may alter their system |
| Exhibit 3 (Dkt. 224-5)<br><br>Entirety | |
| Exhibit 4 (Dkt. 224-6)<br><br>Entirety | |

| | |
|---|---|
| Exhibit 10 (Dkt. 224-12)<br><br>Entirety | designs and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal systems. Google respectfully requests that the Court order the portions of Netlist's Motion to Transfer Venue and Exhibits 3, 4, 10, and 12-18 to be redacted. |
| Exhibit 12 (Dkt. 224-14)<br><br>Entirety | |
| Exhibit 13 (Dkt. 224-15)<br><br>Entirety | |
| Exhibit 14 (Dkt. 224-16)<br><br>Entirety | |
| Exhibit 15 (Dkt. 224-17)<br><br>Entirety | |
| Exhibit 16 (Dkt. 224-18)<br><br>Entirety | |
| Exhibit 17 (Dkt. 224-19)<br><br>Entirety | |
| Exhibit 18 (Dkt. 224-20)<br><br>Entirety | |
| Exhibit 19 (attached herein)<br><br>P. 68, lines 17-26;<br>P. 72, lines 1-2, 4-25, 27; and<br>P. 81, lines 1-2. | The redacted portions contain Google's confidential technical information regarding the operation of Google's systems, including Google's internal server components, including details related to the various memory modules that Google uses in those servers and information related to third parties for which Google is under an obligation to protect from public disclosure, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such highly confidential information reveals Google's internal strategy and systems regarding various important products, and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 47 at 2-3. Public |

| | disclosure of such highly confidential information could affect Google's competitive standing as competitors may alter their system designs and practices relating to competing products. It may also place Google at an increased risk of cyber security threats, as third parties may seek to use the information to compromise Google's internal systems. Google respectfully requests that the Court order the portions of Exhibit 19 to Netlist's Motion to Transfer Venue to be redacted. |
|---|---|

5. Google's request is narrowly tailored in order to protect its confidential information. These redactions are limited in scope and volume. Because the proposed redactions are narrowly tailored and limited to portions containing Google's highly-confidential or confidential information, Google requests that the portions of the aforementioned documents be redacted from any public version of those documents.

6. Google has pared back Plaintiffs' proposed redactions and does not seek to redact or file under seal any of the remaining portions of Netlist's Motion to Transfer Venue not indicated in the table above.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in San Francisco, California on January 25, 2022.

DATED: January 25, 2022　　　　　　　QUINN EMANUEL URQUHART &
　　　　　　　　　　　　　　　　　　SULLIVAN, LLP


By  */s/ Jonathan Tse*
　　Jonathan Tse

　　*Attorney for Defendant*

Case No. 4:09-CV-05718-RS
DECLARATION OF JONATHAN TSE ISO NETLIST'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED