# EXHIBIT 5

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1  QUINN EMANUEL URQUHART & SULLIVAN LLP

2  David Perlson (CA Bar No. 209502)  Catlin Williams (CA Bar No. 336464)
davidperlson@quinnemanuel.com  catwilliams@quinnemanuel.com
3  Jonathan Tse (CA Bar No. 305468)  555 Twin Dolphin Drive, 5th Floor
jonathantse@quinnemanuel.com  Redwood Shores, CA 94065
4  50 California Street, 22nd Floor  Telephone: (650) 801-5000
San Francisco, CA 94111  Facsimile: (650) 801-5100
5  Telephone: (415) 875-6600
Facsimile: (415) 875-6700
6
Jared Newton (admitted pro hac vice)
7  jarednewton@quinnemanuel.com
Deepa Acharya (CA Bar No. 267654)
8  deepaacharya@quinnemanuel.com
Sandy Shen (admitted pro hac vice)
9  sandyshen@quinnemanuel.com
1300 I Street NW, Suite 900
10  Washington, D.C. 20005
Telephone: (202) 538-8000
11  Facsimile: (202) 538-8100

12  *Attorneys for Google LLC*

13
UNITED STATES DISTRICT COURT
14
NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION
15
16  NETLIST, INC.,                              CASE NO. 4:09-cv-05718-SBA
                                                [Related to Case No: CV08-04144 SBA]
            Plaintiff,
17
                                                **DEFENDANT GOOGLE LLC'S THIRD
     vs.                                        SUPPLEMENTAL OBJECTIONS AND
18                                              RESPONSES TO PLAINTIFF NETLIST,
     GOOGLE LLC,                                INC.'S INTERROGATORY NO. 3**
19
            Defendant.
20

1    Witnesses knowledgeable about the subject matter of this interrogatory response are Keith
2    Preston and Mike Branch, both of whom are identified in Google's June 28, 2021 Amended Initial
3    Disclosures.  Pursuant to Federal Rule of Civil Procedure 33(d), Google identifies the following
4    documents from which information responsive to this interrogatory may be derived: JEDEC-GNET-
5    00000001-22655.  Google will supplement this response to identify documents from which
6    information responsive to this interrogatory may be derived in accordance with the parties' agreement.

7    The foregoing responses are based on Google's reasonable investigation to date.  Google
8    reserves the right to supplement or modify its response based on further investigation and discovery,
9    or in response to new arguments or evidence presented by Netlist.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (OCTOBER 12, 2021)**

Google incorporates by reference its prior objections and responses to this Interrogatory. Google provides the following supplemental response to address Plaintiffs' separate request for information related to 8-rank and 16-rank DIMMs while Google maintains its objection that 8-rank and 16-rank DIMMs are not accused products in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and therefore not relevant to this case. Google reserves the right to further supplement its response as discovery progresses. Subject to and without waiving the foregoing objections, Google supplements its response to Interrogatory No. 3 as follows:

*Absolute Intervening Rights*

Based on a reasonable investigation, including an analysis of Google's purchasing information, Google has determined that █████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████  Accordingly, each of these ███████████ and any products incorporating them are subject to absolute intervening rights.



Based on a reasonable investigation, including an analysis of Google's purchasing information, Google has determined that ███████████████████

***Equitable Intervening Rights***

Based on a reasonable investigation, including an analysis of Google's purchasing information, Google has determined that ███████████████████

---

[25] ███████████████████

1
2 ▮ of the listed parts is
3 subject to equitable intervening rights.

10   Google reserves the right to supplement its response and set forth its substantial preparation of
11 ▮ to the extent it is later determined that ▮ are within the scope of accused
12 products in this case.

13 ▮

14   Based on a reasonable investigation, including an analysis of Google's purchasing information,
15 Google has determined that ▮
16 ▮

17   The foregoing responses are based on Google's reasonable investigation to date. Google
18 reserves the right to supplement or modify its response based on further investigation and discovery,
19 or in response to new arguments or evidence presented by Netlist.

20 DATED: October 12, 2021            QUINN EMANUEL URQUHART &
21                                    SULLIVAN, LLP
22
23                                    By  /s/ *Jonathan Tse*
                                          Jonathan Tse
24
                                       David Perlson (CA Bar No. 209502)
25                                     davidperlson@quinnemanuel.com
                                       Jonathan Tse (CA Bar No. 305468)
26                                     jonathantse@quinnemanuel.com
                                       50 California Street, 22nd Floor
27                                     San Francisco, CA 94111
                                       Telephone: (415) 875-6600
28

Facsimile: (415) 875-6700

Jared Newton (admitted *pro hac vice*)
jarednewton@quinnemanuel.com
Deepa Acharya (CA Bar No. 267654)
deepaacharya@quinnemanuel.com
Sandy Shen (admitted *pro hac vice*)
sandyshen@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant Google LLC*