UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NETLIST, INC.,

    Plaintiff,

vs.

GOOGLE LLC,

    Defendant.

AND RELATED COUNTERCLAIM.

Case No: 4:09-cv-05718 RS

**ORDER RE SEALING**

Pending are several administrative motions to file materials under seal. See Dkt. 193, 196, 203, 205, 211.  Specifically, the parties bring motions to file under seal portions of the following briefs, as well as various exhibits thereto: Netlist's Objection to New Evidence in Google's Reply in Support of Its Motion to Strike; Netlist's Opposition to Google's Motion for Summary Judgment on the Issue of Intervening Rights; Google's Opposition to Netlist's Objection to New Evidence in Google's Reply in Support of Its Motion to Strike; Google's Motion to Amend Answer and Counterclaims; and Netlist's Opposition to Google's Motion to Amend Answer and Counterclaims.

I.    **LEGAL STANDARD**

Historically, courts have recognized a "'general right to inspect and copy public records and documents, including judicial records and documents.'" Uniloc 2017 LLC v. Apple, Inc., 964 F.3d 1351, 1358 (Fed. Cir. 2020) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)).  "This right of access supports 'the citizen's desire to keep a watchful eye on the workings of public agencies.'" Id. (quoting Nixon, 435 U.S. at 598).  Accordingly, unless a particular court record is one traditionally kept secret, "a 'strong presumption in favor of public

access' is the starting point." Kamakana v. Cty. & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). In this circuit, the strength of the presumption of access varies depending on the type of document at issue. Uniloc, 964 F.3d at 1358 (citing Kamakana, 447 F.3d at 1178-80). For dispositive motions and exhibits attached thereto, a litigant must articulate "compelling reasons" to shield them from public view. Id. at 1358-59 (citing Kamakana, 447 F.3d at 1179 (noting this standard applies even if a dispositive motion, or its attachments, was previously filed under seal or protective order). Compelling reasons are those that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. Kamakana, 447 F.3d at 1178-79. For sealed discovery documents attached to non-dispositive motions, however, a "good cause" showing under Federal Rule of Civil Procedure 26(c) will suffice. Id. at 1179-80 (explaining such documents are often unrelated, or only tangentially related, to the claims for relief, and thus, the public policies underlying the right of access do not apply with equal force).

## II.    DISCUSSION

The parties seek to file under seal materials that fall into three broad categories: (1) information regarding Netlist's licenses to third parties; (2) information regarding Netlist's dealings with JEDEC; and (3) information regarding Google's internal servers and components thereof. These categories are addressed in turn.

### A.    LICENSES

Google alleges that one or more of the manufacturers or suppliers of the accused products are licensed to practice the claimed inventions. Requests to seal materials regarding these licenses are narrowly tailored and involve information of third parties that both Netlist and Google are obliged to keep confidential. Furthermore, the information sought to be filed under seal is not central to resolution of the recently decided motion to strike, motions for summary judgment, or motion to amend. Thus, at this juncture, the parties have made the necessary showing to file this information under seal. The sealing of this material may be revisited—with an opportunity for third parties to be heard—however, should Google's licensing defense later prove central to the resolution of the action.

### B. JEDEC

Google alleges Netlist engaged in fraudulent and unfair conduct in its dealings with the Joint Electron Devices Engineering Counsel ("JEDEC"), specifically, in its disclosure and licensing of the patent in suit. In support of its motion to amend, Google filed various exhibits touching on this issue, including non-public communications between Netlist and JEDEC and excerpts from depositions. Although the exhibits themselves contain confidential and sealable information, the sealing requests are overly broad. The portions of the briefs that Netlist seeks to file under seal refer to the exhibits in only generic terms, without revealing confidential information. Moreover, the redacted portions of the briefs refer to matters that are directly at issue in this action and alleged in Google's Amended Answer and Assertion of Counterclaims. See Dkt. 264 ¶¶ 18-45; see also Civ. L.R. 79-5(e) (providing that "[o]nly in rare circumstances should a party seek to file portions of a pleading or brief under seal"). Accordingly, administrative motions to file these matters under seal will be granted only in part.

### C. INTERNAL SERVERS AND COMPONENTS

Lastly, Google seeks to file under seal information regarding its internal servers and components thereof. Certain of this information is confidential and sealable. For example, exhibits to the declarations of Colin Burdsall and Michael Branch in support of Google's motion for summary judgment contain highly detailed information regarding Google's servers and server components, including specific makes and models. Other exhibits, such as Google's discovery responses, reproduce similar information. However, the sealing requests are overbroad. Certain portions of the briefs and exhibits Google seeks to file under seal refer to its server and server components in high-level terms (i.e., "DDR4 FBDIMMs" and other generations/types of DDR technology). Google has not shown that this high-level information is confidential or proprietary. Furthermore, whether certain DDR technology infringes the patent in suit is directly at issue in this action, see Compl. ¶ 9 (accusing 4-Rank FBDIMMs), and critical to Google's motion for summary judgment on intervening rights. Accordingly, administrative motions to file these matters under seal will be granted only in part.

### III. CONCLUSION

As stated above, the parties' pending administrative motions to file matters under seal will be granted in part and denied in part in accordance with this order. Each administrative motion will be resolved by separate order indicating the specific portions of the briefs and exhibits that may be filed under seal. Within ten days of the filing of the orders, the parties shall file unredacted or more narrowly redacted copies of the documents for public disclosure.

IT IS SO ORDERED.

Dated: 5/19/2022

_____
Richard Seeborg
Chief United States District Judge