IRELL & MANELLA LLP
Jason G. Sheasby (CA SBN 205455)
jsheasby@irell.com
Andrew J. Strabone (CA SBN 301659)
astrabone@irell.com
Yanan Zhao (CA SBN 337864)
yzhao@irell.com
Michael W. Tezyan (CA SBN 334915)
mtezyan@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Plaintiff Netlist, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>GOOGLE LLC,<br><br>                    Defendant. | Case No. 3:09-cv-05718-RS<br><br>**PLAINTIFF NETLIST, INC.'S REPLY TO DEFENDANT GOOGLE LLC'S AMENDED ANSWER AND ASSERTION OF COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

Plaintiff Netlist, Inc. ("Netlist"), by and through its undersigned counsel, hereby files its Reply to Defendant Google LLC's ("Google") Amended Answer and Assertion of Counterclaims (Dkt. 264), as follows.[1]

## REPLY TO AFFIRMATIVE DEFENSES

### First Defense

1.      Netlist denies the allegations of Paragraph 1 of the Affirmative Defenses.

### Second Defense

2.      Netlist denies the allegations of Paragraph 2 of the Affirmative Defenses.

### Third Defense

3.      Netlist denies the allegations of Paragraph 3 of the Affirmative Defenses.

### Fourth Defense

4.      Netlist denies the allegations of Paragraph 4 of the Affirmative Defenses.

5.      Netlist incorporates by reference its responses to Paragraphs 17-34 of the Affirmative Defenses and Paragraphs 18-44 of the Counterclaims as if set forth fully herein.

6.      Netlist denies the allegations of Paragraph 6 of the Affirmative Defenses, and incorporates by reference its responses to Paragraphs 18-44 of the Counterclaims as if set forth fully herein.

7.      Netlist denies the allegations of Paragraph 7 of the Affirmative Defenses, and incorporates by reference its responses to Paragraphs 17-34 of the Affirmative Defenses as if set forth fully herein.

### Fifth Defense

8.      The allegations of Paragraph 8 of the Affirmative Defenses state a legal conclusion to which no response is required.  To the extent a response is required, Netlist denies the allegations of Paragraph 8 of the Affirmative Defenses.

---

[1] For ease of reference, the paragraph numbers used herein conform to those recited in Google's Amended Answer and Assertion of Counterclaims.  Portions of the headings used in the Google's Amended Answer and Assertion of Counterclaims are also included herein, for convenience only; their inclusion is not intended as an express or implied admission of any facts.

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

9.  Netlist does not have sufficient information to respond as to Google's purchases of the accused products, and on this basis denies the allegations of Paragraph 9 of the Affirmative Defenses.

10.  Netlist does not have sufficient information to respond as to Google's purchases of the accused products, and on this basis denies the allegations of Paragraph 10 of the Affirmative Defenses.

11.  The allegations of Paragraph 11 of the Affirmative Defenses state a legal conclusion to which no response is required.  To the extent a response is required, Netlist denies the allegations of Paragraph 11 of the Affirmative Defenses.

