# EXHIBIT 3

## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

▮

QUINN EMANUEL URQUHART & SULLIVAN LLP

David Perlson (CA Bar No. 209502)
davidperlson@quinnemanuel.com
Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jared Newton (admitted pro hac vice)
jarednewton@quinnemanuel.com
Deepa Acharya (CA Bar No. 267654)
deepaacharya@quinnemanuel.com
Sandy Shen (admitted pro hac vice)
sandyshen@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>  Plaintiff,<br><br>  vs.<br><br>GOOGLE LLC,<br><br>  Defendant. | CASE NO. 4:09-cv-05718-SBA<br>[Related to Case No: CV08-04144 SBA]<br><br>**DEFENDANT GOOGLE LLC'S THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF NETLIST, INC.'S INTERROGATORY NO. 3** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby objects and responds in writing to Netlist, Inc.'s ("Netlist" or "Plaintiff") Interrogatory No. 3 ("Interrogatory"). These formal objections and responses are supplemental to any communications already exchanged between the parties regarding the above-referenced notice.

### GENERAL OBJECTIONS

Google makes the following general objections to each and every definition and instruction, in Netlist's Interrogatory. Each of these objections is incorporated into the Specific Objections set forth below, whether or not separately set forth therein. By responding to any of the interrogatories or failing to specifically refer to or specify any particular General Objection in response to a particular interrogatory, Google does not waive any of these General Objections, nor admit or concede the appropriateness, relevance, materiality, or admissibility in evidence of any purported interrogatory or any assumptions contained therein.

1. Google objects to each Interrogatory, and to the Definitions, to the extent that they purport to impose any obligations upon Google beyond the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California, and the Court's orders regarding limits on discovery in this Litigation.

2. Google objects to the definitions of "Google," "You," and "Your" on the grounds that the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include all past or present divisions, departments, parents, subsidiaries, affiliates, partnerships, joint ventures, predecessors or successors thereof, and all past and present officers, directors, employees, agents, representatives, consultants, managers, partners, or attorneys thereof. In answering this Interrogatory, Google will interpret these terms to mean Defendant Google LLC.

3. Google objects to the definitions of "Asserted Patent" or "'912 Patent" as overly broad and unduly burdensome to the extent it refers to the original, invalid claims or claims not asserted by Netlist against Google. Google will interpret these terms to mean U.S. Patent No. 7,619,912 as it existed on the day Netlist served this Interrogatory on Google.

4. Google objects to the definition of "Memory Module" as overly broad, unduly burdensome, and vague, as it would encompass Google products that are either not accused by Netlist

or not relevant to the issue of intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.

5. Google objects to the definition of "Standard" as overly broad, unduly burdensome, and vague, as it would encompass technology standards that are either not accused by Netlist or not relevant to the issue of absolute intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused. Google will interpret "Standard" to mean the body of standards developed and published by the JEDEC Solid State Technology Association.

6. Google objects to the definition of "Person" as overly broad, unduly burdensome, and vague to the extent that the definition exceeds the scope of the documents set forth in the Federal Rules of Civil procedure, the Local Rules of the Northern District of California, or the rules of this Court.

7. Google objects to the definition of "Document" as overly broad, unduly burdensome, and vague to the extent that the definition exceeds the scope of the documents set forth in the Federal Rules of Civil procedure, the Local Rules of the Northern District of California, or the rules of this Court.  Google will interpret "Document" to mean "documents or electronically stored information" as those terms are used in the Federal Rules of Civil Procedure, subject to any ESI Order entered in this case.

8. Google objects to each Interrogatory to the extent they request Google to provide "all" or "any" information about a particular subject as overly broad and unduly burdensome, seeking information, documents, and/or things that are neither relevant nor proportional to the needs of the case.

9. Google objects to each Interrogatory to the extent that they are tailored to seek information protected by the attorney-client privilege, the work product doctrine, or the common interest doctrine, or that is otherwise privileged or protected from discovery.

10. Google objects to each Interrogatory to the extent that they seek information that is not relevant to the subject matter of this action and is not proportional to the needs of the case.

11. Google objects to each Interrogatory to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

12. Google objects to each Interrogatory to the extent that it uses words in a manner inconsistent with or unsupported by the plain language of the word. To the extent possible, Google and its representatives will apply a reasonable interpretation based on the plain meaning of the words used.

13. Google objects to each Interrogatory to the extent that they seek information that does not already exist, or that is not in Google's possession, custody, or control.

14. Google objects to each Interrogatory to the extent that they require Google to provide information beyond what is available to Google at present from a reasonable search of its own files likely to contain relevant or responsive documents and from a reasonable inquiry of its present employees.

