Exhibit 7

# (CORRECTED) EX. 4 ATTACHED TO NETLIST'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND ANSWER AND COUNTERCLAIMS

Jason G. Sheasby (CA SBN 205455)
jsheasby@irell.com
Andrew J. Strabone (CA SBN 301659)
astrabone@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Plaintiff and Counter-Defendant Netlist, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 4:09-cv-05718-SBA <br><br> **PLAINTIFF AND COUNTER-DEFENDANT NETLIST INC'S AMENDED DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS** <br><br> **Confidential – Attorneys' Eyes Only** |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED DISCLOSURE OF ASSERTED CLAIMS
AND INFRINGEMENT CONTENTIONS

Case No. 4:09-cv-05718-SBA

Pursuant to Patent L.R. 3-1 and 3-6, plaintiff Netlist, Inc. ("Netlist") hereby provides Netlist's Amended Disclosure of Asserted Claims and Infringement Contentions (the "Amended Infringement Contentions") regarding infringement of U.S. Patent No. 7,619,912 (the "'912 Patent") by Defendant Google LLC ("Google").

Netlist's statements are based on currently available materials. Google has neither updated its previous productions, nor made any of its servers or memory modules currently in use available for inspection. Accordingly, the First Amended Infringement Contentions and Exhibits A-C here attached only include Google's accused products, their aspects, and the infringed patent claims that Netlist is presently aware of based on available information and Netlist's understanding of how these products and systems are configured. Netlist reserves the right to supplement its disclosure and infringement contentions based on information developed in the course of this lawsuit through discovery or additional factual investigation, in view of Google's contentions, or as other circumstances may require.

## I. INFRINGEMENT OF U.S. PATENT NO. 7,619,912

### A. Infringed Claims

In accordance with Patent L.R 3-1(a), and based on information presently available to it, Netlist asserts that Google infringes or has infringed, directly and/or indirectly, both literally and other the doctrine of equivalents, claims 1, 3, 4, 6, 8, 10, 11, 15, 16, 18, 19, 20, 22, 24, 27, 28, 29, 31, 32, 34, 36, 37, 38, 39, 40, 41, 43, 45, 46, 47, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 63, 64, 65, 69, 70, 71, 72, 73, 74, 75, 77, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 of the '912 Patent (collectively, the "Asserted Claims").

Netlist makes these assertions based on information currently available to it, and expressly reserves the right to augment, supplement, and revise its identification of the Asserted Claims based on additional information obtained through discovery pursuant to Patent L.R. 3-6.

### B. Accused Instrumentalities

In accordance with Patent L.R 3-1(b), and based on information presently available to it, Netlist identifies, without limitation, at least the following Google apparatuses, products, devices, or other instrumentalities (the "Accused Instrumentalities") that infringe the Asserted Claims. All

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED DISCLOSURE OF ASSERTED CLAIMS
AND INFRINGEMENT CONTENTIONS    - 1 -    Case No. 4:09-cv-05718-SBA

the Accused Instrumentalities constitute "4-Rank Fully-Buffered Dual In-Line Memory Modules" as that term is used in the Complaint.

Claim 16 of the '912 Patent: The memory modules incorporated in Google's servers include, without limitation, memory modules compliant with certain portions of the JEDEC Solid State Technology Association ("JEDEC") standards and specifications for Double Data Rate 4 ("DDR4") Synchronous DRAM ("SDRAM") Registered Dual In-Line Memory Modules ("RDIMMs"), DDR4 SDRAM Load Reduced Dual In-Line Memory Modules ("LRDIMMs") and DDR4 SDRAM Non-Volatile Dual In-Line Memory Modules ("NVDIMMs"), and products that operate in substantially similar manner.

Claims 1, 3, 4, 6, 8, 10, 11, 15, 18, 19, 20, 22, 24, 27, 28, 29, 31, 32, 34, 36, 37, 38, 39, 40, 41, 43, 45, 46, 47, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 63, 64, 65, 69, 70, 71, 72, 73, 74, 75, 77, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 of the '912 Patent: on information and belief, Google has incorporated memory modules in its computer servers that included memory modules compliant with portions of the JEDEC standards and specifications for Double Data Rate 3 ("DDR3") SDRAM LRDIMMs, and products that operate in a substantially similar manner.

