Exhibit 8

# (CORRECTED) EX. 5 ATTACHED TO NETLIST'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND ANSWER AND COUNTERCLAIMS

QUINN EMANUEL URQUHART & SULLIVAN LLP

David Perlson (CA Bar No. 209502)
davidperlson@quinnemanuel.com
Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jared Newton (admitted pro hac vice)
jarednewton@quinnemanuel.com
Deepa Acharya (CA Bar No. 267654)
deepaacharya@quinnemanuel.com
Sandy Shen (admitted pro hac vice)
sandyshen@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| NETLIST, INC., | CASE NO. 4:09-cv-05718-SBA |
| Plaintiff, | |
| vs. | **DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF NETLIST, INC.'S INTERROGATORY NOS. 1 AND 2** |
| GOOGLE LLC, | |
| Defendant. | |

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Google LLC

2 ("Google") hereby objects and responds in writing to Netlist, Inc.'s ("Netlist" or "Plaintiff")

3 Interrogatory Nos. 1 and 2 ("Interrogatories"). These formal objections and responses are

4 supplemental to any communications already exchanged between the parties regarding the above-

5 referenced notice.

6                    **GENERAL OBJECTIONS**

7    Google makes the following general objections to each and every definition and instruction, in

8 Netlist's Interrogatories.  Each of these objections is incorporated into the Specific Objections set

9 forth below, whether or not separately set forth therein.  By responding to any of the interrogatories or

10 failing to specifically refer to or specify any particular General Objection in response to a particular

11 interrogatory, Google does not waive any of these General Objections, nor admit or concede the

12 appropriateness, relevance, materiality, or admissibility in evidence of any purported interrogatory or

13 any assumptions contained therein.

14    1.    Google objects to each Interrogatory, and to the Definitions, to the extent that they

15 purport to impose any obligations upon Google beyond the Federal Rules of Civil Procedure and the

16 Local Rules of the United States District Court for the Northern District of California, and the Court's

17 orders regarding limits on discovery in this Litigation.

18    2.    Google objects to the definitions of "Google," "You," and "Your" on the grounds that

19 the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent

20 that they include all past or present divisions, departments, parents, subsidiaries, affiliates,

21 partnerships, joint ventures, predecessors or successors thereof, and all past and present officers,

22 directors, employees, agents, representatives, consultants, managers, partners, or attorneys thereof.  In

23 answering this Interrogatory, Google will interpret these terms to mean Defendant Google LLC.

24    3.    Google objects to the definitions of "Asserted Patent" or "'912 Patent" as overly broad

25 and unduly burdensome to the extent it refers to the original, invalid claims or claims not asserted by

26 Netlist against Google.  Google will interpret these terms to mean U.S. Patent No. 7,619,912 as it

27 existed on the day Netlist served these Interrogatories on Google.

28

4.    Google objects to the definition of "Memory Module" as overly broad, unduly burdensome, and vague, as it would encompass Google products that are not accused by Netlist based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.

5.    Google objects to the definition of "Standard" as overly broad, unduly burdensome, and vague, as it would encompass technology standards that are not accused by Netlist based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused. Google will interpret "Standard" to mean the body of standards developed and published by the JEDEC Solid State Technology Association.

6.    Google objects to the definition of "Person" as overly broad, unduly burdensome, and vague to the extent that the definition exceeds the scope of the documents set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or the rules of this Court.

7.    Google objects to the definition of "Document" as overly broad, unduly burdensome, and vague to the extent that the definition exceeds the scope of the documents set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or the rules of this Court. Google will interpret "Document" to mean "documents or electronically stored information" as those terms are used in the Federal Rules of Civil Procedure, subject to any ESI Order entered in this case.

8.    Google objects to each Interrogatory to the extent they request Google to provide "all" or "any" information about a particular subject as overly broad and unduly burdensome, seeking information, documents, and/or things that are neither relevant nor proportional to the needs of the case.

9.    Google objects to each Interrogatory to the extent that they are tailored to seek information protected by the attorney-client privilege, the work product doctrine, or the common interest doctrine, or that is otherwise privileged or protected from discovery.

10.    Google objects to each Interrogatory to the extent that they seek information that is not relevant to the subject matter of this action and is not proportional to the needs of the case.

