# Exhibit 1

# (CORRECTED) PLAINTIFF NETLIST'S OBJECTION TO NEW EVIDENCE IN GOOGLE'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE

IRELL & MANELLA LLP
Jason G. Sheasby (CA SBN 205455)
jsheasby@irell.com
Andrew J. Strabone (CA SBN 301659)
astrabone@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Plaintiff Netlist, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| NETLIST, INC., | Case No. 4:09-cv-05718-SBA |
| Plaintiff, | **PLAINTIFF NETLIST'S OBJECTION TO NEW EVIDENCE IN GOOGLE'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE (DKT. 181)** |
| v. | |
| GOOGLE LLC, | Date: November 10, 2021 |
| Defendant. | Time: 2:00 PM |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Plaintiff Netlist, Inc. ("Netlist") hereby objects under Local Rule 7-3(d)(1) to new evidence and argument submitted by Defendant Google LLC ("Google") in Google's Reply in Support of Its Motion to Strike Plaintiff's New Assertion of Claim 16 and New Dates for Priority and Conception that Were Not in Its Original Patent Local Rule 3-1 Disclosures (Dkt. 181, the "Reply").

Netlist has repeatedly asked Google to provide the evidentiary basis for its contention that claim 16 could have been asserted against memory modules available before this case was stayed on January 26, 2011. Google refused to provide any evidence at any point. Google then waited until its Reply to submit its allegedly supporting evidence. *See* Reply Exhibits A-C (Dkts. 181-2, 181-3, 181-4). This Court should strike or disregard Google's untimely evidence and the related arguments.

## I. It is Well-Established that New Evidence or Arguments Raised for the First Time in a Reply Brief Should be Stricken or Disregarded

District courts should not consider new evidence or arguments raised for the first time in a reply brief without giving the non-moving party an opportunity to respond. *J.G. v. Douglas Cnty. Sch. Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) ("Where 'new evidence is presented in a reply [], the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.'") (quoting *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (affirming district court's refusal to consider new argument raised in reply); *Greisen v. Hanken*, 925 F.3d 1097, 1115 (9th Cir. 2019) (finding the district court appropriately declined to consider new arguments asserted for the first time in the reply brief). "The bare assertion of an issue in an opening brief is insufficient to present the matter for determination." *Arik v. Astrue*, No. 08-cv-5564, 2010 WL 6490066, at *3 n.1 (N.D. Cal. Mar. 29, 2010) (Armstrong, J.) (citing *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 930 (9th Cir. 2003)).

Courts in this District consistently strike or disregard new evidence or arguments raised for the first time in a reply brief. *E.g.*, *Tae Youn Shim v. Lawler*, No. 17-cv-4920, 2019 WL 2996443, at *7 (N.D. Cal. July 9, 2019) ("It is well accepted that . . . [the] submission of new facts in [a] reply brief is improper. . . . The Court therefore **STRIKES** these new exhibits.") (citations omitted); *Lam Rsch. Corp. v. Schunk Semiconductor*, 2014 WL 1995799, at *2 (N.D. Cal. May 15, 2014) (declining

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 1 -

[UNREDACTED VERSION]
PLAINTIFF'S OBJECTION TO
GOOGLE'S NEW EVIDENCE
CASE NO. 09-CV-5718-SBA

to consider new evidence attached to reply in support of a motion); *Fed. Trade Comm'n v. LendingClub Corp.*, No. 18-cv-2454, Dkt. 80 at 9 (N.D. Cal. Apr. 29, 2019) (declining to consider FTC's new argument raised for the first time in the reply brief for its motion to strike).

**II.       Google Improperly Waited Until Its Reply Brief to Raise New Evidence and Arguments**

In its Reply, Google for the first time identifies new evidence purporting to show that: (1) the PDA feature does not meet the limitation of claim 16, which requires that the "command signal is transmitted to only one DDR memory device at a time;" and (2) "Google has identified products it used at the time of the stay that operate in the same way as current products with respect to the limitation of claim 16." *See* Dkt. 181 at 4-6 & n.6; Dkt. 181-2, Dkt. 181-4. Google actively sandbagged Netlist and refused to provide this information despite the fact Netlist has repeatedly requested this information prior to the filing of Google's Motion to Strike.

