# Exhibit 2

# (CORRECTED) EXHIBIT 1 TO PLAINTIFF NETLIST'S OBJECTION TO NEW EVIDENCE IN GOOGLE'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE

| | |
|---|---|
| **From:** | Sheasby, Jason |
| **Sent:** | Friday, June 4, 2021 5:48 PM |
| **To:** | ~Hines, Dori; Strabone, Andrew; AHDeVoogd@mintz.com; jwodarski@mintz.com; KEGrogan@mintz.com; MSGalica@mintz.com; ENadel@mintz.com |
| **Cc:** | Puknys, Erik; Stach, Jason; Specht, Kara |
| **Subject:** | Re: Case 4:09-cv-05718-SBA Netlist, Inc. v. Google LLC |

Counsel:

Your email below is not an accurate reflection of our meet and confer.

Google had no explanation for why it ignored a request for a lead to lead meet and confer for over 14 days. Instead, you accused me of lying when I noted this fact.

Irell & Manella is taking the lead on this case. Google suggestion that it gets to decide who conducts a meet and confer on behalf of Netlist is totally inappropriate and unprofessional.

We carefully reviewed all correspondence between Netlist and Google. As well as all pleadings. AThere was no agreement on Netlist waiving its right to serve discovery. There was a discussion of providing an early voluntary disclosure of information. Google did not agree to that proposal.

Google refused to commit to producing a single document. And was unable to identify any document or instance in which there was an agreement to not serve written discovery in this case

Google had no explanation for why intervening rights applied to claim 16 other than stating the claim was "amended." I asked you for authority that converting a dependent claim into an independent claim constituted an amendment. You had none.

Google claimed it was not precluded from challenging validity of claim 16 because it was not coordinating with Inphi and Smart Modular.

Google could not explain how Netlist could have asserted claim 16 against Google DDR4 products given that those products did not exist at the time the case was stayed. Google claimed that it had DDR3 products that operated in the manner recited by claim 16. I asked you to provide evidence of this. You refused. Vague references to the JDEC standard is not productive. If you believe that Google made DDR3 products that operated in the same manner as claim 16, provide this to us.

We explained that Google agreed to the amendment of infringement contentions. The fact that you now want to re-trade on this agreement is perplexing.

Priority date is relevant to infringement because it can be relevant to claim construction. You were unable to provide any prejudice associated with the priority date we are currently proposing.

Google agreed that we are entitled to discovery regarding the intervening rights defense after Google discloses the basis for the defense. Google wants to delay providing this disclosure until August 15 by delaying the filing of its brief. We listed to this full proposal and declined this proposal. Instead, Google should provide a full response to our interrogatory and given us the discovery we seek.

At no point in time did I intentionally speak over you.  To the contrary, you refused to let me ask questions despite my repeated request that I be allowed to do so.

Have a good evening.

JS

---

**From:** "Hines, Dori" <dori.hines@finnegan.com>
**Date:** Friday, June 4, 2021 at 4:52 PM
**To:** Jason Sheasby <JSheasby@irell.com>, "Strabone, Andrew" <AStrabone@irell.com>, "AHDeVoogd@mintz.com" <AHDeVoogd@mintz.com>, "jwodarski@mintz.com" <jwodarski@mintz.com>, "KEGrogan@mintz.com" <KEGrogan@mintz.com>, "MSGalica@mintz.com" <MSGalica@mintz.com>, "ENadel@mintz.com" <ENadel@mintz.com>
**Cc:** "Puknys, Erik" <erik.puknys@finnegan.com>, "Stach, Jason" <Jason.Stach@finnegan.com>, "Specht, Kara" <Kara.Specht@finnegan.com>
**Subject:** Case 4:09-cv-05718-SBA Netlist, Inc. v. Google LLC

Counsel -

We write to follow up on our telephone conference today.

As a preliminary matter, we requested that Netlist's current counsel from Mintz join the telephone conference because they were involved in the parties' earlier negotiations, agreements, and representations to the Court. Netlist refused and would provide no explanation other than you stating repeatedly that you are lead counsel. This was unhelpful and, in our view, important to the issues we thought we would be discussing.

