# EXHIBIT D
## Redacted Version of Document Sought to be Sealed

# Jonathan Tse

| | |
|---|---|
| **From:** | Jonathan Tse |
| **Sent:** | Monday, July 19, 2021 7:40 PM |
| **To:** | Sheasby, Jason; Strabone, Andrew; #Netlist-Google [Int] |
| **Cc:** | QE-NetlistvGoogle |
| **Subject:** | RE: Netlist v. Google - Google's July 2, 2021 Supplemental Objections and Responses to Interrogatory No. 3 |

Counsel,

Thank you for your email on July 12 regarding Google's supplemental responses and objections to Interrogatory No. 3 related to absolute intervening rights. We address the issues you raised below.

Regarding your first point, we disagree that we have "improperly construe[d] the scope of the accused products" and certainly have not "blatantly ignored the scope of the accused products." We addressed the accused products based on your June 18, 2021 Amended Infringement Contentions, which recite portions of the JEDEC standards and identified products that implement those portions of the standard.  Thus, we did not limit the scope of accused products, as your email suggests; we identified numerous products that Netlist had not even cited in its contentions.  To clarify your perceived discrepancy with respect to DDR4 NVDIMMs, Google did not have the benefit of these amended contentions when it served the interrogatory responses you refer to—the DDR4 NVDIMMS it identified in its May 19, 2021 response were ▇▇▇▇▇▇▇▇▇▇▇▇▇▇, which we understand is not accused based on your June 18, 2021 Amended Infringement Contentions.

Regarding your second point, we have provided our complete response to this interrogatory based on the products you accused in your June 18, 2021 Amended infringement Contentions. We are not aware of any authority that requires us to provide our contentions on products not accused in the case.

Regarding your third point, Google did provide the quantity of DDR4 LRDIMMS and DDR4 RDIMMs accused products that were used through the period subject to absolute intervening rights in the far right column under "Quantity."  The "Purchase Order Date" and "Inventory Date" are the last applicable dates related to absolute intervening rights. We also made a production of documents related to absolute intervening rights on July 13, a day after your email, which includes individual purchase orders.  After your review, if you still believe any documents are missing, please let us know with specificity so that we may adequately assess your request.

It is unclear to us from your email today what is the basis for your assertion that Google has violated its meet and confer obligations.  Magistrate Judge Spero's Discovery Order (Dkt. 118) requires that the parties engage in efforts to resolve any dispute *prior* to any lead meet and confer.  Rather than engage in such mandated efforts, Netlist demanded a lead meet and confer in its first response to Google's supplemental response to Interrogatory No. 3 related to absolute intervening rights.  Further, even if Netlist contends it has complied with the Discovery Order (it did not), the parties are still within the 10-day period to meet and confer.  Your request for a live lead meet and confer as your first response to our supplemental response, i.e., without first attempting to resolve these disputes through other means, violates Magistrate Judge Spero's Discovery Order and merely demonstrates Netlist's continued interest in generating disputes to raise before the Court rather than working with Google to resolve them in accordance with the Court's rules and orders.  Any letter submission at this time would be in violation of Magistrate Judge Spero's Discovery Order.  Further, your threat of sanctions is again unproductive and baseless.  If Netlist still has concerns given our response, please let us know and we are happy to address any issues according to the Court's procedures.

Best,

1

Jon

**Jonathan Tse**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6426 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jonathantse@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Sheasby, Jason <JSheasby@irell.com>
**Sent:** Monday, July 19, 2021 11:48 AM
**To:** Jonathan Tse <jonathantse@quinnemanuel.com>; Strabone, Andrew <AStrabone@irell.com>; #Netlist-Google [Int] <Netlist-Google@irell.com>
**Cc:** QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com>
**Subject:** Re: Netlist v. Google - Google's July 2, 2021 Supplemental Objections and Responses to Interrogatory No. 3

[EXTERNAL EMAIL from jsheasby@irell.com]

Counsel:

Google has violated the meet and confer obligations set out in the Magistrate's procedures. We will be submitting a letter to the Court regarding this issue.

