# EXHIBIT E
## Redacted Version of Document Sought to be Sealed

# Jonathan Tse

| | |
|---|---|
| **From:** | Deepa Acharya |
| **Sent:** | Friday, September 3, 2021 8:28 AM |
| **To:** | Strabone, Andrew; Jonathan Tse; Tezyan, Michael; Sheasby, Jason |
| **Cc:** | Stach, Jason; #Netlist-Google [Int]; ~Hines, Dori; Puknys, Erik; Specht, Kara; Jared Newton; David Perlson; QE-NetlistvGoogle |
| **Subject:** | Re: Netlist v. Google - 09-cv-5718 - Joint Letter to Magistrate re Dorsey Subpoena |

Andrew,

The infringement contentions as a whole are directed to only 4-Rank devices. The cover pleading states in no uncertain terms that "[a]ll the Accused Instrumentalities constitute '4-Rank Fully-Buffered Dual In-Line Memory Modules' as that term is used in the Complaint." And all of Netlist's claim charts are limited to 4-Rank devices. With respect to claim 16, for example, Netlist relies on the Encoded QuadCS mode in JESD 82-31A. That functionality applies only to 4-Rank devices, which Netlist admits by stating that "the second number of ranks (2) less than the first number of ranks (4)." There is no basis for Netlist to suggest its contentions apply to 8-Rank and 16-Rank devices, and you have yet to provide any.

You also still have not gotten back to us on Netlist's response to my August 10th letter regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As I mention below, at the very least, Netlist should provide its response to this letter as to the 4-Rank devices accused in its contentions. Netlist's delay in responding only further prejudices Google and as I mentioned in that letter, we reserve the right to seek an award of attorneys' fees, costs, and other relief should Netlist continue with its baseless allegations in light of these licenses.

Best,
Deepa

---

**Deepa Acharya**
202-538-8107 Direct
DeepaAcharya@quinnemanuel.com

---

**From:** "Strabone, Andrew" <AStrabone@irell.com>
**Date:** Tuesday, August 31, 2021 at 12:46 PM
**To:** Deepa Acharya <deepaacharya@quinnemanuel.com>, Jonathan Tse <jonathantse@quinnemanuel.com>, "Tezyan, Michael" <mtezyan@irell.com>, "Sheasby, Jason" <JSheasby@irell.com>
**Cc:** "Stach, Jason" <Jason.Stach@finnegan.com>, "#Netlist-Google [Int]" <Netlist-Google@irell.com>, "~Hines, Dori" <dori.hines@finnegan.com>, "Puknys, Erik" <erik.puknys@finnegan.com>, "Specht, Kara" <Kara.Specht@finnegan.com>, Jared Newton <jarednewton@quinnemanuel.com>, David Perlson <davidperlson@quinnemanuel.com>, QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com>
**Subject:** RE: Netlist v. Google - 09-cv-5718 - Joint Letter to Magistrate re Dorsey Subpoena

**[EXTERNAL EMAIL from astrabone@irell.com]**

Deepa,

Please provide the basis for your contention that "Netlist's infringement contentions are limited to 4-Rank devices only, as Netlist only charts the JEDEC specifications relevant to 4-Rank devices in its contentions."

Thanks,
Andrew

**From:** Deepa Acharya <deepaacharya@quinnemanuel.com>
**Sent:** Monday, August 30, 2021 2:18 PM
**To:** Strabone, Andrew <AStrabone@irell.com>; Jonathan Tse <jonathantse@quinnemanuel.com>; Tezyan, Michael <mtezyan@irell.com>; Sheasby, Jason <JSheasby@irell.com>
**Cc:** Stach, Jason <Jason.Stach@finnegan.com>; #Netlist-Google [Int] <Netlist-Google@irell.com>; ~Hines, Dori <dori.hines@finnegan.com>; Puknys, Erik <erik.puknys@finnegan.com>; Specht, Kara <Kara.Specht@finnegan.com>; Jared Newton <jarednewton@quinnemanuel.com>; David Perlson <davidperlson@quinnemanuel.com>; QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com>
**Subject:** RE: Netlist v. Google - 09-cv-5718 - Joint Letter to Magistrate re Dorsey Subpoena

