# EXHIBIT F

1    QUINN EMANUEL URQUHART & SULLIVAN, LLP

2    David Perlson (CA Bar No. 209502)            Jared Newton (admitted *pro hac vice*)
     davidperlson@quinnemanuel.com                jarednewton@quinnemanuel.com
3    Jonathan Tse (CA Bar No. 305468)             Sandy Shen (admitted *pro hac vice*)
     jonathantse@quinnemanuel.com                 sandyshen@quinnemanuel.com
4    50 California Street, 22nd Floor             1300 I Street NW, Suite 900
     San Francisco, CA 94111                      Washington, D.C. 20005
5    Telephone: (415) 875-6600                    Telephone: (202) 538-8000
     Facsimile: (415) 875-6700                    Facsimile: (202) 538-8100
6

7    Catlin Williams (CA Bar No. 336464)
     catwilliams@quinnemanuel.com
8    555 Twin Dolphin Drive, 5th Floor
     Redwood Shores, CA 94065
9    Telephone: (650) 801-5000
     Facsimile: (650) 801-5100
10

11   *Attorneys for Defendant Google LLC*

12

13                          UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

15

16   NETLIST, INC.,                           CASE NO. 4:09-cv-05718-SBA

17              Plaintiff,                     **GOOGLE LLC'S FIRST
                                               SUPPLEMENTAL RESPONSES AND
18         vs.                                 OBJECTIONS TO NETLIST, INC'S RULE
                                               30(B)(6) TOPIC NOS. 1-7, 10-11, 19-20,
19   GOOGLE LLC,                               24-26, 30-31, 34-35, 41, 58-59, 63, 81-82**

20              Defendant.

21

22

23

24

25

26

27

28

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google") hereby objects and responds in writing to Netlist, Inc.'s ("Netlist" or "Plaintiff") Notice of Deposition Pursuant to Rule 30(b)(6) Topic Nos. 1-7, 10-11, 19-20, 24-26, 30-31, 34-35, 41, 58-59, 63, 81-82 ("Notice").   These formal objections and responses are supplemental to any communications already exchanged between the parties regarding the above-referenced notice.

## **GENERAL OBJECTIONS**

Google makes the following general objections to each and every definition, instruction, and topic in Netlist's Notice.  Each of these objections is incorporated into the Specific Objections set forth below, whether or not separately set forth therein.  By responding to any of the topics or failing to specifically refer to or specify any particular General Objection in response to a particular topic, Google does not waive any of these General Objections, nor admit or concede the appropriateness, relevance, materiality, or admissibility in evidence of any purported topic or any assumptions contained therein.

1.      Google objects to each Topic, and to the Definitions, to the extent that they purport to impose any obligations upon Google beyond the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California, and the Court's orders regarding limits on discovery in this Litigation.

2.      Google objects to the definitions of "Google," "You," and "Your" on the grounds that the definitions are overbroad, unduly burdensome, and vague, including, but not limited to, the extent that they include all past or present divisions, departments, parents, subsidiaries, affiliates, partnerships, joint ventures, predecessors or successors thereof, and all past and present officers, directors, employees, agents, representatives, consultants, managers, partners, or attorneys thereof. In answering these Topics, Google will interpret these terms to mean Defendant Google LLC.

3.      Google objects to the definitions of "Asserted Patent" or "'912 Patent" as overly broad and unduly burdensome to the extent it refers to the original, invalid claims or claims not asserted by Netlist against Google. Google will interpret these terms to mean U.S. Patent No. 7,619,912 as it existed on the day Netlist served these Topics on Google.

4. Google objects to the definition of "Prior Art" to the extent it expands the definition of prior art under the patent statute and relevant authority.

5. Google objects to the definition of "Related Patents and Applications" as vague, overly broad, and unduly burdensome, seeking information, documents, and/or things that are neither relevant nor proportional to the needs of the case.

6. Google objects to the definition of "Memory Module" as overly broad, unduly burdensome, and vague, as it would encompass Google products that are either not accused by Netlist or not relevant to the issue of intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.

7. Google objects to the definition of "Reexamination Proceeding" as overly broad, unduly burdensome, and vague, as it encompasses reexamination filings, events, communications, etc., beyond those that Google initiated or participated in.

