# EXHIBIT H

**Jonathan Tse**

| | |
|---|---|
| **From:** | Jonathan Tse |
| **Sent:** | Tuesday, October 5, 2021 1:08 PM |
| **To:** | Sheasby, Jason; Strabone, Andrew; Tezyan, Michael; #Netlist-Google [Int] |
| **Cc:** | QE-NetlistvGoogle; ~Hines, Dori; Stach, Jason; Puknys, Erik; Specht, Kara |
| **Subject:** | Netlist - Follow up to October 4, 2021 lead meet and confer |

Counsel,

In yesterday's meet and confer, we offered to provide the only specific information that you requested in your draft letter brief dated September 25, 2021 regarding 8-rank and 16-rank products. We did so despite our objection that 8-rank and 16-rank products are not accused products in this case and not properly charted in Netlist's infringement contentions. We asked if this offer would moot the need for the letter brief. You rejected our compromise. In doing so, you moved the goalposts yet again.

You now state the you want Google to supplement its responses to every RFP and interrogatory on any issue regarding any memory module that Google ever purchased or used prior to February 8, 2021, using the definition of Memory Module in your RFP and interrogatories. This extraordinary position is problematic for several reasons. Indeed, you did not dispute that your ask goes beyond what Netlist has charted in its infringement contentions. You also did not dispute this is not even the relief that was requested in your letter brief, which do not even mention this definition.

It appeared your justification for this request is based on a contention that Google did not object to Netlist's definition of "Memory Module." This is demonstrably false. As you are aware, we have consistently objected to your overbroad definition of "Memory Modules," including in our May 19, 2021 response to your First Set of Interrogatories and First Set of RFPs, limiting it to the accused products in this case. And Netlist has never challenged that objection or sought to compel some broader scope of discovery. Thus, far from "lying" to you, which you accused us of doing during yesterday's meet and confer, we have been transparent and clear in our discovery responses and interactions with you. We have provided the discovery you asked for, subject to our objections, and only now are you seeking something broader – likely because you now realize the products you actually accused are subject to intervening rights and our licensing defense.

You also stated that you were entitled to the full scope of your definition for the term "Memory Modules" in your interrogatories and RFPs because Google did not raise this definition for this term before Magistrate Judge Spero. This makes no sense. As explained above, we specifically objected to your definition in our interrogatory responses, and Netlist never challenged that definition, including in connection with its June 10, 2021 letter brief to Magistrate Judge Spero. Nowhere in the June 10, 2021 letter brief or at the June 25, 2021 hearing did you raise a dispute with Google's objection to the definition of the term "Memory Modules." Indeed, that dispute concerned the type of evidence relevant to the issue of intervening rights, not the scope of the accused products. Netlist cannot legitimately contend otherwise.

And while you stated that your September 16, 2021 meet and confer with us satisfied the lead meet and confer requirement (and incorrectly claimed in your September 28, 2021 email that the parties met and conferred on this issue on June 30, 2021), that makes no sense either. The September 16, 2021 meet and confer was not a lead counsel meet and confer by video conference on this issue. Indeed, Ms. Acharya spoke on the phone with Mr. Strabone, not you. And that meet and confer was targeted at Google's motion for leave to amend its answer.

Next, your demand that Google supplement *every* interrogatory and RFP response is also inconsistent with the Court-ordered stay. While you claim that you need the information and documents for intervening rights, that is not a reasonable position and indeed would render the stay ordered by the Court meaningless.

1

You asked whether Google was providing information related to accused products subject to intervening rights with respect to Google's subsidiaries based on Google's objection to your definition of "Google." While we have consistently objected to your definition of "Google" in our discovery responses, we asked on the meet and confer what specific concerns you had with respect to Google subsidiaries and you could not articulate any. Nevertheless, we have investigated and can confirm that we have not withheld any information related to the purchase of memory modules in the categories we indicated in our interrogatory responses by Google subsidiaries. If there is a specific subsidiary for which you believe we have not provided this information, please let us know. As for your request for information regarding any Google contractors or affiliates, Google has already provided this information in its second supplemental response to Interrogatory Nos. 1 and 2.

We asked on the meet and confer but reiterate our request here for you to reconsider filing the letter brief based on our offer to provide the specific information you requested in your letter brief. We continue to remain willing to work with you to address any reasonable requests for information.

To the extent you insist on filing the letter brief, we asked during the meet and confer whether you would provide an amended letter brief in light of our offer to provide the specific requested information in addition to our prior objection that your portion of the letter brief was over the 2.5 pages allotted for each party. You stated that you intended to file the *same letter brief*. This seems difficult to believe given that you don't even mention your definition of "Memory Modules" in your portion of the letter brief and that we've already agreed to provide the only specific information asked for in the brief. And we requested again the declarations and exhibits cited in your portion of the letter brief, which we previously requested on September 27 and 28 and October 1 and 4, so that we can properly address your arguments but you would not commit to a date certain.

Despite our view that yesterday's meet and confer still flouted Magistrate Judge Spero's discovery process based on the new arguments and positions you raised ~~today~~, we will consider yesterday's meet and confer as the lead meet and confer that triggers the 5-day period in which the parties are required to submit their letter brief. Dkt. 118 at 2. Accordingly, we will plan to file this letter brief on **Monday, October 11**. Your position that the letter brief is due 10 days from when you provided your portion of the letter brief is wrong, especially in light of the fact that no lead meet and confer occurred until yesterday. The 10-day period concerns the period in which the parties are required to participate in a lead meet and confer after one has been demanded. *Id.* at 1-2 ("Lead trial counsel for both parties must meet and confer **by video conference** regarding the matter(s) at issue. This meeting shall occur after other efforts to resolve the dispute, such as telephone, e-mail, teleconference, or correspondence, have been unsuccessful. Once those efforts have proved unsuccessful, any party may demand a meeting of lead trial counsel to resolve a discovery matter. Such a meeting shall occur within ten (10) calendar days of the demand.").

Best,

Jon


**Jonathan Tse**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6426 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jonathantse@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.