# Exhibit 1

# Redacted Version of Document Sought to be Sealed

1  TIMOTHY T. SCOTT (SBN 126971/tscott@kslaw.com)
   GEOFFREY M. EZGAR (SBN 184243/ gezgar@kslaw.com)
2  LEO SPOONER III (SBN 241541/lspooner@kslaw.com)
   KING & SPALDING LLP
3  333 Twin Dolphin Drive, Suite 400
   Redwood Shores, CA 94065
4  Telephone:  (650) 590-0700
   Facsimile:   (650) 590-1900
5
   SCOTT T. WEINGAERTNER (*pro hac vice*/sweingaertner@kslaw.com)
6  ROBERT F. PERRY (rperry@kslaw.com)
   ALLISON ALTERSOHN (*pro hac vice*/aaltersohn@kslaw.com)
7  DANIEL MILLER (*pro hac vice*/dmiller@kslaw.com)
   SUSAN KIM (*pro hac vice*/skim@kslaw.com)
8  MARK H. FRANCIS (*pro hac vice*/mfrancis@kslaw.com)
   KING & SPALDING LLP
9  1185 Avenue of the Americas
   New York, NY 10036-4003
10 Telephone:  (212) 556-2100
   Facsimile:   (212) 556-2222
11

12 Attorneys for Defendant
   GOOGLE INC.
13

14                        UNITED STATES DISTRICT COURT FOR THE

15                           NORTHERN DISTRICT OF CALIFORNIA

16                                    OAKLAND DIVISION

17 NETLIST, INC.,                              Case No. CV09-05718 SBA
                                               [Related to Case No: CV08-04144 SBA]
18               Plaintiff,
19                                             **GOOGLE INC.'S THIRD AMENDED
           v.                                  RESPONSES AND OBJECTIONS TO
20                                             PLAINTIFF NETLIST, INC.'S FIRST SET
   GOOGLE INC.,                                OF INTERROGATORIES TO
21                                             DEFENDANT GOOGLE INC. (NOS. 1-20)**
22               Defendant.

1 representative, non-privileged documents pursuant to Fed. R. Civ. Proc. 33(d) from which Netlist
2 may derive or ascertain an answer to this Interrogatory. These documents bear production
3 numbers GNET183476-776. Notwithstanding this production, after reasonable inquiry and as
4 presently advised, and making no admission regarding any Google product, Google states that ███

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████ Google incorporates herein its response to Interrogatory No. 6. Google further states
10 that, as presently advised, ███████ is a person who is knowledgeable about ███████

███████████████████████████████████████████████

██████████████████████

13 **INTERROGATORY NO. 10**

14      Identify Google's contract manufacturers, and for each contract manufacturer, identify the
15 component part numbers for the DRAMs and Advanced Memory Buffers used in Google's 4-
16 Rank FBDIMMs.

17 **THIRD AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

18      Google objects to this Interrogatory to the extent that it seeks information protected by the
19 attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other
20 privilege or immunity. Google also objects to this Interrogatory as vague and ambiguous as to the
21 term "contract manufacturers." Google further objects to this Interrogatory as overly broad,
22 unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence
23 to the extent it seeks information not related to any parties' claims or defenses or any relevant
24 subject matter at issue. Google also objects to this Interrogatory to the extent that it seeks
25 information not within Google's possession, custody or control. Google also objects to this
26 Interrogatory to the extent that it is not limited by any time period. Google further objects to this
27
28

17   GOOGLE INC.'S THIRD AMENDED RESPONSES AND
     OBJECTIONS TO FIRST SET OF INTERROGATORIES
     Case No. CV09-05718 SBA
     [Related to Case No: CV08-04144 SBA]

1  Interrogatory as unreasonably cumulative or duplicative to the extent that it seeks information that
2  is more conveniently or less expensively obtained from another source.
3      Subject to and without waiving its General and Specific Objections, and making no
4  admission regarding any Google product, after reasonable inquiry and as presently advised based
5  on information known or readily available, Google states that it has produced available
6  representative, non-privileged documents pursuant to Fed. R. Civ. Proc. 33(d) from which Netlist
7  may derive or ascertain an answer to this Interrogatory.  These documents bear production
8  numbers GNET00291768-291873 and GNET00291997-292008.  Notwithstanding such
9  production, after reasonable inquiry and as presently advised, and making no admission regarding
10 any Google product, Google further states that the accused Google memory modules contain ▮



