# Exhibit 4

# Redacted Version of Document Sought to be Sealed

QUINN EMANUEL URQUHART & SULLIVAN LLP

David Perlson (CA Bar No. 209502)
davidperlson@quinnemanuel.com
Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jared Newton (admitted pro hac vice)
jarednewton@quinnemanuel.com
Deepa Acharya (CA Bar No. 267654)
deepaacharya@quinnemanuel.com
Sandy Shen (admitted pro hac vice)
sandyshen@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>            Plaintiff,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>            Defendant. | CASE NO. 4:09-cv-05718-SBA<br>[Related to Case No: CV08-04144 SBA]<br><br>**DEFENDANT GOOGLE LLC'S THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF NETLIST, INC.'S INTERROGATORY NO. 3** |

order after February 8, 2021. The Inventory Date indicates the date Google took title to those modules and added them to its inventory. The Quantity indicates the number of parts purchased after February 8, 2021.

Witnesses knowledgeable about the subject matter of this interrogatory response are ▓▓▓ and ▓▓▓. Pursuant to Federal Rule of Civil Procedure 33(d), Google will supplement this response to identify documents from which information responsive to this interrogatory may be derived in accordance with the parties' agreement, including purchase orders and usage information for the accused memory modules in Google's server fleet.

The foregoing responses are based on Google's reasonable investigation to date. Google reserves the right to supplement or modify its response based on further investigation and discovery, or in response to new arguments or evidence presented by Netlist.

**SECOND AMENDED AND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (JULY 16, 2021)**

Google incorporates by reference its prior objections and responses to this Interrogatory. Google provides the following supplemental response to address the issue of equitable intervening rights and to amend and supplement its prior response regarding absolute intervening rights to account for information identified after a further reasonable investigation and to identify documents from

---

[8] Based on date of purchase order.
[9] Based on date products received into inventory.

**DDR3 LRDIMMs**

Netlist's infringement contentions assert claims 1, 3, 4, 6, 8, 10, 11, 15, 18, 19, 20, 22, 24, 27, 28, 29, 31, 32, 34, 36, 37, 38, 39, 40, 41, 43, 45, 46, 47, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 63, 64, 65, 69, 70, 71, 72, 73, 74, 75, 77, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 against certain memory modules compliant with portions of the JEDEC standards and specifications for 4-Rank Double Data Rate 3 ("DDR3") Load Reduction Dual In-Line Memory Modules ("LRDIMMs").

Based on a reasonable investigation, Google has determined that it neither purchased nor used the accused DDR3 LRDIMM products.

**DDR4 NVDIMMs**

Netlist's infringement contentions assert claim 16 against certain memory modules compliant with certain portions of the JEDEC Solid State Technology Association ("JEDEC") standards and specifications for 4-Rank Double Data Rate 4 ("DDR4") Synchronous DRAM ("SDRAM") Non-Volatile Dual In-Line Memory Modules ("NVDIMMs").

Based on a reasonable investigation, including an analysis of Google's purchasing information, Google has determined that it neither purchased nor used the accused DDR4 NVDIMMS.

**DDR4 LRDIMMs**

Netlist's infringement contentions assert claim 16 against certain memory modules compliant with portions of the JEDEC Solid State Technology Association ("JEDEC") standards and specifications for 4-Rank Double Data Rate 4 ("DDR4") Synchronous DRAM ("SDRAM") Load Reduction Dual In-Line Memory Modules ("LRDIMMs").

Based on a reasonable investigation, including an analysis of Google's purchase orders, Google has determined that prior to February 8, 2021, it purchased the accused DDR4 LRDIMMs

identified in the table below. The Purchase Order Date indicates the date of the last purchase order prior to the issuance of re-examination certificate. The Inventory Date indicates the date Google took title to the modules and added them to its inventory. Accordingly, each of these DDR4 LRDIMMs and products incorporating them are subject to absolute intervening rights.

[table redacted]

---

[11] Based on date of purchase order.
[12] Based on date products received into inventory.

**DDR4 RDIMMs**

Netlist's infringement contentions assert claim 16 against certain memory modules compliant with certain portions of the JEDEC Solid State Technology Association ("JEDEC") standards and specifications for 4-Rank Double Data Rate 4 ("DDR4") Synchronous DRAM ("SDRAM") Registered Dual In-Line Memory Modules ("RDIMMs").

Based on a reasonable investigation, including an analysis of Google's purchase orders, Google has determined that prior to February 8, 2021, it purchased the accused DDR4 RDIMMs identified in the table below. The Purchase Order Date indicates the date of the last purchase order prior to the re-examination certificate. The Inventory Date indicates the date Google took title to the modules and added them to its inventory. Accordingly, each of these DDR4 RDIMMs and products incorporating them are subject to absolute intervening rights.

