QUINN EMANUEL URQUHART & SULLIVAN, LLP
David A. Perlson (CA Bar No. 209502)
davidperlson@quinnemanuel.com
Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jared Newton (admitted *pro hac vice*)
jarednewton@quinnemanuel.com
Deepa Acharya (CA Bar No. 267654)
deepaacharya@quinnemanuel.com
Sandy Shen (admitted *pro hac vice*)
sandyshen@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>      Plaintiff,<br><br>      v.<br><br>GOOGLE LLC,<br><br>      Defendant. | Case No. 3:09-CV-05718-RS<br><br>**DECLARATION OF JONATHAN TSE IN SUPPORT OF GOOGLE LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL GOOGLE'S MOTION TO STAY (Dkt. 290)**<br><br>Judge: Hon. Richard Seeborg |

1    I, Jonathan Tse, declare as follows:

2    1.    I am a member of the bar of the State of California and an attorney with Quinn
3    Emanuel Urquhart & Sullivan, LLP, counsel for Defendant Google LLC ("Google") in this action.
4    I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a
5    witness, I could and would testify competently thereto.

6    2.    Pursuant to Civil Local Rule 79-5, I submit this declaration in support of Google
7    LLC's Administrative Motion to File Under Seal Defendant Google LLC's Motion to Stay (Dkt.
8    290). In making this request, Google has carefully considered the relevant legal standard and policy
9    considerations outlined in Civil Local Rule 79-5. Google makes this request with the good faith
10   belief that the information sought to be sealed consists of confidential and proprietary business and
11   third party information and that public disclosure could cause competitive harm.

12   3.    Google respectfully requests that the Court seal the blue-highlighted portions of the
13   Amended Exhibit 5 of Google's Motion to Stay filed at Dkt. 295-1.  A redacted version is also filed
14   at Dkt. 295 and attached hereto.

15   4.    This Court has previously allowed this document to be filed under seal in its entirety
16   as Plaintiff Netlist Inc.'s Confidential Information.  Dkt. 281 at 4 ("GRANTED in its entirety" for
17   Exhibit 16, which is Google's August 10, 2021 Discovery Correspondence).  Consistent with this
18   Court's prior ruling, Google sought to file this same document under seal in its entirety in its
19   Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  Dkt. 291.

20   5.    On June 9, 2022, counsel for Netlist informed Google that it no longer "intend[s] to
21   seal … Exhibit 5 in its entirety," but only a subset of the information contained therein.  As a result,
22   some information that is highly confidential to Google is under the risk of exposure if left
23   unredacted.  Google therefore submits this declaration seeking to seal limited portions of Exhibit 5
24   for good cause.  In making this request, Google carefully considered this Court's prior rulings in
25   Dkts. 271, 272, 273, 274, 275, and 276.

26   6.    The information requested to be sealed contains Google's highly confidential and
27   proprietary information regarding Google's internal servers and components thereof, including

28

Case No. 3:09-CV-05718-RS
DECLARATION OF JONATHAN TSE ISO GOOGLE'S MOTION TO FILE UNDER SEAL

details related to purchase and/or use of the various memory modules in those servers that Google uses internally and information related to third parties for which Google is under an obligation to protect, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors.

7. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining its internal servers and information related to third parties for which Google is under an obligation to protect and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 47 at 3, 5.

8. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their own plans for product development and/or commercialization, time strategic litigation, focus their patent prosecution strategies, or otherwise unfairly compete with Google. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's servers and components thereof.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in San Francisco, California on June 10, 2022.

DATED: June 10, 2022    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Jonathan Tse*
    Jonathan Tse

   *Attorney for Defendant*