# AMENDED Exhibit 5

# Redacted Version of Document Sought to be Sealed

## quinn emanuel trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8107**

WRITER'S EMAIL ADDRESS
**deepaacharya@quinnemanuel.com**

August 10, 2021

**CONFIDENTIAL**
**OUTSIDE ATTORNEYS EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

**VIA ELECTRONIC MAIL**
**JSHEASBY@IRELL.COM**

Jason G. Sheasby
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276

Re:     *Netlist, Inc. v. Google LLC*, No. 4:09-CV-05718-SBA (N.D. Cal.)

Dear Mr. Sheasby:

I write to you regarding Netlist's license agreements with Samsung (NETLIST-5718-12190) ("Samsung License") and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ respectively. Google has identified in its Interrogatory responses (*see* Google's May 19, 2021 responses and objections to Plaintiff's Interrogatories 1-4 and Google's July 16, 2021 supplemental responses and objections to Plaintiff's Interrogatory 3) that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and therefore, any alleged infringement liability as to these accused memory modules is exhausted and licensed.

I understand that Netlist previously argued that Google did not plead this license defense. However, Google's Fifth Defense in its Answer clearly set forth its intention to pursue a license defense in this case. Accordingly, Google is not precluded from pursuing this defense here.

quinn emanuel urquhart & sullivan, llp
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

**CONFIDENTIAL**
**OUTSIDE ATTORNEYS EYES ONLY**
**SUBJECT TO PROTECTIVE ORDER**

▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Therefore, any alleged liability that Google owes to Netlist is wholly exhausted and licensed ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Please confirm that Netlist will drop its infringement allegations as to any Google product ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Should Netlist refuse to drop these allegations and continue asserting these exhausted and licensed products in this case, Google reserves the right to seek an award of attorneys' fees, costs, and other relief for Netlist's demand that it continue with these baseless allegations.

**Samsung License**

The Samsung license was executed on November 12, 2015. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The Samsung Licensed Products cover the accused memory modules supplied by Samsung at issue here. Therefore, any alleged liability that Google owes to Netlist is wholly exhausted and licensed as to these accused memory modules supplied by Samsung.

I understand that Netlist contends that it terminated the Samsung License on July 15, 2020 and is currently suing Samsung for damages based on Samsung's alleged breach to the Samsung License ("Samsung Litigation"). At a minimum, given Netlist's own allegations in that case, Netlist should agree that the question of whether some or all of the accused memory modules supplied by Samsung are exhausted and licensed by the Samsung License could be impacted by the resolution of the Samsung Litigation. While we do not have an unredacted version of Netlist's complaint in the Samsung Litigation, it does not appear from the redacted complaint that even if Netlist is successful in its litigation that the Samsung License would be rescinded retroactively to its execution. Accordingly, Google requests that Netlist agree to stay this case pending resolution of the Samsung Litigation. It is unduly prejudicial and costly to Google to continue with this case when any damages allegedly owed to Netlist due to Google's alleged infringement may be wholly exhausted and licensed. Judicial efficiency dictates that the Samsung Litigation proceed first.

\*     \*     \*

**C**ONFIDENTIAL
**O**UTSIDE **A**TTORNEYS **E**YES **O**NLY
**S**UBJECT TO **P**ROTECTIVE **O**RDER

Please let me know Netlist's position as to whether it will drop its infringement allegations as to the Google products that ███████████████████████ and whether Netlist will stay the remainder of the case pending resolution of the Samsung Litigation. If Netlist disagrees with Google's contention that these products are exhausted and licensed or that a stay is appropriate, please explain Netlist's position and provide your availability for a meet and confer this week.

Very truly yours,

*[signature]*

Deepa Acharya