1   IRELL & MANELLA LLP
    Jason G. Sheasby (CA SBN 205455)
2   jsheasby@irell.com
    Andrew J. Strabone (CA SBN 301659)
3   astrabone@irell.com
    1800 Avenue of the Stars, Suite 900
4   Los Angeles, California 90067
    Telephone: (310) 277-1010
5   Facsimile: (310) 203-7199

6   *Attorneys for Plaintiff Netlist, Inc.*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

David A. Perlson (CA Bar No. 209502)
davidperlson@quinnemanuel.com
Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

7
8   Jared Newton (admitted *pro hac vice*)
    jarednewton@quinnemanuel.com
    Deepa Acharya (CA Bar No. 267654)
9   deepaacharya@quinnemanuel.com
    Sandy Shen (admitted *pro hac vice*)
10  sandyshen@quinnemanuel.com
    1300 I Street NW, Suite 900
11  Washington, D.C. 20005
    Telephone: (202) 538-8000
12  Facsimile: (202) 538-8100

13  Catlin Williams (CA Bar No. 336464)
    catwilliams@quinnemanuel.com
14  555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
15  Telephone: (650) 801-5000
    Facsimile: (650) 801-5100

16  *Attorneys for Defendant Google LLC*

17              UNITED STATES DISTRICT COURT

18   NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

19
    NETLIST, INC.,
20
            Plaintiff,
21
         v.
22
    GOOGLE LLC,
23
            Defendant.
24
25

Case No. 3:09-CV-05718-RS

**JOINT SUBSEQUENT CASE
MANAGEMENT CONFERENCE
STATEMENT**

Date:  June 23, 2022
Time:  10:00 AM

26
27
28

## JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Plaintiff Netlist, Inc. ("Netlist") and Defendant Google LLC ("Google") hereby submit this Joint Subsequent Case Management Conference Statement pursuant to Civil L.R. 16-10(d) and the Standing Order for All Judges of the Northern District of California, including updates since the filing of the parties' Joint Case Management Statement on February 3, 2022.  Dkt. 237.[1]

## I.     JURISDICTION AND SERVICE

This is an action arising under the patent laws of the United States, Title 35, United States Code.  This Court has jurisdiction over the claims and defenses of this action pursuant to 35 U.S.C. § 1 *et seq.*, and 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  The parties do not believe that any jurisdiction or venue issues exist at this time.  No parties remain to be served.

## II.    PROCEDURAL HISTORY

On December 4, 2009, Netlist filed a complaint for patent infringement of U.S. Patent No. 7,619,912 ("the '912 patent").  Dkt. 1.  This case was originally assigned to the Honorable Saundra Brown Armstrong.  *Id.*

On October 21, 2010, Google filed a request for *inter partes* reexamination.  On December 27, 2010, Netlist and Google filed a joint stipulation to stay this case pending resolution of the reexamination, which the Court entered on January 25, 2011.  Dkts. 66, 68.  On February 25, 2011, the U.S. Patent & Trademark Office ("PTO") merged Google's request for reexamination with two other requests filed by Inphi Corporation and SMART Modular Technologies.  The reexamination proceedings and appeal lasted nearly a decade.  On June 15, 2020, the Federal Circuit summarily affirmed the validity of the '912 patent.

Following the appeal, the PTO issued a reexamination certificate for the '912 patent on February 8, 2021.  Dkt. 102.  On February 16, 2021, the parties jointly notified this Court that the reexamination proceedings concluded.  Dkt. 110.  On March 11, 2021, the Court held a case management conference and issued a scheduling order for the case.

---

[1]  The parties recognize the Standing Order's directive that the Joint Case Management Statement should generally not exceed ten pages.  Google declined to use a proposed shorter version of this filing in order to comply with this rule, and indicated that if Netlist did not agree it would seek to file a statement unilaterally.

