QUINN EMANUEL URQUHART & SULLIVAN, LLP
David A. Perlson (CA Bar No. 209502)
davidperlson@quinnemanuel.com
Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jared Newton (admitted *pro hac vice*)
jarednewton@quinnemanuel.com
Deepa Acharya (CA Bar No. 267654)
deepaacharya@quinnemanuel.com
Sandy Shen (admitted *pro hac vice*)
sandyshen@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>        v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 3:09-CV-05718-RS<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO STAY** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Google LLC ("Google") respectfully seeks to seal certain portions Google's Reply in Support of its Motion to Stay ("Motion") and an exhibit, which contains non-public, sensitive, confidential, and proprietary business and third party information that could affect Google's competitive standing and may expose Google to increased security risks if publicly disclosed. This information is highly confidential and should be protected.

This Administrative Motion pertains to the following information contained in Motion and exhibit:

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Google's Reply in Support of its Motion to Stay | Portions Highlighted in Blue at: 1:10-11, 1:18-19, 2:21-22, 2:27, 3:3, 3;8, 3:10-14, 3:20-21, 3:25-27, 4:5, 4:23-25, 5:3-6, 5:8, 5:10, 5:12-14, 5:17, 5:19-20, 5:24-26, 9:24, 10:1 | Google |
| Exhibit 7 (GNLP-00021608) | Portions at: Entirety | Google |

## II. LEGAL STANDARD

A party seeking to seal material must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

In the context of dispositive motions, materials may be sealed in the Ninth Circuit upon a showing that there are "compelling reasons" to seal the information. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). However, a party seeking to seal information in a non-dispositive motion must show only "good cause." *Id.* at 1179-80. The rationale for the lower standard with respect to non-dispositive motions is that "the public has less of a need for access to court records attached only to non-dispositive motions because these documents are often unrelated, or only tangentially related, to the underlying cause of action" and that as a result "[t]he public

policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana*, 447 F.3d at 1179; *see also TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) ("Records attached to non-dispositive motions are not subject to the strong presumption of access.") (citation omitted). Under the "good cause" standard, courts will seal statements reporting on a company's users, sales, investments, or other information that is ordinarily kept secret for competitive purposes. *See Hanginout, Inc. v. Google, Inc.*, 2014 WL 1234499, at *1 (S.D. Cal. Mar. 24, 2014); *Nitride Semiconductors Co. v. RayVio Corp.*, 2018 WL 10701873, at *1 (N.D. Cal. Aug. 1, 2018) (granting motion to seal "[c]onfidential and proprietary information regarding [Defendant]'s products" under "good cause" standard).

### III.   THE ABOVE IDENTIFIED MATERIALS SHOULD ALL BE SEALED

Courts have repeatedly found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589-99 (1978). Good cause to seal is shown when a party seeks to seal materials that "contain[] confidential information about the operation of [the party's] products and that public disclosure could harm [the party] by disclosing confidential technical information." *Digital Reg. of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014). Materials that could harm a litigant's competitive standing may be sealed even under the "compelling reasons" standard. *See, e.g.*, *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (information "is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage") (citation omitted). Courts in this district have also determined that motions to seal may be granted as to potential trade secrets. *See, e.g.*, *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (rejecting argument against sealing "that [the party] ha[s] not shown that the substance of the information . . . amounts to a trade secret").

Here, the Motion and exhibit comprises confidential and proprietary information regarding Google's internal servers and components thereof that Google does not share publicly. Specifically, this information provides specific details related to the various memory modules in those servers that

Google uses internally as well as information related to third parties for which Google is under an obligation to protect. Such information reveals Google's internal strategies, system designs, and business practices for operating and maintaining many of its important services.

Public disclosure of the above-listed information would harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors, allowing them to alter their own plans for product development and/or commercialization, time strategic litigation, focus their patent prosecution strategies, or otherwise unfairly compete with Google. That alone is a proper basis to seal such information. *See, e.g.*, *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, Dkt. No. 192, at 3-9 (N.D. Cal. May 3, 2017) (granting Google's motion to seal certain sensitive business information related to Google's processes and policies to ensure the integrity and security of a different advertising system); *Huawei Techs., Co. v. Samsung Elecs. Co.*, No. 3:16-cv-02787-WHO, Dkt. No. 446, at 19 (N.D. Cal. Jan. 30, 2019) (sealing confidential sales data because "disclosure would harm their competitive standing by giving competitors insight they do not have"); *Trotsky v. Travelers Indem. Co.*, 2013 WL 12116153, at *8 (W.D. Wash. May 8, 2013) (granting motion to seal as to "internal research results that disclose statistical coding that is not publically available").

Moreover, if publicly disclosed, malicious actors may use such information to seek to compromise Google's internal servers and components thereof. Google would be placed at an increased risk of cyber security threats. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing "material concern[ing] how users' interactions with the Gmail system affects how messages are transmitted" because if made public, it "could lead to a breach in the security of the Gmail system"). The security threat is an additional reason for this Court to seal the identified information.

### IV. CONCLUSION

For the foregoing reasons, the Court should seal the identified portions of the Motion and exhibit.

1

2  DATED: June 21, 2022                         QUINN EMANUEL URQUHART &
                                                SULLIVAN, LLP
3
                                                By      */s/ Jonathan Tse*
4                                                  David Perlson (CA Bar No. 209502)
                                                   davidperlson@quinnemanuel.com
5                                                  Jonathan Tse (CA Bar No. 305468)
                                                   jonathantse@quinnemanuel.com
6                                                  50 California Street, 22nd Floor
                                                   San Francisco, CA 94111
7                                                  Telephone: (415) 875-6600
                                                   Facsimile: (415) 875-6700
8

9                                                  Jared Newton (admitted *pro hac vice*)
                                                   jarednewton@quinnemanuel.com
10                                                 Sandy Shen (admitted *pro hac vice*)
                                                   sandyshen@quinnemanuel.com
11                                                 1300 I Street NW, Suite 900
                                                   Washington, D.C. 20005
12                                                 Telephone: (202) 538-8000
                                                   Facsimile: (202) 538-8100
13

14                                                 Catlin Williams (CA Bar No. 336464)
                                                   catwilliams@quinnemanuel.com
15                                                 555 Twin Dolphin Drive, 5th Floor
                                                   Redwood Shores, CA 94065
16                                                 (650) 801-5000 Tel.
                                                   (650) 801-5100 Fax
17

18                                                 *Attorneys for Defendant Google LLC*

19

20

21

22

23

24

25

26

27

28

-4-                                        Case No. 3:09-CV-05718-RS
ADMINISTRATIVE MOTION TO SEAL GOOGLE'S REPLY ISO ITS MOTION TO STAY