QUINN EMANUEL URQUHART & SULLIVAN, LLP
David A. Perlson (CA Bar No. 209502)
davidperlson@quinnemanuel.com
Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jared Newton (admitted *pro hac vice*)
jarednewton@quinnemanuel.com
Deepa Acharya (CA Bar No. 267654)
deepaacharya@quinnemanuel.com
Sandy Shen (admitted *pro hac vice*)
sandyshen@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 3:09-CV-05718-RS <br><br> **DECLARATION OF JONATHAN TSE IN SUPPORT OF NETLIST INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 300)** <br><br> Judge:  Hon. Richard Seeborg |

1  I, Jonathan Tse, declare as follows:

2  1.  I am a member of the bar of the State of California and an attorney with Quinn
3  Emanuel Urquhart & Sullivan, LLP, counsel for Defendant Google LLC ("Google") in this action.
4  I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a
5  witness, I could and would testify competently thereto.

6  2.  Pursuant to Civil Local Rule 79-5, I submit this declaration in support of Netlist's
7  Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 300).
8  In making this request, Google has carefully considered the relevant legal standard and policy
9  considerations outlined in Civil Local Rule 79-5. Google makes this request with the good faith
10 belief that the information sought to be sealed consists of confidential and proprietary business and
11 third party information and that public disclosure could cause competitive harm.

12 3.  Google respectfully requests that the Court seal the following information:

| Document/Exhibit | Portions Google Seek To File Under Seal | Note |
|---|---|---|
| Netlist's Opposition to Google's Motion to Stay | Redacted portions i:14-15, 2:4, 4:2, 4:23-26; 5:1-11, 6:13-16, 6:19, 6:18-22, 7:9, 7:14-16, 7:18-28, 8:1-2, 8:4-6, 9:1; 10:10-14, 10:26-28; 11:3-6, 11:8-9, 11:17-18, 11:21, 12:7-10, 12:12, 17:16-17, 20:16, and 21:12-14. | |
| Exhibit 5 (Google's Third Supplemental Objections and Responses to Plaintiff Netlist, Inc.'s Interrogatory No. 3) | Redacted portions at 33:23-27, 34:8-11, 34:19-21; 35:1-3, 35:5-26, 36:1-3, 36:5-19, 37:3-5, 37:7-24, 37:36, 38:1-14, 60:23-27, 61:8-11, 61:19-21, 62:1-3, 62:5-26, 63:8-10, 63:13-25, 64:1-16, 66:15-18, 66:19-27, 67:1-4, 67:11-14, 67:15-26, 68:17-25, 69:1, 69:3-24, 69:26-28, 70:1-7, 70:13-16, 70:21-24, 71:6-13, 71:15-17, 71:22-28, 72:1-2, 72:4-25, 72:27, 73:1-4, 73:5, 73:7-18, 73:21, 73:22, 73:24-27, 74:1, 74:3-14, 74:16-28, 75:1-6, 75:8, 75:9, 75:11- | This Court has previously allowed the redacted portions at 33:23-27, 34:8-11, 34:19-21; 35:1-3, 35:5-26, 36:1-3, 36:5-19, 37:3-5, 37:7-24, 37:36, 38:1-14, 60:23-27, 61:8-11, 61:19-21, 62:1-3, 62:5-26, 63:8-10, 63:13-25, 64:1-16, 66:15-18, 66:19-27, 67:1-4, 67:11-14, 67:15-26, 68:17-25, 69:1, 69:3-24, 69:26-28, 70:1-7, 70:13-16, 70:21-24, 71:6-13, 71:15-17, 71:22-28, 72:1-2, 72:4-25, 72:27, 73:1-4, 73:5, 73:7-18, 73:21, 73:22, 73:24-27, 74:1, 74:3-14, 74:16-28, 75:1-6, 75:8, 75:9, 75:11-18, 75:21, 80:9- |

|  | 18, 75:21, 80:9-11, 81:1-2, 82:1-17, 82:26-28, 83:4-9, and 83:11. | 11, and 81:1-2 to be sealed. Dkt. 276.  This Court has further allowed the remaining redacted portions at 82:1-17, 82:26-28, 83:4-9, and 83:11 to be sealed. Dkt. 306. |
|---|---|---|
| Exhibit 6 | Entirety |  |
| Exhibit 9 | Redacted portions at pg. 1, 2, and 4 |  |
| Exhibit 10 (Google's Supplemental Objections and Responses to Plaintiff Netlist, Inc.'s Interrogatory Nos. 1 and 2) | Redaction portions at 10:5-11, 11:4-5, 11:14-27, 12:1-4, 15:20-27, 16:21-22, and 17:3-11. | This Court has previous allowed identical information to be sealed. Dkts. 276, 306. |
| Exhibit 15 | Entirety |  |
| Exhibit 16 | Entirety |  |

In making these requests, Google carefully considered this Court's prior rulings in Dkts. 271, 272, 273, 274, 275, and 276.

4. The information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's internal servers and components thereof, including details related to purchase and/or use of the various memory modules in those servers that Google uses internally and information related to third parties for which Google is under an obligation to protect, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors.

5. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining its internal servers and information related to third parties for which Google is under an obligation to protect and falls within the protected scope of the Protective Order entered in this action.  *See* Dkt. 47 at 3, 5.

6. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their own plans for product development

and/or commercialization, time strategic litigation, focus their patent prosecution strategies, or otherwise unfairly compete with Google. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's servers and components thereof.

      I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed in San Francisco, California on June 22, 2022.

DATED: June 22, 2022          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Jonathan Tse*
     Jonathan Tse

*Attorney for Defendant*