# Exhibit 9

| | |
|---|---|
| **From:** | Sheasby, Jason |
| **Sent:** | Saturday, June 11, 2022 9:52 AM |
| **To:** | Jonathan Tse |
| **Cc:** | #Netlist-Google [Int]; QE-NetlistvGoogle |
| **Subject:** | Re: Netlist v. Google - Courtesy Copies of Dkt. 292 |

Jonathan:

Thank you for your email. It does not answer any of the questions we have asked. I will repeat the questions below, which you have oddly omitted from the email chain:

> Has Samsung, [redacted] agreed to indemnify Google as to liability associated with claim 16.
>
> Can you send us copies of the agreements that have indemnification language relevant to claim 16 and any agreements to indemnification with these entities
>
> [redacted]
>
> Have you requested that Samsung, [redacted] agree to appear in the case before Judge Seeborg? Have they declined?
>
> Is Google agreeing to be bound by the infringement and validity determinations made as to Samsung regarding the '912 patent?
>
> Netlist has moved to dismiss Samsung's DJ as to the '912 patent. Is Google conceding there should be no stay if that DJ is dismissed?
>
> Is Google prepared to agree to a transfer of the instant case to Delaware so that one judge can decide all these issues?
>
> Is Samsung willing to be bound by Judge Seeborg's ruling on intervening rights?

As to your questions to us, I will excerpt and then answer:

> "Your email [redacted] Our interrogatory responses—which Netlist has had for months—clearly state that [redacted]. It appears that Netlist is simply ignoring those responses, as it has never come forward with evidence or an explanation to support its assertion that [redacted]. What is your basis for alleging that [redacted] from Samsung [redacted] for the accused products?"

The accused products as to claim 16 are DDR4 DIMMs. Google is obviously taking a narrow and serving view of Netlist's infringement contentions in order to exclude the products that it builds either directly or through vendors. This is the purpose of Google's repeated use of the term "accused." Once again, please answer the question, which did not use the term "accused" in order to prevent Google from continuing to play word games:

1

[REDACTED]

Thanks
JS

---

**From:** Jonathan Tse <jonathantse@quinnemanuel.com>
**Date:** Friday, June 10, 2022 at 10:30 PM
**To:** Jason Sheasby <JSheasby@irell.com>
**Cc:** "#Netlist-Google [Int]" <Netlist-Google@irell.com>, QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com>
**Subject:** RE: Netlist v. Google - Courtesy Copies of Dkt. 292

Counsel,

Thank you for your email. Several of the questions you raise appear unrelated to the issues central to our motion, but we've provided the following responses in an effort to address your concerns and hopefully lead to agreement that this case should be stayed.

Your email asks for agreements with suppliers, but Google has already produced them. In particular, we produced [REDACTED] last year. It is unclear to us why your email refers to [REDACTED], neither of whom manufacture the accused memory modules.

Your email [REDACTED] Our interrogatory responses—which Netlist has had for months—clearly state that [REDACTED]. It appears that Netlist is simply ignoring those responses, as it has never come forward with evidence or an explanation to support its assertion that [REDACTED]. What is your basis for alleging that [REDACTED] from Samsung [REDACTED] for the accused products?

Your email suggests that Samsung [REDACTED] should join this case, or that the case should be transferred to Delaware and consolidated with the Samsung litigation. Those questions are orthogonal to the customer suit doctrine, which promotes judicial economy and reduces the burden on a customer like Google by staying its case. Those benefits would be lost if Google were forced to litigate the same issues in a different setting, especially given the fact that Netlist has no independent basis for liability—and cannot recover double damages—against Google.

Your email asks whether Google concedes there should be no stay if Samsung's declaratory judgment action is dismissed. The answer is no because Samsung is also seeking an appeal of the licensing dispute with Netlist and an IPR against claim 16 of the '912 Patent, either of which has the potential to simplify—if not dispose entirely of—this case.

Your email asks if Samsung is willing to be bound by Judge Seeborg's ruling on intervening rights. That is a question for Samsung.

Your follow-up email asks for our positions on claim construction. Claim construction issues will almost certainly be addressed in the Samsung action, and thus it would be wasteful—and lead to potentially conflicting rulings—to engage in that process here in parallel.

Best,

Jon

**Jonathan Tse**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6426 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jonathantse@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Sheasby, Jason <JSheasby@irell.com>
**Sent:** Monday, June 6, 2022 8:49 PM
**To:** Jonathan Tse <jonathantse@quinnemanuel.com>
**Cc:** #Netlist-Google [Int] <Netlist-Google@irell.com>; QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com>
**Subject:** Re: Netlist v. Google - Courtesy Copies of Dkt. 292

**[EXTERNAL EMAIL from jsheasby@irell.com]**

All.

Can you let us know what claim terms you believe need to be construed in the 912 patent.

We want to understand if a separate claim construction is necessary.

Best
JS

| | |
|---|---|
| **From:** | Sheasby, Jason |
| **Sent:** | Monday, June 6, 2022 5:31 PM |
| **To:** | Jonathan Tse; #Netlist-Google [Int] |
| **Cc:** | QE-NetlistvGoogle |
| **Subject:** | Re: Netlist v. Google - Courtesy Copies of Dkt. 292 |

All:

As we evaluate the motion to stay, please answer the following questions:

(a) Has Samsung,  agreed to indemnify Google as to liability associated with claim 16.

(b) Can you send us copies of the agreements that have indemnification language relevant to claim 16 and any agreements to indemnification with these entities

(c) 

(d) Have you requested that Samsung, ▮▮▮▮▮▮▮▮ agree to appear in the case before Judge Seeborg?  Have they declined?

(e) Is Google agreeing to be bound by the infringement and validity determinations made as to Samsung regarding the '912 patent?

(f) Netlist has moved to dismiss Samsung's DJ as to the '912 patent.  Is Google conceding there should be no stay if that DJ is dismissed?

(g) Is Google prepared to agree to a transfer of the instant case to Delaware so that one judge can decide all these issues?

(h) Is Samsung willing to be bound by Judge Seeborg's ruling on intervening rights?

Please provide answers by Friday.

JS