# Exhibit 2

IRELL & MANELLA LLP
Jason G. Sheasby (CA SBN 205455)
jsheasby@irell.com
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Plaintiff and Counter-Defendant Netlist, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| NETLIST, INC., | Case No. 4:09-cv-05718-SBA |
|---|---|
| Plaintiff, | **PLAINTIFF NETLIST, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT GOOGLE LLC** |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Netlist, Inc. ("Netlist") hereby propounds the requests for production below and requests that Defendant Google LLC ("Google") produce for inspection and copying the following described Documents and things at the offices of Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067, as well as a written response within 30 days.

## **DEFINITIONS**

The definitions below are provided for purposes of responding to the requests for production that follow.

1. "Google," "You," or "Your" refers to Defendant Google LLC, including all past or present divisions, departments, parents, subsidiaries, affiliates, partnerships, joint ventures, predecessors or successors thereof, and all past and present officers, directors, employees, agents, representatives, consultants, managers, partners, or attorneys thereof.

2. "Netlist" refers to Plaintiff Netlist, Inc.

3. "Patent" refers to any United States, international, or foreign classes or types of patents, utility models, design patents, applications (including provisional applications), certificates of invention, reissues, divisionals, continuations, continuations-in-part, extensions, renewals, reexaminations and foreign counterparts thereof. The defined term Patent includes all stated categories of intellectual property regardless of whether those rights are presently expired or were ever adjudged invalid.

4. The term "Asserted Patent" or "'912 Patent" refers to United States Patent No. 7,619,912. Unless otherwise specified, any reference to claims of the Asserted Patent include both its original claims and amended and newly added claims in the patent.

5. The term "Memory Module" refers to a printed circuit board which is connectable to a computer system, with a plurality of double-data-rate ("DDR") memory devices, and at least one circuit that sends a clock signal.

6. "Standard(s)" means any technical standard created, authorized, controlled, and/or developed privately or unilaterally by a corporation, consortium, regulatory body, government, or standards setting organization.

7. "JEDEC" means the JEDEC Solid State Technology Association.

8. "Person" refers to any natural individual; any form of business entity including, but not limited to, any corporation, company, firm, general partnership, limited partnership, limited liability company, joint venture, proprietorship, business association, association, foundation, legal entity; any directors, officers, owners, members, employees, agents, representatives, and attorneys of any of the foregoing; anyone else purporting to act on behalf of any such natural person or business entity; or any government entity, agency, officer, department, or affiliate.

9. "Including" and "include" means including without limitation, whether or not the phrase "without limitation" is explicitly stated.

10. The words "and" and "or" are terms of inclusion and not of exclusion and are to be construed conjunctively or disjunctively as necessary to bring within the scope of these requests for production any information which might otherwise be construed to be outside their scope.

11. The term "any" shall mean "any and all" and the term "all" shall mean "any and all."

12. "Document" means any form of communication or representation, in any language fixed in any tangible medium, including every form of recording letters, words, pictures, sounds, or symbols, or combinations thereof by means such as handwriting, printing, photostatting, photographing, magnetic taping or writing, optically burning or encoding, or any other form of storing, compiling, or mechanically or electrically recording data onto any media including paper, film, plastic, magnetic tape, computer disks, compact discs (CDs), digital video discs (DVDs) and the like. For example, the term "Document" includes without limitation, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, notebooks, lab notebooks, invention disclosures, prospectuses, interoffice, and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meetings, printouts, teletypes, telefax, telefax records, invoices, work sheets, graphic or oral representations of any kind (including without limitation, pictures, photographs, charts, microfiche, microfilm, videotape, audiotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical or electric records or representations

of any kind (including, without limitation, electronic mail or e-mail, Instant Messages, tapes, cassettes, discs, and recordings).

13. Every draft, version, revision or non-identical copy of a "Document," including copies that differ from the original because of hand notation(s), shall be considered a separate "Document," as that term is used herein, but exhibits, appendices and attachments to a "Document" shall be considered part of the "Document" itself.

