QUINN EMANUEL URQUHART & SULLIVAN, LLP
David A. Perlson (CA Bar No. 209502)
davidperlson@quinnemanuel.com
Jonathan Tse (CA Bar No. 305468)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Catlin Williams (CA Bar No. 336464)
catwilliams@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Jared Newton (admitted *pro hac vice*)
jarednewton@quinnemanuel.com
Deepa Acharya (CA Bar No. 267654)
deepaacharya@quinnemanuel.com
Sandy Shen (admitted *pro hac vice*)
sandyshen@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

*Attorneys for Defendant Google LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 3:09-CV-05718-RS<br><br>**DECLARATION OF JONATHAN TSE IN SUPPORT OF NETLIST INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 314)**<br><br>Judge:  Hon. Richard Seeborg |

I, Jonathan Tse, declare as follows:

1. I am a member of the bar of the State of California and an attorney with Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendant Google LLC ("Google") in this action. I make this declaration of my own personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Pursuant to Civil Local Rule 79-5, I submit this declaration in support of Netlist's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 314). In making this request, Google has carefully considered the relevant legal standard and policy considerations outlined in Civil Local Rule 79-5. Google makes this request with the good faith belief that the information sought to be sealed consists of confidential and proprietary business and third party information and that public disclosure could cause competitive harm.

3. Google respectfully requests that the Court seal the following information:

| Document/Exhibit | Basis for Sealing |
| --- | --- |
| Joint Discovery Letter Brief Pages 2, 3, and 6. | The information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's internal servers and components thereof, including details related to various memory modules in those servers that Google uses internally and information related to third parties for which Google is under an obligation to protect, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining its internal servers and information related to third parties for which Google is under an obligation to protect and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 47 at 3, 5. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their own plans for product development and/or commercialization, time strategic litigation, focus their patent prosecution strategies, or otherwise unfairly compete with Google. It may also place Google at an increased risk of cybersecurity threats, |

| | | |
|---|---|---|
| | | as third parties may seek to use the information to compromise Google's servers and components thereof. |
| | Exhibit 5 (June 27, 2022 transcript re meet and confer)<br><br>Pages 4:7-9, 9:8-11, 9:19-21, 10:12-15, 11:24, 12:4, and Index (pages 5-11). | The information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's internal servers and components thereof, including details related to various memory modules in those servers that Google uses internally and information related to third parties for which Google is under an obligation to protect, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining its internal servers and information related to third parties for which Google is under an obligation to protect and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 47 at 3, 5. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their own plans for product development and/or commercialization, time strategic litigation, focus their patent prosecution strategies, or otherwise unfairly compete with Google. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's servers and components thereof.<br><br>Google has requested that the index of the transcript be redacted in its entirety, as it does not contain any substantive information but puts the confidential information Google has sought to seal in the transcript itself at risk of being revealed by inference. |
| | Exhibit 6 (June 24, 2022 email thread between Netlist and Google)<br><br>Pages 9-10 and 12 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's internal servers and components thereof, including details related to the various memory modules in those servers that Google uses internally and information related to third parties for which Google is under an obligation to protect, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining its internal servers and information related to |

| | | |
|---|---|---|
| | | third parties for which Google is under an obligation to protect and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 47 at 3, 5. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their own plans for product development and/or commercialization, time strategic litigation, focus their patent prosecution strategies, or otherwise unfairly compete with Google. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's servers and components thereof. |
| | Exhibit A (July 1, 2022 email thread between Netlist and Google)<br><br>Pages 23 and 24 | The information requested to be sealed contains Google's highly confidential and proprietary information regarding Google's internal servers and components thereof, including details related to the various memory modules in those servers that Google uses internally and information related to third parties for which Google is under an obligation to protect, that Google maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors. Such confidential and proprietary information reveals Google's internal strategies, system designs, and business practices for operating and maintaining its internal servers and information related to third parties for which Google is under an obligation to protect and falls within the protected scope of the Protective Order entered in this action. *See* Dkt. 47 at 3, 5. Public disclosure of such confidential and proprietary information could affect Google's competitive standing as competitors may alter their own plans for product development and/or commercialization, time strategic litigation, focus their patent prosecution strategies, or otherwise unfairly compete with Google. It may also place Google at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise Google's servers and components thereof. |

4.     Google's request is narrowly tailored in order to protect its confidential information. These redactions are limited in scope and volume. Because the proposed redactions are narrowly tailored and limited to the portions containing Google's highly-confidential or confidential information, Google requests that the portions of the aforementioned documents be redacted from any public version of those documents.

5.   Google has pared back Plaintiff's proposed redactions and does not seek to redact or file under seal any of the remaining portions of the parties' Joint Letter Brief or corresponding exhibits not indicated in the table above.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed in San Francisco, California on July 8, 2022.

DATED:  July 8, 2022                              QUINN EMANUEL URQUHART & SULLIVAN, LLP


By     */s/ Jonathan Tse*
       Jonathan Tse

       *Attorney for Defendant*

DECLARATION OF JONATHAN TSE ISO NETLIST'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL