# Exhibit 6

# Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| **From:** | Sheasby, Jason |
| **Sent:** | Friday, June 24, 2022 5:30 PM |
| **To:** | Jonathan Tse |
| **Cc:** | #Netlist-Google [Int]; QE-NetlistvGoogle |
| **Subject:** | Re: Netlist v. Google - Courtesy Copies of Dkt. 292 |

Counsel:

Google refused our repeated requests to meet and confer on its document production.  Your behavior exhibited a total lack of good faith.

Your current behavior is an improper attempt to delay the resolution of this important issue.

We intend file our letter on the timeline specified by the Courts rules.  We hope you will participate, and if you would like an extra day of flexibility we are happy to provide it for final drafting steps.  But it the dispute is fully clarified, is highly relevant to the motion to stay, and once the meet and confer is completed it will be ready for resolution by Judge Spero.

Thanks
JS


> On Jun 24, 2022, at 5:23 PM, Jonathan Tse <jonathantse@quinnemanuel.com> wrote:
>
> Counsel,
> Google did not ignore your requests for a meet and confer.  We asked you to identify specific discovery issues, which you did not do until serving your letter.  Now that we know what those issues are, we are attempting to meet and confer and resolve them in good faith without involving the court.
> Regarding the timing of the letter, Magistrate Judge Spero's discovery procedures specify that a letter may be filed five calendar days after the meet and confer has occurred.  Dkt. 118.  Attempting to file a letter before that deadline without Google's consent would be improper.
> Thank you for confirming you are available to meet and confer Monday at 9:00 am PT.  We are fine with a court reporter but believe Netlist should provide it since Netlist raised this dispute.
>
> Best,
>
> Jon
>
> **Jonathan Tse**
> *Associate,*
> Quinn Emanuel Urquhart & Sullivan, LLP
>
> 50 California Street, 22nd Floor
> San Francisco, CA 94111
> 415-875-6426 Direct
> 415.875.6600 Main Office Number
> 415.875.6700 FAX
> jonathantse@quinnemanuel.com
> www.quinnemanuel.com

1

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Sheasby, Jason <JSheasby@irell.com>
**Sent:** Thursday, June 23, 2022 8:23 PM
**To:** Jonathan Tse <jonathantse@quinnemanuel.com>
**Cc:** #Netlist-Google [Int] <Netlist-Google@irell.com>; QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com>
**Subject:** Re: Netlist v. Google - Courtesy Copies of Dkt. 292

**[EXTERNAL EMAIL from jsheasby@irell.com]**

Counsel:

You repeatedly ignored our good faith requests for a meet and confer. It was only after we sent you a draft our letter brief that you even agreed to meet and confer with us. This is part of a repeated pattern of improper behavior

We are always happy to meet and confer to avoid disputes, but please understand that we do intend to file the letter brief on the timeline set out the Court's rules. We can meet at 9AM PT. Please send an invite.

In addition, we assume you will make arrangements for the Court reporter. Please let us know if you will not do this.

Thanks
JS

From: Jonathan Tse <jonathantse@quinnemanuel.com>
Date: Thursday, June 23, 2022 at 5:31 PM
To: Jason Sheasby <JSheasby@irell.com>
Cc: "#Netlist-Google [Int]" <Netlist-Google@irell.com>, QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com>
Subject: RE: Netlist v. Google - Courtesy Copies of Dkt. 292

Counsel,
It is against Judge Spero's procedures to file a joint discovery letter without first having a meet and confer. We are available to do so on Monday, 6/27, between 9 and 11 am PT. Please confirm whether Netlist will agree to speak with us at that time.
Best,

Jon

Jonathan Tse
Associate,
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6426 Direct
415.875.6600 Main Office Number

415.875.6700 FAX
jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com>
www.quinnemanuel.com<http://www.quinnemanuel.com>

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Sheasby, Jason <JSheasby@irell.com>
Sent: Thursday, June 23, 2022 1:02 PM
To: Jonathan Tse <jonathantse@quinnemanuel.com>
Cc: #Netlist-Google [Int] <Netlist-Google@irell.com>; QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com>
Subject: Re: Netlist v. Google - Courtesy Copies of Dkt. 292


[EXTERNAL EMAIL from jsheasby@irell.com<mailto:jsheasby@irell.com>]

_____

Jonathan:

We are always happy to continue to meet and confer in order to resolve disputes without involving the Court. We do not, however, agree with what you have written below. We do intend to file the letter brief with the Court according to the timeline applicable to this case.

