IRELL & MANELLA LLP
Jason G. Sheasby (CA SBN 205455)
jsheasby@irell.com
Andrew J. Strabone (CA SBN 301659)
astrabone@irell.com
Yanan Zhao (CA SBN 337864)
yzhao@irell.com
Michael W. Tezyan (CA SBN 334915)
mtezyan@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile:  (310) 203-7199

*Attorneys for Plaintiff Netlist, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| NETLIST, INC., | Case No. 3:09-cv-05718-RS |
| Plaintiff, | **NETLIST, INC.'S PROPOSED SUR-REPLY IN OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO STAY (DKT. 292)** |
| v. | |
| GOOGLE LLC, | Hearing Date:  July 14, 2022 |
| Defendant. | Time:  1:30 PM |

**TABLE OF CONTENTS**

**Page**

I.     Google's Interrogatory Responses Make Clear that It Is Using 4-Rank
       DDR4 DIMMs from Sources that Are Not "Off-the-Shelf" .................................................1

II.    Netlist Markets Both DDR4 LRDIMMs and DDR4 RDIMMs .........................................3

III.   Samsung Has Not Agreed that It Is Liable for any Google DDR4 RDIMMs
       and LRDIMMs .........................................................................................................................3

IV.    Google Has Not Agreed to Be Bound by any Adjudication in the District of
       Delaware...................................................................................................................................4

V.     Google's New Disclosure in Its Reply of ███████████████
       █████████████████████████        confirms that Samsung Must
       Appear in this Court ...............................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Kahn v. Gen. Motors*,
    889 F.2d 1078 (Fed. Cir. 2011) ............................................................................................... 4

*Katz v. Lear Siegler*,
    909 F.2d 1459 (Fed. Cir. 1990) ............................................................................................... 5

*Spread Spectrum Screening v. Eastman Kodak*,
    657 F.3d 1349 (Fed. Cir. 2011) ............................................................................................... 4

Netlist files this sur-reply to address new arguments and misstatements of the record in Google LLC's ("Google") Reply in Support of its Motion to Stay (Dkt. 310).

I.   **Google's Interrogatory Responses Make Clear that It Is Using 4-Rank DDR4 DIMMs from Sources that Are Not "Off-the-Shelf"**

The basic premise of Google's motion to stay is that all of Google's liability is based on Samsung ███████████ "off the shelf" DDR4 LRDIMM and RDIMM modules; that any modules it uses that ████████████████ are licensed; and that, hypothetically if Judge Andrews were to agree to hear the Samsung Delaware Action (he has not), the Samsung Delaware Action will resolve all liability for what Google alleges are Google-used, Samsung-manufactured "off the shelf" modules.[1]  As a threshold matter, this is a misstatement of fact. ███████████ *4-rank* DDR4 RDIMMs that Google has disclosed using through October 2021 and which are encompassed by the claim 16 infringement contentions are ████████████████ Google wrote in its interrogatory response ████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

[1] Because of the stay of infringement discovery by Judge Armstrong pending the intervening rights motions, Google has yet to produce its detailed design information that would allow for a determination of what ████████████████████████████ Netlist has moved to compel full infringement technical discovery from Judge Spero.  Dkt. 315.

[2] Dkt. 311-2 at 64–65 (Google Third Supplemental Responses to Interrogatory No. 3); Dkt. 300-09 (Opp. Decl. Ex. 15) ████████████████████████████



Google has yet to provide information on its suppliers over the last 8 months.  This will be resolved via the motion to compel pending before Judge Spero.  Dkt. 315.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████

## II.   Netlist Markets Both DDR4 LRDIMMs and DDR4 RDIMMs

Google repeatedly argues that the stay should be granted because Netlist could not supply DDR4 LRDIMMs and RDIMMs ████████████████████████████████████████ ████████████████████████████  This statement is incorrect.  For example:

- A Netlist DDR4 product brief from 2020 makes clear that it supplies DDR4 RDIMM "Form Factors."  There is no limit on the rank size that Netlist can supply.  Ex. 1 (Netlist DDR4 DIMMs Product Brief).  Netlist can offer off-the-shelf products for smaller customers, but these are not the limits of its supply capacity.