<strong><u>Sixth Defense</u></strong>

12.  Netlist denies the allegations of Paragraph 12 of the Affirmative Defenses.

<strong><u>Seventh Defense</u></strong>

13.  Netlist denies the allegations of Paragraph 13 of the Affirmative Defenses.

<strong><u>Eighth Defense</u></strong>

14.  Netlist denies the allegations of Paragraph 14 of the Affirmative Defenses.

<strong><u>Ninth Defense</u></strong>

15.  Netlist denies the allegations of Paragraph 15 of the Affirmative Defenses.

<strong><u>Tenth Defense</u></strong>

16.  Netlist denies the allegations of Paragraph 16 of the Affirmative Defenses.

<strong><u>Eleventh Defense</u></strong>

17.  Netlist denies the allegations of Paragraph 17 of the Affirmative Defenses.

18.  Netlist admits the allegations of Paragraph 18 of the Affirmative Defenses.

19.  Netlist admits the allegations of Paragraph 19 of the Affirmative Defenses.

20.  Netlist admits the allegations of Paragraph 20 of the Affirmative Defenses.

21.  Netlist admits that on October 21, 2010, a third request for *inter partes* reexamination of claims 1, 3-4, 6-11, 15, 18-22, 24-25, 27-29, 31-34, 36-39, 41-45, and 50 of the '912 patent was filed by Google.  Netlist further admits that on January 14, 2011, and January 18, 2011, the Examiner issued decisions granting reexamination of certain claims, and that the decisions speak for

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

1   themselves.  Except as expressly admitted, Netlist denies the allegations of Paragraph 21 of the

2   Affirmative Defenses.

3       22.     Netlist admits the allegations of Paragraph 22 of the Affirmative Defenses.

4       23.     Netlist admits that the Examiner issued a non-final office action on April 4, 2011,

5   which, *inter alia*, rejected the proposed grounds for rejection as to claim 16.  Netlist further admits

6   that Netlist filed a response to the April 4, 2011 non-final office action on July 5, 2011; that Google

7   filed a response on August 29, 2011; that the Examiner issued a non-final office action on October

8   14, 2011; that Netlist filed a response to the October 14, 2011 non-final office action on January 14,

9   2012; that Google filed a response on February 23, 2012; and that these documents speak for

10  themselves.  Except as expressly admitted, Netlist denies the allegations of Paragraph 23 of the

11  Affirmative Defenses.

12      24.     Netlist admits that the Examiner issued a non-final office action on November 13,

13  2012; that Netlist filed a response to the November 13, 2012 office action on January 14, 2013; that

14  Google filed a response on February 13, 2013; and that these documents speak for themselves.

15  Except as expressly admitted, Netlist denies the allegations of Paragraph 24 of the Affirmative

16  Defenses.

17      25.     Netlist admits that the Examiner issued an Action Closing Prosecution on March 21,

18  2014; that the Examiner issued a Right of Appeal Notice on June 18, 2014; that Google filed a

19  Notice of Appeal on July 18, 2014; and that Netlist filed a Notice of Cross Appeal on July 30, 2014;

20  and that these documents speak for themselves.  Except as expressly admitted, Netlist denies the

21  allegations of Paragraph 25 of the Affirmative Defenses.

22      26.     Netlist admits that the Patent Trial and Appeal Board ("Board") issued a decision in

23  Appeal No. 2015-006849 on June 6, 2016 and that the decision speaks for itself.  Except as expressly

24  admitted, Netlist denies the allegations of Paragraph 26 of the Affirmative Defenses.

25      27.     Netlist admits that Netlist filed a response requesting to reopen prosecution on July

26  31, 2016, and that the document speaks for itself.  Except as expressly admitted, Netlist denies the

27  allegations of Paragraph 27 of the Affirmative Defenses.

28

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

28.     Netlist admits that the Examiner issued an office action bearing the title "Determination Under 37 CFR § 41.77(d)," on October 3, 2017 and that the document speaks for itself.   Except as expressly admitted, Netlist denies the allegations of Paragraph 28 of the Affirmative Defenses.

29.     Netlist admits that the Board issued a decision in Appeal No. 2018-003618 on July 27, 2018; that the Board issued a decision on rehearing in Appeal No. 2018-003618 on January 31, 2019; and that the decisions speak for themselves.   Except as expressly admitted, Netlist denies the allegations of Paragraph 29 of the Affirmative Defenses.

30.     Netlist admits that Netlist submitted its responsive appeal brief to the Federal Circuit in Appeal No. 2019-01720 on December 12, 2019; that the Federal Circuit issued a decision on June 15, 2020; and that these documents speak for themselves.   Except as expressly admitted, Netlist denies the allegations of Paragraph 30 of the Affirmative Defenses.