15. Google objects to each Interrogatory to the extent that it seeks information protected by privacy law and/or policy.

16. Google objects to each Interrogatory to the extent that they seek information that Google is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

17. Google objects to each Interrogatory to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation or the issue of intervening rights, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case. The relevant scope of discovery at this stage is limited to intervening rights and as Google has informed Netlist, Google is pursuing absolute intervening rights for its briefing on intervening rights currently due July 16, 2021. To the extent Google agrees to produce a witness on other issues, it will amend its responses and objections as appropriate when discovery is no longer limited to the issue of absolute intervening rights.

18. Google objects to each and every Interrogatory to the extent that they call for a legal conclusion.

19. Google objects to each and every Interrogatory to the extent that they call for information that is publicly available and therefore equally accessible to Netlist as it is to Google.

20. Google objects to the instruction in paragraph 16 that "[a]ll Interrogatories must be answered fully and in writing in accordance with Rules 11 and 33 of the Federal Rules of Civil Procedure. Google will respond to the Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the rules of this Court.

21. Google objects to the instruction in paragraph 18 that "[w]here knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your predecessors and/or successors, as well as to information in the possession of Your officers, directors, agents, employees, representatives and, unless privileged, attorneys. Whenever an answer to these Requests contains information which is not based upon Your personal knowledge, state the source and nature of such information." Google will respond to the Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the rules of this Court.

22. Google objects to the instruction in paragraph 21 that "[i]f, in responding to any Interrogatory, You elect to produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, specify the particular records from which the answer may be derived or ascertained in sufficient details to permit Netlist to locate and identify the precise pages or records from which the answer may be ascertained as readily as You may ascertain such an answer." Google will respond to the Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the rules of this Court.

23. Google objects to the instruction in paragraph 22 that "[i]f You do not answer any Interrogatory in full, state the precise reason for failing to do so. If a legal objection is made, set forth the specific nature of the grounds for the objection. If only a portion of any Interrogatory cannot or will not be answered, (i) provide a full answer to the remaining portion; and (ii) specifically set forth (a) the fact that the answer is incomplete and (b) the reasons or grounds for any omission or for Your inability or refusal to complete the answer. If an Interrogatory can be answered only in part on the basis of information available at the time of the response, (i) provide an answer on the basis of that information; (ii) indicate that Your answer is so limited; and (iii) provide a further response, in accordance with these Instructions, when further information becomes available." Google will

1  respond to the Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local
2  Rules of the Northern District of California, and the rules of this Court.

3        24.     Google objects to the instruction in paragraph 23 that "[i]f You contend that any
4  Interrogatory seeks information, in whole or in part, that is protected by a legal privilege or other
5  doctrine which precludes disclosure thereof, identify the legal privilege and/or doctrine with
6  particularity, including all supporting facts and each person having knowledge of the factual basis for
7  the assertion."  Google will respond to the Interrogatories in accordance with the Federal Rules of
8  Civil Procedure, the Local Rules of the Northern District of California, and the rules of this Court.

9        25.     Google objects to the instruction in paragraph 24 that "[i]f any document referred to in
10 Your responses to these Interrogatories was, but is no longer, in Your possession, custody, or control,
11 state that disposition was made with each document and when such disposition was made. In the event
12 that any Document or thing or portion thereof called for by this set of requests is known to have been
13 lost or destroyed (either as a result of a Document destruction policy or otherwise), provide a written
14 statement setting forth the following information for each such item: (1) the nature of the item (e.g.
15 letter, memorandum, chart, engineering drawing, etc.); (2) the identity of each sender(s), author(s),
16 and recipient(s) of the item whether indicated as such or not on the item; (3) the date that the item was
17 created, or if there is no record of this information, the approximate date; (4) a description of the
18 subject matter of the item; (5) if the item is a Document, the number of pages; (6) information
19 regarding whether any attachments or appendices to the item exist or existed, along with a description
20 of any such attachments or appendices; and (7) the circumstances of the loss or destruction of the item
21 including the date of destruction or loss, the identity of the Person(s) who lost or destroyed the item,
22 and if the item was destroyed, the identity of the Person(s) who authorized the destruction."  Google
23 will respond to the Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local
24 Rules of the Northern District of California, and the rules of this Court.

25       26.     Google objects to the instruction in paragraph 25 that "[y]ou are required to supplement
26 or amend Your responses to these Interrogatories as the need arises pursuant to Rule 26 of the Federal
27 Rules of Civil Procedure."  Google will respond to the Interrogatories in accordance with the Federal
28

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Rules of Civil Procedure, the Local Rules of the Northern District of California, and the rules of this Court.