Claims 1, 3, 4, 6, 8, 10, 11, 15, 18, 19, 20, 22, 24, 27, 28, 29, 31, 32, 34, 36, 37, 38, 39, 40, 41, 43, 45, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 63, 64, 65, 69, 70, 71, 72, 73, 74, 75, 77, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 of the '912 Patent: Google has incorporated memory modules in its computer servers that included memory modules compliant with certain portions of the JEDEC standards and specifications for Double Data Rate 2 ("DDR2") SDRAM Fully-buffered Dual In-Line Memory Modules ("FBDIMMs"), and products that operate in a substantially similar manner. These include, but are not limited to, FBDIMMs having the following part names and/or model numbers: 1) 4-Rank, 2GB FBDIMMs: iGooFMM2, 07000752, 07000753, 07000754, 07000755, 07001780, 07001853, 07001854, 07002739, KI7000752-753, KI07000752-754, KI07000752-755, SI07000752-780, GI07000752-853, GI07000752-854, SI07000752-739, SI07000752-854; 2) 4-Rank, 4GB FBDIMMs: iGooFMM4, 07000763, 07000764, 07000765, 07000766, 07001779, 07001852, 07002028, 07002028, 07002255, KI07000763-764, KI07000763-765, KI07000763-766, SI07000763-779, QI07000763-852, GI07000763-028, QI07000763-255,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED DISCLOSURE OF ASSERTED CLAIMS
AND INFRINGEMENT CONTENTIONS                - 2 -                Case No. 4:09-cv-05718-SBA

SI07000763-028, iGooFMM4LP, 07005903, SI07000763-xxxLP, and 3) 4-Rank, 8GB FBDIMMs: GooFMM8, GooFMM8Q, 07002964, 07002970, QZ07002964-970.

Netlist makes these assertions based on information currently available to it, and expressly reserves the right to augment, supplement, and revise these identifications based on additional information obtained through discovery or otherwise.[1]  Netlist expects that information to be revealed in future discovery may result in identification of additional instances of Google's infringement, and may also enable identification of additional claims infringed by Google. Specifically, Netlist reserves the right to supplement its identification of Accused Instrumentalities with additional names and/or model numbers of any of the Accused Instrumentalities listed above.

### C. Preliminary Infringement Claim Charts

In accordance with Patent L.R. 3-1(c), attached hereto as Exhibits A-C are charts identifying specifically where each limitation of each asserted claim is found within the Accused Instrumentalities.

These infringement contentions are prepared without the benefit of updated discovery. While Netlist's investigation and analysis of Google's products is based on discovery in *Google v. Netlist*, Case No. 08-CV-4144 ("*Google I*"), additional discovery from Google is necessary before Netlist can take final positions on the bases for infringement of the Asserted Claims.  Netlist reserves the right to amend these contentions, including adding and amending a doctrine of equivalents analysis for any claim element of any asserted claim, as discovery progresses.  Netlist further reserves the right to update, amend, and supplement these contentions to add Accused Instrumentalities based on information received by Netlist or otherwise produced by Google in this litigation.  Netlist's citation of portions of the JEDEC standards herein should not be interpreted to limit Netlist's infringement proof in expert reports or at trial.  Netlist's citation of portions of the JEDEC standards herein provides detailed notice of Netlist's theory of infringement, but Netlist intends to rely on additional evidence including, but not limited to, data sheets, design specifications,

1  source code, testing information, reference designs, implementation and utilization information, and
2  schematics as proof of infringement in expert reports and at trial.

3      **D.**    **Acts of Infringement**

4      In accordance with Patent L.R. 3-1(d), and based on the information presently available to
5  it, Netlist asserts that Google infringes, directly and/or indirectly the Asserted Claims under 35
6  U.S.C. Sections 271(a)–(c), (f), and (g).