11.     Google objects to each Interrogatory to the extent that they are overbroad, unduly burdensome, vague, and/or ambiguous.

12.     Google objects to each Interrogatory to the extent that it uses words in a manner inconsistent with or unsupported by the plain language of the word.  To the extent possible, Google and its representatives will apply a reasonable interpretation based on the plain meaning of the words used.

13.     Google objects to each Interrogatory to the extent that they seek information that does not already exist, or that is not in Google's possession, custody, or control.

14.     Google objects to each Interrogatory to the extent that they require Google to provide information beyond what is available to Google at present from a reasonable search of its own files likely to contain relevant or responsive documents and from a reasonable inquiry of its present employees.

15.     Google objects to each Interrogatory to the extent that it seeks information protected by privacy law and/or policy.

16.     Google objects to each Interrogatory to the extent that they seek information that Google is not permitted to disclose pursuant to confidentiality obligations or agreements with third parties.

17.     Google objects to each Interrogatory to the extent that they are unlimited in time or otherwise not limited to a time frame relevant to this litigation, and therefore burdensome, oppressive, overly broad, and not proportional to the needs of the case.

18.     Google objects to each and every Interrogatory to the extent that they call for a legal conclusion.

19.     Google objects to each and every Interrogatory to the extent that they call for information that is publicly available and therefore equally accessible to Netlist as it is to Google.

20.     Google objects to the interrogatory numbering of Netlist's April 19, 2021 Interrogatory Nos. 1 -4, as Netlist previously propounded Interrogatory Nos. 1-20 on March 26, 2010 in this case, which count towards the 25-interrogatory limit under Fed. R. Civ. P. 33(a)(1). Netlist's April 19, 2021 Interrogatories should be numbered 21-24.

GOOGLE'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
INTERROGATORY NOS. 1 AND 2

21.     Google objects to the instruction in paragraph 16 that "[a]ll Interrogatories must be answered fully and in writing in accordance with Rules 11 and 33 of the Federal Rules of Civil Procedure.  Google will respond to the Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the rules of this Court.

22.     Google objects to the instruction in paragraph 18 that "[w]here knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your predecessors and/or successors, as well as to information in the possession of Your officers, directors, agents, employees, representatives and, unless privileged, attorneys. Whenever an answer to these Requests contains information which is not based upon Your personal knowledge, state the source and nature of such information."  Google will respond to the Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the rules of this Court.

23.     Google objects to the instruction in paragraph 21 that "[i]f, in responding to any Interrogatory, You elect to produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, specify the particular records from which the answer may be derived or ascertained in sufficient details to permit Netlist to locate and identify the precise pages or records from which the answer may be ascertained as readily as You may ascertain such an answer."  Google will respond to the Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the rules of this Court.

24.     Google objects to the instruction in paragraph 22 that "[i]f You do not answer any Interrogatory in full, state the precise reason for failing to do so. If a legal objection is made, set forth the specific nature of the grounds for the objection. If only a portion of any Interrogatory cannot or will not be answered, (i) provide a full answer to the remaining portion; and (ii) specifically set forth (a) the fact that the answer is incomplete and (b) the reasons or grounds for any omission or for Your inability or refusal to complete the answer. If an Interrogatory can be answered only in part on the basis of information available at the time of the response, (i) provide an answer on the basis of that information; (ii) indicate that Your answer is so limited; and (iii) provide a further response, in accordance with these Instructions, when further information becomes available."  Google will

respond to the Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the rules of this Court.

25.   Google objects to the instruction in paragraph 23 that "[i]f You contend that any Interrogatory seeks information, in whole or in part, that is protected by a legal privilege or other doctrine which precludes disclosure thereof, identify the legal privilege and/or doctrine with particularity, including all supporting facts and each person having knowledge of the factual basis for the assertion." Google will respond to the Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the rules of this Court.