On June 4—eight weeks before Google filed its Motion to Strike—Netlist asked counsel for Google to provide Google's basis for contending that claim 16 could have been asserted against memory modules Google used before this case was stayed on January 26, 2011:

> Google could not explain how Netlist could have asserted claim 16 against Google DDR4 products given that those products did not exist at the time the case was stayed. Google claimed that it had DDR3 products that operated in the manner recited by claim 16. I asked you to provide evidence of this. You refused. Vague references to the JDEC standard [are] not productive. **If you believe that Google made DDR3 products that operated in the same manner as claim 16, provide this to us.**

Ex. 1 at 1 (emphasis added). Google refused to respond.

On July 22, when Google expressed its intent to move to strike, Netlist once again asked Google for information of its pre-stay memory modules that were allegedly covered by claim 16:

- Can you in advance explain the following: . . . 2. **[W]hat Google products were using these patent claims before the stay**[?]

- **We are entitled to understand what product you believe we could have accused and did not accused before the stay**. This is important information in evaluating your motion [to strike].

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

[UNREDACTED VERSION]
PLAINTIFF'S OBJECTION TO
GOOGLE'S NEW EVIDENCE
CASE NO. 09-CV-5718-SBA

1  Ex. 2 at 2, 3 (emphasis added).  In response, Google's counsel dodged the question, stating instead
2  that "Google does not believe any of its accused products infringe any valid claim of the asserted
3  patent either before or after the stay."  Ex. 2 at 3.  Google's counsel baldly asserted that "based on
4  its previously expressed allegations and theories, Netlist could have accused the products it
5  previously included in its prior infringement contentions."  Ex. 2 at 1.  Despite Netlist's express
6  requests to provide this information, at no time did Google's counsel identify any of the evidence it
7  now raises in its Reply regarding the applicability of claim 16 to pre-stay products.

8        In its opening Motion to Strike, Google again pointed to no actual evidence to show that
9  claim 16 potentially covers any of Google's pre-stay memory modules.  *See generally* Dkt. 153.
10 Instead, Google stated without support that "Netlist could have asserted [claim 16] more than a
11 decade ago, but simply chose not to."  *Id.* at 1; *see also id.* at 10 ("Netlist should have exercised
12 diligence and asserted that claim at the outset of the litigation when it accused the DDR2 technology
13 Google was using at the time.").

14       Only in Google's Reply, for the first time, did Google assert that its pre-stay DDR2
15 FBDIMMs "transmit command signals to memory devices in the same way as the DDR4 products
16 that Netlist accuses today."  Dkt. 181 at 6.  This is based on new exhibits Google attaches to its
17 Reply—the 2011 Micron Technology presentation (Exhibit A) and Netlist's 2010 infringement
18 contentions (Exhibit C).  *See id.* (comparing Exhibit A and Exhibit C).  Google also relied on Exhibit
19 A to raise the new argument that memory modules practicing the PDA feature do not read on claim
20 16.  Dkt. 181 at 4; Dkt. 181-2.  Further, Google introduced new evidence of the JEDEC JC-42
21 Committee item log (Exhibit B) in its Reply in support of its "disclosure" argument in its opening
22 motion and its new assertion regarding the lead sponsors for DDR4 PDA mode, thus providing
23 Netlist with no opportunity to respond.  Dkt. 181-3.

24       None of these exhibits is new information to Google, and nothing prevented Google from
25 identifying this evidence or the arguments this evidence supports prior to or at the time of the filing
26 of its Motion to Strike.  Instead, Google chose to remain silent (presumably for strategic purposes)
27 and only present this information in its Reply.  Google cannot justify its delay by arguing that Netlist
28 first introduced the discussion of the PDA feature in its Opposition to Google's Motion to Strike.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 3 -

[UNREDACTED VERSION]
PLAINTIFF'S OBJECTION TO
GOOGLE'S NEW EVIDENCE
CASE NO. 09-CV-5718-SBA

As early as May 19, 2021, Netlist served Google infringement contentions explaining how memory modules compliant with certain portions of the JEDEC standards for DDR4 infringe claim 16 when operating in PDA mode. Dkt. 170-16.