We continue to disagree with your allegation that Google refused to meet and confer and did so intentionally to delay the case. Judge Spero's order states that parties should first engage by telephone, e-mail, teleconference, or correspondence and, only after those efforts have proved unsuccessful, demand a formal video-conference. DI 118 at ¶ 1.

We received discovery requests from you on April 19. We engaged in substantive email discussions on the scope of these requests until Google served its responses on May 19. Even before receiving Google's responses, on May 12, Netlist served a second set of discovery requests. On May 20, Netlist sent a letter addressing Google's discovery responses, and Google substantively responded on May 28, confirming that it was available and willing to meet and confer on the issues raised by Netlist, among others.

The timeline shows that discussions between the parties were ongoing throughout the time when Netlist first served its discovery requests until our discussion today.

Netlist has not responded to a number of the issues we raised.

We again ask Netlist to respond to Google's request for redacted infringement contentions sent on May 20, over 2 weeks ago. This should not be difficult. We make this same request for all of Netlist's contentions.

We again ask Netlist if it will agree to the intervening rights stipulation that we sent. If not, please tell us why or provide a red-line.

During our call, you stated several times that you were uninterested in anything besides a yes or no response to whether Google would immediately provide the entirety of Netlist's requested discovery. You were unwilling to discuss the

2

agreements reached by the parties and Netlist's representations to the Court or the current schedule, which sets intervening rights to be addressed first.

We remain prepared to discuss the parties' earlier agreement, Netlist's prior representations, and the proper timing and scope of discovery with the Magistrate, which you were unwilling to do today. The scope of discovery must be bounded by permissible infringement allegations. This was recognized by the parties when they agreed that the question of intervening rights would be addressed as a gating issue.

We will adhere to the agreement reached in March, which is consistent with Netlist's representations and the staged schedule entered by the Court. We will be prepared to address this with the Magistrate as Netlist was not willing to engage in a conversation today.

We also proposed amending the case schedule to accommodate a motion to strike and discovery on intervening rights. Although I tried to provide specific dates, rather than listening to and considering our proposal, you continued to speak over me as you did during the entire call. Because you likely did not hear our proposed amended schedule, we will provide it again if Netlist is interested in considering it.

Beyond the discovery issues, we understand that Netlist believes it can assert claim 16 and other claims that it did not assert against Google previously. As we stated on the call, we disagree. Netlist was not diligent in asserting these claims. At least for claim 16, the functionality of the products Netlist newly attempts to accuse in its recent chart is the same as the DDR3 FBDIMMs previously accused. We told you that the JEDEC standards validate this. Netlist should have raised these allegations earlier. Its failure to do so prejudices Google.

Netlist just provided contentions last night on additional new claims. As we told you during the call, we are considering whether those claims will also be subject to a motion to strike.

With respect to Netlist's new priority date, while you contended in correspondence Netlist included this information in its infringement contentions because it may be relevant to infringement, you conceded today that the priority date is not relevant to infringement. We understand Netlist is asserting a new priority date because identification of the priority date is set out in the local rules. As we stated on the call, we disagree that Netlist can now assert a new priority date for the first time at such late stage. You did not explain why Netlist believes it is entitled now to change its priority date.

You also stated that Google had waived all of its validity challenges. This is false. Google can present system art for the claims it previously challenged in the reexamination and is not estopped from challenging validity of any claim it did not challenge in its reexamination.

We expect to provide you our portion of the draft letter on Tuesday. If you have changes on the draft letter in view of the call today or the new contentions you sent yesterday, please send them.

Finally, we expect that you are familiar with the Court's Guidelines for Professional Conduct, which admonish counsel to be civil and courteous. That was not the case today, but we expect it moving forward.

Regards,

**Doris Johnson Hines** | Bio
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW, Washington, DC 20001-4413
+1 202 408 4250 | cell +1 202 412 1865 | dori.hines@finnegan.com | www.finnegan.com

FINNEGAN

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.