Thanks
JS

From: Jason Sheasby <JSheasby@irell.com>
Date: Monday, July 12, 2021 at 7:18 PM
To: Jonathan Tse <jonathantse@quinnemanuel.com>, "Strabone, Andrew" <AStrabone@irell.com>, "#Netlist-Google [Int]" <Netlist-Google@irell.com>
Cc: QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com>
Subject: Re: Netlist v. Google - Google's July 2, 2021 Supplemental Objections and Responses to Interrogatory No. 3

Counsel,

We write regarding deficiencies in Google's July 2, 2021 Supplemental Objections and Responses to Interrogatory No. 3. Specifically, Netlist has reason to believe that Google has failed to set forth its full factual basis for Google's contention that it is entitled to absolute intervening rights in violation of the Court's ruling that Google respond to Interrogatory No. 3 "completely." 2021-06-25 Discovery Hearing Transcript at 6:5-6.

First, Google's responses seem to improperly construe the scope of the accused products under Netlist's June 18, 2021 Amended Infringement Contentions. In the Amended Infringement Contentions, Netlist's identification of accused instrumentalities included memory modules that comply with portions of the JEDEC standards and specifications for DDR2 FBDIMMs, DDR3 LRDIMMs, DDR4 RDIMMs, DDR4 LRDIMMs, and DDR4 NVDIMMs, and "products that operate in a substantially similar manner." For each of these products, Netlist also provided substantive analysis under the doctrine

of equivalents for certain claim limitations. Google, without providing any explanation, seems to have blatantly ignored the scope of the accused products. For example, "Google has determined that it neither purchased nor used the accused DDR4 NVDIMMS. Specifically, Google analyzed its purchasing information and determined that it did not purchase any of the accused DDR4 NVDIMMs." Yet, In Google's May 19, 2021 Response to Netlist's April 19, 2021 Interrogatories, Google stated "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████"

Second, the interrogatory responses are not limited to accused products. As explained in the motion before the Magistrate Judge, we cannot determine based on public information all of Google's designs. It is for this reason that our interrogatory response was phrased the way it was. You were ordered to provide a complete response to the interrogatory.

Third, Google's response is also incomplete in so far as it uses a contrived definition of "Purchase Order Date" in connection with DDR4 RDIMMs and DDR4 LRDIMMs purchased prior to February 8, 2021. Google's definition of "Purchase Order Date" to indicate "the date of the last purchase order prior to the issuance of re-examination certificate" improperly limits the scope of this interrogatory. For example, for DDR4 LRDIMMs that Google contends are subject to absolute intervening rights, Google states that: "Based on a reasonable investigation, including an analysis of Google's purchase orders, Google has determined that prior to February 8, 2021, it purchased the accused DDR4 LRDIMMs identified in the table below. The Purchase Order Date indicates the date of the last purchase order prior to the issuance of re-examination certificate. The Inventory Date indicates the date Google took title to the modules and added them to its inventory. Accordingly, each of these DDR4 LRDIMMs and products incorporating them are subject to absolute intervening rights." Under this constrained definition of "Purchase Order Date," Google fails to provide any information about any of the DDR4 RDIMMs or LRDIMMs that were specifically in use in Google's servers prior to the purchase dates identified. Netlist is entitled to know which accused products Google contends are subject to intervening rights, and Google's failure to provide such information violates the parties' previous agreement on the scope of discovery Google would provide. See June 29, 2021 Email from Tse to Sheasby ("[O]ur forthcoming production will provide the number of units relevant to absolute intervening rights . . . .").

For example, it is our understand that ████████████████████████████████████████████████████████████████████████████████ and then assembled its own modules through a subcontractor. We do not accept your representation that a module assembled by Google or a Google subcontractor is the same as a module assembled by ███████████████.

Google is not entitled to arbitrarily define what products are identical to other products, nor it entitled to what products do or do not implement the portions of the standard in our infringement contentions.

We request a live lead to lead meet and confer in advance of a motion for sanctions.

JS

From: Jonathan Tse <jonathantse@quinnemanuel.com>
Date: Friday, July 2, 2021 at 8:34 PM
To: Jason Sheasby <JSheasby@irell.com>, "Strabone, Andrew" <AStrabone@irell.com>, "#Netlist-Google [Int]" <Netlist-Google@irell.com>
Cc: QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com>
Subject: Netlist v. Google - Google's July 2, 2021 Supplemental Objections and Responses to Interrogatory No. 3

Counsel,

Please find attached Google's Supplemental Objections and Responses to Interrogatory No. 3. Please note that we have designated these materials as Confidential – Attorneys' Eyes Only. Thank you.

Best,

Jon

Jonathan Tse
Associate,
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6426 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com>
www.quinnemanuel.com<http://www.quinnemanuel.com>

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.