Andrew,

There should be no dispute as to what the accused products are in this case—these are the DDR4 memory modules that Netlist identified in its June 18, 2021 Amended Infringement Contentions. These accused DDR4 memory modules are not "Assembled Modules" as your team uses that term in its email correspondence. With respect to the accused DDR4 memory modules, we made clear in our July 16, 2021 and August 11, 2021 Supplemental Responses to ROGs 1-3 and our document production to date that these products are purchased as off-the-shelf memory modules ███████████████. However, Google supplemented its responses to ROGs 1 and 2 again today to eliminate any potential confusion that Netlist may still have as to how these memory modules are sourced and purchased. As shown in both responses (including Google's August 11 responses), ███████████████████████████████████████████████ Therefore, as to the accused DDR4 memory modules, █████████████████████ as explained in my August 10 letter. We still have not received a response from Netlist to my August 10th letter. Please let us know if you agree with the positions set forth in my August 10 letter. If Netlist disagrees, please send us your availability to meet and confer this week on those issues.

Separately, your August 20, 2021 email raised for the first time the subject of 8-Rank and 16-Rank DIMMs. Your email acknowledges that these are not accused products that Netlist identified in its June 18, 2021 Amended Infringement Contentions. Therefore, these products are not accused products in this case. Netlist cannot expand the scope of this case by demanding discovery on products not accused without any showing of relevance. First, Google has consistently objected to Netlist's definition of "memory modules" in its Interrogatory Requests as being limited to the accused products. Netlist has never previously sought to enforce a broader definition. Second, Netlist's infringement contentions are limited to 4-Rank devices only, as Netlist only charts the JEDEC specifications relevant to 4-Rank devices in its contentions. If Netlist believed that 8-Rank and 16-Rank DIMMs have relevance in this case, Netlist should have charted the JEDEC specifications relevant to 8-Rank and 16-Rank in its infringement contentions. Netlist chose not do so, and it is too late for Netlist to do so now.

Best,
Deepa

**Deepa Acharya**
Quinn Emanuel Urquhart & Sullivan, LLP
T: +1 (202) 538-8107

---

**From:** Strabone, Andrew <AStrabone@irell.com>
**Sent:** Friday, August 20, 2021 7:54 PM
**To:** Jonathan Tse <jonathantse@quinnemanuel.com>; Tezyan, Michael <mtezyan@irell.com>; Sheasby, Jason <JSheasby@irell.com>
**Cc:** Stach, Jason <Jason.Stach@finnegan.com>; #Netlist-Google [Int] <Netlist-Google@irell.com>; ~Hines, Dori <dori.hines@finnegan.com>; Puknys, Erik <erik.puknys@finnegan.com>; Specht, Kara <Kara.Specht@finnegan.com>; Jared Newton <jarednewton@quinnemanuel.com>; David Perlson <davidperlson@quinnemanuel.com>; QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com>
**Subject:** RE: Netlist v. Google - 09-cv-5718 - Joint Letter to Magistrate re Dorsey Subpoena

**[EXTERNAL EMAIL from astrabone@irell.com]**

Counsel,

We're following up on the email from August 1 regarding the extent to which Google (which includes its subsidiaries, agents and contractors) have purchased DRAM and had it assembled into modules (either itself, through a subsidiary, an agent or a contractor) ("Assembled Modules"). You have not responded to that email. As is apparent from the agreements we produced, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ does not give Google a license to the patents in suit nor does it exhaust rights in the patent.

Obviously, the case will still proceed as to Assembled Modules containing ▇▇▇▇▇▇ regardless of the outcome of the ▇▇▇▇▇▇▇▇. In light of this, what is your basis for requesting a stay?

With respect to those components and to your discovery responses, as we've previously raised it appears as though you are improperly limiting your responses to only include information regarding products you deem to be expressly accused in Netlist's infringement contentions. However, our discovery requests seek information into all memory modules that Google uses, makes, has made, etc. or has used, made, had made, etc. It is improper for Google to limit its responses how it sees fit. This is especially true given that Netlist has accused products that operate in a substantially similar manner. For example, is Google excluding 8-Rank and 16-Rank DIMMs from its responses? If Google is unwilling to be forthcoming with respect to its use of memory modules beyond what Google deems to be accused, we will need to seek relief with the Court.

In addition, Google has improperly limited its responses to "Google LLC," and does not include Google's related companies despite the fact Google is in possession or control over the documents of those companies.

Best,
Andrew

ANDREW J. STRABONE
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900  |  Los Angeles, CA 90067
310.203.7923 (direct dial)  |  AStrabone@irell.com

IMPORTANT NOTE: This message and any attached documents contain information from the law firm of Irell & Manella LLP that may be privileged and/or confidential. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message. Thank you for your assistance.