8. Google objects to the definition of "Document" as overly broad, unduly burdensome, and vague to the extent that the definition exceeds the scope of the documents set forth in the Federal Rules of Civil procedure, the Local Rules of the Northern District of California, or the rules of this Court. Google will interpret "Document" to mean "documents or electronically stored information" as those terms are used in the Federal Rules of Civil Procedure, subject to any ESI Order entered in this case.

9. Google objects to each Topic to the extent they request Google to provide "all" or "any" information about a particular subject as overly broad and unduly burdensome, seeking information, documents, and/or things that are neither relevant nor proportional to the needs of the case.

10. Google objects to each Topic to the extent that they are tailored to seek information protected by the attorney-client privilege, the work product doctrine, or the common interest doctrine, or that is otherwise privileged or protected from discovery.

11. Google objects to each Topic to the extent that they seek information that is not relevant to the subject matter of this action and is not proportional to the needs of the case.

GOOGLE LLC'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
NETLIST, INC'S RULE 30(B)(6) DEPOSITION

**SUPPLEMENTAL RESPONSE TO TOPIC NO. 4 (JULY 23, 2021):**

Subject to and without waiving the foregoing objections, Google supplements its response as follows:

Google further objects to this Topic to the extent that it is overly broad, vague, and ambiguous as to "All facts," "patent marking," and "any Netlist products."  Specifically, Google objects to the term "any Netlist products" as irrelevant overly broad, unduly burdensome, and vague to the extent it encompasses products by Netlist that are not accused in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  Google further objects to this Topic as premature given that Google is still prioritizing its production of documents related to equitable intervening rights based on the parties' agreement and is continuing to search for and produce additional documents as part of the fact discovery process.  Google further objects to this Topic based on its lack of temporal scope.  Google further objects to this Topic to the extent it is tailored to seek information protected by the attorney-client privilege, the work product doctrine, or the common interest doctrine, or that is otherwise privileged or protected from discovery.  Google further objects to this Topic as calling for a legal conclusion.  Google further objects to this Topic as improperly seeking expert testimony.

Netlist informed Google for the first time on the July 13, 2021 meet and confer that it was now seeking a witness on the same topics it previously identified as related to the subject of intervening rights but now for all relevant subject matter in this litigation, not just intervening rights. Subject to the foregoing objections, Google is continuing its investigation and is willing to meet and confer on this Topic, including the relevance of "any Netlist products" to the claims and defenses in this case, as required by Federal Rule of Civil Procedure 30.

**TOPIC NO. 5:**

Information relating to Google's design, purchase, testing, make, manufacture, assembly, installation, use, operation, sale, updating, and/or replacement of any Memory Module or otherwise made it available in the United States from November 17, 2009 through the present, including:

a.    the category of the Memory Module (e.g., FB DIMM) and the category of the DRAM on the module (e.g., DDR2, DDR3, DDR4, DDR5);

b.    the design and operation of all memory and/or storage devices and circuit and/or logic elements on the Memory Module;

c.    the begin and end design dates for the Memory Module;

d.    the extent the design has changed, how it has changed, and when such change was made;

e.    the date of first commercial use of Memory Module;

f.    any Memory Module that complies with a JEDEC Standard;

g.    the date(s) of purchase, manufacture, installation, and/or sale of the Memory Module;

h.    the manner in which DRAM commands and addresses received by the DIMMs are encoded by the server;

i.    the chip select signals;

j.    the signal decoding algorithm(s);

k.    the signal transmission;

l.    the number, data width, and memory capacity of the Memory Modules;

m.    the manner in which read and write operations are performed on Google's Memory Modules;

n.    persons involved in developing and testing Google's Memory Modules; and

o.    any documents relating to specifications, design graphs, and/or user instruction of the Memory Modules.

**RESPONSE TO TOPIC NO. 5:**

Google incorporates by reference its General Objections.  Google further objects to this Topic to the extent that it is overly broad, unduly burdensome, vague, and ambiguous as to "design, purchase, testing, make, manufacture, assembly, installation, use, operation, sale, updating, and/or replacement," "Memory Module," and "made it available in the United States."   Specifically,

1    Google objects to term "Memory Module" as overly broad, unduly burdensome, and vague, as it

2    would encompass Google products that are either not accused by Netlist or not relevant to the issue

3    of intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions and

4    given what is accused.  Generally, and as detailed further below, this Topic is not tailored to the

5    issue of absolute intervening rights.