18

GOOGLE INC.'S THIRD AMENDED RESPONSES AND
OBJECTIONS TO FIRST SET OF INTERROGATORIES
Case No. CV09-05718 SBA
[Related to Case No: CV08-04144 SBA]

**INTERROGATORY NO. 11:**

For each asserted claim of the '912 Patent for which Google asserts non-infringement or seeks a declaration of non-infringement, describe in detail all factual and legal bases for Google's contention that the manufacture, use, offer for sale, and/or sale of accused products does not infringe that claim, including an explanation of why Google contends that the claim is not infringed literally or under the doctrine of equivalents by such manufacture, use, offer to sell, or sale on a claim element by claim element basis (e.g., in a "claim chart"); identify all documents tending to support each contention; and identify the person(s) employed by Google most knowledgeable concerning the facts underlying such contention.

**SECOND AMENDED OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

Google objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other privilege or immunity. Google also objects to this Interrogatory as vague and ambiguous as to the term "accused products." Google further objects to this Interrogatory as improper to the extent that it is seeking to shift the burden of proof from Netlist to Google related to infringement allegations and to the extent it calls for expert opinion or legal conclusions. Google also objects to this Interrogatory as premature to the extent that it seeks to elicit Google's non-infringement position prior to the Court's claim construction. Google further objects to this Interrogatory to the extent that it seeks discovery related to doctrine of equivalents without first having identified which, if any elements of the asserted claims are not asserted to be literally covered by the language of those claims.

Subject to the foregoing objections and General Objections, without waiver or limitation thereof, and making no admission regarding any Google product, Google states that it does not infringe and has not infringed any of the asserted claims of the '912 Patent because the '912 Patent is invalid. More specifically, to the extent that Netlist asserts that the asserted claims are broad

information not related to any parties' claims or defenses or any relevant subject matter at issue. Google also objects to this Interrogatory as duplicative of Interrogatory No. 12 herein.

Subject to and without waiving its General and Specific Objections, Google responds as follows: Google incorporates herein its entire response to Interrogatory No. 12.

**INTERROGATORY NO. 20:**

State whether Google has sought advice of legal counsel relating to whether it infringes any Netlist patent, and if so, for each state the date(s) of such opinions, the author(s) and recipient(s) of the opinion(s), whether Google intends to rely on such opinion(s) to rebut Netlist's claims of willful infringement and/or active inducement of infringement, and identify all documents relating to the opinion(s).

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 20:**

Google objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other privilege or immunity. In addition, Google objects to this Interrogatory as premature and prejudicial to the extent that it seeks to have access to information related to any opinion of counsel generated by, or provided to Google related to one or more of Netlist's patents and to the extent that it attempts to override the Court's Scheduling Order. Google also objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information not related to any parties' claims or defenses or any relevant subject matter at issue.

DATED: September 13, 2010

**KING & SPALDING LLP**

By: /s/ *Allison Altersohn*
Allison Altersohn

Attorneys for Defendant
GOOGLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of *GOOGLE INC.'S THIRD AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF NETLIST, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT GOOGLE INC. (NOS. 1-20)* is being served by electronic mail upon the following counsel of record on this 13th day of September, 2010:

**PRUETZ LAW GROUP LLP**
Adrian M. Pruetz (Bar No. CA 118215)
Email: ampruetz@pruetzlaw.com
Erica J. Pruetz (Bar No. CA 227712)
Email: ejpruetz@pruetzlaw.com
200 N. Sepulveda Blvd., Suite 1525
El Segundo, CA 90245
Telephone: (310) 765-7650
Facsimile: (310) 765-7641

**LEE TRAN & LIANG APLC**
Enoch H. Liang (Bar No. CA 212324)
Email: ehl@ltlcounsel.com
Steven R. Hansen (Bar No. CA 198401)
Email: srh@ltlcounsel.com
Edward S. Quon (Bar No. CA 214197)
Email: eq@ltlcounsel.com
601 S. Figueroa Street, Suite 4025
Los Angeles, CA 90017
Telephone: (213) 612-3737
Facsimile: (213) 612-3773

/s/ *Allison Altersohn*
Allison Altersohn

28    GOOGLE INC.'S THIRD AMENDED RESPONSES AND
OBJECTIONS TO FIRST SET OF INTERROGATORIES
Case No. CV09-05718 SBA
[Related to Case No: CV08-04144 SBA]