[table redacted]

---

[13] Based on date of purchase order.
[14] Based on date products received into inventory.
[15] Based on date of purchase order.
[16] Based on date products received into inventory.



Google further identifies ▇▇▇▇, a memory module that Google ▇▇ ▇▇▇▇ only prior to February 8, 2021.

Witnesses knowledgeable about the subject matter of this interrogatory response are ▇▇ and ▇▇. Pursuant to Federal Rule of Civil Procedure 33(d), Google cites to the following evidence: GNLP-00000001 to -17883.

The foregoing responses are based on Google's reasonable investigation to date. Google reserves the right to supplement or modify its response based on further investigation and discovery, or in response to new arguments or evidence presented by Netlist.

**Equitable Intervening Rights**

Google serves its equitable intervening rights contentions based on the schedule agreed-upon by the parties (Dkt. 150) and based on its reasonable investigation to date. Google has informed Netlist that it does not intend to brief equitable intervening rights on July 30, 2021, but provides the following contentions in accordance with the parties' agreement and based on a reasonable investigation to date. Google reserves its right to supplement its contentions related to equitable intervening rights after a further investigation and in response to arguments and evidence raised by Netlist.

Based on Netlist's June 18, 2021 Amended Infringement Contentions and given what is accused, equitable intervening rights is only relevant for claim 16. Google reserves its rights to supplement its response if Netlist accuses additional products not currently identified in its June 18, 2021 Amended Infringement Contentions.

**Legal Standard**

"[A]fter a patent emerges from reexamination, the statute makes available absolute and equitable intervening rights to the same extent provided in the reissue statute, but only with respect to 'amended or new' claims in the reexamined patent." *Marine Polymer Techs., Inc. v. HemCon, Inc.*, 672 F.3d 1350, 1362 (Fed. Cir. 2012) (*en banc*). Equitable rights preclude infringement liability for products that were made, used, sold, etc. after issuance of the re-examination certificate if the accused infringer made substantial preparation for those products prior to issuance of the certificate. *See also* 35 U.S.C. §§ 252, 307(b). "The remedy of equitable intervening rights is 'calculated to protect an infringer's preexisting investments and business.'" *Univ. of Virginia Pat. Found. v. Gen. Elec. Co.*, 792 F. Supp. 2d 904, 917 (W.D. Va. 2011) (quoting *Seattle Box II*, 756 F.2d at 1580). Courts have considered a non-exhaustive list of factors that are relevant to equitable intervening rights, including "whether the infringer made 'substantial preparation' before the patent reissued" and "whether there were existing orders or contracts." *Visto Corp. v. Sprogit Tech., Inc.*, 413 F. Supp. 2d 1073, 1090 (N.D. Cal. 2006). These are factors that a court "may consider" in evaluating equitable intervening right; it is not a requirement to show that each factor is present. *See id.*

For the "substantial preparation" factor in particular, courts have examined the investments the accused infringer has made into the accused products prior to the issuance of the reexamination certificate which would justify granting equitable intervening rights for the accused infringer's continued use of the accused products after the issuance of the reexamination certificate. *See John Bean Techs. Corp. v. Morris & Assocs., Inc.*, No. 4:14-CV-00368-BRW, 2019 WL 7176779, at *2 (E.D. Ark. Sept. 23, 2019), *aff'd*, 988 F.3d 1334 (Fed. Cir. 2021) (finding that the accused infringer's "years of research, developments, investments, improvements, promotion, and goodwill associated with the accused product . . . supports the inference that [the accused infringer] made 'substantial preparation' before Plaintiff was issued the reexamined [asserted] patent"); *2-Way Computing, Inc. v.*

*Sprint Nextel Corp.*, No. 2:11-CV-12 JCM PAL, 2014 WL 2960455, at *5 (D. Nev. June 27, 2014) (finding that substantial preparations existed when an accused infringer "invested billions of dollars into its network in order to achieve consistent and reliable push-to-talk functionality."); *Alps S., LLC v. Ohio Willow Wood Co.*, No. 808CV1893T35MAP, 2013 WL 12164771, at *2 (M.D. Fla. Mar. 19, 2013) (finding investments in equipment and factory, among others, related to the accused products to be sufficient to show substantial preparation).

As detailed below, the accused products that Google purchased after the issuance of the reexamination certificate are subject to equitable intervening rights.

**DDR4 LRDIMMs**

Netlist's infringement contentions assert claim 16 against certain memory modules compliant with portions of the JEDEC Solid State Technology Association ("JEDEC") standards and specifications for 4-Rank Double Data Rate 4 ("DDR4") Synchronous DRAM ("SDRAM") Load Reduction Dual In-Line Memory Modules ("LRDIMMs").