On June 18, 2021, Netlist served its amended Patent Local Rule 3-1 infringement contentions.  On July 30, 2021, the parties filed their respective summary judgment motions on absolute intervening rights (Dkts. 154-4, 156) and Google filed its motion to strike claim 16 (Dkt. 152-4).  On September 3, 2021, the Court stayed the case on all discovery not related to intervening rights.  Dkt. 192.  On September 17, 2021, Google filed its motion to amend its answer and counterclaims.  Dkt. 205-4.  The Court held a hearing on the three motions on March 3, 2022 and issued its orders on all three motions on May 5, 2022.  Dkt. 258.

On May 5, 2022, the Court issued an order (Dkt. 258): (1) denying Google's Motion to Strike Netlist's New Assertion of Claim 16 and New Dates for Priority and Conception that Were Not in Its Original Patent Local Rule 3-1 Disclosures (Dkt. 153) with respect to the assertion of claim 16, and granting the Motion with respect to the revised priority and conception dates set forth in Netlist's amended disclosures; (2) denying Google's Motion for Summary Judgment on the Issue of Absolute Intervening Rights (Dkt. 155) with respect to claim 16 only, but ruling that absolute intervening rights applied to the remaining asserted claims for the period before the issuance of the re-reexamination certificate; (3) granting Netlist's Motion for Partial Summary Judgment on Google's Intervening Rights Defense for Claim 16, Dkt. 156; and (4) granting Google's Motion to Amend Answer and Counterclaims, Dkt. 206.

On May 17, 2022, Netlist filed a Notice of Motion and Motion for Leave to Amend Infringement Contentions (Dkt. 269) (the "Motion to Amend").  Netlist's Motion to Amend is fully briefed, and the hearing on Netlist's Motion is currently set for June 23, 2022 at 1:30 PM.

On June 3, 2022, Google filed a Notice of Motion and Motion to Stay (Dkt. 292) ("Motion to Stay").  Netlist filed its opposition to Google's Motion to Stay on June 15, 2022.  Dkt. 301.

The parties stipulated that the briefing schedule as to Google's Motion to Stay should be expedited and completed by June 21, 2022.  Dkt. 294.  The parties also jointly moved this Court to schedule a hearing on Google's Motion to Stay, Netlist's Motion to Amend, and case management conference together on either June 23, 2022 or June 30, 2022, whichever is more convenient to the Court.  Dkt. 294.  The Court has not ruled on the parties' request.

1    ***Netlist's Statement.***  This stipulation only occurred after Google originally stated that the

2    case management conference needed to shift to accommodate Google's motion to stay.

3    **III.    LEGAL ISSUES**

4    ***Netlist's Statement***

5    Netlist's claims for infringement arising under 35 U.S.C. § 271.

6    Netlist's claims that Google's infringement of the '912 patent is willful and deliberate.

7    Netlist's claims for damages adequate to compensate Netlist for Google's infringement of

8    the '912 patent.

9    Netlist's claims that the Court should preliminarily and permanently enjoin Google from

10    engaging any acts of infringement of any of the claims of the '912 Patent.

11    Netlist seeks enhanced damages for willfulness and attorneys' fees.

12    Netlist disputes all of Google's counterclaims and defenses.

13    ***Google's Statement***

14    Google disputes that it has infringed any asserted claims of the '912 patent.

15    Google's counterclaims for declaratory judgment of non-infringement of Netlist's asserted

16    claims of the '912 patent.

17    Google disputes that Netlist is owed any damages and asserts that any damages owed are

18    limited under 35 U.S.C. §§ 286, 287, and 288, as well as Netlist's reasonable and non-discriminatory

19    ("RAND") obligations arising from its commitments to the JEDEC organization.

20    Google invalidity defenses and counterclaims arise under 35 U.S.C. § 100 *et seq.*

21    Google's defense of intervening rights arises under 35 U.S.C. §§ 252 and 316 (pre-AIA).

22    Google's defenses of waiver, estoppel, unclean hands, licensing, and inequitable conduct

23    arise under common law.

24    Google's counterclaims for fraud, deceit, concealment, negligent misrepresentation, and

25    breach of contract arise under common law.

26    Google's counterclaim for unfair competition arises under the California Business and

27    Professional Code § 17200 *et seq.*

28

Google contends that this case is exceptional against Netlist and seeks reasonable attorneys' fees under 35 U.S.C. § 285.