14. The terms "relate to," "reflecting," "relating to," "concerning," or any variations thereof, shall mean relating to, referring to, concerning, mentioning, reflecting, regarding, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, constituting (in whole or in part), or between (as in the context of communications), as the context makes appropriate.

15. Words appearing in singular form, including defined terms, shall also be construed as plural, and words appearing in plural form, including defined terms, shall also be construed as singular so as to give each discovery request its broadest possible meaning and to bring within the scope of the discovery request all information that otherwise might be construed to be outside its scope.

**INSTRUCTIONS**

16. Each document request (the "Requests") shall operate and be responded to independently and, unless otherwise indicated, no Request limits the scope of any other Request.

17. You shall produce Documents in a form or forms in which they are ordinarily maintained or in a reasonably usable form.

18. In producing the documents and things requested, You are requested to produce all documents and things within Your possession, custody, or control, regardless of whether such documents and things are possessed directly by You or Your agents, employees, affiliates, related companies, subsidiaries, representatives, investigators, contractors, sub-contractors, or attorneys.

19. Where knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your predecessors and/or successors, as well as to information in the possession of Your officers, directors, agents, employees, representatives

1  and, unless privileged, attorneys. Whenever an answer to these Requests contains information
2  which is not based upon Your personal knowledge, state the source and nature of such information.
3      20.    Whenever appropriate, the singular form of a word shall be interpreted in the plural or
4  vice versa; verb tenses shall be interpreted to include past, present, and future tenses, and words
5  imparting the masculine include the feminine and vice versa.
6      21.    The Definitions apply regardless of capitalization.
7      22.    If a Document or thing responsive to any request is not produced on the ground of any
8  privilege or attorney work product immunity, identify the Document or thing and provide a log
9  which separately, for each Document or thing not produced, sets forth: (1) the specific ground(s)
10 for not producing the Document or thing in full; (2) the identity (including the name, address, and
11 title) of the author or creator thereof, each Person to whom or from which a copy of the Document
12 or thing has been sent or received; and any Person who helped in the preparation of the Document
13 or thing; (3) a description of the Document or thing; (4) the date of the Document or thing, or if no
14 date appears thereon, the approximate date; and (5) each and every fact or basis upon which the
15 privilege or ground for refusing to fully identify is asserted, in such detail as would be required for
16 Juniper to test the claim of privilege on a motion to compel.
17     23.    In the event that any Document or thing or portion thereof called for by this set of
18 requests is known to have been lost or destroyed (either as a result of a Document destruction policy
19 or otherwise), provide a written statement setting forth the following information for each such item:
20 (1) the nature of the item (e.g. letter, memorandum, chart, engineering drawing, etc.); (2) the identity
21 of each sender(s), author(s), and recipient(s) of the item whether indicated as such or not on the
22 item; (3) the date that the item was created, or if there is no record of this information, the
23 approximate date; (4) a description of the subject matter of the item; (5) if the item is a Document,
24 the number of pages; (6) information regarding whether any attachments or appendices to the item
25 exist or existed, along with a description of any such attachments or appendices; and (7) the
26 circumstances of the loss or destruction of the item including the date of destruction or loss, the
27 identity of the Person(s) who lost or destroyed the item, and if the item was destroyed, the identity
28 of the Person(s) who authorized the destruction.

1     24.      Defendant expects that the parties will work in good faith to reach a stipulated agreement regarding form(s) of production of Electronically Stored Information for each of these requests under Rule 34(b)(1)(C) of the Federal Rules of Civil Procedure and pursuant to the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"). In the interim period until the parties agree on a stipulation governing the form of production, the Default Standard for Discovery, Including the Guidelines for the Discovery of Electronically Stored Information shall apply.

25.      In producing the Documents requested herein, please produce them in their original file folders, if any, or in lieu thereof, attach to the set of Documents produced from a given file a photostatic or electrostatic duplicate of all written or printed material on the original file folder. In addition, the Documents shall be produced in the same sequence as they are contained or found in the original file folder. The integrity and internal sequence of the requested Documents within each file folder shall not be disturbed. Under no circumstances shall Documents from any file folder be commingled with Documents from any other file folder.