Thank you

JS

From: Jonathan Tse <jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com>>
Date: Thursday, June 23, 2022 at 12:05 PM
To: Jason Sheasby <JSheasby@irell.com<mailto:JSheasby@irell.com>>
Cc: "#Netlist-Google [Int]" <Netlist-Google@irell.com<mailto:Netlist-Google@irell.com>>, QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com>>
Subject: RE: Netlist v. Google - Courtesy Copies of Dkt. 292


Counsel,



As we noted, your questions regarding the Motion to Stay were not cabined as discovery requests at all. Now you have served a discovery letter that raises specific discovery requests not mentioned in your emails. That is not in good faith and violates the very discovery procedures from Magistrate Judge Spero you reference. Now that you have actually identified what you contend to be a discovery issue, we will evaluate and respond in due course. In the interim, please confirm you will withdraw your improper and premature discovery letter. Google reserves all rights for Netlist's continued violations of the Court's procedures and rules.

Best,


Jon

Jonathan Tse
Associate,
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6426 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com>>
www.quinnemanuel.com<http://www.quinnemanuel.com>><http://www.quinnemanuel.com<http://www.quinnemanuel.com>>
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
From: Sheasby, Jason <JSheasby@irell.com<mailto:JSheasby@irell.com>>
Sent: Wednesday, June 22, 2022 10:53 AM
To: Jonathan Tse <jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com>>
Cc: #Netlist-Google [Int] <Netlist-Google@irell.com<mailto:Netlist-Google@irell.com>>; QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com>>
Subject: Re: Netlist v. Google - Courtesy Copies of Dkt. 292


[EXTERNAL EMAIL
from jsheasby@irell.com<mailto:jsheasby@irell.com<mailto:jsheasby@irell.com%3cmailto:jsheasby@irell.com>>]

_____
Counsel:

We disagree. You are well aware of the procedures for resolving disputes in this matter. You failed to comply. Attached is the draft of the letter we intend to file with the Court. Please let us know whether you will be including a response.

Thanks
JS

From: Jonathan Tse

4

<jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com>>>
Date: Wednesday, June 22, 2022 at 9:18 AM
To: Jason Sheasby <JSheasby@irell.com<mailto:JSheasby@irell.com<mailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com>>>
Cc: "#Netlist-Google [Int]" <Netlist-Google@irell.com<mailto:Netlist-Google@irell.com<mailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com>>>, QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com>>>
Subject: RE: Netlist v. Google - Courtesy Copies of Dkt. 292

Counsel,

The questions in your emails were asked in the context of our motion to stay and we responded in that context. You did not mention discovery in asking your questions, much less identify any pending discovery at issue. Your current email does not mention any specific discovery either. Thus, it is unclear what discovery dispute you could even be referring to and any action taken before Magistrate Spero as you appear to threaten would be inappropriate and a violation of the very rules you cite. If and when you raise any specific discovery as to which you have a concern, we will respond in due course.

Best,

Jon

Jonathan Tse
Associate,
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6426 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com>>>
www.quinnemanuel.com<http://www.quinnemanuel.com>><http://www.quinnemanuel.com<http://www.quinnemanuel.com>>><http://www.quinnemanuel.com<http://www.quinnemanuel.com>><e%3chttp:/www.quinnemanuel.com%3chttp:/www.quinnemanuel.com%3e%3e>
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
From: Sheasby, Jason <JSheasby@irell.com<mailto:JSheasby@irell.com<mailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com>>>
Sent: Tuesday, June 21, 2022 11:34 AM

5

To: Jonathan Tse <jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com>>>
Cc: #Netlist-Google [Int] <Netlist-Google@irell.com<mailto:Netlist-Google@irell.com<mailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com>>>; QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com>>>
Subject: Re: Netlist v. Google - Courtesy Copies of Dkt. 292


[EXTERNAL EMAIL from jsheasby@irell.com<mailto:jsheasby@irell.com<mailto:jsheasby@irell.com%3cmailto:jsheasby@irell.com<mailto:jsheasby@irell.com%3cmailto:jsheasby@irell.com%3cmailto:jsheasby@irell.com%3cmailto:jsheasby@irell.com>>>]

_____
Judge Seeborg has assigned Judge Spero as a magistrate in this matter. As a result there are specific procedures for dealing with discovery disputes. We understand you are declining to participate. And will proceed accordingly.