- In 2016, Netlist launched its own proprietary design for the DDR4 LRDIMM form factor that customers can use.  Ex. 2 (Netlist Press Release).

This capacity is not theoretical.  ████████████████████████████████████████████ ████████████████████████████████████  which allows it to build DIMMs and displace, for example, ████████████████████████████████████████

## III.   Samsung Has Not Agreed that It Is Liable for any Google DDR4 RDIMMs and LRDIMMs

Google has not conceded that *any* of the DDR4 RDIMMS and LRDIMMs manufactured by Samsung that Google alleges it uses are offered for sale or sold by Samsung in the United States.  And Samsung has certainly not conceded this in the District of Delaware action.  Google is one of the largest consumers of memory modules in the world.  Google concedes that it receives its modules

████████████████████████████████████████████████████████████

████████████████████████████████████  *See* Dkt. 300-06.  ████████████████

██████████████████████████████████████████████████████████  there

1   is substantial evidence that any alleged Samsung sale or offer to sell to Google specifically does ***not***

2   occur in the United States.  Thus, based on the current record, the liability for the Google-used

3   modules would lie not with Samsung, but with Google.  This is not speculative—in the Delaware

4   Action, Samsung is bringing suit not based on its own liability for Google-used modules but based

5   on indemnification requests:

> On July 6, 2021, Google made an indemnification request to SSI in connection with
> Netlist's assertion in the Google Infringement Action of the '912 patent against
> Google's use of Samsung's DDR4 LRDIMM and RDIMM memory modules.

6

7

8   *Samsung Elec. Co., Ltd. v. Netlist, Inc.*, No. 21-cv-1453-RGA, Dkt. 14 (D. Del. Jan. 18, 2022) ¶43.

9       Instead of engaging this issue head on, Google cites Netlist's E.D. Tex. complaint against

10  Samsung involving completely different patents as evidence that full recovery will occur in a suit

11  against Samsung.  Dkt. 310 at 9 (Reply).  Samsung has commercial relationships with a large

12  number of U.S. server manufacturers, including Dell and HP.  There is no doubt that there are

13  instances in which Samsung sells or offers to sell modules in the United States, for example to U.S.

14  server manufacturers.  This, however, says nothing about Google's ███████████████████

15  ████████████████████████████████████████████████

16  **IV.   Google Has Not Agreed to Be Bound by any Adjudication in the District of Delaware**

17      As noted above, ████████████████████████████████████████████████

18  ████████████████   the only act of infringement of the U.S. '912 patent as to Google-used DDR4

19  RDIMMs and LRDIMMs and RDIMMs is by Google.  This provides further confirmation that the

20  "customer-suit" exception has no applicability in this dispute with Google, even if Judge Andrews

21  actually agreed at some future point to take up Samsung's DJ claim.  Google's new citation in its

22  Reply to *Spread Spectrum Screening v. Eastman Kodak*, 657 F.3d 1349 (Fed. Cir. 2011) makes this

23  clear.  The *Spread Spectrum* court affirms the holding of *Kahn v. Gen. Motors*, 889 F.2d 1078 (Fed.

24  Cir. 2011) that a stay should not occur when the "manufacturer" suit will not resolve the core critical

25  issues between the parties ***and*** there is no agreement to be bound:

> "On appeal, this court found that the custom suit exception did not apply because the
> second-filed action would not completely resolve the issues between the parties."
> 657 F.3d at 1358.