31.     Netlist admits that Netlist submitted its responses to Google's Interrogatories Nos. 18-20 on August 11, 2021 and that Netlist's responses speak for themselves.   Except as expressly admitted, Netlist denies the allegations of Paragraph 31 of the Affirmative Defenses.

32.     Netlist admits that Netlist filed its Opposition to Google's Motion for Summary Judgment on the Issue of Absolute Intervening Rights (Dkts. 196, 197) on September 3, 2021 and that the brief speaks for itself.   Except as expressly admitted, Netlist denies the allegations of Paragraph 32 of the Affirmative Defenses.

33.     Netlist denies the allegations of Paragraph 33 of the Affirmative Defenses.

34.     Netlist denies the allegations of Paragraph 34 of the Affirmative Defenses.

**Twelfth Defense**

35.     Netlist incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

36.     Netlist denies the allegations of Paragraph 36 of the Affirmative Defenses.

37.     Netlist denies the allegations of Paragraph 37 of the Affirmative Defenses.

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

38.     Netlist admits that on February 8, 2021, the PTO issued a reexamination certificate for the '912 patent and that the reexamination certificate speaks for itself.  Except as expressly admitted, Netlist denies the allegations of Paragraph 38 of the Affirmative Defenses.

## REPLY TO COUNTERCLAIMS

### The Parties

1.     Netlist admits that Google has asserted that it is a corporation organized and existing under the laws of the state of Delaware.  Netlist does not have sufficient information to respond as to the location of Google's principal place of business, and on this basis denies.

2.     Netlist admits that it is a corporation organized and existing under the laws of the state of Delaware, and that at the time the Complaint was filed, its principal place of business was 51 Discovery in Irvine, California 92618, but now it is 111 Academy Way, Suite 100, in Irvine, California 92617.

### Jurisdiction and Venue

3.     Netlist admits that Google alleges that, subject to Google's affirmative defenses and denials, this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and that Google alleges that venue for these Counterclaims is proper in this district.

4.     Netlist admits the allegations in Paragraph 4.

### Factual Background

5.     Netlist admits the allegations in Paragraph 5 of the Counterclaims.

6.     Netlist denies the allegations of Paragraph 6 of the Counterclaims.

7.     Netlist admits that there is an actual case or controversy concerning Google's infringement of the '912 patent.  Except as expressly admitted, Netlist denies the allegations of Paragraph 7 of the Counterclaims.

### COUNT ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,619,912

8.     Netlist incorporates by reference its responses to paragraphs 1-7 of the Counterclaims as if set forth fully herein.

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

9.    Netlist admits that there is an actual case or controversy concerning Google's infringement of the '912 patent.  Except as expressly admitted, Netlist denies the allegations of Paragraph 9 of the Counterclaims.

10.    Netlist denies the allegations of Paragraph 10 of the Counterclaims.

11.    Netlist denies the allegations of Paragraph 11 of the Counterclaims.

12.    Netlist denies that this is an exceptional case under 35 U.S.C. § 285 because Netlist filed its Complaint with knowledge of the facts stated in Google' Counterclaims.

**COUNT TWO**

**Declaratory Judgment of Invalidity of U.S. Patent No. 7,619,912**

13.    Netlist incorporates by reference its responses to paragraphs 1-12 of the Counterclaims as if set forth fully herein.

14.    Netlist denies the allegations of Paragraph 14 of the Counterclaims.

15.    Netlist denies the allegations of Paragraph 15 of the Counterclaims.

16.    Netlist denies the allegations of Paragraph 16 of the Counterclaims.

17.    Netlist denies that this is an exceptional case under 35 U.S.C. § 285 because Netlist filed its Complaint with knowledge of the facts stated in Google's Counterclaims.