### SPECIFIC OBJECTIONS AND REPONSES

**INTERROGATORY NO. 3:**

If You contend that You are entitled to intervening rights with respect to any of the claims of the '912 Patent, including separately claim 16, state the full factual and legal basis for Your contention, including any Documents, materials, evidence, and witnesses.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

### THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (OCTOBER 12, 2021)

Google incorporates by reference its prior objections and responses to this Interrogatory. Google provides the following supplemental response to address Plaintiffs' separate request for information related to 8-rank and 16-rank DIMMs while Google maintains its objection that 8-rank and 16-rank DIMMs are not accused products in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and therefore not relevant to this case. Google reserves the right to further supplement its response as discovery progresses. Subject to and without waiving the foregoing objections, Google supplements its response to Interrogatory No. 3 as follows:

*Absolute Intervening Rights*

**8-RANK DIMMs**

Based on a reasonable investigation, including an analysis of Google's purchasing information, Google has determined that prior to February 8, 2021, it purchased 8-rank DIMMs identified in the table below. The Purchase Order Date indicates the date of the last purchase order prior to the re-examination certificate. The Inventory Date indicates the date Google took title to the modules and added them to its inventory. Accordingly, each of these 8-rank DIMMs and any products incorporating them are subject to absolute intervening rights.

**16-RANK DIMMs**

Based on a reasonable investigation, including an analysis of Google's purchasing information, Google has determined that it neither purchased nor used 16-rank DIMMs before February 8, 2021.

*Equitable Intervening Rights*

**8-RANK DIMMs**

Based on a reasonable investigation, including an analysis of Google's purchasing information, Google has determined that it purchased the following 8-rank RDIMMs after February 8, 2021. The Purchase Order Date indicates the most recent purchase order after February 8, 2021. The Inventory

---

[25] For these 8-rank DIMMs,

-82-   Case No. 4:09-cv-05718-SBA
GOOGLE'S THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 3

1  Date indicates the date Google took title to those modules and added them to its inventory. The
2  Quantity indicates the number of parts purchased after February 8, 2021. Each of the listed parts is
3  subject to equitable intervening rights.

10       Google reserves the right to supplement its response and set forth its substantial preparation of
11  ▮▮▮▮▮▮▮▮ to the extent it is later determined that 8-rank DIMMs are within the scope of accused
12  products in this case.

13  **16-RANK DIMMs**

14       Based on a reasonable investigation, including an analysis of Google's purchasing information,
15  Google has determined that it neither purchased nor used 16-rank DIMMs on or after February 8,
16  2021.

17       The foregoing responses are based on Google's reasonable investigation to date. Google
18  reserves the right to supplement or modify its response based on further investigation and discovery,
19  or in response to new arguments or evidence presented by Netlist.

20  DATED: October 12, 2021      QUINN EMANUEL URQUHART &
      SULLIVAN, LLP

23      By  /s/ *Jonathan Tse*
          Jonathan Tse

      David Perlson (CA Bar No. 209502)
      davidperlson@quinnemanuel.com
      Jonathan Tse (CA Bar No. 305468)
      jonathantse@quinnemanuel.com
      50 California Street, 22nd Floor
      San Francisco, CA 94111
      Telephone: (415) 875-6600


▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

1   Facsimile: (415) 875-6700

2   Jared Newton (admitted *pro hac vice*)
    jarednewton@quinnemanuel.com
3   Deepa Acharya (CA Bar No. 267654)
    deepaacharya@quinnemanuel.com
4   Sandy Shen (admitted *pro hac vice*)
    sandyshen@quinnemanuel.com
5   1300 I Street NW, Suite 900
    Washington, D.C. 20005
6   Telephone: (202) 538-8000
    Facsimile: (202) 538-8100
7
8   Catlin Williams (CA Bar No. 336464)
    catwilliams@quinnemanuel.com
9   555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
10  Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
11
12  *Attorneys for Defendant Google LLC*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 50 California St., 22nd Floor, San Francisco, CA 94111.

On October 12, 2021, I served true copies of the following document(s) described as **DEFENDANT GOOGLE LLC'S THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF NETLIST, INC.'S INTERROGATORY NO. 3** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I transmitted PDF format copies of the document(s) described above to the e-mail addresses on the attached Service List pursuant to the agreement between the parties to serve discovery, in lieu of other service methods, by email under Fed. R. Civ. P. 5(b)(2)(E). The documents were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 12, 2021 at San Francisco, California.

*/s/ Jonathan Tse*
Jonathan Tse

## SERVICE LIST

*Netlist, Inc. v. Google LLC*
*Case No. 09-cv-05718-SBA (JCS)*

*Attorneys for Plaintiff Netlist, Inc.*

Jason G. Sheasby (CA SBN 205455)
jsheasby@irell.com
Andrew J. Strabone (CA SBN 301659)
astrabone@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199