7      For example, Google directly infringes or has infringed the Asserted Claims by importing,
8  exporting, making, having made, purchasing, offering to sell, selling, and/or using the Accused
9  Instrumentalities, including without limitation, incorporating the Accused Instrumentalities in its
10 computer servers. As another non-limiting example, Google is directly infringing Asserted Claims
11 by executing software code implementing the Accused Instrumentalities. As another non-limiting
12 example, Google ships or causes to ship either the Accused Instrumentalities or components of the
13 Accused Instrumentalities from the United States to other countries. As another non-limiting
14 example, Google ships or causes to ship the Accused Instrumentalities or components of the
15 Accused Instrumentalities from other countries to the United States. The components include but
16 are not limited to the controllers, buffers, printed circuit boards, advanced memory buffers,
17 registering clock drivers, and serial presence detect devices used with the Accused Instrumentalities.
18 As another non-limiting example Google makes or has made the Accused Instrumentalities or
19 components thereof, or enters into contracts to do so in the United States or for products for delivery
20 in the United States. As another non-limiting example Google tests the Accused Instrumentalities
21 or components thereof, or enters into contracts to do so in the United States or for products for
22 delivery in the United States, that enables it to use the products throughout the world.

23     On information and belief, Google also indirectly infringes or has indirectly infringed the
24 Asserted Claims, both literally and under the doctrine of equivalents. For example, Google causes
25 indirect infringement by third parties, including, without limitation, Google's customers by selling
26 and offering to sell internet services provided by the Accused Instrumentalities, by executing the
27 software code implementing the Accused Instrumentalities to provide those services, and by
28 providing those internet services to customers whose usage of Google's servers via the internet

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED DISCLOSURE OF ASSERTED CLAIMS
AND INFRINGEMENT CONTENTIONS - 4 -   Case No. 4:09-cv-05718-SBA

1  constitutes direct infringement. For example, Google causes indirect infringement by third parties,
2  including, without limitation, Google's vendors by having them make, and use, and import into the
3  United States the Accused Instrumentalities or export from the United States the Accused
4  Instrumentalities or components of the Accused Instrumentalities. These acts of inducement
5  include, but are not limited, to requesting that Accused Instrumentalities comply with, in whole or
6  in part, one or more portions of the specifications listed in Exhibits A-C.

7  To the extent multiple vendors are involved in the creation or assembly of the Accused
8  Instrumentalities, they are acting on behalf of and under the control of Google, and therefore Google
9  is liable for their acts. For example, Netlist is informed and believes that Google has employed
10 components from Smart Modular or Inphi in the Accused Instrumentalities. The acts of these
11 companies that caused these components to be incorporated into the Accused Instrumentalities are
12 chargeable to Google. This includes the shipment of these components from the United States and
13 the importation of these components in the United States. For example, Netlist is informed and
14 believes that Google has employed a third-party vendor(s) to assemble the Accused
15 Instrumentalities. Google is chargeable for the acts of this third-party vendor of importing the
16 Accused Instrumentalities into the United States or causing them to be imported into the United
17 States.

18 Infringing sales shall include all agreements in the United States for the supply of Accused
19 Instrumentalities or components of the Accused Instrumentalities, regardless of the location of
20 assembly or supply.

21 Netlist provides this information based on information currently available to it, and expressly
22 reserves the right to augment, supplement, and revise this information based on additional
23 information obtained through discovery or otherwise. Netlist further expects Google to provide
24 documents and information during the course of discovery that will further support its direct and
25 indirect infringement allegations.

26 **E.     Doctrine of Equivalents**

27 In accordance with Patent L.R. 3-1(e), on information and belief, each element of the
28 Asserted Claims is considered to be literally present in each of the Accused Instrumentalities.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED DISCLOSURE OF ASSERTED CLAIMS
AND INFRINGEMENT CONTENTIONS      - 5 -      Case No. 4:09-cv-05718-SBA

1  To the extent that, in the future, any differences are alleged to exist between the asserted
2  claims and the Accused Instrumentalities, such differences are insubstantial. The Accused
3  Instrumentalities perform substantially the same function, in substantially the same way, to yield
4  exactly or substantially the same result as contemplated by the claims. Thus, to the extent that the
5  Court or trier of fact finds that any element is not literally present, the Accused Instrumentalities
6  would still infringe under the doctrine of equivalents.

7  Netlist makes these assertions based on information currently available to it, and expressly
8  reserves the right to augment, supplement, and revise this information based on additional
9  information obtained through discovery or otherwise.