26.   Google objects to the instruction in paragraph 24 that "[i]f any document referred to in Your responses to these Interrogatories was, but is no longer, in Your possession, custody, or control, state that disposition was made with each document and when such disposition was made. In the event that any Document or thing or portion thereof called for by this set of requests is known to have been lost or destroyed (either as a result of a Document destruction policy or otherwise), provide a written statement setting forth the following information for each such item: (1) the nature of the item (e.g. letter, memorandum, chart, engineering drawing, etc.); (2) the identity of each sender(s), author(s), and recipient(s) of the item whether indicated as such or not on the item; (3) the date that the item was created, or if there is no record of this information, the approximate date; (4) a description of the subject matter of the item; (5) if the item is a Document, the number of pages; (6) information regarding whether any attachments or appendices to the item exist or existed, along with a description of any such attachments or appendices; and (7) the circumstances of the loss or destruction of the item including the date of destruction or loss, the identity of the Person(s) who lost or destroyed the item, and if the item was destroyed, the identity of the Person(s) who authorized the destruction." Google will respond to the Interrogatories in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the rules of this Court.

27.   Google objects to the instruction in paragraph 25 that "[y]ou are required to supplement or amend Your responses to these Interrogatories as the need arises pursuant to Rule 26 of the Federal Rules of Civil Procedure." Google will respond to the Interrogatories in accordance with the Federal

Rules of Civil Procedure, the Local Rules of the Northern District of California, and the rules of this Court.

## SPECIFIC OBJECTIONS AND RESPONSES

## INTERROGATORY NO. 1:

For every type of Memory Module that Google has purchased, made, used, installed, operated, sold, or offered to sell in the United States for the period of November 17, 2008 through February 7, 2021, provide information sufficient to fully describe:

> The category of the Memory Module (e.g., FB DIMM) and the category of the DRAM on the module (e.g., DDR2, DDR 3, DDR 4, DDR 5);

> The design and operation of all memory and/or storage devices and circuit and/or logic elements on the Memory Module;

> The begin and end design dates for the Memory Module;

> The extent the design has changed, how it has changed, and when such change was made; The date of first commercial use of the Memory Module;

> To the extent any portion of the Memory Module complies with a JEDEC Standard, identify the relevant portion of the Standard;

> The date(s) of purchase, manufacture, installment, and/or sale of the Memory Module; and

> The suppliers of each of the components in the Memory Module, and the assembler of the Memory Module.

## RESPONSE TO INTERROGATORY NO. 1:

In addition to the General Objections stated above, Google objects to this interrogatory because it requests information that is inconsistent with the Court's Case Management Order (D.I. 117). While this case was stayed, the patent-in-suit underwent *inter partes* reexamination, resulting in a reexamination certificate issued on February 8, 2021, which narrowed or canceled all asserted claims. When this case resumed, the Court requested a Joint Case Management Statement (D.I. 115). In that Statement, the parties agreed "it would be an efficient first step to resolve the question of what intervening rights exist with respect to the claims of the '912 patent, if any." D.I. 115 at 3. Accordingly, the parties requested, and the Court granted, a staged resumption of this case where Netlist would first serve amended infringement contentions and then the parties would brief

1   intervening rights. D.I. 115 at 5-6; D.I. 117. Other deadlines, if needed, would follow the Court's

2   intervening rights determination. *See id.*

3         Although plaintiffs in this jurisdiction are generally required to present infringement

4   contentions before receiving detailed technical product discovery from the defendant (*see* Patent Local

5   Rule 3-1, 3-4), Netlist requested early "targeted discovery" on "the nature of the memory modules

6   currently used by Google." D.I. 115 at 3. Google stated that it was "open to limited discovery in the

7   form of a targeted interrogatory directed to the identification of memory module classes (e.g.,

8   FBDIMMs, etc.) and generations (e.g., DDR, DDR2, etc.) Google currently uses." *Id.* at 4. Consistent

9   with traditional practice in this jurisdiction, Google then objected—and maintains its objection—to

10  "any broader scope of technical discovery before Google has notice of [Netlist's] infringement

11  allegations." *Id.*

12        The parties conferred on the scope of Netlist's targeted discovery. Netlist requested the

13  following (quoting from an e-mail from Netlist's counsel):

14        What types of memory modules is Google currently making, having made, and/or purchasing?

15        Are FBDIMMs among the current modules Google is making, having made, and/or

16  purchasing?