Indeed, Google's Reply purports to draw the conclusion that Google's pre-stay DDR2 FBDIMMs operate in a similar way as its current products by comparing the 2011 Micron Technology presentation (Exhibit A) and Netlist's original infringement contentions (Exhibit C). Yet, Google provides no explanation for how to draw such conclusion. Netlist did not assert, and is currently not asserting, claim 16 against DDR2 FBDIMMs because they do not have the PDA feature or otherwise transmit command signals to only one DDR memory device at a time. The 2011 Micron Presentation, which Google relies on, explicitly states that "prior to DDR4 memory," all memory devices were programmed the same way, with "no exceptions," and that DDR4 solved the problem by using a PDA mode, which comprises, for the first time, transmitting command signals that include DQ0=Low for the target DDR Memory device(s) to be programmed. *See* Dkt. 181-2 at 7, 8.

In addition, Google improperly relies on the 2011 Micron Technology presentation in its Reply to raise substantive claim-construction issues prematurely and to argue that memory modules practicing the PDA feature do not infringe claim 16. Dkt. 181 at 4 ("Claim 16 requires that a 'command signal is transmitted to *only one* DDR memory device *at a time*.' *See* Dkt. 155-5 at claim 16. PDA mode, however, transmits command signals to *all* of the DDR memory devices in a given rank *at the same time*. *See* Ex. A at 12."). Google's reasoning appears to be predicated on an incorrect understanding of how PDA mode works and its narrow construction of the term "command signal," disregarding how the term is used in the '912 patent. Courts refuse to allow these types of arguments before claim construction. *E.g. Network Caching Tech., LLC v. Novell, Inc.*, 2003 WL 21699799, at *5 (N.D. Cal. Mar. 21, 2003) ("[Infringement contentions] are not meant to provide a forum for litigation of the substantive issues," and the defendant's objections to the merits of the plaintiff's infringement theory "clearly are not meant to be resolved all" at this stage of the litigation); *see also Ameranth, Inc. v. Papa John's USA, Inc.*, 946 F. Supp. 2d 1049, 1058 (S.D. Cal.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 4 -

[UNREDACTED VERSION]
PLAINTIFF'S OBJECTION TO
GOOGLE'S NEW EVIDENCE
CASE NO. 09-CV-5718-SBA

1  2013) (finding "the parties' arguments, to the extent that they are based on the definition of claim
2  terms prior to claim construction, are premature").

3        Allowing Google to raise such new evidence and argument for the first time on reply,
4  without affording Netlist the opportunity to respond, would be highly prejudicial, and as such, this
5  Court should strike or disregard Google's new evidence and arguments. *Zamani*, 491 F.3d at 997;
6  *J.G.*, 552 F.3d at 803 n.14; *Lam Rsch. Corp.*, 2014 WL 1995799, at *2; *Tae Youn Shim*, 2019 WL
7  2996443, at *7.

8  **III.   CONCLUSION**

9        Netlist respectfully requests that the Court strike or disregard Google's untimely evidence
10  and arguments upon which that evidence is based in Google's Reply:

11      1. Exhibits A-C.  Dkts. 181-2; 181-3; 181-4.

12      2. All references and arguments in Google's Reply (Dkt. 181) citing, referring to, or
13         otherwise relying on the above-listed evidence, including:

14        • Reply at 4, lines 5-23.

15        • Reply at 5, lines 8-11, 20, 27-28.

16        • Reply at 6, lines 3-7.

17

18  Dated: September 3, 2021      IRELL & MANELLA LLP

19
                                  By: */s/   Jason G. Sheasby*
20                                        Jason G. Sheasby
                                       jsheasby@irell.com
21                                        Andrew J. Strabone
                                       astrabone@irell.com
22                                        IRELL & MANELLA LLP
23                                        1800 Avenue of the Stars, Suite 900
                                       Los Angeles, California 90067
24                                        Telephone: (310) 277-1010
                                       Facsimile: (310) 203-7199
25                                        *Attorneys for Plaintiff Netlist, Inc.*

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

[UNREDACTED VERSION]
PLAINTIFF'S OBJECTION TO
GOOGLE'S NEW EVIDENCE
CASE NO. 09-CV-5718-SBA

- 5 -