6         Part a:  Google further objects to this Topic subpart to the extent it is overly broad, vague,

7    and ambiguous as to "category" and "Memory Module."  Specifically, Google objects to term

8    "Memory Module" as overly broad, unduly burdensome, and vague, as it would encompass Google

9    products that are either not accused by Netlist or not relevant to the issue of intervening rights based

10   on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.

11        Part b:  Google further objects to this Topic subpart to the extent it is overly broad, vague,

12   and ambiguous as to "design," "operation," "all memory and/or storage devices and circuit and/or

13   logic elements," and "Memory Module."  Specifically, Google objects to term "Memory Module"

14   as overly broad, unduly burdensome, and vague, as it would encompass Google products that are

15   either not accused by Netlist or not relevant to the issue of intervening rights based on Netlist's June

16   18, 2021 Amended Infringement Contentions and given what is accused.  To the extent Google

17   understands this Topic subpart, Google further objects to this Topic subpart as irrelevant, unduly

18   burdensome, and not proportional to the needs of the case, including to the extent this Topic subpart

19   seeks testimony on matters unrelated to the issue of intervening rights such as (non-)infringement,

20   as the re-examination certificate for the '912 patent was issued on February 8, 2021.  Specifically,

21   Google objects to the lack of relevance of any design or operation of the accused products as

22   identified in Netlist's June 18, 2021 Amended Infringement Contentions, as it has no relevance as to

23   whether Google is entitled to at least absolute intervening rights as of February 8, 2021 when the

24   re-examination certification for the Asserted Patent issued.

25        Part c:  Google further objects to this Topic subpart to the extent it is overly broad, vague,

26   and ambiguous as to "design dates" and "Memory Module."  Specifically, Google objects to term

27   "Memory Module" as overly broad, unduly burdensome, and vague, as it would encompass Google

28

products that are either not accused by Netlist or not relevant to the issue of intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.

Part d:  Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "the extent the design has changed," "how it was changed," and "when such change was made."  Specifically, Google objects to this Topic subpart as overly broad, unduly burdensome, and vague, as it would encompass Google products that are either not accused by Netlist or not relevant to the issue of intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions.  To the extent Google understands this Topic subpart, Google further objects to this Topic subpart as irrelevant, unduly burdensome, and not proportional to the needs of the case, including to the extent this Topic subpart seeks testimony on matters unrelated to the issue of intervening rights, as the re-examination certificate for the '912 patent was issued on February 8, 2021.  For example, Google objects to the lack of relevance as to how or when design changes were made to the accused products as identified in Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused, as it has no relevance as to whether Google is entitled to at least absolute intervening rights as of February 8, 2021 when the re-examination certification for the Asserted Patent issued.  Google further objects to this Topic as unduly burdensome and not proportional to the needs of the case where the accused products, as identified in Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused, are primarily off-the-shelf and would not have been changed in Google.

Part e:  Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "first commercial use" and "Memory Module."  Specifically, Google objects to term "Memory Module" as overly broad, unduly burdensome, and vague, as it would encompass Google products that are either not accused by Netlist or not relevant to the issue of intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.

Part f:  Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "Memory Module," "complies," and "a JEDEC standard."  Specifically, Google objects to term "Memory Module" as overly broad, unduly burdensome, and vague, as it

1    would encompass Google products that are either not accused by Netlist or not relevant to the issue

2    of intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions and

3    given what is accused.  Google further objects to the term "a JEDEC standard" as overly broad,

4    unduly burdensome, and vague, as it would encompass JEDEC standards that are either not

5    identified by Netlist or not relevant to the issue of intervening rights based on Netlist's June 18,

6    2021 Amended Infringement Contentions.  To the extent Google understands this Topic subpart,

7    Google further objects to this Topic subpart as irrelevant, unduly burdensome, and not proportional

8    to the needs of the case, including to the extent this Topic subpart seeks testimony on matters

9    unrelated to the issue of intervening rights such as (non-)infringement, as the re-examination

10   certificate for the '912 patent was issued on February 8, 2021.

11        Part g:  Google further objects to this Topic subpart to the extent it is overly broad, vague,

12   and ambiguous as to "purchase, manufacture, installation, and/or sale" and "Memory Module."