Based on a reasonable investigation, Google has determined that it purchased the following accused DDR4 LRDIMMs after February 8, 2021. The Purchase Order Date indicates the most recent purchase order after February 8, 2021. The Inventory Date indicates the date Google took title to those modules and added them to its inventory. The Quantity indicates the number of parts purchased after February 8, 2021. Each of the listed parts is subject to equitable intervening rights.

[table redacted]

---

[17] Based on date of purchase order.

**DDR4 RDIMMs**

Netlist's infringement contentions assert claim 16 against certain memory modules compliant with certain portions of the JEDEC Solid State Technology Association ("JEDEC") standards and specifications for 4-Rank Double Data Rate 4 ("DDR4") Synchronous DRAM ("SDRAM") Registered Dual In-Line Memory Modules ("RDIMMs").

Based on a reasonable investigation, Google has determined that it purchased the following DDR4 RDIMMs after February 8, 2021. The Purchase Order Date indicates the most recent purchase order after February 8, 2021. The Inventory Date indicates the date Google took title to those modules and added them to its inventory. The Quantity indicates the number of parts purchased after February 8, 2021. Each of the listed parts is subject to equitable intervening rights.

---

[18] Based on date products received into inventory.
[19] Based on date of purchase order.
[20] Based on date products received into inventory.
[21] Based on date of purchase order.

1  Witnesses knowledgeable about the subject matter of this interrogatory response are ▮
2  ▮ and ▮, both of whom are identified in Google's June 28, 2021 Amended Initial
3  Disclosures. Pursuant to Federal Rule of Civil Procedure 33(d), Google identifies the following
4  documents from which information responsive to this interrogatory may be derived: JEDEC-GNET-
5  00000001-22655. Google will supplement this response to identify documents from which
6  information responsive to this interrogatory may be derived in accordance with the parties' agreement.

7  The foregoing responses are based on Google's reasonable investigation to date. Google
8  reserves the right to supplement or modify its response based on further investigation and discovery,
9  or in response to new arguments or evidence presented by Netlist.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3 (OCTOBER 12, 2021)**

Google incorporates by reference its prior objections and responses to this Interrogatory. Google provides the following supplemental response to address Plaintiffs' separate request for information related to 8-rank and 16-rank DIMMs while Google maintains its objection that 8-rank and 16-rank DIMMs are not accused products in this case based on Netlist's June 18, 2021 Amended Infringement Contentions and therefore not relevant to this case. Google reserves the right to further supplement its response as discovery progresses. Subject to and without waiving the foregoing objections, Google supplements its response to Interrogatory No. 3 as follows:

*Absolute Intervening Rights*

**8-RANK DIMMs**

Based on a reasonable investigation, including an analysis of Google's purchasing information, Google has determined that prior to February 8, 2021, it purchased 8-rank DIMMs identified in the table below. The Purchase Order Date indicates the date of the last purchase order prior to the re-examination certificate. The Inventory Date indicates the date Google took title to the modules and added them to its inventory. Accordingly, each of these 8-rank DIMMs and any products incorporating them are subject to absolute intervening rights.



**16-RANK DIMMs**

Based on a reasonable investigation, including an analysis of Google's purchasing information, Google has determined that it neither purchased nor used 16-rank DIMMs before February 8, 2021.

*Equitable Intervening Rights*

**8-RANK DIMMs**

Based on a reasonable investigation, including an analysis of Google's purchasing information, Google has determined that it purchased the following 8-rank RDIMMs after February 8, 2021. The Purchase Order Date indicates the most recent purchase order after February 8, 2021. The Inventory

---

[25] For these 8-rank DIMMs,

Date indicates the date Google took title to those modules and added them to its inventory. The Quantity indicates the number of parts purchased after February 8, 2021. Each of the listed parts is subject to equitable intervening rights.

Google reserves the right to supplement its response and set forth its substantial preparation of ▮▮▮▮▮▮ to the extent it is later determined that 8-rank DIMMs are within the scope of accused products in this case.

**16-RANK DIMMs**

Based on a reasonable investigation, including an analysis of Google's purchasing information, Google has determined that it neither purchased nor used 16-rank DIMMs on or after February 8, 2021.

The foregoing responses are based on Google's reasonable investigation to date. Google reserves the right to supplement or modify its response based on further investigation and discovery, or in response to new arguments or evidence presented by Netlist.

DATED: October 12, 2021          QUINN EMANUEL URQUHART &
                                 SULLIVAN, LLP


                                 By /s/ *Jonathan Tse*
                                    Jonathan Tse

                                 David Perlson (CA Bar No. 209502)
                                 davidperlson@quinnemanuel.com
                                 Jonathan Tse (CA Bar No. 305468)
                                 jonathantse@quinnemanuel.com
                                 50 California Street, 22nd Floor
                                 San Francisco, CA 94111
                                 Telephone: (415) 875-6600