## IV.    PENDING MOTIONS

The following motions are currently pending before the Court:

- Netlist's motion for leave to amend ("Motion to Amend") its infringement contentions. Dkts. 268-3, 288, 293.  Netlist's Motion to Amend is fully briefed and noticed for a hearing on June 23, 2022.

- Google's motion to stay pending litigation.  Dkt. 291-4.  Google's motion to stay pending litigation will be fully briefed by June 21, 2022 and is currently noticed for a hearing on July 14, 2022.

- The parties' joint stipulation regarding expedited briefing for Google's motion to stay and rescheduling CMC and hearing date for Netlist's motion for leave to amend its infringement contentions to be heard together on either June 23, 2022 or June 30, 2022.  Dkt. 294.  The Court has not ruled on the parties' request.

There also are various administrative motions to file under seal pending before the Court. Dkts. 284, 287, 290, 297, 298, 299.

## V.    AMENDMENTS TO PLEADINGS

**Netlist's Statement.**  At Google's request, Judge Armstrong stayed all discovery except for intervening rights discovery.  Dkt. 192.  Netlist reserves the right to seek leave to amend its pleadings based on additional facts uncovered through discovery.

**Google's Statement.**  The Court granted Google's motion to amend its answer and counterclaims in its May 5, 2022 Order.  Dkt. 258 at 44.

## VI.    EVIDENCE PRESERVATION

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  The parties are in negotiations to finalize an ESI Order to be submitted with the Court.

## VII.  DISCLOSURES

The parties made the initial disclosures on March 10, 2010 and March 26, 2010, respectively. After this case reopened, the parties exchanged amended initial disclosures on June 28, 2021 and June 29, 2021, respectively.  The parties will further supplement their disclosures to the extent additional information comes to light.

## VIII.  DISCOVERY

### A.  Discovery Produced to Date

Netlist has propounded  interrogatories, requests for production of documents, and  requests for admissions and produced over 12,000 pages of documents in discovery thus far.

Google has propounded interrogatories, requests for production of documents, and no requests for admissions and produced about 30,000 pages of documents in discovery thus far.

*Netlist Statement.* Most of this production is the voluminous and detailed reexamination records that span more than a decade, as well as redundant information about a very small number of products.  There has been very limited technical discovery produced since the re-initiation of the case.

### B.  Anticipated Future Discovery

To the extent the case is not stayed, both parties anticipate seeking additional discovery in accordance with the forthcoming case schedule to be set by the Court.

To the extent any discovery disputes arise, the parties will raise those disputes with Magistrate Judge Spero in accordance with the Superseding Notice of Reference and Order re Discovery Procedures (Dkt. 118).

## IX.  RELATED CASES

*Netlist's Statement.*  There is no related case currently pending before this Court.

On October 14, 2021, Judge Scarsi in the Central District of California entered a summary judgment order finding that Netlist properly terminated a Joint Development and License Agreement between Netlist and Samsung Electronics., Ltd. ("SEC") after SEC materially breached the JDLA.  Dkt. 216-1 at 20–21.  SEC and its affiliated company, Samsung Semiconductor, Inc. ("SSI") then rushed to file a declaratory judgement action in Delaware *the day after* Judge Scarsi's

unfavorable decision, based on the four patents: U.S. Pat. Nos. 10,217,523, 10,474,595, 9,858,218, and 7,619,912 ("Delaware DJ Patents").  Dkt. 301-3 at 2 (docket sheet for *Samsung Elec. Ltd. v. Netlist, Inc.*, No. 21-cv-1453 (D. Del.) ("Delaware Action")).  Netlist moved to dismiss the Delaware Action on the basis that there was/is no live case and controversy between the parties as to the Delaware DJ Patents, and that the suit was brought to improperly interfere with the jurisdiction of Judge Scarsi and with a case involving the '912 patent that has been pending for nearly 13 years before this Court.  Further, *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014) required Samsung, if it has a cognizable legal interest to defend, to appear before this Court.  Judge Andrews in Delaware has not agreed to hear any of Samsung's claims.