26.      If a copy of a requested Document contains comments, markings, or notations not found on a prior or subsequent version, please consider the copy and any prior or subsequent versions as separate Documents and produce all of them.

27.      If requested Documents are known to have been destroyed, those Documents or class of Documents are to be identified as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all Persons to whom the requested Document was distributed, shown, or explained, date of destruction, Person authorizing destruction, and Persons destroying the Documents.

## **REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

Documents sufficient to fully describe every type of Memory Module that Google has purchased, made, used, installed, operated, sold, or offered to sell in the United States for the period of November 17, 2008 through February 7, 2021, including but not limited to Documents relating

to:

    The category of the Memory Module (e.g., FB DIMM) and the category of the DRAM on the module (e.g., DDR2, DDR 3, DDR 4, DDR 5);

    The design and operation of all memory and/or storage devices and circuit and/or logic elements on the Memory Module;

    The begin and end design dates for the Memory Module;

    The extent the design has changed, how it has changed, and when such change was made;

    The date of first commercial use of the Memory Module;

    To the extent any portion of the Memory Module complies with a JEDEC Standard, identify the relevant portion of the Standard;

    The date(s) of purchase, manufacture, installment, and/or sale of the Memory Module; and

    The suppliers of each of the components in the Memory Module, and the assembler of the Memory Module.

**REQUEST NO. 2:**

Documents sufficient to fully describe every type of Memory Module that Google has purchased, made, used, installed, operated, sold, or offered to sell in the United States as of February 8, 2021 and through the present, including Documents sufficient to fully describe:

    The category of the Memory Module (e.g., FB DIMM) and the category of the DRAM on the module (e.g., DDR2, DDR 3, DDR 4, DDR 5);

    The design and operation of all memory and/or storage devices and circuit and/or logic elements on the Memory Module;

    The begin and end design dates for the Memory Module;

    The extent the design has changed, how it has changed, and when such change was made;

    The date of first commercial use of the Memory Module;

    To the extent a Memory Module complies with a JEDEC Standard, identify the relevant portion of the Standard; and

    The date(s) of purchase, manufacture, installment, and/or sale of the Memory Module.

**REQUEST NO. 3:**

All Documents relating to legal advice you have received regarding the infringement and

patentability of the claims of the '912 Patent (including previous versions of the claims, and proposed amendments of the claims) from the time of the initiation of any reexamination proceeding on the patent through the issuance of the reexamination certificate.

**REQUEST NO. 4:**

Three samples of each Memory Module that Google has purchased, made, used, installed, operated, sold, or offered to sell in the United States for the period of November 17, 2008 through February 7, 2021.

**REQUEST NO. 5:**

Three samples of each Memory Module that Google has purchased, made, used, installed, operated, sold, or offered to sell in the United States as of February 8, 2021 and through the present.

**REQUEST NO. 6:**

All documents and things relied on, considered, or referred to in responding to any interrogatory served by Netlist.

Dated: April 19, 2021  　　　　　　　　　IRELL & MANELLA LLP

　　　　　　　　　　　　　　　　　　　　By: */s/ Jason G. Sheasby*
　　　　　　　　　　　　　　　　　　　　　　Jason G. Sheasby

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff and Counter-Defendant Netlist, Inc.*

# **CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On April 19, 2021, I served the following documents described below:

1. **PLAINTIFF NETLIST, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT GOOGLE LLC**

2. **PLAINTIFF NETLIST, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT GOOGLE LLC**

on counsel of record for Defendant Google LLC

[X] (BY ELECTRONIC MAIL) I caused the foregoing documents to be served electronically by electronically mailing a true and correct copy through Irell & Manella LLP's electronic mail system to the e-mail address(es) of counsel of record and the transmission was reported as complete and no error was reported.

[X] (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows. I placed a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier with fees for overnight delivery paid or provided for.

[X] (BOX DEPOSIT) I deposited such envelopes or packages in a box or other facility regularly maintained by the express service carrier.

Executed on April 19, 2021, at Los Angeles California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Andrew J. Strabone | */s/* Andrew J. Strabone |
| --- | --- |
| (Type or print name) | (Signature) |