Thanks
JS

From: Jonathan Tse <jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com>>>>
Date: Tuesday, June 21, 2022 at 11:31 AM
To: Jason Sheasby <JSheasby@irell.com<mailto:JSheasby@irell.com<mailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com<mailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com>>>>
Cc: "#Netlist-Google [Int]" <Netlist-Google@irell.com<mailto:Netlist-Google@irell.com<mailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com<mailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com>>>>, QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com>>>>
Subject: RE: Netlist v. Google - Courtesy Copies of Dkt. 292

Counsel,
We do not understand your email. We've already responded to the issues you've raised, and you seem to have ignored those responses. Furthermore, the issues are subject to the parties' briefing on Google's motion to stay and will be discussed at the July 14th hearing to the extent the Court deems them relevant. ==We do not see a basis for a lead-counsel meet-and-confer and it is unclear which of Judge Seeborg's procedures you are referring to.==
Best,
Jon
Jonathan Tse

Associate,
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6426 Direct
415.875.6600 Main Office Number
415.875.6700 FAX

jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com>>>>

www.quinnemanuel.com<http://www.quinnemanuel.com>><http://www.quinnemanuel.com<http://www.quinnemanuel.com>>><http://www.quinnemanuel.com<http://www.quinnemanuel.com>>><http://www.quinnemanuel.com<http://www.quinnemanuel.com>><e%3chttp:/www.quinnemanuel.com%3chttp:/www.quinnemanuel.com%3e%3e><e%3chttp:/www.quinnemanuel.com%3chttp:/www.quinnemanuel.com%3e%3e%3chttp:/www.quinnemanuel.com%3chttp:/www.quinnemanuel.com%3e%3e%3ce%3chttp:/www.quinnemanuel.com%3chttp:/www.quinnemanuel.com%3e%3e%3e>

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Sheasby, Jason <JSheasby@irell.com<mailto:JSheasby@irell.com<mailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com<mailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com>>>>
Sent: Friday, June 17, 2022 2:53 PM
To: Jonathan Tse <jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com>>>>
Cc: #Netlist-Google [Int] <Netlist-Google@irell.com<mailto:Netlist-Google@irell.com<mailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com<mailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com>>>>; QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com>>>>
Subject: Re: Netlist v. Google - Courtesy Copies of Dkt. 292


[EXTERNAL EMAIL
from jsheasby@irell.com<mailto:jsheasby@irell.com<mailto:jsheasby@irell.com%3cmailto:jsheasby@irell.com<mailto:jsheasby@irell.com%3cmailto:jsheasby@irell.com%3cmailto:jsheasby@irell.com%3cmail

to:jsheasby@irell.com<mailto:jsheasby@irell.com%3cmailto:jsheasby@irell.com%3cmailto:jsheasby@irell.com%3cmailto:jsheasby@irell.com%3cmailto:jsheasby@irell.com%3cmailto:jsheasby@irell.com%3cmailto:jsheasby@irell.com%3cmailto:jsheasby@irell.com>>>>]

_____

All:

I wanted to remind Google that it is obligated to meet and confer with us. Please select a date.

JS

From: Jason Sheasby <JSheasby@irell.com<mailto:JSheasby@irell.com<mailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com<mailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com<mailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com%3cmailto:JSheasby@irell.com>>>>>
Date: Thursday, June 16, 2022 at 6:06 AM
To: Jonathan Tse <jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com<mailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com%3cmailto:jonathantse@quinnemanuel.com>>>>>
Cc: "#Netlist-Google [Int]" <Netlist-Google@irell.com<mailto:Netlist-Google@irell.com<mailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com<mailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com<mailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com%3cmailto:Netlist-Google@irell.com>>>>>, QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com<mailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com%3cmailto:qe-netlistvgoogle@quinnemanuel.com>>>>>
Subject: Re: Netlist v. Google - Courtesy Copies of Dkt. 292

Jonathan:

We request a lead to lead meet and confer on the subject of this exchange pursuant to Judge Seeborg's procedures.

Thanks
JS

| | |
|---|---|
| **From:** | Sheasby, Jason |
| **Sent:** | Saturday, June 11, 2022 9:52 AM |
| **To:** | Jonathan Tse |
| **Cc:** | #Netlist-Google [Int]; QE-NetlistvGoogle |
| **Subject:** | Re: Netlist v. Google - Courtesy Copies of Dkt. 292 |

Jonathan:

Thank you for your email. It does not answer any of the questions we have asked. I will repeat the questions below, which you have oddly omitted from the email chain:



Have you requested that Samsung, ▮▮▮▮▮▮▮▮▮▮▮ agree to appear in the case before Judge Seeborg? Have they declined?

Is Google agreeing to be bound by the infringement and validity determinations made as to Samsung regarding the '912 patent?

Netlist has moved to dismiss Samsung's DJ as to the '912 patent. Is Google conceding there should be no stay if that DJ is dismissed?

Is Google prepared to agree to a transfer of the instant case to Delaware so that one judge can decide all these issues?

Is Samsung willing to be bound by Judge Seeborg's ruling on intervening rights?