26

27

28

"The court also noted that GM had 'not agreed to be bound by the Illinois decision or an injunction against Motorola.'" *Id.*

Google cites, without context, a passing comment in *Katz v. Lear Siegler*, 909 F.2d 1459 (Fed. Cir. 1990) that a manufacturer suit need not resolve all issues for the customer-suit exception to apply. Reply at 5, n.3. This is an off-point citation. The Federal Circuit was discussing a case with the following facts:

- The patent owner Katz ***voluntarily*** filed an infringement suit against the manufacturer Lear Siegler/Smith & Wesson on the '978 patent which was proceeding in Massachusetts. 909 F.2d at 1461.

- Given this step by Katz, the Massachusetts court enjoined Katz from proceeding in an infringement suit involving Lear Siegler/Smith & Wesson re-seller Batavia on the same patent. *Id*.

The Federal Circuit determined that an injunction as to the Batavia suit was proper for two reasons. First, there was no actual evidence Batavia committed any other acts of infringement other than reselling Lear Siegler/Smith & Wesson products. *Id*. at 1464 (evidence of other infringement "not substantiated"). Second, "Siegler/Smith & Wesson have represented to the Massachusetts court that resolution of the major issues before the court, including patent infringement, patent validity, and Mr. Katz's capacity to sue, will resolve these issues as to its customers." *Id.* Neither of these facts are present here. ███████████████████████████████████████████████████

████████████ neither Google nor Samsung has stated that the District of Delaware declaration judgment Action will bind Google, even if Judge Andrews agrees to hear it, which he has not.

**V.    Google's New Disclosure in Its Reply of** ████████████████████
██████████████████**Confirms that Samsung Must Appear in this Court**

After filing its motion to stay, Netlist asked Google a series of basic questions that a party acting in good faith should have quickly answered. These include, among others:



Dkt. 300-7 at 5 (June 6, 2022 Email from Sheasby to Tse).  Google remained silent.  Until its reply, when Google revealed "████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████.  *See* Ex. 3 at 15 (Exhibit A to the agreement referenced in Google's Reply Brief).  ████████████████████████████████████████

████████████████████████████  makes  even  clearer  what  is  required  under  *Microsoft Corp. v. DataTern*, Inc., 755 F.3d 899 (Fed. Cir. 2014): If what Google says is true, Samsung must appear before this Court.  A defect that runs throughout Google's discussion of *DataTern* is that Google is confused  about  two  distinct  issues:  (a)  when  does  a  manufacturer  have  declaratory  judgment jurisdiction to bring a claim; (b) what is the venue in which that claim should be brought when there is a pre-existing "customer" suit.  On this motion to stay, the only relevant issue is this second issue—"what is the venue."   And on this second issue, *DataTern* is definitive.  ████████████

████████████████████████, Samsung must appear before this Court:

> Importantly, even if there were such an obligation — to indemnify a customer already sued by the patentee in Texas — it would not justify what Appellees seek here. A case has already been filed against these customers in the Eastern District of Texas. Appellees cannot seek a declaration from a New York court on behalf of customers they must indemnify where a suit against these very same customers on all the same issues was *already* underway in a Texas court.

*DataTern*, 755 F.3d at 904.

For the reasons discussed above, Google's Motion to Stay (Dkt. 292) should be denied.


Dated: July 11, 2022                    Respectfully submitted,

                                        IRELL & MANELLA LLP
                                        By: */s/  Jason G. Sheasby*

                                            Jason G. Sheasby
                                            jsheasby@irell.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Andrew J. Strabone
astrabone@irell.com
Yanan Zhao
yzhao@irell.com
Michael W. Tezyan
mtezyan@irell.com

IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067

1

## **CERTIFICATE OF SERVICE**

2

3
      I hereby certify that on July 11, 2022, I caused the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically email notification of

4
such filing to all counsel of record who have made a formal appearance.  I further certify that on

5
July 11, 2022, the unredacted version of the foregoing was served on counsel of record who

6
have made a formal appearance.

7

8
                                By: */s/   Yanan Zhao*
                                     Yanan Zhao

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28