**COUNT THREE**

**Fraud/Deceit/Concealment**

18.    Netlist denies the allegations of Paragraph 18 of the Counterclaims.

19.    Netlist admits that there have been periods of time during which it has been a member of JEDEC.

20.    Netlist admits that Google asserts that it has been a member of JEDEC since 2006.

21.    Netlist denies the allegations of Paragraph 21 of the Counterclaims.

22.    Netlist denies the allegations of Paragraph 22 of the Counterclaims.

23.    Netlist admits that JEDEC has a process by which attendees can confirm their attendance at particular JEDEC meetings.  Except as expressly admitted, Netlist denies the remaining allegations of Paragraph 23 of the Counterclaims.

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

24.     Netlist admits that the application for the '912 patent was filed on September 27, 2007.  Netlist also admits that the application for the '912 patent is a continuation of U.S. Patent Application 11/173,175, which was filed on July 1, 2005 and issued as U.S. Patent No. 7,289,386, and a continuation-in-part of U.S. Application No. 11/075,395, filed on Mar. 7, 2005, now U.S. Patent No. 7,286,436.  Netlist further admits that the application for the '912 patent claims the benefit of U.S. Provisional Patent Application No. 60/588,244, filed on July 15, 2004, U.S. Provisional Patent Application No. 60/550,668, filed on March 5, 2004, and U.S. Provisional Patent Application No. 60/575,595, filed on May 28, 2004.  Except as expressly admitted, Netlist denies the remaining allegations of Paragraph 24 of the Counterclaims.

25.     Netlist admits that a set of June 2007 minutes of the JEDEC JC-45 Committee meeting refer to an "FYI Showing" made by Intel concerning an "AMB Quad Rank Support" proposal.  Netlist also admits that a set of minutes which appear to be for an August 2007 meeting of a JEDEC JC-45 Committee, but which also bear the dates "August 29-30, 2006," refer to a discussion by Intel concerning "FBDIMM Quad Rank SPD Bytes."  Netlist further admits that a set of December 2007 minutes of a JEDEC JC-45 Committee meeting refer to a ballot review for an "FB DIMM Quad Rank SPD Bytes" proposal.  Except as expressly admitted, Netlist denies the remaining allegations of Paragraph 25 of the Counterclaims.

26.     Netlist admits that the names Mario Martinez, Hyun Lee, and Jeff Solomon appear on a set of minutes for a June 2007 JEDEC JC-45 committee meeting and that the same set of minutes refers to an "FYI Showing'' made by Intel concerning an "AMB Quad Rank Support" proposal.  Netlist also admits that the same meeting minutes state that "[i]n response to a question by the secretary, Mr. Tsang (Intel) indicated that IP filings are likely and he will pursue this information. He further indicated that Intel would likely be willing to meet the JEDEC RAND terms for any such IP."  Netlist further admits that Jeff Solomon is a named inventor on the '386 and '912 patents.  Except as expressly admitted, Netlist denies the allegations of Paragraph 26 of the Counterclaims.

27.     Netlist admits that the name Mario Martinez appears on a set of JEDEC JC-45 meeting minutes which appear to be for the period August 29-30, 2007, but which also bear the

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

1  dates "August 29-30, 2006."   Netlist also admits that the same meeting minutes reference a

2  discussion by Intel concerning an "FB DIMM Quad Rank SPO Bytes" proposal.  Netlist further

3  admits that the meeting minutes state "Motion by Intel and seconded by Netlist to authorize the SPD

4  task group to issue a committee ballot on the material."  Except as expressly admitted, Netlist denies

5  the allegations of Paragraph 27 of the Counterclaims.