### F. Priority Date

In accordance with Patent L.R. 3-1(f), the Asserted Claims of the '912 Patent are entitled to a priority date at least as early as March 5, 2004, and a conception date of no later than mid-2003 with subsequent diligent reduction to practice. *See* September 17, 2010 Deposition of Jayesh Bhakta in Case No. 09-cv-5718, 10:10-14, 11:22-12:16.

### G. Practicing Instrumentalities

In accordance with Patent L.R. 3-1(g), Netlist identifies the following apparatuses, products, devices, processes, methods, acts, or other instrumentalities that it presently believes practice or could practice the Asserted Claims.

For claim 16 of the '912 Patent, Netlist identifies the following:

- DDR4 NVDIMM: NV4884SET31-xxxNLx002; NV4A84SCT31-xxxNLx002; NV4874SDT20-1xxNLx001; NV4A74SBT20-1xxNLx001;

- DDR4 RDIMM: NLX2G7T41G071D24P1NA, NLX2G7T41G071D26P1NA, NVX2G7T41G071D24P1SC, NVX4G7T44G0B1D24P1SB.

For claims 1, 3, 4, 6, 8, 10, 11, 15, 18, 19, 20, 22, 24, 27, 28, 29, 31, 32, 34, 36, 37, 38, 39, 40, 41, 43, 45, 46, 47, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 63, 64, 65, 69, 70, 71, 72, 73, 74, 75, 77, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 of the '912 Patent, Netlist identifies the following:

- Quad-Rank DDR3 LRDIMM: NMD4G7G31G0DHD10A1xx;

- Quad-Rank DDR3 RDIMM: NMD2G7T3510DHD.

Additionally, for claims 1, 3, 4, 6, 8, 10, 11, 15, 18, 19, 20, 22, 24, 27, 28, 29, 31, 32, 34, 36, 37, 38, 39, 40, 41, 43, 45, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 63, 64, 65, 69, 70, 71, 72, 73, 74, 75, 77, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 of the '912 Patent, Netlist identifies the following:

- Quad-Rank DDR2 FBDIMM: NMD517A21207FD64, NMD517A21207FD53, NMD257A26407FD64, NMD257A26407FD53, NMD517B21207FD53, NMD257A26407FD6NI5, NMD257A26407FD5312, NMD257A26407FD53N1, NMD257A26407FD64I2, NMD257B21207FD53, NMD517A21207FD53I2, NMD517A21207FD53I4, NMD517A21207FD53I5, NMD517A21207FD53N1, NMD517A21207FD64N1, NMD517B21207FD64, NMD517B21207FD6NI5.

Additionally, for claims 1, 3, 4, 6, 8, 15, 18, 19, 20, 22, 24, 27, 28, 29, 31, 36, 37, 38, 39, 40, 41, 43, 45, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 63, 64, 65, 69, 70, 71, 72, 73, 74, 75, 77, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 of the '912 Patent, Netlist identifies the following:

- Dual-Rank DDR3 LRDIMM: NMD1G7G32507HD10m0SC, NMD2G7G3510BHD, NMD2G7G3510DHD10, NMD517G31207HD, NMD1G7G32507HD, NMD4G7G31G0BHD;

- Dual-Rank DDR3 HCDIMM: NMD2G7F31G03CD10A4HA, NMD4G7H31G0BCD10A4HA, NMD2G7G35107CD10A4HM, NMD2G7G3510BHD10A1HB0, NMD2G7G3510BHD10A1HC0, NMD2G7G3510BHD, NMD2G7G3510BHDuvwxyz, NMD2G7G3510BHDuvwxyz3, NMD2G7G3510BHDuvwzy, NMD2G7G3510BHDuvwxyz0, NMD2G7G3510BHDuvwxyz0, NMD2G7G3510DHD, NMD4G7G31G0BHD85A4HM, NMD2G7G3510DCD;

- Dual-Rank DDR2 FBDIMM: NLC127A26407F-D53Mxy, NMD127A26407FD53N2xyz, NLC127A26407FD53abxyz, NLC257A21203F-D53Mxz, NLC257A2103F-D3Mxy, NLC257A21206F-D53M, NMD257A21203FD53I1xyz, NMD257A21207FD53I1xyz,

1   NMD257A21203FD64N1xyz, NMD257A21207FD53N2xyz,

2   NMD257A21207FD64N2xyz.

3   Netlist's investigation of other apparatuses, products, devices, processes, methods, acts, or other instrumentalities is ongoing, and Netlist reserves its right to supplement or amend this identification as discovery and its investigation proceeds.