17        If yes, building, buying, or both? By/from whom?

18        What is the rough volume of FBDIMMs currently in use?

19        If no active make/buy, is Google is still using FBDIMMs?

20        If yes, what is the rough volume of FBDIMMs currently in use?

21        If no, when did such use cease?

22        Google agreed to respond to these questions. Google gathered responsive information, but

23  before it had an opportunity to provide that information, new counsel for Netlist entered an

24  appearance in this case. D.I. 131. The next business day, Netlist's new counsel served these

25  interrogatories, which go well beyond the scope of the discovery the parties discussed and agreed to

26  before the Case Management Conference, and also go beyond the agreement the parties reached

27  regarding the appropriate scope of Netlist's limited early discovery. Google offered to provide

28  expedited responses to the questions Netlist previously said it needed answered if it would withdraw

1   the current interrogatories and serve new interrogatories of the scope the parties previously agreed

2   were appropriate. Netlist declined to do so.

3       Google, therefore, objects to this interrogatory to the extent it (1) exceeds the scope of the

4   limited, early discovery Netlist represented to the Court it would seek in the Joint Case Management

5   Statement, (2) exceeds the scope of discovery Google agreed it was open to providing in the Joint

6   Case Management Statement, (3) exceeds the scope of discovery the parties agreed to after conferring

7   over the appropriate scope, and (4) prematurely seeks technical discovery that Google is required to

8   produce in its Patent Local Rule 3-4 Document Production *after* Netlist has identified accused

9   instrumentalities in its Patent Local Rule 3-1 Disclosure of Asserted Claims and Infringement

10  Contentions.

11      Google also objects to this interrogatory as seeking information not within its possession,

12  custody, or control. The manufacturers and/or assemblers of memory modules that Google purchases

13  are the appropriate sources of information regarding "[t]he design and operation of all memory and/or

14  storage devices and circuit and/or logic elements on the Memory Module," "[t]he begin and end

15  design dates for the Memory Module," "[t]he extent the design has changed, how it has changed, and

16  when such change was made," "[t]o the extent any portion of the Memory Module complies with a

17  JEDEC Standard, . . . the relevant portion of the Standard," and "[t]he date(s) of . . . manufacture . . .

18  of the Memory Module."

19      Google further objects to this interrogatory as seeking irrelevant information because absolute

20  intervening rights preclude a finding of infringement and any related award of damages for any

21  asserted claim and for any memory modules purchased, made, used, installed, operated, sold, or

22  offered for sale from November 17, 2008 through February 7, 2021.

23      Google further objects to this interrogatory because it includes multiple distinct subparts as a

24  single interrogatory.

25      Google also objects to this interrogatory as vague, ambiguous, overly broad, and unduly

26  burdensome because the terms "Memory Module, "Standard," "design and operation," "memory

27  and/or storage devices," "circuit and/or logic elements," and "components" as used in this

28

███████████████████████████████████

1   interrogatory, are vague, ambiguous, overly broad, and undefined, not clear, and could be read to

2   encompass an impermissibly broad range of information.

3       In response to the non-objectionable portions of this interrogatory, Google responds as

4   follows:

5       Based on a reasonable investigation, Google no longer makes, has made, and/or purchases

6   FBDIMMs, the only memory module type Netlist has accused in this case to date, and Google's last

7   known use of FBDIMMs was in 2017. ███████████████████████

8   ██████████████████████████████████████████

9   ██████████████████████████████████████████

10  ██████████████████████████████████████████

11  ██████████████████████████████████████████

12  ██████████████████████████████████████████

13  ██████████████

14  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (AUGUST 11, 2021)**

15      Google incorporates by reference its General Objections and prior objections and responses to

16  this Interrogatory.   Google provides the following supplemental response after a reasonable

17  investigation and to identify documents from which information responsive to the Interrogatory may

18  be ascertained.  Google reserves the right to further supplement its response as discovery progresses.