13   Specifically, Google objects to term "Memory Module" as overly broad, unduly burdensome, and

14   vague, as it would encompass Google products that are either not accused by Netlist or not relevant

15   to the issue of intervening rights based on Netlist's June 18, 2021 Amended Infringement

16   Contentions and given what is accused.

17        Part h:  Google further objects to this Topic subpart to the extent it is overly broad, vague,

18   and ambiguous as to "manner," "DRAM commands and addresses received by the DIMMs," and

19   "encoded by the server."  To the extent Google understands this Topic subpart, Google further

20   objects to this Topic subpart as irrelevant, unduly burdensome, and not proportional to the needs of

21   the case, including to the extent this Topic subpart seeks testimony on matters unrelated to the issue

22   of intervening rights such as (non-)infringement, as the re-examination certificate for the '912

23   patent was issued on February 8, 2021.  Specifically, Google objects to the lack of relevance of the

24   term "manner in which DRAM commands and addresses received by the DIMMs are encoded by

25   the server" to the accused products as identified in Netlist's June 18, 2021 Amended Infringement

26   Contentions, as it has no relevance as to whether Google is entitled to at least absolute intervening

27   rights as of February 8, 2021 when the re-examination certification for the Asserted Patent issued.

28

1    Part i:  Google further objects to this Topic subpart to the extent it is overly broad, vague, and
2    ambiguous as to "chip select signals."  To the extent Google understands this Topic subpart, Google
3    further objects to this Topic subpart as irrelevant, unduly burdensome, and not proportional to the
4    needs of the case, including to the extent this Topic subpart seeks testimony on matters unrelated to
5    the issue of intervening rights, such as (non-)infringement, as the re-examination certificate for the
6    '912 patent was issued on February 8, 2021.  Specifically, Google objects to the lack of relevance of
7    the term "chip select signals" to the accused products as identified in Netlist's June 18, 2021
8    Amended Infringement Contentions, as it has no relevance as to whether Google is entitled to at
9    least absolute intervening rights as of February 8, 2021 when the re-examination certification for the
10   Asserted Patent issued.

11   Part j:  Google further objects to this Topic subpart to the extent it is overly broad, vague, and
12   ambiguous as to "signal decoding algorithm(s)."  To the extent Google understands this Topic
13   subpart, Google further objects to this Topic subpart as irrelevant, unduly burdensome, and not
14   proportional to the needs of the case, including to the extent this Topic subpart seeks testimony on
15   matters unrelated to the issue of intervening rights such as (non-)infringement, as the
16   re-examination certificate for the '912 patent was issued on February 8, 2021.  Specifically, Google
17   objects to the lack of relevance of the term "signal decoding algorithm(s)" to the accused products as
18   identified in Netlist's June 18, 2021 Amended Infringement Contentions, as it has no relevance as to
19   whether Google is entitled to at least absolute intervening rights as of February 8, 2021 when the
20   re-examination certification for the Asserted Patent issued.

21   Part k:  Google further objects to this Topic subpart to the extent it is overly broad, vague,
22   and ambiguous as to "signal transmission."  To the extent Google understands this Topic subpart,
23   Google further objects to this Topic subpart as irrelevant, unduly burdensome, and not proportional
24   to the needs of the case, including to the extent this Topic subpart seeks testimony on matters
25   unrelated to the issue of intervening rights such as (non-)infringement, as the re-examination
26   certificate for the '912 patent was issued on February 8, 2021.  Specifically, Google objects to the
27   lack of relevance of the term "signal transmission" to the accused products as identified in Netlist's
28   June 18, 2021 Amended Infringement Contentions, as it has no relevance as to whether Google is

GOOGLE LLC'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
NETLIST, INC'S RULE 30(B)(6) DEPOSITION

1  entitled to at least absolute intervening rights as of February 8, 2021 when the re-examination

2  certification for the Asserted Patent issued.

3       Part l:  Google further objects to this Topic subpart to the extent it is overly broad, vague, and

4  ambiguous as to "number, data width, and memory capacity" and "Memory Module."  Specifically,

5  Google objects to term "Memory Module" as overly broad, unduly burdensome, and vague, as it

6  would encompass Google products that are either not accused by Netlist or not relevant to the issue

7  of intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions and

8  given what is accused.