Google's claim below that the instant law suit is related to Central District of California lawsuit involving SEC and Netlist overseen by Judge Scarsi is, to put it mildly, incoherent.  When the parties cross-motions for summary judgment were pending and before this Court took on the case, Netlist proposed a transfer to the Central District.  Dkt. 224.  Google violently opposed, contending that its claims had no connection to the Central District, and content with the indefinite stay pending the resolution of the parties cross motions.  Dkt. 192.

The *inter partes* review petition has not been instituted, and its filing is violation of the statutory estoppel that attached upon affirmance of the validity of the patent by the Federal Circuit, among other reasons because Samsung modules, which Google uses in part, employ Inphi controller chips and Inphi was selected by the joint defense group to serve as the challenger of claim 16.  This is discussed at length in Netlist's opposition to Google's motion to stay (Dkt. 301).

***Google's Statement.***  Google has moved for a stay pending the litigation in the District of Delaware between Samsung Electronics Co., Ltd. ("Samsung") and Netlist in *Samsung Elecs. Co., Ltd. v. Netlist, Inc.*, Case No. 21-cv-01453, where Samsung is seeking declaratory judgment of non-infringement of the '912 patent, among other things.  Samsung has also filed a petition for *inter partes* review of the '912 patent with the PTO (IPR2022-00615) and appealed to the Ninth Circuit the order by Judge Scarsi granting summary judgment that Netlist had properly terminated the Joint Development and Licensing Agreement between Netlist and Samsung.  *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, No. 22-55209 (9th Cir.).

**X.      SETTLEMENT AND ADR**

Pursuant to Civil L.R. 16-8 and ADR L.R. 3-5, the parties have stipulated to participate in mediation and are currently discussing the appropriate timing of an ADR status conference.

The parties are working to schedule a time that the mediator, Google, and Netlist can jointly discuss the schedule and structure of mediation.

**XI.     CONSENT TO A MAGISTRATE**

The parties do not consent to a magistrate judge for all purposes of this matter.

**XII.    OTHER REFERENCES**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XIII.   NARROWING OF ISSUES**

***Netlist's Statement.***  As discussed in Netlist's opposition to the motion to stay,  Judge Armstrong stayed all discovery except for intervening rights discovery.  Dkt. 192.  As a result, the scope of Google's liability for infringement is at present unclear.  Netlist, in order to expedite the case, provided infringement contentions identifying what standardized product designs satisfy the 64 asserted claims in the '912 patent.  Because of the limited nature of discovery, Google only provided discovery on the standardized products it decided were: (i) within the scope of the contentions as it interpreted them in a manner that was undisclosed to Netlist; and (ii) that were in use before the reexamination certificate issued and which therefore implicated absolute intervening rights.  Moreover, the '912 patent is not limited by its language to standard compliant products.  And Google does not publicly disclose its memory module designs.  As a result, discovery will need to occur on, among other things, standardized modules introduced by Google for the first time after the issuance of the re-examination certificate; and non-standardized modules used by Google for which it has not provided any disclosures based on Judge Armstrong's order staying discovery except on intervening rights.  Netlist understands that if Google will not provide this information voluntarily Netlist will need to seek relief from Magistrate Judge Spero, and that a CMC statement is not a vehicle for a motion to compel.

***Google's Statement.***  After the Court's May 5, 2022 Order, the only remaining asserted claim in the case is claim 16.  Dkt. 258 at 44.  As described above, Google has moved to stay pending resolution of litigation between Samsung and Netlist in the District of Delaware, where Samsung is seeking a declaratory judgment of non-infringement of the asserted patent for its own products, which are at issue here.  *See supra*, § IX; Dkt. 291-4.  Only accused products supplied by Samsung remain in the case, as explained in Google's motion to stay.  Dkt. 290-4 at 1.  Contrary to Netlist's allegations, the Court has already determined that Google "need not address products not presently at issue," i.e., any modules outside of the five categories of 4-rank DIMMs, and has not otherwise "withheld pertinent discovery."  Dkt. 258 at 36, 39.

## XIV.   EXPEDITED TRIAL PROCEDURE

The parties do not believe this case is suitable for expedited trial procedure pursuant to the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XV.   SCHEDULING

The parties propose the following, respective case schedules.