As to your questions to us, I will excerpt and then answer:

"Your email ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Our interrogatory responses—which Netlist has had for months—clearly state that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. It appears that Netlist is simply ignoring those responses, as it has never come forward with evidence or an explanation to support its assertion that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. What is your basis for alleging that ▮▮▮▮▮▮▮▮ from Samsung ▮▮▮▮▮ for the accused products?"

The accused products as to claim 16 are DDR4 DIMMs. Google is obviously taking a narrow and serving view of Netlist's infringement contentions in order to exclude the products that it builds either directly or through vendors. This is the purpose of Google's repeated use of the term "accused." Once again, please answer the question, which did not use the term "accused" in order to prevent Google from continuing to play word games:

9

Thanks
JS

---

**From:** Jonathan Tse <jonathantse@quinnemanuel.com>
**Date:** Friday, June 10, 2022 at 10:30 PM
**To:** Jason Sheasby <JSheasby@irell.com>
**Cc:** "#Netlist-Google [Int]" <Netlist-Google@irell.com>, QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com>
**Subject:** RE: Netlist v. Google - Courtesy Copies of Dkt. 292

Counsel,

Thank you for your email. Several of the questions you raise appear unrelated to the issues central to our motion, but we've provided the following responses in an effort to address your concerns and hopefully lead to agreement that this case should be stayed.

Your email asks for agreements with suppliers, but Google has already produced them. In particular, we produced ▮▮▮▮ last year. It is unclear to us why your email refers to ▮▮▮▮, neither of whom manufacture the accused memory modules.

Your email ▮▮▮▮ Our interrogatory responses—which Netlist has had for months—clearly state that ▮▮▮▮. It appears that Netlist is simply ignoring those responses, as it has never come forward with evidence or an explanation to support its assertion that ▮▮▮▮. What is your basis for alleging that ▮▮▮▮ from Samsung ▮▮▮▮ for the accused products?

Your email suggests that Samsung ▮▮▮▮ should join this case, or that the case should be transferred to Delaware and consolidated with the Samsung litigation. Those questions are orthogonal to the customer suit doctrine, which promotes judicial economy and reduces the burden on a customer like Google by staying its case. Those benefits would be lost if Google were forced to litigate the same issues in a different setting, especially given the fact that Netlist has no independent basis for liability—and cannot recover double damages—against Google.

Your email asks whether Google concedes there should be no stay if Samsung's declaratory judgment action is dismissed. The answer is no because Samsung is also seeking an appeal of the licensing dispute with Netlist and an IPR against claim 16 of the '912 Patent, either of which has the potential to simplify—if not dispose entirely of—this case.

Your email asks if Samsung is willing to be bound by Judge Seeborg's ruling on intervening rights. That is a question for Samsung.

Your follow-up email asks for our positions on claim construction. Claim construction issues will almost certainly be addressed in the Samsung action, and thus it would be wasteful—and lead to potentially conflicting rulings—to engage in that process here in parallel.

Best,

10

Jon

**Jonathan Tse**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6426 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
jonathantse@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Sheasby, Jason <JSheasby@irell.com>
**Sent:** Monday, June 6, 2022 8:49 PM
**To:** Jonathan Tse <jonathantse@quinnemanuel.com>
**Cc:** #Netlist-Google [Int] <Netlist-Google@irell.com>; QE-NetlistvGoogle <qe-netlistvgoogle@quinnemanuel.com>
**Subject:** Re: Netlist v. Google - Courtesy Copies of Dkt. 292

**[EXTERNAL EMAIL from jsheasby@irell.com]**

All.

Can you let us know what claim terms you believe need to be construed in the 912 patent.

We want to understand if a separate claim construction is necessary.

Best
JS

11

| | |
|---|---|
| From: | Sheasby, Jason |
| Sent: | Monday, June 6, 2022 5:31 PM |
| To: | Jonathan Tse; #Netlist-Google [Int] |
| Cc: | QE-NetlistvGoogle |
| Subject: | Re: Netlist v. Google - Courtesy Copies of Dkt. 292 |

All:

As we evaluate the motion to stay, please answer the following questions:

(a) █████████████████████████████████████████████████████████████████████

(b) █████████████████████████████████████████████████████████████████████
█████████████████████████████████████████

(c) █████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████

(d) Have you requested that Samsung,  agree to appear in the case before Judge Seeborg? Have they declined?

(e) Is Google agreeing to be bound by the infringement and validity determinations made as to Samsung regarding the '912 patent?

(f) Netlist has moved to dismiss Samsung's DJ as to the '912 patent. Is Google conceding there should be no stay if that DJ is dismissed?

(g) Is Google prepared to agree to a transfer of the instant case to Delaware so that one judge can decide all these issues?

(h) Is Samsung willing to be bound by Judge Seeborg's ruling on intervening rights?

Please provide answers by Friday.

JS