6      28.      Netlist admits that the name Mario Martinez appears on a set of meeting minutes for

7  a December 2007 JEDEC JC-45 committee meeting and that the same set of meeting minutes

8  references a ballot for an "FBDIMM Quad Rank SPD Bytes" proposal and states that ''Netlist

9  indicated that it may have some IP that may apply to the quad rank logic and DIMM designs.  Netlist

10  will abide by the JEDEC patent policy and provide a RAND letter in a timely manner."  Netlist also

11  admits that JEDEC Committee Ballot Records indicate that on or before November 28, 2007, a vote

12  was taken on an "FBDIMM Quad Rank SPD Bytes" proposal sponsored by Micron and that the

13  same Committee Ballot Records state that "Netlist may have some IP that might apply to any Quad

14  Rank logic and DiMM design ballots.  Netlist will abide by the JEDEC patent policy and will

15  provide a RAND letter in a timely manner."  Netlist additionally admits that the name Mario

16  Martinez appears on a set of meeting minutes for a December 2007 JEDEC JC-40 committee

17  meeting and that the same set of meeting minutes references a ballot for an "AMB Quad Rank

18  Support" proposal and states that "Netlist indicated that it may have some IP that may apply to the

19  ballot material-Mr. Martinez indicated that Netlist will abide by the JEDEC patent policy and a

20  RAND letter will be provided in a timely manner."  Netlist further admits that JEDEC Committee

21  Ballot Records indicate that on or before November 29, 2007, a vote was taken on an "AMB Quad

22  Rank Support Standard" sponsored by Intel.  Netlist further admits that the same Committee Ballot

23  Records state that "Netlist may have some IP that might apply to any Quad Rank logic and DiMM

24  design ballots.  Netlist will abide by the JEDEC patent policy and will provide a RAND letter in a

25  timely manner."  Except as expressly admitted, Netlist denies the allegations of Paragraph 28 of the

26  Counterclaims.

27      29.      Netlist admits that on January 8, 2008, Jayesh Bhakta sent a letter on behalf of Netlist

28  to Mian Quddus, which bears the subject line "Re: U.S. Patent No. 7,289,386," and that the letter

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

speaks for itself.  Netlist further admits that Jayesh Bhakta is a named inventor on the '386 and '912 patents.  Except as expressly admitted, Netlist denies the allegations of Paragraph 29 of the Counterclaims.

30.     Netlist admits that at least certain portions of an Intel proposal for AMB Quad Rank Support were incorporated in a JEDEC Standard bearing the standard number JESD82-20A.  Except as expressly admitted, Netlist denies the allegations of Paragraph 30 of the Counterclaims.

31.     Netlist admits that on April 1, 2010, Netlist submitted a letter addressed to Mr. John Kelly, the President of JEDEC, and that the letter speaks for itself.  Except as expressly admitted, Netlist denies the allegations of Paragraph 31 of the Counterclaims.

32.     Netlist admits that on April 1, 2010, Netlist submitted a letter addressed to Mr. John Kelly, the President of JEDEC, and that the letter speaks for itself.  Except as expressly admitted, Netlist denies the allegations of Paragraph 32 of the Counterclaims.

33.     Netlist admits that on November 22, 2010, Netlist submitted a License Assurance and Disclosure Form for, *inter alia*, the '912 patent and that the License Assurance and Disclosure Form speaks for itself.  Except as expressly admitted, Netlist denies the allegations of Paragraph 33 of the Counterclaims.

34.     Netlist admits that on December 6, 2010, Netlist submitted a letter to JEDEC and that the letter speaks for itself.  Except as expressly admitted, Netlist denies the allegations of Paragraph 34 of the Counterclaims.

35.     Netlist admits that according to the May 2, 2011 Board of Director Meeting Minutes, JEDEC's Board of Directors held a meeting, and that the Board of Director Meeting Minutes speak for themselves.  Except as expressly admitted, Netlist denies the allegations of Paragraph 35 of the Counterclaims.

36.     Netlist admits that on September 7, 2011, Netlist's outside counsel Sean Cunningham submitted a letter addressed to Mr. John Kelly, the President of JEDEC, and that the letter speaks for itself.  Except as expressly admitted, Netlist denies the allegations of Paragraph 36 of the Counterclaims.