### H. Time Period of Infringement

In accordance with Patent L.R. 3-1(h), the time period of infringement begins on the original issuance date of the '912 patent. Netlist claims damages from this point through the present and on an ongoing basis. Netlist makes these assertions based on information currently available to it, and expressly reserves the right to augment, supplement, and revise this information based on additional information obtained through discovery or otherwise.

### I. Willful Infringement

In accordance with Patent L.R. 3-1(i), Netlist contends that Google's infringement of the Asserted Claims has been and continues to be willful. Google has long had knowledge of Netlist's memory module technology and the '912 Patent and its infringement thereof, and has deliberately continued to infringe in a wanton, malicious, and egregious manner, with reckless disregard for Netlist's patent rights.

Since at least as early as 2006, Netlist and Google engaged in a series of meetings in which Netlist shared with Google the technology covered by U.S. Patent Nos. 7,286,436; 7,289,386; 7,532,537; 7,619,912; 7,636,274; 7,864,627; 7,881,150; 8,081,535; 8,072,837; 7,916,574; 8,081,537; 8,081,536; 8,756,364; 8,516,188; 9,037,774; 9,858,215; 10,489,314 ("the '912 Patent Family"). For example, on or about March 16, 2006, Netlist gave a presentation highlighting its LRDIMM and RDIMM products to Google in a meeting at Google's Mountain View, California office. Further conversations occurred in 2006 regarding the implementation of Netlist's density (or rank) multiplication ("DxD") technology in Google's memory modules, and samples of Netlist technology incorporating the DxD solution were provided to Google. On or about May 24, 2007, Netlist presented a DxD/Load Reduction proposal to Google in a meeting at Google's Mountain View, California office, and provided Google with an IP licensing proposal for the DxD core. In a

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED DISCLOSURE OF ASSERTED CLAIMS
AND INFRINGEMENT CONTENTIONS   - 8 -   Case No. 4:09-cv-05718-SBA

1  conference call on or about August 10, 2007 regarding Netlist's DxD technology, Netlist's Jonathan
2  Siann notified Google's senior design engineer Robert Sprinkle that Netlist was expecting patent
3  coverage on this technology in the near future. The '386 Patent issued on October 30, 2007.
4        On May 5, 2008, Netlist wrote to Eric Schmidt, Google's Chairman of the Board and Chief
5  Executive Officer, and informed Schmidt that Netlist had reason to believe Google was using the
6  rank multiplication technology claimed in the '386 Patent in Google's servers. The letter also
7  communicated that Netlist was continuing to develop intellectual property in the area of memory
8  rank multiplication for future memory interfaces, including DDR3. On June 4, 2008, after Netlist
9  received no response to its previous letter, outside counsel for Netlist wrote to Schmidt regarding
10  the '386 Patent. On August 29, 2008, Google filed the lawsuit concerning the '386 Patent (*Google
11  I*).
12        Google has also long had knowledge of the '912 Patent, through at least the filing of the
13  complaint in this matter. On March 20, 2008, the USPTO published the patent application for the
14  '912 Patent, U.S. Patent Publication No. 2008/0068900. The '912 Patent is a continuation of the
15  '386 Patent. As detailed above, Google has long been aware of the '386 Patent. The '912 Patent
16  issued on November 17, 2009. On December 4, 2009, Netlist filed the present lawsuit, Case No.
17  09-CV-5718, concerning the '912 Patent.
18        Despite being put on notice of its infringement of the '912 Patent through at least the filing
19  of the complaint in this action, on information and belief, Google's infringement of the '912 Patent
20  continued throughout the *inter partes* reexamination of the '912 Patent, and is still ongoing.
21  Through Google's participation in the *inter partes* reexamination of the '912 Patent, Google has had
22  notice for large portions of the reexamination proceeding that several claims of the '912 Patent had
23  been found valid. For example, in a non-final office action on March 21, 2014, the examiner
24  confirmed the validity of claim 16. Despite having been notified of the examiner's decision to
25  affirm the validity of claims 16, on information and belief, Google incorporated, and continues to
26  incorporate DDR4 RDIMMs, DDR4 LRDIMMs, and DDR4 NVDIMMs in its computer servers in
27  an infringing manner.
28        On information and belief, Google was aware of Netlist's technology via the JEDEC process,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED DISCLOSURE OF ASSERTED CLAIMS
AND INFRINGEMENT CONTENTIONS    - 9 -    Case No. 4:09-cv-05718-SBA