19  Subject to and without waiving the foregoing objections, Google supplements its response to

20  Interrogatory No. 1 as follows:

21      Google further objects to this Interrogatory to the extent that it is overly broad, vague, and

22  ambiguous as to "every type," "Memory Module," "purchased, made, used, installed, operated, sold,

23  or offered to sell," "fully describe," "category," "design and operation," "all memory and/or storage

24  devices," "circuit and/or logic elements," "design dates," "changed," "first commercial use,"

25  "portion," "complies," "JEDEC Standard," "suppliers," "components," and "assembler."  Specifically,

26  Google objects to the term "Memory Module" as irrelevant, overly broad, unduly burdensome, and

27  vague to the extent it encompasses Google products that are not accused by Netlist in this case based

28  on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  Google

1    further objects to the term "JEDEC Standard" as irrelevant, overly broad, unduly burdensome, and

2    vague to the extent it encompasses JEDEC standards that Netlist did not accuse Google of allegedly

3    infringing in this case in its June 18, 2021 Amended Infringement Contentions and given what is

4    accused.  Google further objects to this Interrogatory as unduly burdensome and not proportional to

5    the needs of the case where the accused products, as identified in Netlist's June 18, 2021 Amended

6    Infringement Contentions and given what is accused,

7    Google further objects to this Interrogatory to

8    the extent it seeks information that Google is not permitted to disclose pursuant to confidentiality

9    obligations or agreements with third parties.  Google further objects to this Interrogatory to the extent

10   it is tailored to seek information protected by the attorney-client privilege, the work product doctrine,

11   or the common interest doctrine, or that is otherwise privileged or protected from discovery.  Google

12   further objects to this Interrogatory as calling for a legal conclusion.  Google further objects to this

13   Interrogatory as improperly seeking expert testimony.

14          Subject to the foregoing objections and based on its reasonable investigation to date, Google

15   incorporates by reference its July 16, 2021 Second Supplemental Responses and Objections to

16   Interrogatory No. 3.  Although not specifically requested by this Interrogatory,

17

18

19

20

21

22

23

24

25

26

27

28

GOOGLE'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
INTERROGATORY NOS. 1 AND 2

Pursuant to Federal Rule of Civil Procedure 33(d), Google identifies the following documents from which information responsive to this Interrogatory may be derived:  GNET00291886 to -936; GNET106607; GNET00291768 to -873; GNET00291954; GNET179852 to -180100; GNET137006 to -135; GNET148003 to -017; GNET116064 to -074; GNET113336 to -337; GNET106064 to -086; GNET006142 to -224; GNET00291874 to -878; GNET030284 to -289; GNET003161 to -165; GNET003016 to -017; GNET003020 to -027; GNET003127 to -130; GNET003075 to -079; GNET078813 to -822; GNET00291939 to -953; GNET00291879 to -882; GNET00291883 to -885; GNET003153; GNET216845 to -869; GNET003188 to -397; GNLP-00029766.

The foregoing responses are based on Google's reasonable investigation to date.  Google reserves the right to supplement or modify its response based on further investigation and discovery, or in response to new arguments or evidence presented by Netlist.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 [ACTUAL INTERROGATORY NO. 21] (AUGUST 30, 2021)**

Google incorporates by reference its General Objections and prior objections and responses to this Interrogatory.  Google provides the following supplemental response after a reasonable investigation and to identify documents from which information responsive to the Interrogatory may be ascertained.  Google reserves the right to further supplement its response as discovery progresses. Subject to and without waiving the foregoing objections, Google supplements its response to Interrogatory No. 1 [actual Interrogatory No. 21] as follows:

Google further objects to the numbering of Netlist's Interrogatory No. 1 herein, as Netlist previously propounded twenty interrogatories on March 26, 2010.  Therefore, the correct numbering for this interrogatory is Interrogatory No. 21.

GOOGLE'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
INTERROGATORY NOS. 1 AND 2

1      Subject to the foregoing objections and based on its reasonable investigation to date, Google

2  purchased ███████████████████████████████████████████

3  █████████████████████████████████████████████████

4  ████████████████████████████████ █████████████████

5  █████████████████████████████████████████████████

6  █████████████████████████████████████████████████

7  █████████████████████████████████████████████████

8  █████████████████████████████████████████████████

9  █████████████████████████████████████████████████

10  █████████████████████████████████████████████████

11  ███████████████████████

12      ████████████████████████████████████████████

13  █████████████████████████████████████████████████

14  █████████████████████████████████████████████████

15  ██████████████ ██████████████████████████████████

16  █████████████████████████████████

17      The foregoing responses are based on Google's reasonable investigation to date.  Google

18  reserves the right to supplement or modify its response based on further investigation and discovery,

19  or in response to new arguments or evidence presented by Netlist.