9       Part m:  Google further objects to this Topic subpart to the extent it is overly broad, vague,

10  and ambiguous as to "manner," "read and write operations," and "Memory Modules."  Specifically,

11  Google objects to term "Memory Module" as overly broad, unduly burdensome, and vague, as it

12  would encompass Google products that are either not accused by Netlist or not relevant to the issue

13  of intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions and

14  given what is accused.  To the extent Google understands this Topic subpart, Google further objects

15  to this Topic subpart as irrelevant, unduly burdensome, and not proportional to the needs of the case,

16  including to the extent this Topic subpart seeks testimony on matters unrelated to the issue of

17  intervening rights such as (non-)infringement, as the re-examination certificate for the '912 patent

18  was issued on February 8, 2021.  Specifically, Google objects to the lack of relevance of the

19  "manner in which read and write operations are performed" on the accused products as identified in

20  Netlist's June 18, 2021 Amended Infringement Contentions, as it has no relevance as to whether

21  Google is entitled to at least absolute intervening rights as of February 8, 2021 when the

22  re-examination certification for the Asserted Patent issued.

23       Part n:  Google further objects to this Topic subpart to the extent it is overly broad, vague,

24  and ambiguous as to "involved in," "developing," "testing," and "Memory Module."  Specifically,

25  Google objects to term "Memory Module" as overly broad, unduly burdensome, and vague, as it

26  would encompass Google products that are either not accused by Netlist or not relevant to the issue

27  of intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions and

28  given what is accused.

GOOGLE LLC'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
NETLIST, INC'S RULE 30(B)(6) DEPOSITION

1    <u>Part o</u>:  Google further objects to this Topic subpart to the extent it is overly broad, vague,

2    and ambiguous as to "specifications," "design graphs," "user instruction" and "Memory Modules."

3    Specifically, Google objects to term "Memory Module" as overly broad, unduly burdensome, and

4    vague, as it would encompass Google products that are either not accused by Netlist or not relevant

5    to the issue of intervening rights based on Netlist's June 18, 2021 Amended Infringement

6    Contentions and given what is accused.  To the extent Google understands this Topic subpart,

7    Google further objects to this Topic subpart as irrelevant, unduly burdensome, and not proportional

8    to the needs of the case, including to the extent this Topic subpart seeks testimony on matters

9    unrelated to the issue of intervening rights such as (non-)infringement, as the re-examination

10   certificate for the '912 patent was issued on February 8, 2021.  Specifically, Google objects to the

11   lack of relevance of the "specifications, design graphs, and/or user instruction" of the accused

12   products as identified in Netlist's June 18, 2021 Amended Infringement Contentions, as it has no

13   relevance as to whether Google is entitled to at least absolute intervening rights as of February 8,

14   2021 when the re-examination certification for the Asserted Patent issued.

15         As Google has informed Netlist, Google will only be pursuing absolute intervening rights in

16   its intervening rights briefing currently due July 16, 2021.  Subject to the foregoing objections and to

17   the extent Google understands this Topic, Google will produce one or more witnesses reasonably

18   prepared to testify generally regarding the various categories, the numbers and types, and the timing

19   of the purchase, and/or use of the accused products, including what accused products were

20   purchased and/or in use by February 8, 2021, that are relevant to the issue of absolute intervening

21   rights based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is

22   accused. In any event, Google is willing to meet and confer on this Topic as required by Federal

23   Rule of Civil Procedure 30 and will amend its responses and objections to this Topic as appropriate

24   when discovery is no longer limited to the issue of intervening rights discovery and given that

25   Google will only be raising absolute intervening rights in its forthcoming brief on intervening rights.

26

27

28

**SUPPLEMENTAL RESPONSE TO TOPIC NO. 5 (JULY 23, 2021):**

Subject to and without waiving the foregoing objections, Google supplements its response as follows:

Google further objects to this Topic to the extent that it is overly broad, unduly burdensome, vague, and ambiguous as to "design, purchase, testing, make, manufacture, assembly, installation, use, operation, sale, updating, and/or replacement," "Memory Module," and "made it available in the United States."  Specifically, Google objects to term "Memory Module" as irrelevant, overly broad, unduly burdensome, and vague to the extent it encompasses Google products that are not accused by Netlist in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  Google further objects to this Topic subpart as unduly burdensome and not proportional to the needs of the case where the accused products, as identified in Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused, are primarily off-the-shelf and would not have been designed, made, manufactured, assembled, installed, sold, or updated by Google.

Part a:  Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "category" and "Memory Module."  Specifically, Google objects to term "Memory Module" as irrelevant, overly broad, unduly burdensome, and vague to the extent it encompasses Google products that are not accused by Netlist in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.