### Netlist Statement

1.       Netlist's Scheduling Proposal

Netlist respectfully requests an expedited trial schedule, with trial approximately eight months from the upcoming June 23, 2022 case management conference.  The Federal Circuit summarily affirmed the validity of the '912 patent on June 15, 2020.  The re-examination certificate in this case issued on February 8, 2021.  Google has more than sufficient time to prepare its defenses.

Netlist recognizes that it is the practice of the Court to only schedule through claim construction, but given the unique nature of this case and the fact that Google has not identified any additional claim construction that is necessary beyond that which occurred in the Court's intervening rights decisions, Netlist respectfully submits it is appropriate to adopt a full schedule at the time.

Netlist believes that no further claim construction is required in light of the Court's May 5, 2022 order on intervening rights and the parties' previously agreed-to constructions.  Dkt. 45 (Joint Claim Construction and Prehearing Statement Under Patent Local Rule 4-3), Ex. A.

On June 6, 2022, Netlist asked Google whether there were any outstanding claim construction issues that needed to be resolved by this Court before trial: "Can you let us know what claim terms you believe need to be construed in the 912 patent." Google declined to identify any terms, instead bizarrely announcing that Google may have some terms it wanted construed but not listing what those were:

> Your follow-up email asks for our positions on claim construction. Claim construction issues will almost certainly be addressed in the Samsung action, and thus it would be wasteful—and lead to potentially conflicting rulings—to engage in that process here in parallel.

Google's inability to identify any claim terms that actually needed to be construed is unsurprising. During the briefing on intervening rights, it made a point of arguing to the Court that no construction of the claim language in the patent was necessary. Dkt. 208 at 13 ("The Court should reject [Netlist's argument that additional claim construction is needed to resolve intervening rights issue] because the parties already submitted agreed-upon *Phillips* constructions for the original claims of the '912 Patent, including the logic element, register, and PLL limitations."). In advance of the Court's ruling on the intervening rights motion, Netlist believed that additional construction needed to occur. However, in light of the Court's ruling, it is clear the parties can proceed.

At 5PM PT, June 16, 2022, a few hours before this statement was due and after seeing the above briefing, Google suddenly announced that it has found a "term" that needed to be construed:

> At this time, Google anticipates seeking construction of at least the limitation "wherein the command signal is transmitted to only one DDR memory device at a time," which was not previously asserted, much less proposed for construction by either party prior to the stay. Dkts. 45-1, 45-2.

This 11the hour change of position is to be viewed with an extremely jaundiced eye. The parties have agreed to the construction of essentially all of the terms in this claim, including key terms such as "signal," "rank," and "command signal." The Federal Circuit is clear that simply because a party announces it seeks additional construction of a term does not mean it is entitled to this construction. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362-63 (Fed. Cir. 2008) ("[D]istrict courts are not (and should not be) required to construe *every* limitation present in a

1  patent's asserted claims.") (quotation omitted).  At any rate, there is more than sufficient space in

2  the schedule for Google to submit a brief explaining why additional claim construction beyond what

3  has already occurred is necessary.

4          As a result, a prompt trial in this matter can occur.

5          Netlist hereby proposes the case management schedule as follows:

| Event | Netlist's Proposed Deadline |
|---|---|
| Defendant's Amended Invalidity Contentions<br><br>Defendant's update outstanding discovery responses to include modules introduced or used since the grant of the '912 patent reexamination certificate. | July 7, 2022 |
| Plaintiff's Damages Contentions | August 4, 2022 |
| Defendant's Responsive Damages Contentions | September 1, 2022 |
| Non-expert discovery will be completed | November 17, 2022 |
| Designation of experts in accordance with Fed. R. Civ. P. 26(a)(2) | December 1, 2022 |
| Designation of supplemental and rebuttal experts in accordance with Fed. R. Civ. P. 26(a)(2) | December 29, 2022 |
| Discovery of expert witness will be completed | January 5, 2023 |
| Pretrial motions will be filed | January 12, 2023 |
| All pretrial motions will be heard | February 16, 2023 |
| Pretrial Conference | February 22, 2023 |
| Trial date | March 6, 2023 |