37.     Netlist denies the allegations of Paragraph 37 of the Counterclaims.

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

38.     Netlist admits that on June 18, 2021, Netlist served amended infringement contentions in this case, and that the amended infringement contentions state: "Claim 16 of the '912 Patent: The memory modules incorporated in Google's servers include, without limitation, memory modules compliant with certain portions of the JEDEC Solid State Technology Association ('JEDEC') standards and specifications for Double Data Rate 4 ('DDR4') Synchronous DRAM ('SDRAM') Registered Dual In-Line Memory Modules ('RDIMMs'), DDR4 SDRAM Load Reduced Dual In-Line Memory Modules ('LRDIMMs') and DDR4 SDRAM Non-Volatile Dual In-Line Memory Modules ('NVDIMMs'), and products that operate in substantially similar manner." Except as expressly admitted, Netlist denies the remaining allegations of Paragraph 38 of the Counterclaims.

39.     Netlist denies the allegations of Paragraph 39 of the Counterclaims.

40.     The allegations of Paragraph 40 state a legal conclusion to which no response is required.  To the extent a response is required, Netlist denies the allegations of Paragraph 40 of the Counterclaims.

41.     Netlist denies the allegations of Paragraph 41 of the Counterclaims.

42.     Netlist denies the allegations of Paragraph 42 of the Counterclaims.

43.     Netlist denies the allegations of Paragraph 43 of the Counterclaims.

44.     Netlist denies the allegations of Paragraph 44 of the Counterclaims.

**COUNT FOUR**

**Negligent Misrepresentation**

45.     Netlist incorporates by reference its responses to paragraphs 18-43 of the Counterclaims as if set forth fully herein.

46.     Netlist denies the allegations of Paragraph 46 of the Counterclaims.

47.     The allegations of Paragraph 47 state a legal conclusion to which no response is required.  To the extent a response is required, Netlist denies the allegations of Paragraph 47 of the Counterclaims.

48.     Netlist denies the allegations of Paragraph 48 of the Counterclaims.

49.     Netlist denies the allegations of Paragraph 49 of the Counterclaims.

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

50.     Netlist admits that Netlist has alleged infringement by Google of the '912 patent in bringing this action.  Except as expressly admitted, Netlist denies the remaining allegations of Paragraph 50 of the Counterclaims.

51.     Netlist denies the allegations of Paragraph 51 of the Counterclaims.

**COUNT FIVE**

**Breach of Contract**

52.     Netlist incorporates by reference its responses to paragraphs 18-51 of the Counterclaims as if set forth fully herein.

53.     Netlist admits that JEDEC has a process by which attendees can confirm their attendance at particular JEDEC meetings.  Except as expressly admitted, Netlist denies the allegations of Paragraph 53 of the Counterclaims.

54.     The allegations of Paragraph 54 state a legal conclusion to which no response is required.  To the extent a response is required, Netlist denies the allegations of Paragraph 54 of the Counterclaims.

55.     The allegations of Paragraph 55 state a legal conclusion to which no response is required.  To the extent a response is required, Netlist denies the allegations of Paragraph 55 of the Counterclaims.

56.     The allegations of Paragraph 56 state a legal conclusion to which no response is required.  To the extent a response is required, Netlist denies the allegations of Paragraph 56 of the Counterclaims.

57.     The allegations of Paragraph 57 state a legal conclusion to which no response is required.  To the extent a response is required, Netlist denies the allegations of Paragraph 57 of the Counterclaims.

58.     The allegations of Paragraph 58 state a legal conclusion to which no response is required.  To the extent a response is required, Netlist denies the allegations of Paragraph 58 of the Counterclaims.

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

59.     The allegations of Paragraph 59 state a legal conclusion to which no response is required.  To the extent a response is required, Netlist denies the allegations of Paragraph 59 of the Counterclaims.