intentionally hides the nature of the memory modules it uses in order to hide its use of third-party intellectual property, and colluded with Inphi and Smart Modular in an attempt to avoid the estoppel effect of the re-examination of the '912 Patent.

Netlist makes these assertions based on discovery and information currently available to it, and expressly reserves the right to augment, supplement, and revise these assertions based on additional information obtained through discovery or otherwise. The scope of Google's post-complaint conduct regarding the Accused Instrumentalities is the subject of ongoing discovery. Netlist further expects Google to produce documents and information during the course of discovery that will support Netlist's willful infringement allegations.

## II. DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURE

In accordance with Patent L.R. 3-2, Netlist is producing documents as listed below. Netlist has used its best efforts to identify responsive documents. Discovery is at an early stage, and Netlist reserves the right to supplement its production to provide additional responsive documents. To the extent additional responsive documents are identified during the course of discovery, Netlist will supplement its production.

Documents responsive to Patent L.R. 3-2(a)-(c) have already been produced, either in this litigation, or during *Google I*. *See* Netlist's Disclosure of Asserted Claims and Infringement Contentions, dated April 8, 2010, at 7–8.

Netlist supplements documents responsive to Patent L.R. 3-2(c) with the reexamination history of the '912 Patent. These documents may be found at the following production numbers: NETLIST-5718-00004623 – NETLIST-5718-00011430.

Documents responsive to Patent L.R. 3-2(d) may be found at the following production numbers: NETLIST-5718-00000001 – NETLIST-5718-00000039.

Netlist further identifies the documents bearing the following production numbers as responsive to Patent L.R. 3-2(e): NETLIST-5718-00000040 – NETLIST-5718-00004622 and NETLIST-5718-00011431 – NETLIST-5718-00012157.

To the extent there are licenses subject to third-party confidentiality obligations that correspond to N.D. Cal. Patent Local Rule 3-2(f), Netlist will supplement is document production

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

AMENDED DISCLOSURE OF ASSERTED CLAIMS
AND INFRINGEMENT CONTENTIONS - 10 - Case No. 4:09-cv-05718-SBA

1  once Netlist has received consent from the parties to whom Netlist owes a confidentiality duty.

2      Pursuant to Patent L.R. 3-2(g), and based on Netlist's investigation to date, Netlist has not
3  presently identified any comparable licenses.

4      To the extent there are purchase orders subject to third-party confidentiality obligations that
5  correspond to N.D. Cal. Patent Local Rule 3-2(h), Netlist will supplement its document production
6  once Netlist has received consent from the parties to whom Netlist owes a confidentiality duty.

7      Netlist further identifies the documents bearing the following production numbers as
8  responsive to Patent L.R. 3-2(i): NETLIST-5718-00004529 – NETLIST-5718-00004530, and
9  NETLIST-5718-00012158.

10     Netlist further identifies the documents bearing the following production numbers as
11 responsive to Patent L.R. 3-2(j): NETLIST-5718-00004350 – NETLIST-5718-00004528.

14 Dated: June 18, 2021,                                    IRELL & MANELLA LLP

16                                                          By: *Jason G. Sheasby*
17                                                          Jason G. Sheasby
                                                            jsheasby@irell.com
18                                                          1800 Avenue of the Stars, Suite 900
                                                            Los Angeles, California 90067
19                                                          Telephone:   (310) 277-1010
                                                            Facsimile:   (310) 203-7199

20                                                          *Attorneys for Plaintiff and Counter-
                                                            Defendant Netlist, Inc.*