20  **INTERROGATORY NO. 2:**

21      For every type of Memory Module that Google has purchased, made, used, installed, operated,

22  sold, or offered to sell in the United States as of February 8, 2021 and through the present, provide

23  information sufficient to fully describe:

24      The category of the Memory Module (e.g., FB DIMM) and the category of the DRAM on the

25      module (e.g., DDR2, DDR 3, DDR 4, DDR 5);

26      The design and operation of all memory and/or storage devices and circuit and/or logic
        elements on the Memory Module;

27      The begin and end design dates for the Memory Module;

28

The extent the design has changed, how it has changed, and when such change was made;

The date of first commercial use of the Memory Module;

To the extent a Memory Module complies with a JEDEC Standard, identify the relevant portion of the Standard;

The date(s) of purchase, manufacture, installment, and/or sale of the Memory Module; and

The suppliers of each of the components in the Memory Module, and the assembler of the Memory Module.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections stated above, Google objects to this interrogatory because it requests information that is inconsistent with the Court's Case Management Order (D.I. 117). While this case was stayed, the patent-in-suit underwent inter partes reexamination, resulting in a reexamination certificate issued on February 8, 2021 that narrowed or canceled all asserted claims. When this case resumed, the Court requested a Joint Case Management Statement (D.I. 115). In that Statement, the parties agreed "it would be an efficient first step to resolve the question of what intervening rights exist with respect to the claims of the '912 patent, if any." D.I. 115 at 3. Accordingly, the parties requested, and the Court granted, a staged resumption of this case where Netlist would first serve amended infringement contentions and then the parties would brief intervening rights. D.I. 115 at 5-6; D.I. 117. Other deadlines, if needed, would follow the Court's intervening rights determination. *See id.*

Although plaintiffs in this jurisdiction are generally required to present infringement contentions before receiving detailed technical product discovery from the defendant (*see* Patent Local Rule 3-1, 3-4), Netlist requested early "targeted discovery" on "the nature of the memory modules currently used by Google." D.I. 115 at 3. Google stated that it was "open to limited discovery in the form of a targeted interrogatory directed to the identification of memory module classes (e.g., FBDIMMs, etc.) and generations (e.g., DDR, DDR2, etc.) Google currently uses." *Id.* at 4. Consistent with traditional practice in this jurisdiction, Google then objected—and maintains its objection—to "any broader scope of technical discovery before Google has notice of [Netlist's] infringement allegations." *Id.*

The parties conferred on the scope of Netlist's targeted discovery. Netlist requested the following (quoting from an e-mail from Netlist's counsel):

What types of memory modules is Google currently making, having made, and/or purchasing?

Are FBDIMMs among the current modules Google is making, having made, and/or purchasing?

If yes, building, buying, or both? By/from whom?

What is the rough volume of FBDIMMs currently in use?

If no active make/buy, is Google is still using FBDIMMs?

If yes, what is the rough volume of FBDIMMs currently in use?

If no, when did such use cease?

Google agreed to respond to these questions. Google gathered responsive information, but before it had an opportunity to provide that information, new counsel for Netlist entered an appearance in this case. D.I. 131. The next business day, Netlist's new counsel served these interrogatories, which go well beyond the scope of the discovery the parties discussed and agreed to before the Case Management Conference, and also go beyond the agreement the parties reached regarding the appropriate scope of Netlist's limited early discovery. Google offered to provide expedited responses to the questions Netlist previously said it needed answered if it would withdraw the current interrogatories and serve new interrogatories of the scope the parties previously agreed were appropriate. Netlist declined to do so.

Google, therefore, objects to this interrogatory to the extent it (1) exceeds the scope of the limited, early discovery Netlist represented to the Court it would seek in the Joint Case Management Statement, (2) exceeds the scope of discovery Google agreed it was open to providing in the Joint Case Management Statement, (3) exceeds the scope of discovery the parties agreed to after conferring over the appropriate scope, and (4) prematurely seeks technical discovery that Google is required to produce in its Patent Local Rule 3-4 Document Production *after* Netlist has identified accused instrumentalities in its Patent Local Rule 3-1 Disclosure of Asserted Claims and Infringement Contentions.