Part b:  Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "design," "operation," "all memory and/or storage devices and circuit and/or logic elements," and "Memory Module."  Specifically, Google objects to term "Memory Module" as irrelevant, overly broad, unduly burdensome, and vague to the extent it encompasses Google products that are either not accused by Netlist in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  Google further objects to this Topic as premature given that Google is still prioritizing its production of documents related to equitable intervening rights based on the parties' agreement and is continuing to search for and produce additional documents as part of the fact discovery process.

Part c:  Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "design dates" and "Memory Module."  Specifically, Google objects to term "Memory Module" as irrelevant, overly broad, unduly burdensome, and vague to the extent it encompasses Google products that are not accused by Netlist in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  Google further objects to this Topic as premature given that Google is still prioritizing its production of documents related to equitable intervening rights based on the parties' agreement and is continuing to search for and produce additional documents as part of the fact discovery process.

Part d:  Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "the extent the design has changed," "how it was changed," and "when such change was made."  Specifically, Google objects to this Topic subpart as irrelevant, overly broad, unduly burdensome, and vague to the extent it encompasses Google products that are not accused by Netlist in this case based on Netlist's June 18, 2021 Amended Infringement Contentions.  Google further objects to this Topic as premature given that Google is still prioritizing its production of documents related to equitable intervening rights based on the parties' agreement and is continuing to search for and produce additional documents as part of the fact discovery process.  Google further objects to this Topic subpart as unduly burdensome and not proportional to the needs of the case where the accused products, as identified in Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused, are primarily off-the-shelf and would not have been changed by Google.

Part e:  Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "first commercial use" and "Memory Module."  Specifically, Google objects to term "Memory Module" as irrelevant, overly broad, unduly burdensome, and vague to the extent it encompasses Google products that are not accused by Netlist in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.

Part f:  Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "Memory Module," "complies," and "a JEDEC standard."  Specifically, Google objects to term "Memory Module" as irrelevant, overly broad, unduly burdensome, and

vague to the extent it encompasses Google products that are not accused by Netlist in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused. Google further objects to the term "a JEDEC standard" as irrelevant, overly broad, unduly burdensome, and vague to the extent it encompasses JEDEC standards that are not identified by Netlist in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused. Google further objects to this Topic to the extent it seeks information that is not in Google's possession, custody, or control and would otherwise be equally accessible to Netlist as it is to Google. Google further objects to this Topic as premature given that Google is still prioritizing its production of documents related to equitable intervening rights based on the parties' agreement and is continuing to search for and produce additional documents as part of the fact discovery process.

Part g: Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "purchase, manufacture, installation, and/or sale" and "Memory Module." Specifically, Google objects to term "Memory Module" as irrelevant, overly broad, unduly burdensome, and vague to the extent it encompasses Google products that are not accused by Netlist in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused. Google further objects to this Topic subpart as unduly burdensome and not proportional to the needs of the case where the accused products, as identified in Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused, are primarily off-the-shelf and would not have been manufactured and/or installed by Google.

Part h: Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "manner," "DRAM commands and addresses received by the DIMMs," and "encoded by the server." Google further objects to this Topic as premature given that Google is still prioritizing its production of documents related to equitable intervening rights based on the parties' agreement and is continuing to search for and produce additional documents as part of the fact discovery process.

Part i: Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "chip select signals." Google further objects to this Topic as premature given that Google is still prioritizing its production of documents related to equitable intervening rights based

on the parties' agreement and is continuing to search for and produce additional documents as part of the fact discovery process.

Part j: Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "signal decoding algorithm(s)." Google further objects to this Topic as premature given that Google is still prioritizing its production of documents related to equitable intervening rights based on the parties' agreement and is continuing to search for and produce additional documents as part of the fact discovery process.

Part k: Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "signal transmission." Google further objects to this Topic as premature given that Google is still prioritizing its production of documents related to equitable intervening rights based on the parties' agreement and is continuing to search for and produce additional documents as part of the fact discovery process.

Part l: Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "number, data width, and memory capacity" and "Memory Module." Specifically, Google objects to term "Memory Module" as irrelevant, overly broad, unduly burdensome, and vague to the extent it encompasses Google products that are not accused by Netlist in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.