          2.      Update of Discovery Responses

          Google does not publicly disclose the design of the memory modules it employs in its business.  As a result, all that Netlist can do is to identify the standardized memory module designs that are covered by the claims of the '912 patent.  To date, Google has only purported to provide

discovery on what products it decides are standards compliant and therefore within the scope of the infringement contentions.  In order to address this asymmetry in information, the discovery requests served on Google asked for information on products based on the limitations of the claims.  *See* Dkt. 301-10 (Netlist's interrogatories defining the term "Memory Module" as "a printed circuit board which is connectable to a computer system, with a plurality of double-data-rate ('DDR') memory devices, and at least one circuit that sends a clock signal").  The language of the '912 patent claims makes no reference to JEDEC and is not limited to standardized products.  Google never had to provide the information called for by Netlist's discovery requests because Judge Armstrong stayed non-intervening rights discovery.  Dkt. 192.  In the Northern District of California, patent holders are entitled to discovery to understand the full potential scope of infringement.  *In re MSTG, Inc.*, 675 F.3d 1337, 1346 (Fed. Cir. 2012) ("In general, the Federal Rules of Civil Procedure promote a 'broad and liberal policy' of discovery 'for the parties to obtain the fullest possible knowledge of the issues and facts before trial.'") (quoting *Hickman v. Taylor*, 329 U.S. 495 (1947)). This should be an uncontroversial point, in the last CMC statement, Google conceded that fact discovery needed to re-open, proposing that "Fact Discovery Opens" "+7 days" "after court issues orders on pending motions" which at that time were motions on intervening rights, strike, and amendment of the pleadings.  Dkt. 245-02 at 22.  Contrary to Google's suggestion below, the updating does not apply to "every module" that Google uses.  The discovery served is directed at features present in the asserted patent that are also present in Google's products.

Google's position on the schedule for this case, which seeks to delay the case yet again while the Court decides Google's most recent "case dispositive" motion is not serious.  In the last case management conference Google proposed that the case start 28 days after the Court's ruling on its motion for intervening rights.  Below is the schedule Google proposed at the last CMC:

| Event | Proposed Deadline |
|---|---|
| Case Management Conference | 21 days after Court issues orders on pending motions |
| Fact Discovery Opens | + 7 days |

Dkt. 245-02 at 22.  Now Google proposes that the case start 28 days after the Court's ruling on the motion for stay.  After that motion Google will come up with some other reason to delay the progress of the case.  After 13 years this case needs to progress.

**Google's Statement.**

If the Court denies Google's motion to stay, Google proposes that the Court set deadlines up to the *Markman* hearing, in accordance with the Court's practice in prior patent cases and guidance during the February 10, 2022 CMC hearing.  Accordingly, Google proposes the following case schedule that generally conforms with the cadence of events in the Patent Local Rules and is keyed off of the date the Court issues its order on Google's motion to stay:

| Event | Proposed Deadline |
|---|---|
| Google Serves Invalidity Contentions | + 28 days after Court issues order on Google's motion to stay |
| Parties Exchange Claim Terms for Construction | + 14 days |
| Parties Exchange Preliminary Constructions and Extrinsic Evidence | + 21 days |
| Netlist Serves Damages Contentions | + 14 days |
| Parties Submit Joint Claim Construction and Prehearing Statements | + 7 days |
| Google Serves Responsive Damages Contentions | + 21 days |
| End of Claim Construction Discovery | + 7 days |
| Opening Claim Construction Briefs | + 14 days |
| Responsive Claim Construction Briefs | + 14 days |
| Reply Claim Construction Briefs | + 7 days |
| Tutorial and Markman Hearing | + 28 days or at the convenience of the Court's calendar |

Contrary to Netlist's allegations above, Google never represented that further claim construction is unnecessary, just that claim construction was not necessary to resolve the issue of

intervening rights.  The Court's May 2022 orders on intervening rights and claim 16, and Netlist's recent, proposed amendments to its infringement contentions, which assert new theories for new products, may impact the construction of newly-asserted claim 16.[2]  Dkt. 288 at 3.  Netlist's contention conflicts with the proposed case schedules that both parties made just a few months earlier that claim construction *was* necessary—that has not changed for Google.  Dkt. 236-3 at 17, 20.