60.     The allegations of Paragraph 60 state a legal conclusion to which no response is required.  To the extent a response is required, Netlist denies the allegations of Paragraph 60 of the Counterclaims.

## COUNT SIX

## Unfair Competition (CAL. Bus. & Prof. Code § 17200 et seq.)

61.     Netlist incorporates by reference its responses to paragraphs 18-60 of the Counterclaims as if set forth fully herein.

62.     The allegations of Paragraph 62 state a legal conclusion to which no response is required.  To the extent a response is required, Netlist denies the allegations of Paragraph 62 of the Counterclaims.

63.     Netlist denies the allegations of Paragraph 63 of the Counterclaims.

64.     Netlist denies the allegations of Paragraph 64 of the Counterclaims.

65.     The allegations of Paragraph 65 state a legal conclusion to which no response is required.  To the extent a response is required, Netlist denies the allegations of Paragraph 65 of the Counterclaims.

## GOOGLE'S PRAYER FOR RELIEF

Netlist denies that Google is entitled to any relief requested in its Prayer for Relief.

## NETLIST'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state any claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred, in whole or in part, under principles of equity including, but not limited to, waiver, estoppel, acquiescence, laches, and/or unclean hands.

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

**THIRD AFFIRMATIVE DEFENSE**

Google has failed to make reasonable efforts to mitigate its damages, if any, in whole or in part.

**FOURTH AFFIRMATIVE DEFENSE**

Google has failed to take reasonable and necessary steps to avoid damages, if any, alleged in the Counterclaims.

**FIFTH AFFIRMATIVE DEFENSE**

Google at all times gave its consent, expressly or impliedly, to any and all acts, omissions, representations and course of conduct of Netlist alleged in the Counterclaims.

**SIXTH AFFIRMATIVE DEFENSE**

Google is not entitled to recovery of its reasonable costs and expense of litigation.

**SEVENTH AFFIRMATIVE DEFENSE**

Some or all of the Counterclaims are barred in that Netlist has fully performed under any contract, obligation, or agreement alleged therein.

**EIGHTH AFFIRMATIVE DEFENSE**

The Counterclaims are not exceptional under 35 U.S.C. §285, and Google is not entitled to recovery of attorneys' fees, expert witness fees, or costs.

**NINTH AFFIRMATIVE DEFENSE**

Google lacks standing to sue on the allegations contained in its Counterclaims.

**TENTH AFFIRMATIVE DEFENSE**

The Counterclaims are ambiguous and uncertain.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Counterclaims are barred in that Google ratified, consented to, had knowledge of, and approved, ratified and accepted the actions in question with full knowledge of the facts and matters of which Google now complains.

**TWELFTH AFFIRMATIVE DEFENSE**

Google has expressly or impliedly by operation of law excused Netlist from any and all obligations, if any relating to the subject matter of the Counterclaims.

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

1

**THIRTEENTH AFFIRMATIVE DEFENSE**

2       The Counterclaims fail to state facts upon which relief may be granted, and Google is barred

3   from recovery therein by reason of a failure of a condition precedent.

4

**FOURTEENTH AFFIRMATIVE DEFENSE**

5       The failure of conditions subsequent to the allegations contained in the Counterclaims

6   discharge Netlist's obligations to Google.

7

**FIFTEENTH AFFIRMATIVE DEFENSE**

8       The Counterclaims fail to state facts upon which relief may be granted, and Google is barred

9   from any recovery therein on the grounds that Netlist was and is justified in its non-performance in

10  that Google did not perform in accordance with the terms and conditions of the contract alleged in

11  the Counterclaims.

12

**SIXTEENTH AFFIRMATIVE DEFENSE**

13      Google is barred in whole or in part from any recovery in that Google voluntarily and

14  knowingly exposed itself to the alleged conditions that gave rise to the Counterclaims and assumed

15  the risk of all harm and damages as are complained of in the Counterclaims.