1    Google also objects to this interrogatory as seeking information not within its possession,

2 custody, or control. The manufacturers and/or assemblers of memory modules that Google purchases

3 are the appropriate sources of information regarding "[t]he design and operation of all memory and/or

4 storage devices and circuit and/or logic elements on the Memory Module," "[t]he begin and end

5 design dates for the Memory Module," "[t]he extent the design has changed, how it has changed, and

6 when such change was made," "[t]o the extent any portion of the Memory Module complies with a

7 JEDEC Standard, . . . the relevant portion of the Standard," and "[t]he date(s) of . . . manufacture . . .

8 of the Memory Module."

9    Google further objects to this interrogatory as seeking irrelevant information because absolute

10 and/or equitable intervening rights preclude a finding of infringement and any related award of

11 damages for any asserted claim and for any memory modules purchased, made, used, installed,

12 operated, sold, or offered for sale as of February 8, 2021 and through the present.

13    Google further objects to this interrogatory because it includes multiple distinct subparts as a

14 single interrogatory.

15    Google also objects to this interrogatory as vague, ambiguous, overly broad, and unduly

16 burdensome because the terms "Memory Module, "Standard," "design and operation," "memory

17 and/or storage devices," "circuit and/or logic elements," and "components" as used in this

18 interrogatory, are vague, ambiguous, overly broad, and undefined, not clear, and could be read to

19 encompass an impermissibly broad range of information.

20    In response to the non-objectionable portions of this interrogatory, Google responds as

21 follows:

22    Based on a reasonable investigation, Google no longer makes, has made, and/or purchases

23 FBDIMMs, the only memory module type Netlist has accused in this case to date, and Google's last

24 known use of FBDIMMs was in 2017.

CONFIDENTIAL – ATTORNEYS' EYES ONLY

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ███████████████████████████████████████

4 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 (AUGUST 11, 2021)**

5      Google incorporates by reference its General Objections and prior objections and responses to

6 this Interrogatory.   Google  provides  the  following  supplemental  response  after  a  reasonable

7 investigation and to identify documents from which information responsive to the Interrogatory may

8 be ascertained.  Google reserves the right to further supplement its response as discovery progresses.

9 Subject  to  and  without  waiving  the  foregoing  objections,  Google  supplements  its  response  to

10 Interrogatory No. 2 as follows:

11      Google further objects to this Interrogatory to the extent that it is overly broad, vague, and

12 ambiguous as to "every type," "Memory Module," "purchased, made, used, installed, operated, sold,

13 or offered to sell," "fully describe," "category," "design and operation," "all memory and/or storage

14 devices,"  "circuit  and/or  logic  elements,"  "design  dates,"  "changed,"  "first  commercial  use,"

15 "portion," "complies," "JEDEC Standard," "suppliers," "components," and "assembler."  Specifically,

16 Google objects to the term "Memory Module" as irrelevant, overly broad, unduly burdensome, and

17 vague to the extent it encompasses Google products that are not accused by Netlist in this case based

18 on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  Google

19 further objects to the term "JEDEC Standard" as irrelevant, overly broad, unduly burdensome, and

20 vague to the extent it encompasses JEDEC standards that Netlist did not accuse Google of allegedly

21 infringing in this case in its June 18, 2021 Amended Infringement Contentions and given what is

22 accused.  Google further objects to this Interrogatory as unduly burdensome and not proportional to

23 the needs of the case where the accused products, as identified in Netlist's June 18, 2021 Amended

24 Infringement Contentions and given what is accused, ████████████████████████

25 ████████████████████████.  Google further objects to this Interrogatory to

26 the extent it seeks information that Google is not permitted to disclose pursuant to confidentiality

27 obligations or agreements with third parties.  Google further objects to this Interrogatory to the extent

28 it is tailored to seek information protected by the attorney-client privilege, the work product doctrine,

███████████████████████████

or the common interest doctrine, or that is otherwise privileged or protected from discovery.  Google further objects to this Interrogatory as calling for a legal conclusion.  Google further objects to this Interrogatory as improperly seeking expert testimony.

Subject to the foregoing objections and based on its reasonable investigation to date, Google incorporates by reference its July 16, 2021 Second Supplemental Responses and Objections to Interrogatory No. 3.  Although not specifically requested by this Interrogatory, ██████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████

██████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████

Pursuant to Federal Rule of Civil Procedure 33(d), Google identifies the following document from which information responsive to this Interrogatory may be derived:  GNLP-00029766.