Part m: Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "manner," "read and write operations," and "Memory Modules." Specifically, Google objects to term "Memory Module" as irrelevant, overly broad, unduly burdensome, and vague to the extent it encompasses Google products that are not accused by Netlist in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused. Google further objects to this Topic as premature given that Google is still prioritizing its production of documents related to equitable intervening rights based on the parties' agreement and is continuing to search for and produce additional documents as part of the fact discovery process.

Part n: Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "involved in," "developing," "testing," and "Memory Module." Specifically, Google objects to term "Memory Module" as irrelevant, overly broad, unduly burdensome, and

vague to the extent it encompasses Google products that are not accused by Netlist in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  Google further objects to this Topic as premature given that Google is still prioritizing its production of documents related to equitable intervening rights based on the parties' agreement and is continuing to search for and produce additional documents as part of the fact discovery process.

Part o:  Google further objects to this Topic subpart to the extent it is overly broad, vague, and ambiguous as to "specifications," "design graphs," "user instruction" and "Memory Modules." Specifically, Google objects to term "Memory Module" as irrelevant, overly broad, unduly burdensome, and vague to the extent it encompasses Google products that are not accused by Netlist in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  Google further objects to this Topic as premature given that Google is still prioritizing its production of documents related to equitable intervening rights based on the parties' agreement and is continuing to search for and produce additional documents as part of the fact discovery process.

Netlist informed Google for the first time on the July 13, 2021 meet and confer that it was now seeking a witness on the same topics it previously identified as related to the subject of intervening rights but now for all relevant subject matter in this litigation, not just intervening rights. Subject to the foregoing objections and based on a reasonable investigation to date, Google will produce one or more witnesses reasonably prepared to testify generally regarding the various categories, numbers, types, purchase, use, and testing related to the accused products based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  In any event, Google is willing to meet and confer on this Topic as required by Federal Rule of Civil Procedure 30.

**TOPIC NO. 6:**

The number and type of Memory Modules Google has incorporated or is incorporating into its computer servers from November 17, 2009 through the present.

## RESPONSE TO TOPIC NO. 6:

Google incorporates by reference its General Objections.  Google further objects to this Topic to the extent that it is overly broad, vague, and ambiguous as to "number," "type," "Memory Modules," "has incorporated or is incorporating," and "computer servers."  Specifically, Google objects to term "Memory Module" as overly broad, unduly burdensome, and vague, as it would encompass Google products that are either not accused by Netlist or not relevant to the issue of intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  To the extent Google understands this Topic, Google further objects to this Topic as irrelevant, unduly burdensome, and not proportional to the needs of the case, including to the extent this Topic seeks testimony on matters unrelated to the issue of intervening rights, as the re-examination certificate for the '912 patent was issued on February 8, 2021.  Google further objects to this Topic to the extent it is duplicative of Topic No. 5(l).

As Google has informed Netlist, Google will only be pursuing absolute intervening rights in its intervening rights briefing currently due July 16, 2021.  Subject to the foregoing objections and to the extent Google understands this Topic, Google will produce one or more witnesses reasonably prepared to testify generally regarding the number and types of accused products that are relevant to the issue of absolute intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  In any event, Google is willing to meet and confer on this Topic as required by Federal Rule of Civil Procedure 30 and will amend its responses and objections to this Topic as appropriate when discovery is no longer limited to the issue of intervening rights discovery and given that Google will only be raising absolute intervening rights in its forthcoming brief on intervening rights.

## SUPPLEMENTAL RESPONSE TO TOPIC NO. 6 (JULY 23, 2021):

Subject to and without waiving the foregoing objections, Google supplements its response as follows:

Google further objects to this Topic to the extent that it is overly broad, vague, and ambiguous as to "number," "type," "Memory Modules," "has incorporated or is incorporating," and

"computer servers."  Specifically, Google objects to term "Memory Module" as irrelevant, overly broad, unduly burdensome, and vague to the extent it encompasses Google products that are accused by Netlist in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  Google further objects to this Topic to the extent it is duplicative of Topic No. 5(l).

Netlist informed Google for the first time on the July 13, 2021 meet and confer that it was now seeking a witness on the same topics it previously identified as related to the subject of intervening rights but now for all relevant subject matter in this litigation, not just intervening rights. Subject to the foregoing objections and based on a reasonable investigation to date, Google will produce one or more witnesses reasonably prepared to testify generally regarding the number and types of accused products based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  In any event, Google is willing to meet and confer on this Topic as required by Federal Rule of Civil Procedure 30.