Google's proposed case schedule accounts for the realities of the case at this point in time, such as the subsequent motions filed by the parties since the Court's Order (Dkt. 258), including Netlist's motion for leave to amend its infringement contentions (Dkt. 268-3) and Google's motion to stay pending another litigation (Dkt. 290-4), whose outcome may be case-dispositive here.  To the extent the Court denies Google's motion to stay, 28 days will be sufficient for Google to meet its Patent Local Rule 3-3 and 3-4 deadlines.

In contrast, Netlist's expedited trial schedule is unworkable and does not take into account all the additional discovery needed to be taken due to Google's additional affirmative defenses and counterclaims that the Court allowed into the case (Dkt. 258 at 44; Dkt. 263-3) and the affirmative defenses Netlist asserted in response to Google's counterclaims (Dkt. 283).  Netlist's request that Google "update outstanding discovery responses to include modules introduced or used since the grant of the '912 patent reexamination certificate" by July 7 is premature and potentially wasteful in light of the pending decisions on Netlist's Motion to Amend and Google's Motion to Stay, and overly broad and unduly burdensome, as it seeks *all* modules and is untethered to the scope of accused products in the case.

## XVI.   TRIAL

***Netlist's Statement.***  This case will be tried before a jury.  Netlist respectfully requests that the court set a trial date a year from this Court's decision on the parties' summary judgment motions.  Netlist expects that the trial will last for five days, inclusive of opening and closing.

---

[2] At this time, Google anticipates seeking construction of at least the limitation "wherein the command signal is transmitted to only one DDR memory device at a time," which was not previously asserted, much less proposed for construction by either party prior to the stay.  Dkts. 45-1, 45-2.

1       ***Google's Statement.***  Google requests that this case be tried to a jury.  It is unclear at this

2   time what issues will remain to be tried before a jury based on, among other things, the Samsung

3   litigation in the District of Delaware, Samsung's Ninth Circuit appeal, and Samsung's *inter partes*

4   review of the asserted patent.  In light of the uncertainty, Google estimates that the trial will last

5   between five to ten days.

6   **XVII.  DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES**

7       The parties have filed their Certifications of Interested Entities or Persons required by Civil

8   Local Rule 3-15.  Dkts. 2, 90.  The parties certify that, other than the named parties and their

9   shareholders, there are no other interested persons or entities to report.

10  **XVIII. PROFESSIONAL CONDUCT**

11      All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct

12  for the Northern District of California.

13

14  Dated: June 17, 2022                         Respectfully submitted,

15                                      QUINN EMANUEL URQUHART & SULLIVAN,

16                                      LLP

17                                      By:____/s/ *Jonathan Tse*_____

                                    David Perlson (CA Bar No. 209502)

18                                      davidperlson@quinnemanuel.com

19                                      Jonathan Tse (CA Bar No. 305468)

                                    jonathantse@quinnemanuel.com

20                                      50 California Street, 22nd Floor

21                                      San Francisco, CA 94111

                                    Telephone: (415) 875-6600

22                                      Facsimile: (415) 875-6700

23                                      Jared Newton (admitted *pro hac vice*)

                                    jarednewton@quinnemanuel.com

24                                      Deepa Acharya (CA Bar No. 267654)

                                    deepaacharya@quinnemanuel.com

25                                      Sandy Shen (admitted *pro hac vice*)

                                    sandyshen@quinnemanuel.com

26                                      1300 I Street NW, Suite 900

27                                      Washington, D.C. 20005

                                    Telephone: (202) 538-8000

28                                      Facsimile: (202) 538-8100

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000 Tel.
(650) 801-5100 Fax

*Attorneys for Defendant Google LLC*

DATED: June 17, 2022                    Respectfully submitted,
                                        IRELL & MANELLA LLP


By __/s/ *Jason G. Sheasby*_____
   Jason G. Sheasby
   *Attorney for Plaintiff*
   Netlist, Inc.