16

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17      Google is barred in whole or in part from any recovery in that Google, its agents and/or

18  employees were negligent and/or guilty of other intentional misconduct or conduct which was

19  unlawful and/or tortuous which did directly, legally and/or proximately cause and or contribute to

20  the incident complained of in the Counterclaims and any damages suffered, if any there were, were

21  the direct lawful and proximate result to the conduct of Google and its agents and/or employees and

22  not Netlist.

23

**EIGHTEENTH AFFIRMATIVE DEFENSE**

24      Some or all of the Counterclaims are barred in that Netlist has fully performed under any

25  contract, obligation, or agreement alleged therein.

26

27

28

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

1

**NINETEENTH AFFIRMATIVE DEFENSE**

2   Google has failed to take reasonable and necessary steps to avoid its damages, if any, alleged

3 in the Counterclaims.  To the extent such damages, if any, were incurred, Google's recovery, if any,

4 should be reduced accordingly.

5

**TWENTIETH AFFIRMATIVE DEFENSE**

6   The Counterclaims are barred, in whole or in part, by the applicable statute of limitations.

7

**TWENTY FIRST AFFIRMATIVE DEFENSE**

8   The Counterclaims fail to state facts upon which relief may be granted, and Google is barred

9 from recovery of punitive and/or exemplary damages therein on the grounds such damages

10 constitute an excessive fine in violation of the Eighth and Fourteenth Amendments of the

11 Constitution of the United States, by Article One, Section 17 of the California State Constitution,

12 and as an unjust and drastic interference with a fundamental right guaranteed to all people in the

13 State and Nation.

14

**RESERVATION OF ADDITIONAL DEFENSES**

15   Discovery in this action is ongoing and Netlist continues to investigate the allegations set

16 forth in the Counterclaims.  Netlist specifically gives notice that it intends to rely upon such other

17 defenses as may become available by law, or pursuant to statute, or discovery proceedings in this

18 case, and hereby reserves the right to assert such additional defenses.

19

**Prayer for Relief**

20   WHEREFORE, Netlist prays as follows:

21  a.  That the Counterclaims are dismissed in their entirety, with prejudice;

22  b.  That Netlist be awarded its costs, attorneys' fees and such other and further relief as

23     may be just and proper.

24

25  Dated: May 24, 2022     Respectfully submitted,

26              IRELL & MANELLA LLP

27              By: */s/ Jason Sheasby*

28               Jason G. Sheasby

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

jsheasby@irell.com
Andrew J. Strabone
astrabone@irell.com
Yanan Zhao
yzhao@irell.com
Michael W. Tezyan
mtezyan@irell.com

IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067

*Attorneys for Plaintiff Netlist, Inc.*

## <u>DEMAND FOR JURY TRIAL</u>

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Netlist, Inc. respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: May 24, 2022                    Respectfully submitted,

IRELL & MANELLA LLP

By: */s/  Jason Sheasby*

Jason G. Sheasby
jsheasby@irell.com
Andrew J. Strabone
astrabone@irell.com
Yanan Zhao
yzhao@irell.com
Michael W. Tezyan
mtezyan@irell.com

IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067

*Attorneys for Plaintiff Netlist, Inc.*

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I hereby certify that on May 24, 2022, I caused the electronic filing of the foregoing with the

3

Clerk of the Court using the CM/ECF system which will automatically email notification of such filing

4

to all counsel of record who have made a formal appearance.

5

6

By: <u>*/s/  Jason Sheasby*</u>

7

8

Jason G. Sheasby
jsheasby@irell.com

9

Andrew J. Strabone
astrabone@irell.com

10

Yanan Zhao
yzhao@irell.com

11

Michael W. Tezyan
mtezyan@irell.com

12

13

IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900

14

Los Angeles, California 90067

15

*Attorneys for Plaintiff Netlist, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

Netlist's Reply to Google's Amended Answer
and Assertion of Counterclaims
Case No. 09-cv-5718-RS