The foregoing responses are based on Google's reasonable investigation to date.  Google reserves the right to supplement or modify its response based on further investigation and discovery, or in response to new arguments or evidence presented by Netlist.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 [ACTUAL INTERROGATORY NO. 22] (AUGUST 30, 2021)**

Google incorporates by reference its General Objections and prior objections and responses to this Interrogatory.  Google provides the following supplemental response after a reasonable investigation and to identify documents from which information responsive to the Interrogatory may be ascertained.  Google reserves the right to further supplement its response as discovery progresses.  Subject to and without waiving the foregoing objections, Google supplements its response to Interrogatory No. 2 [actual Interrogatory No. 22] as follows:

███████████████████████████████████

1    Google further objects to the numbering of Netlist's Interrogatory No. 2, as Netlist previously

2  propounded twenty interrogatories on March 26, 2010.  Therefore, the correct numbering for this

3  interrogatory is Interrogatory No. 22.

4    Subject to the foregoing objections and based on its reasonable investigation to date, Google

5  ████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████

7  ████████████████████████████    ████████████████████████

8  ████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████

14 ████████████████████████████████

15    The foregoing responses are based on Google's reasonable investigation to date.  Google

16 reserves the right to supplement or modify its response based on further investigation and discovery,

17 or in response to new arguments or evidence presented by Netlist.

18 DATED: August 30, 2021                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP
19

20

21                                 By   /s/ David Perlson
                                        David Perlson
22
                                     David Perlson (CA Bar No. 209502)
23                                   davidperlson@quinnemanuel.com
                                     Jonathan Tse (CA Bar No. 305468)
24                                   jonathantse@quinnemanuel.com
                                     50 California Street, 22nd Floor
25                                   San Francisco, CA 94111
                                     Telephone: (415) 875-6600
26                                   Facsimile: (415) 875-6700

27
                                     Jared Newton (admitted *pro hac vice*)
28                                   jarednewton@quinnemanuel.com

Deepa Acharya (CA Bar No. 267654)
deepaacharya@quinnemanuel.com
Sandy Shen (admitted *pro hac vice*)
sandyshen@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Defendant Google LLC*

1   **<u>PROOF OF SERVICE</u>**

2   **STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

3       At the time of service, I was over 18 years of age and not a party to this action.  I am employed

4   in the County of San Francisco, State of California.  My business address is 50 California St., 22nd

5   Floor, San Francisco, CA 94111.

6       On August 30, 2021, I served true copies of the following document(s) described as

7   **DEFENDANT GOOGLE LLC'S SECOND SUPPLEMENTAL OBJECTIONS AND**

8   **RESPONSES TO PLAINTIFF NETLIST, INC.'S INTERROGATORY NOS. 1 AND 2** on the

9   interested parties in this action as follows:

10      **SEE ATTACHED LIST**

11      **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I transmitted PDF format copies of the

12  document(s) described above to the e-mail addresses on the attached Service List pursuant to the

13  agreement between the parties to serve discovery, in lieu of other service methods, by email under

14  Fed. R. Civ. P. 5(b)(2)(E).  The documents were transmitted by electronic transmission and such

15  transmission was reported as complete and without error.

16      I declare under penalty of perjury under the laws of the United States of America that the

17  foregoing is true and correct and that I am employed in the office of a member of the bar of this Court

18  at whose direction the service was made.

19      Executed on August 30, 2021 at San Francisco, California.

20

21

22      */s/ Jonathan Tse*
        _____
        Jonathan Tse

23

24

25

26

27

28

GOOGLE'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
INTERROGATORY NOS. 1 AND 2

1

## <u>SERVICE LIST</u>

2

*Netlist, Inc. v. Google LLC*

3

*Case No. 09-cv-05718-SBA (JCS)*

4

*Attorneys for Plaintiff Netlist, Inc.*

5

IRELL & MANELLA LLP

6

Jason G. Sheasby (CA SBN 205455)
jsheasby@irell.com

7

Andrew J. Strabone (CA SBN 301659)
astrabone@irell.com

8

IRELL & MANELLA LLP

9

1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067

10

Telephone: (310) 277-1010
Facsimile: (310) 203-7199

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28