**TOPIC NO. 7:**

For each Memory Module identified above, the JEDEC specification(s) to which such Memory Module conforms.


**RESPONSE TO TOPIC NO. 7:**

Google incorporates by reference its General Objections.  Google further objects to this Topic to the extent that it is overly broad, vague, and ambiguous as to "Memory Module," "JEDEC specification(s)," and "conforms."  Specifically, Google objects to term "Memory Module" as overly broad, unduly burdensome, and vague, as it would encompass Google products that are either not accused by Netlist or not relevant to the issue of intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  Google further objects to the term "JEDEC specification(s)" as overly broad, unduly burdensome, and vague, as it would encompass JEDEC specifications that are either not identified by Netlist or not relevant to the issue of intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions and

given what is accused.  To the extent Google understands this Topic, Google further objects to this Topic as irrelevant, unduly burdensome, and not proportional to the needs of the case, including to the extent this Topic seeks testimony on matters unrelated to the issue of intervening rights such as (non-)infringement, as the re-examination certificate for the '912 patent was issued on February 8, 2021.  Specifically, Google objects to the lack of relevance of conformance to JEDEC specifications by the accused products as identified in Netlist's June 18, 2021 Amended Infringement Contentions, as they have no relevance as to whether Google is entitled to at least absolute intervening rights as of February 8, 2021 when the re-examination certification for the Asserted Patent issued.  Google further objects to this Topic based on its lack of temporal scope.  Google further objects to this Topic to the extent it is duplicative of Topic No. 5(f).

As Google has informed Netlist, Google will only be pursuing absolute intervening rights in its intervening rights briefing currently due July 16, 2021.  Subject to the foregoing objections and to the extent Google understands this Topic, Google will produce one or more witnesses reasonably prepared to testify generally regarding the various categories and the numbers and types of accused products that are relevant to the issue of absolute intervening rights based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  In any event, Google is willing to meet and confer on this Topic as required by Federal Rule of Civil Procedure 30 and will amend its responses and objections to this Topic as appropriate when discovery is no longer limited to the issue of intervening rights discovery and given that Google will only be raising absolute intervening rights in its forthcoming brief on intervening rights.

**SUPPLEMENTAL RESPONSE TO TOPIC NO. 7 (JULY 23, 2021):**

Subject to and without waiving the foregoing objections, Google supplements its response as follows:

Google further objects to this Topic to the extent that it is overly broad, vague, and ambiguous as to "Memory Module," "JEDEC specification(s)," and "conforms."  Specifically, Google objects to term "Memory Module" as irrelevant, overly broad, unduly burdensome, and vague to the extent it encompasses Google products that are not accused by Netlist in this case based

on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  Google further objects to the term "JEDEC specification(s)" as irrelevant, overly broad, unduly burdensome, and vague to the extent it encompasses JEDEC specifications that are not identified by Netlist in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  Google further objects to this Topic as premature given that Google is still prioritizing its production of documents related to equitable intervening rights based on the parties' agreement and is continuing to search for and produce additional documents as part of the fact discovery process.  Google further objects to this Topic to the extent it is tailored to seek information protected by the attorney-client privilege, the work product doctrine, or the common interest doctrine, or that is otherwise privileged or protected from discovery.  Google further objects to this Topic as calling for a legal conclusion.  Google further objects to this Topic as improperly seeking expert testimony.  Google further objects to this Topic to the extent it seeks information that is not in Google's possession, custody, or control and would otherwise be equally accessible to Netlist as it is to Google.  Google further objects to this Topic to the extent it is duplicative of Topic No. 5(f).

Netlist informed Google for the first time on the July 13, 2021 meet and confer that it was now seeking a witness on the same topics it previously identified as related to the subject of intervening rights but now for all relevant subject matter in this litigation, not just intervening rights. Subject to the foregoing objections and based on a reasonable investigation to date, Google will produce one or more witnesses reasonably prepared to testify generally regarding the various categories and the numbers and types of accused products that are relevant in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused.  In any event, Google is willing to meet and confer on this Topic as required by Federal Rule of Civil Procedure 30.

**TOPIC NO. 10:**

Google's organizational structure for the research and development of Memory Modules, including but not limited to the description of any research center, group, or persons in charge

GOOGLE LLC'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
NETLIST, INC'S RULE 30(B)(6) DEPOSITION